UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

JACKSON  DIV

**RECEIVED**

CASE NO.:

JUL 2 1 2023

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Jackson

PUCKETT ET., AL.

PLAINTIFFS

**JURY DEMAND**

V.

COMPLAINT 1:23-cv-1143STA/jay

KAREEM ABDUL JABBAR,
NBA, AIN JEEM, INC. IT'S
REPRESENTATIVES, AGENTS
AND EMPLOYEES, ET., AL.
Virginia Hernandez-Covington
 Anthony E Porcelli Richard Guerra
Nicole Fondura, Alejandro Fernandez,
Arthur Robert Weaver, Chris Stavro,
Axencis, Inc its employees, agents and
representatives,Deborah Morales DBA
Iconomy, Jessica Kramer, Andrew
Lockton, Joycelyn Brown, Etsy,Inc.
Does 1-10 et., al.

FOR DAMAGES AND **INJUNCTIVE**
RELIEF FOR VIOLATIONS OF THE
**FEDERAL RACKETEER INFLUENCED
AND CRIME ORGANIZATIONS ACT**

DEFENDANTS.

---

**Complainants, DEVILDOGSTREASURE** through its co-owners Carl Puckett

Case and Marcella Puckett appearing "Pro-Se', hereby file their complaint and make a

A request for **immediate injunctive relief** that can not be had by a sole award of monetary

Damages, a demand for Jury trial pursuant to F.R.C.P. 38, and a request for monetary

1

damages for actual and equitable relief as set forth herein. The complaint is within

the statute of limitations Under the Racketeering Influenced Crime Organization Act

for civil remedies 18. U.S.C. 1962 © and 18 U.S.C. 1964 ©.

## I.   STATEMENT OF THE CASE

**1.** The defendants engaged and unlawfully  associated with an enterprise engaged in

activities which interfered with and affected interstate and foreign commerce, and

conducted or participated, directly or indirectly in the conduct of such enterprise's

affairs through a pattern of racketeering activity as stated herein.

**2.** The defendants conspired unlawfully with other defendants engaged and

Unlawfully associated with an enterprise engaged in activities which interfered with and

affected interstate and foreign commerce, and conducted or participated, directly or

indirectly in the conduct of such enterprise's affairs through a pattern of racketeering

activity as stated herein.

**3.** The complainants were  injured in both their business and  property  domiciled in

the State of Tennessee by reason of the defendant's conduct 18 U.S.C. 1962(C) and

are appropriately before this United States district court and seeking the appropriate

**injunctive relief** and threefold the damages  sustained and the cost of the suit.

## II-PARTIES            PLAINTIFFS

**4. Carl Puckett** is an individual domiciled in the City of Martin in the State of

Tennessee. Carl Puckett is the co-owner of an online business domiciled in the City of

Martin State of Tennessee that is identified as Devildogstreasure and is a post transaction

merchant for Etsy, Inc as defined in 15 U.S.C. 8402 and has standing in the Middle

District of Tennessee to bring forth the within entitled action. The Plaintiff is domiciled here and the majority of the damages to his business occurred to him here in the State of Tennessee.

**5. Marcella Puckett** is an individual domiciled in the City of Martin in the State of Tennessee. Carl Puckett is the co-owner of an online business domiciled in the City of Martin State of Tennessee that is identified as Devildogstreasure and is a post transaction merchant for Etsy, Inc as defined in 15 U.S.C. 8402 and has standing in the Middle District of Tennessee to bring forth the within entitled action. The Plaintiff is domiciled here and the majority of the damages to his business occurred to him here in the State of Tennessee.

**DEFENDANTS**

**6. Ain Jeem, Inc** defendant is incorporated in the State of Delaware and is domiciled in the state of California. Ain Jeem, Inc's tortious actions arise from the same series of occurrences as the other named counter defendants and are properly joined pursuant to F.R.C.P. 19 and 20. ,he is personally, vicariously, severally and jointly liable for tortious acts arising from the same occurrences common facts and questions of law, and is therefore properly Joined. Ain Jeem, Inc. is incorporated within the State of Delaware and is domiciled within the State of California, and  is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such enterprise.

**7. Chris Stavro**, acting in the capacity of an employee of Ain Jeem, Inc committed tortious actions arise from the same series of occurrences as the defendant and are properly joined pursuant to F.R.C.P. 19 and 20. The state in which ain jeem, Inc employee Chris Stavro is believed to be domiciled in the Satte of Pennsylvania, he is personally, vicariously, severally,and jointly liable for tortious acts arising from the same occurrences common and facts and questions of law, and is therefore properly Joined, and  is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such enterprise.

**8. Deborah Morales**, acting as representative and agent of Ain Jeem, Inc. committed tortious actions arise from the same series of occurrences as the defendant and are properly joined pursuant to F.R.C.P. 19 and 20. The state in which ain jeem, Inc employee/agent Deborah Morales is domiciled is unknown and she is personally, vicariously, severably, and jointly liable for tortious acts arising from the same occurrences common facts and questions of law, and is therefore properly Joined. Deborah Morales is domiciled within the State of California,  is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such enterprise.

4

**9. Iconony** defendant is incorporated in the State of Delaware and is domiciled in the state of California. Iconomy agents tortious actions arise from the same series of occurrences as the other named counter defendants and are properly joined pursuant to F.R.C.P. 19 and 20. ,she is personally, severably, vicariously,and jointly liable for tortious acts arising from the same occurrences common facts and questions of law, and is therefore properly Joined. Iconomy. is incorporated within the State of Delaware and is domiciled within the State of California,  is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such enterprise.

**10. Axenics Inc.** acting in the capacity of an employee of Ain Jeem, Inc. committed tortious actions arise from the same series of occurrences as the defendant and are properly joined pursuant to F.R.C.P. 19 and 20. The state in which ain jeem, Inc employee Chris Stavro is domiciled is unknown, he is personally, vicariously, severably, and jointly liable for tortious acts arising from the same occurrences common and facts and questions of law, and is therefore properly joined. Axencis, Inc is incorporated in the State of Delaware and the Owner Ralph Schoenfelder in Domiciled in the Country of Cyprus, and  is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of

such enterprise.

**11. Judge Virginia Hernandez Covington's** tortious actions arise from the same

occurrences as the Plaintiff and is barred from the complete immunity doctrine

afforded Federal judges based upon the singular exception, when her acts were

without complete jurisdiction of the court,and pursuant to the **Hobbs Act**, she is

personally, vicariously, severally and jointly liable for tortious acts arising from the

same occurrences and is permissibly joined under F.R.C.P. 19 and 20. Virginia

Hernandez-Covington is domiciled within the State of Florida, and  is associated with

the enterprise and engaged in activities that affected legitimate interstate commerce

and participated directly in the conduct of such enterprise's affairs through a pattern of

racketeering activity and did participate both directly and indirectly in the conduct of

such enterprise.

**12. Magistrate Anthony E Porcelli's** tortious actions arise from the same

occurrences and series of occurrences, and are related to the same facts and questions

of law. **Anthony E Porcelli** from the complete immunity doctrine afforded Federal

judges based upon the singular exception, when his acts were without complete

jurisdiction of the court,and pursuant to the **Hobbs Act**, he is personally,

Vicariously, severably, and jointly liable for tortious acts arising from the same

occurrences and is permissibly joined under F.R.C.P. 19 and 20. Anthony E Porcelli

is domiciled in the State of Florida, and  is associated with the enterprise and

engaged in activities that affected legitimate interstate commerce and participated

directly in the conduct of such enterprise's affairs through a pattern of racketeering

activity and did participate both directly and indirectly in the conduct of such enterprise.

**13.** Attorney **Richard Guerra** is both personally and professionally liable and is not

immune under the Absolute litigation immunity doctrine and is , vicariously, and

jointly liable for tortious acts arising from the same occurrences and facts and is

therefore permissible joined under F.R.C.P. 19 and 20. Richard Guerra is domiciled

within the State of Florida, and  is associated with the enterprise and engaged in activities

that affected legitimate interstate commerce and participated directly in the conduct of

such enterprise's affairs through a pattern of racketeering activity and did participate both

directly and indirectly in the conduct of such enterprise. Attorneys are liable for

racketeering activity under the **Reves standard** as determined by the U.S. Supreme

Court Reves v. Ernst & Young, 494 U.S. 56 (1990)

**14. Attorney Rafael Perez-Pineiro i**s both personally and professionally liable and is

not immune under the Absolute litigation immunity doctrine and is , vicariously,

and jointly liable for tortious acts arising from the same occurrences and facts and

is therefore permissible joined under F.R.C.P. 19 and 20. **Attorney Rafael Perez-Pineiro**

acted in both his personal and professional capacity. is domiciled within the State of

Florida. **Attorney Rafael Perez-Pineiro** is associated with the enterprise and engaged in

activities that affected legitimate interstate commerce and participated directly in the

conduct of such enterprise's affairs through a pattern of racketeering activity and did

participate both directly and indirectly in the conduct of such enterprise Attorneys are

liable for racketeering activity under the Reves standard as determined by

the U.S. Supreme Court Reves v. Ernst & Young, 494 U.S. 56 (1990).

**15.** Attorney **Alejandro Fernandez** is both personally and professionally liable and is

not immune under the Absolute litigation immunity doctrine and is , vicariously,

and jointly liable for tortious acts arising from the same occurrences and facts and

is therefore permissible joined under F.R.C.P. 19 and 20. Attorney **Alejandro Fernandez**

acted in both his personal and professional capacity. Alejandro Fernandez is domiciled

within the State of Florida. Attorney Alex Fernandez of Akerman Law LLP is associated

with the enterprise and engaged in activities that affected legitimate interstate commerce

and participated directly in the conduct of such enterprise's affairs through a pattern of

racketeering activity and did participate both directly and indirectly in the conduct of

such enterprise. Attorneys are liable for racketeering activity under the Reves standard as

determined by the U.S. Supreme Court Reves v. Ernst & Young, 494 U.S. 56 (1990)

**16.** Attorney **Nicole Fondura** is both personally and professionally liable and is

not immune under the Absolute litigation immunity doctrine and is , vicariously,

and jointly liable for tortious acts arising from the same occurrences and facts and

is therefore permissible joined under F.R.C.P. 19 and 20.  Attorney **Nicole Fondura**

acted in both her personal and professional capacity.Nicole Fondura is domiciled in the

State of Florida. Attorney Nicole Fondure is associated with the enterprise and engaged

in activities that affected legitimate interstate commerce and participated directly in the

conduct of such enterprise's affairs through a pattern of racketeering activity and did

participate both directly and indirectly in the conduct of such enterprise. Attorneys are liable for racketeering activity under the Reves standard as determined by the U.S. Supreme Court Reves v. Ernst & Young, 494 U.S. 56 (1990)

**17. Kareem Abdul Jabbar** is an individual and is vicariously, and jointly liable for tortious acts arising from the same occurrences and facts and is therefore permissible joined under F.R.C.P. 19 and 20. Kareem Abdul Jabbar is domiciled in the State of California.Kareem Abdul Jabbar aka/dba Ain Jeem, Inc is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity

**18. National Basketball Association (NBA)** is incorporated in the State of New York and is domiciled in the STate of New York at Olympic Tower - 645 Fifth Avenue New York NEW YORK 10022, and is vicariously, and jointly liable for tortious acts arising from the same occurrences and facts and is therefore permissible joined under F.R.C.P. 19 and 20., and  is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such enterprise.

**19. Attorney Geoffrey Lottenberg**  i**s** both personally and professionally liable and is not immune under the Absolute litigation immunity doctrine and is , vicariously, and jointly liable for tortious acts arising from the same occurrences and facts and is therefore

9

permissible joined under F.R.C.P. 19 and 20. **Attorney Geoffrey Lottenberg** acted in

both his personal and professional capacity and is domiciled in the State of Florida.

**Attorney Geoffrey Lottenberg**  is associated with the enterprise and engaged in

activities that affected legitimate interstate commerce and participated directly in the

conduct of such enterprise's affairs through a pattern of racketeering activity and did

participate both directly and indirectly in the conduct of such enterprise Attorneys are

liable for racketeering activity under the Reves standard as determined by the U.S.

Supreme Court Reves v. Ernst & Young, 494 U.S. 56 (1990).

    **20.Attorney Joycelyn Brown**  is both personally and professionally liable and is not

immune under the Absolute litigation immunity doctrine and is , vicariously, and jointly

liable for tortious acts arising from the same occurrences and facts and is therefore

permissible joined under F.R.C.P. 19 and 20., **Attorney Joycelyn Brown** and is

associated with the enterprise and engaged in activities that affected legitimate interstate

commerce and participated directly in the conduct of such enterprise's affairs through a

pattern of racketeering activity and did participate both directly and indirectly in the

conduct of such enterprise Attorneys are liable for racketeering activity under the **Reves**

**standard** as determined by the U.S. Supreme Court Reves v. Ernst & Young, 494 U.S.

56 (1990).

    **21.** Attorney **Jessica Sarah Kramer**  is both personally and professionally liable

and is not immune under the Absolute litigation immunity doctrine and is , vicariously,

and jointly liable for tortious acts arising from the same occurrences and facts and

is therefore permissible joined under F.R.C.P. 19 and 20. Attorney **Jessica Sarah Kramer** acted in both her personal and professional capacity and is domiciled in the State of Florida. Attorney Jessica Sarah Kramer is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such enterprise. Attorneys are liable for racketeering activity under the **Reves standard** as determined by the U.S. Supreme Court Reves v. Ernst & Young, 494 U.S. 56 (1990)

**22.** Attorney **Stephen D. Milbrath i**s both personally and professionally liable and is not immune under the Absolute litigation immunity doctrine and is , vicariously, and jointly liable for tortious acts arising from the same occurrences and facts and is therefore permissible joined under F.R.C.P. 19 and 20. Attorney **Stephen D. Milbrath** acted in both his personal and professional capacity and is domiciled in the State of Florida. Attorney Stephen D. Milbrath  is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such enterprise. Attorneys are liable for racketeering activity under the **Reves standard** as determined by the U.S. Supreme Court Reves v. Ernst & Young, 494 U.S. 56 (1990)

**23.** Attorney  **Andrew David Lockton  i**s both personally and professionally liable and is not immune under the Absolute litigation immunity doctrine and is , vicariously,

and jointly liable for tortious acts arising from the same occurrences and facts and is therefore permissible joined under F.R.C.P. 19 and 20.Attorney **Andrew David Lockton** acted in both his personal and professional capacity and is domiciled in the State of Florida. Attorney Andrew David Lockton is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such enterprise. Attorneys are liable for racketeering activity under the **Reves standard** as determined by the U.S. Supreme Court Reves v. Ernst & Young, 494 U.S. 56 (1990)

**24.Etsy, Inc.** is a corporation with its U.S. headquarters located in the State of New York and is vicariously, and jointly liable for tortious acts arising from the same occurrences and facts and is therefore permissible joined under F.R.C.P. 19 and 20, and is associated with the enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such enterprise.

**25.**Attorney **Arthur Robert Weaver i**s both personally and professionally liable and is not immune under the Absolute litigation immunity doctrine and is , vicariously, and jointly liable for tortious acts arising from the same occurrences and facts and is therefore permissible joined under F.R.C.P. 19 and 20. Attorney **Arthur Robert Weaver** acted in both his personal and professional capacity. Arthur Robert Weaver is

domiciled within the State of Florida. AttorneyArthur Robert Weaver  is associated with

the enterprise and engaged in activities that affected legitimate interstate commerce and

participated directly in the conduct of such enterprise's affairs through a pattern of

racketeering activity and did participate both directly and indirectly in the conduct of

such enterprise. Attorneys are liable for racketeering activity under the **Reves standard**

as determined by the U.S. Supreme Court Reves v. Ernst & Young, 494 U.S. 56 (1990).

## III. VENUE

**26.** 18 U.S.C. 1965(b) In any action under section 1964 of this chapter in any district

court of the United States in which it is shown that the ends of justice require that other

parties residing in any other district be brought before the court, the court may cause such

parties to be summoned, and process for that purpose may be served in any judicial

district of the United States by the marshal thereof. This court has venue under 28 u.s.c.

1391 (b)  a substantial part of property that is the subject of the action, is situated. 18

U.S.C. 1965 (b) that the ends of justice requires parties residing in any other districts be

brought before this court.

## IV. JURISDICTION

**27.**Subject Matter Jurisdiction Section 1331 of Title 28, United States Code, provides

that "[t]he district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States," and hence confers subject

matter jurisdiction upon federal district courts to hear a claim arising from an alleged

violation of a federal law or statute (i.e., a federal question). See, e.g., Sec. Investor Prot.

Corp. v. Vigman, 764 F.2d 1309, 1314 (9th Cir. 1985). Therefore, federal district courts

are empowered to hear civil claims arising from an alleged violation of the RICO statute,

18 U.S.C. §§ 1961, et seq. See e.g., Rolls-Royce Motors, Inc. v. Charles Schmitt & Co.,

657 F. Supp. 1040, 1055 (S.D.N.Y. 1987).This court has jurisdiction over the parties in

this case pursuant to 28 U.S.C. 1332 in that the amount in controversy exceeds 75,000

and diversity of citizenship in that no plaintiff is domiciled in any state in which

defendants are domiciled and defendants themselves are domiciled in different states.The

RICO Act also provides for civil remedies and other procedural requirements against

persons who engage in racketeering activities, which are set forth at 18 U.S.C. §§

1964-1968.

## V. BACKGROUND AND HISTORY

**28**. A Racketeering Influenced Crime Organization has taken over the judicial system

in the area of IP and trademark law.

**29**. The complaint is brought pursuant to the Civil RICO statutes 18 U.S.C. 1962(C)
AND18 U.S.C. 1964(C).

**30**. "RICO" is the acronym for the Racketeer Influenced and Corrupt Organizations Act,
codified as Title IX of the Organized Crime Control Act of 1970. and is based upon
defendants abuse of process, intentional fraud and misrepresentation, bank fraud,
attempted coercion/extortion, conspiracy, theft of trade secrets ,wrongful seizure and
damages pursuant to 15.U.S.C. 1116(D), misappropriation of confidential business
records, malicious prosecution, bank fraud,Tortious Interference with business, unfair
business Competition, and Unlawful interference with interstate commerce. The complaint
seeks actual, equitable, and punitive damages and injunctive relief.

**31**. At least 26 prominent law firms and Attorneys which are operating in Chicago Greer,
Burns, & Crain, LTD Law, Attorney Alison Carter, Attorney Sofia Quezado, Attorney
Anna Marie Sullivan, Attorney Keith A. Vogt, Attorney MIchael Yellin, Saper Law
Attorney Daliah Saper, Attorney Brandon Matthew Beymer, Thoits Law in Chicago and
California Attorney David E. Hutchinson, AttorneyNathan Monroe-Yavneh, Attorney
Christopher Tom,  New York, Larry Bannister II Law, California Blakely Law Group, and
in Florida with the Brickell IP Group PLLC, Attorney Rcihard Guerra, Attorney Nicole
Fondura, Attorney Arthur Robert Weaver, Attorney Rafael Perez-Pineiro, Akerman Law
Attorney Alejandro Fernandez, Independant Attorney Joel Benjamin Rothman, Attorney
Andrew Jonathan Palmer., and Stephen M. Gaffigan, P.A. in the southern and middle
districts and more recently now expanding into No. 1:2022cv00868 - Document 118

(E.D. Va. 2023) Attorney Monica Riva Talley, Attorney Kerry Steven Culpepper and Attorney Tyler Southwick case 1:2022cv00868 for RICO client Animaccord and into west Texas by the RICO firm Brickell IP Group PLLC of Miami Florida **Attorney Arthur Robert Weaver,** in case U.S. District Court for the Western District of Texas 6:23cv00277-ADA where he is not licensed to practice for trademarks regarding Masha the Bear registered by a limited liability **Russian Federation Company** and owned by a limited share company in Cyprus **(Exhibit Appendix A- 1 USPTO trademark registration report).(Exhibit Appendix A-2 graph of interconnected RICO firms).**

**32**. Animaccord with the trademark registered to a **Russian Federation Company in Moscow (Exhibit Appendix A-1)** is a repeated client for the RICO firm Brickell IP Group PLLC in the Florida Southern and Middle District Courts 8:23cv00601, *see* 0:2023cv60888, 0:2023cv60547, 1:2022cv24187, 1:2021cv21088, 1:2021cv20744, 1:2021cv21088 and other RICO firms and cases.

**33**. The RICO  ran into a judicial roadblock in the Florida MIddle District Court on 4/17/23 by the Honorable Judge Mary Scriven in case 8:23cv00601 as follows:

*" ENDORSED ORDER DENYING #10 Plaintiff's Renewed Motion for Leave to File Under Seal. Plaintiff has failed to sufficiently detail the number of Defendants that Plaintiff is seeking to pursue in this litigation and their relationship to each other. Therefore, the Court is unable to ascertain whether a Schedule A filing is appropriate. See CreeLED, Inc. v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A, 8:22-cv-02379-MSS-TGW, E.C.F. No. 11 (M.D. Fla. Nov. 1,*

*2022). Signed by Judge Mary S. Scriven on 4/17/2023. (EOJ)"*

34. The Florida RICO firm is able to run its unlawful operation smoothly with success through the aid of the at least two judges there is evidence of, from the Florida Middle District Court Judge Virginia-Hernandez Covington and Magistrate Anthony E Porcelli.

**35**. The RICO firm on behalf of the RICO client is now attempting to spread into Texas W.D. **(Exhibit Appendix A-3 case docket report), (Exhibit Appendix A-4 Clerks Notice to USPTO including Russian Federation Moscow Trademark 4790909), (Exhibit Appendix A-5 Notice of Representation)** represented by the same RICO firm Brickell IP Group PLLC **Attorney Arthur Robert Weaver not licensed to practice in Texas**, into Virginia E.D.case l:22-cv-868 (LMB/WEF) and into Hawaii and taking down numerous **Chinese, U.S. and other Foreign online businesses** where **no U.S. jurisdiction** exists. In order for jurisdiction to exist in U.S. involving foreign entities, the items in question must be actually imported into the U.S. and in these RICO cases none of the items are imported into the U.S. to give U.S. jurisdiction pursuant to the **Madrid Protocol Treaty** (see SUBSTANTIAL ELEMENTS OF COUNTERFEITING AND PIRACY TOKYO 2017 LTC HARMS WIPO) to which the U.S. is a signed member and under the Lanham Act the Supreme court has stated jurisdiction for U.S. companies against U.S. defendants in .Steele v. Bulova Watch Co. 344 U.S. 280 (1952), And The right of Use as to a mark must specifically confined to the specimen Submitted and is regulated pursuant to Federal Register Part IIDepartment of Commerce-Patent and Trademark Office 37 CFRParts 2-7 Rules for Practice For Trade-Marl Related Filings \

Under the Madrid Protocol IMplementation Act: Final Rule(EXHIBIT Appendix B-13)

**36.** When one of the firms, for instance Larry Banister II law firm, only Licensed in the state of New York, at the time of his initial action in chicago, then acquiring license to practice in Chicago, runs into a judicial roadblock (an order from a judge that impedes or prevents their unlawful operation to proceed), they will take their operation to one of the other locations, stop efforts in furthering their pending action, or withdraw their action and file before a different Judge as did the RICO Brickell IP Group PLLC firm in S.D. Florida 1:21−cv−20963−FAM (Exhibit Appendix A-6 docket report).

**37**. Larry Bannister Law II after receiving a judicial roadblock in New York would turn to Chicago and most recently to the southern florida district where their operation runs more smoothly 0:2023cv61219 F.S.D.C, 0:2023cv61018 F.S.D.C.

**37.** The RICO operation stems back at least 10 years simultaneously in New York, California, Chicago, and Florida Southern and Middle District, and more recently expanding into the E.D. of Virginia and W.D. of Texas.

**38.** The Goal of the unlawful **RICO** operation is to extort from others engaged in lawful interstate commerce and gain unjust enrichment for the operation and the RICO clients without lawful standing to sue.

**39**. Through a pattern of Racketeering Activity, through abuse of the judicial process, The **RICO** enters into an agreement with a "client" plaintiff knowing there is no legal standing for them to bring suits.

**40.** In trademark cases under the Lanham Act, the Supreme Court has determined
actions under the act are for U.S. Businesses and U.S. Defendant, Steele v. Bulova
Watch Co. 344 U.S. 280 (1952), the Plaintiff only has legal standing to sue in the
state where the individual resides or the corporation is domiciled or in the state
where the corporation is incorporated. The Plaintiff in most of these cases has no
legal standing to sue as injury to a trademark holder occurs in the state in which the
the trademark holder is domiciled or the corporation is incorporated. Xymogen,
Inc. v. Digitalev, LLC, No. 6:17cv869-Orl, 2018 U.S. Dist.LEXIS 16147 at * 6
(M.D. Fla. Feb.1, 2018). IN cases involving foreign defendants and for parties who are
signed members of the Madrid Protocol Treaty to which the U.S. is a signed member the
jurisdiction lies in the country into which the alleged infringing goods are actually
imported.(see SUBSTANTIAL ELEMENTS OF COUNTERFEITING AND
PIRACY TOKYO 2017 LTC HARMS WIPO).The right of Use as to a mark must
specifically confined to the specimen Submitted and is regulated pursuant to Federal
Register Part IIDepartment of Commerce-Patent and Trademark Office 37 CFR Parts
2-7 Rules for Practice For Trade-Marl Related Filings Under the Madrid Protocol
IMplementation Act: Final Rule(EXHIBIT Appendix B-13)

**41.** Under the Madrid Protocol Treaty to which the U.S. is a signed member for
trademarks registered internationally through the eMadrid system of the World
Intellectual Property Organization of the U.N., the country to which the alleged
counterfeits are actually imported into is the country of jurisdiction see

SUBSTANTIAL ELEMENTS OF COUNTERFEITING AND PIRACY TOKYO
2017 LTC HARMS WIPO. In many cases including the matter causing damage to
the complainant no items were shipped into the U.S. The RICO firms manufacture a
transaction page and insert an address in the district in which they are operating to assert
jurisdiction then cancel the transaction from completion so no items are ever shipped into
U.S. (Exhibit Appendix A-7 example of manufactured transaction page). If the
transactions were completed some would be denied and the message that the seller does
not ship to the U.S. would appear. When accessing these sellers the RICO firms conceal
the preset shipping profiles from the stores that would disprove their case, shipping
profiles that are accessible from every merchant (Exhibit Appendix A-8)

**42.** In this Plaintiff's case, the defendant Ain Jeem, Inc. a Delaware Corporation
and registered with the California Secretary of State a personal loan out company,
is domiciled in Ca. but repeatedly filed cases in southern and middle district
Florida with the RICO law firm Brickell IP Group PLLC is operating quite
Successfully with the aid and assistance of Judge Virginia M Hernandez-Covington
and Magistrate Anthony E. Porcelli who is also a sitting board member on the Federal
Judicial Council.

**43**. Florida State University and The Florida State University Board of
Trustees domiciled per USPTO in Tallahassee Florida, but filed in Ill. N.D. to
avoid publicity and used the  RICO firm: GBC Law Attorney Michael R.
Yellin, and others  cases represented by Thoits Law firm in CHicago and California,

Attorneys  David E. Hutchinson,Nathan Monroe-Yavneh , Christopher Tom,

1:23cv00188,1:21cv10631, 1:22cv01304, 1:22cv01244, 1:22cv04635.

**44**.  The trademark holder of Grumpy Cat, Grumpy Cat Limited is registered and

domiciled in California used the RICO firm in Ill. N.D. for their cases

1:19cv06676 filed on 10/9/20,1:20cv05999 **filed on 10/8/20**, 1:20cv06022

**filed on 10/9/20**, 1:20cv07152 **filed on 12/3/20,** 1:20cv07174 **filed on**

**12/4/20**, 1:20cv07218 filed **12/7/20**, 1:20cv07245 filed **12/8/20,**

1:20cv07272 **filed 12/9/20**, 1:20cv07300 **filed 12/10/20**,  1:20cv07325 filed

1**2/11/20**,  1:21cv00214 filed **1/14/21**, 1:21cv00238 **filed 1/15/21,**

1:21cv00897 f**iled 2/18/21**,1:21cv01516 filed **3/19/21**, 1:21cv01876 filed

**4/8/21**,  1:21cv02698 filed **5/19/21**,  1:21cv02699 filed **5/9/21**,

1:21cv05692 filed **10/26/21**, 1:21cv05733 filed **10/27/21**,  1:21cv05822

filed **11/1/21**,  1:21cv05847 filed **11/2/21**, 1:21cv05869 filed **11/3/21**,

1:21cv05890 filed**11/14/21**,   1:21cv06012 filed **11/10/21**, 1:21cv06108

filed **11/16/21** 1:21cv06133 filed **11/17/21**  1:21cv06164 filed **11/18/21** ,

1:21cv06279 filed **11/23/21**  1:22cv01088 filed **3/2/22,** .1:22cv01245 filed

**3/9/22,** 1:22cv01650 filed **3/30/22**, 1:22cv02146 filed **4/26/22**,

1:22cv03165 filed **6/16/22**, 1:22cv03216 filed **6/21/22**, 1:22cv04746 filed

**9/6/22 ,** 1:22cv04777 filed **9/7/22**, 1:22cv05548 filed **10/11/22**,

1:22cv05631 filed **10/14/22**, 1:23cv00701 filed **2/6/23**,1:23cv00864 filed

**2/13/23,** 1:23cv01455 filed **3/9/23**, 1:23cv02560 filed **4/25/23,**

1:23cv02797filed **5/4/23**, 1:23cv03511 filed **6/5/23,** and at the time of filing 2

of the grumpy cat trademarks had been abandoned (Exhibit Appendix A-9 USPTO

reports).

**45**. Chrome Hearts domiciled in Hollywood California first filed valid cases in

California represented by the Blakely Law Firm 2:13cv02544 filed on 4/10/13,

however it began using the  Chicago RICO firm  GBC in the N.D. of Ill Filed: July

2, 2013 as 1:13cv04784, Filed: June 26, 2014 as 1:14cv04826, Filed: August

27, 2014 as 1:14cv06602, Filed: December 16, 2014 as 1:14cv10093, Filed:

October 26, 2015 as 1:15cv09498, Filed: March 9, 2016 as 1:16cv02977,

Filed: June 1, 2016 as 1:16cv05735,Filed: June 1, 2016 as 1:16cv05738,

Filed: October 13, 2016 as 1:16cv09697 Filed: February 13, 2017 as

1:17cv01109, Filed: June 16, 2017 as 1:17cv04536, Filed: October 27, 2017

as 1:17cv07764, Filed: March 9, 2018 as 1:18cv01728, Filed: July 5, 2018 as

1:2018cv04649, Filed: November 19, 2018 as 1:18cv07670, Filed: April 12,

2019 as 1:19cv02488, Filed: September 20, 2019 as 1:19cv06307, Filed:

September 23, 2019 as 1:cv06323, Filed: February 4, 2020 as 1:20cv00808,

Filed: May 21, 2020 as 1:20cv03027 at which point Chrome Hearts also began

using the pseudonym ABC corporation,Filed: August 24, 2020 as 1:20cv04956,

Filed: November 6, 2020 as 1:20cv06614, Filed: April 15, 2021 as

1:21cv02042, the California RICO firm Blakely Law and Attorney Blakely licensed

in California representing Chrome Hearts also attempted the process in the New York

S.D. court, Filed: October 21, 2021 as 1:21cv08645, by October 27th the client was

back with the Chicago RICO firm  Filed: October 27, 2021 as 1:21cv05751, Filed:

October 28, 2021 as 1:21cv05778,Filed: January 31, 2022 as 1:22cv00567,

Filed: March 21, 2022 as 1:22cv01467,  Filed: August 23, 2022 as 1:22cv04487,

Filed: November 22, 2022 as 1:22cv06564, Filed: March 7, 2023 as 1:23cv01403,

Filed: March 9, 2023 as 1:23cv01461, Filed: April 17, 2023 as 1:23cv02391,  Filed:

May 24, 2023 as 1:23cv03289, The RICO firm Blakely law then teamed up with

Gaffigan P.A. Rico firm and together presented a case in the Florida Middle District

Court Filed: July 1, 2022 as 3:22cv00729 .

**46**. **Soulfly trademark owner Massimiliano Antonio Cavalera,** domiciled in

Arizona and a Brazilian National, and only having legal standing to sue in Arizona

( Exhibit Appendix A-10 USPTO report), also used the successful RICO firm

BRICKELL IP Group PLLC operating the Florida Southern district court

0:21cv62498 and using a pseudonym in case Filed: May 21, 2021 as 0:21cv61085,

0:21cv61144-AHS,0:21cv60957-AHS 148 alleged victim defendants. In just one

Case 0:21cv62498  the RICO firm listed 441 (Exhibit Appendix A-11) asserting

damages against the Alleged defendant victims, seeking 2,000,000.00 in alleged

counterfeit damages and another 100,00.00 in common law infringement claims. Once

the RICO firm was successful in its operation ensuring no alleged victim defendants had

received notice. The cases include alleged counterfeit trademark infringement on the

goods of **BEER**  registration number 6252486, International registration number

1533827 (Exhibit Appendix A-12). The right of Use as to a mark must specifically

confined to the specimen Submitted and is regulated pursuant to Federal Register Part II

Department of Commerce-Patent and Trademark Office 37 CFR Parts 2-7 Rules for

Practice For Trade-Marl Related Filings Under the Madrid Protocol IMplementation Act:

Final Rule(EXHIBIT Appendix B-13)The RICO firm nor the client contact ATF to report

counterfeit beer being imported into the U.S. The Trademark "Cavalera Conspiracy"

registration number 77324604 had also been abandoned 8/15/2011.

**47**. Saheem M. Valdery claiming trademark right to the mark Sahbabii resides in

Georgia having legal standing only in Georgia  and whose trademarks  except 1

for the goods of music video, music tickets, and concert brochures was the only

valid trademark and the remaining trademarks for hoodies t-shirts and clothing

were dead, canceled or abandoned (Exhibit Appendix A-13) while fraudulently

claiming an active right to all in case no 21-cv-21097-COOKE/O'SULLIVAN and

was represented by RICO firm Brickell IP Group PLLC.in southern Florida

District Court and took down online sellers based upon the dead marks that were

fraudulently being claimed as active (Exhibit Appendix A-14). The right of  Use as to

a mark must specifically confined to the specimen Submitted and is regulated pursuant

to Federal Register Part II Department of Commerce-Patent and Trademark Office 37

CFRParts 2-7 Rules for Practice For Trade-Marl Related Filings Under the Madrid

Protocol IMplementation Act: Final Rule(EXHIBIT Appendix B-13)

**48.** The Smiley Company SPRL is a limited liability belgium company USPTO repart

(Exhibit Appendix A-15) represented again by the Attorney for the RICO firm Brickell

IP Group Pllc against hundreds of foreign alleged defendants and where no goods were

imported into the U.S. for U.S. jurisdiction under the Madrid Protocol Treaty to

which the U.S. is a signed member see Filed: June 29, 2023 as 1:23cv22432 F.S.D.

Court, Filed: June 27, 2023 as 1:23cv22384, Filed: June 27, 2023 as 0:23cv61229,

Filed: June 27, 2023 as 0:23cv61233, Filed: June 27, 2023 as 1:23cv22395, Filed:

June 26, 2023 as 0:23cv61203, Filed: June 26, 2023 as 1:23cv22376.

**49.** The RICO  also represents **Chinese foreign** companies,**Guang Zhou Sheng Wei**

**Dian Zi Shang Wu You Xian Gong Si** (Exhibit Appendix A-16 USPTO report ).

against U.S. businesses and other foreign businesses where the U.S only has jurisdiction

if the goods are actually imported into this country as defined within the World

Intellectual Property Organization Charter of the UN under the Madrid Protocol and no

imports occur into the U.S.and filed cases as follows; Filed: July 1, 2023 as 0:23cv61263,

Filed: June 15, 2023 as 0:23cv61160,Filed: August 31, 2022 as 0:22cv61622.

**50.**The RICO  also represents **Chinese foreign** companies such as  **Yangzhou Okus**

**Trading Co., Ltd. LIMITED LIABILITY COMPANY CHINA** who filed cases prior

to the registration date of the USPTO ( Exhibit Appendix A-17 USPTO Report) Filed:

January 30, 2023 as 0:23cv60168, Filed: February 7, 2022 as 0:22cv60293, against

U.S. businesses and other foreign businesses where the U.S only has jurisdiction if the

goods are actually imported into this country as defined within the World Intellectual

Property Organization Charter of the UN under the Madrid Protocol and no imports occur

into the U.S The right of Use as to a mark must specifically confined to the specimen

Submitted and is regulated pursuant to Federal Register Part II Department of

Commerce-Patent and Trademark Office 37 CFRParts 2-7 Rules for Practice For

Trade-Marl Related Filings Under the Madrid Protocol IMplementation Act: Final Rule

(EXHIBIT Appendix B-13)

**51.**The RICO  also represents **Chinese foreign** companies such as **Shenzhen Deyute**

**Trading Co., Ltd**.Filed: November 4, 2022 as 0:22cv62058 against U.S. businesses

and other foreign businesses where the U.S only has jurisdiction if the goods are actually

imported into this country as defined within the World Intellectual Property Organization

Charter of the UN under the Madrid Protocol and no imports occur into the U.S. a sister

company of **Shenzhen Deyute Trading Co., Ltd** was listed as a defendant in the Ill.

N.D. case BBC Studios Distribution Ltd v. The Partnerships and Unincorporated

Associations Identified on Schedule "A" case 1:22-CV-01441, prosecuted by the Chicago

GBC firm Attorneys, Amy Crout Ziegler, Benjamin C.R. Lockyer, Isaku Begert, Justin

Tyler Joseph, Rachel S Miller, Justin R. Gaudio with other attorneys from Banister Law

of New York who aided in developing the RICO now representing alleged defendants to

have them settle with the RICO client and where there is no U.S. standing or jurisdiction.

The sister company involved in the suit filed a motion to dismiss for lack of jurisdiction

and then was dismissed with **Shenzhen Deyute Trading Co., Ltd** wanting a piece of the

action as a RICO client plaintiff in the Florida S.D. operation case 0:22-cv-62058 filed on

November 4th 2022, Represented by the participating RICO attorney Andrew Jonothan

Palmer.

**52.** The RICO  also represents **Chinese foreign** companies such as **Shenzhen Huajie Technology Co Ltd**. Filed: June 23, 2022 as 1:22cv03277 against U.S. businesses and other foreign businesses where the U.S only has jurisdiction if the goods are actually imported into this country as defined within the World Intellectual Property Organization Charter of the UN under the Madrid Protocol and no imports occur into the U.S for the trademarks listed in (Exhibit Appendix A-18 trademark listings) The right of Use as to a mark must specifically confined to the specimen Submitted and is regulated pursuant to Federal Register Part IIDepartment of Commerce-Patent and Trademark Office 37 CFR Parts 2-7 Rules for Practice For Trade-Marl Related Filings Under the Madrid Protocol IMplementation Act: Final Rule(EXHIBIT Appendix B-13)

**53.** The RICO  also represents **Chinese foreign** companies such as **Guangzhou Xinge Trading Co., Ltd Filed: April 21, 2023 as 0:23cv60749** against U.S. businesses and other foreign businesses where the U.S only has jurisdiction if the goods are actually imported into this country as defined within the World Intellectual Property Organization Charter of the UN under the Madrid Protocol and no imports occur into the U.S. The trademark for this company had also been abandoned and the company only imports into **RUSSIA** (Exhibits Appendix A- 19 abandoned trademark report). The right of  Use as to a mark must specifically confined to the specimen Submitted and is regulated pursuant to Federal Register Part IIDepartment of Commerce-Patent and Trademark Office 37 CFR Parts 2-7 Rules for Practice For Trade-Marl Related Filings Under the Madrid Protocol

IMplementation Act: Final Rule(EXHIBIT Appendix B-13)

**54.** The RICO  also represents **Chinese foreign** companies such as **Wuhan Qinglu**

**E-Commerce Co., Ltd Filed: April 8, 2023 as 1:23cv02211** against U.S. businesses

and other foreign businesses where the U.S only has jurisdiction if the goods are actually

imported into this country as defined within the World Intellectual Property Organization

Charter of the UN under the Madrid Protocol and no imports occur into the U.S (Exhibit

Appendix A-20).The right of Use as to a mark must specifically confined to the specimen

Submitted and is regulated pursuant to Federal Register Part II Department of

Commerce-Patent and Trademark Office 37 CFR Parts 2-7 Rules for Practice For

Trade-Marl Related Filings Under the Madrid Protocol IMplementation Act: Final Rule

(EXHIBIT Appendix B-13)

**55.** The RICO  also represents **Chinese foreign** companies such as **GUANGZHOU**

**LUCK COMMERCE CO. LTD**, Filed: November 12, 2022 as 1:22cv06320,Filed:

March 25, 2023 as 1:23cv01876 against U.S. businesses and other foreign businesses

where the U.S only has jurisdiction if the goods are actually imported into this country as

defined within the World Intellectual Property Organization Charter of the UN under the

Madrid Protocol and no imports occur into the U.S. There is no WIPO madrid protocol

trademark registration for this company and no USPTO search results and no clerks

notice t0 the USPTO is sent as required.

**56.** The RICO also represents **Chinese National individuals Liling Ye**, Filed: January

30, 2023 as 1:23cv00554 against U.S. businesses and other foreign businesses where

the U.S only has jurisdiction if the goods are actually imported into this country as

defined within the World Intellectual Property Organization Charter of the UN under the

Madrid Protocol and no imports occur into the U.S. There are no International

registrations for Liling Ye pursuant to the Madrid Protocol system and the only UPTO

information available pertains to an abandoned trademark as of 2017, 4 years prior to

filing a suit pertaining to the abandoned trademark (Exhibit Appendix A - 21). The right

of Use as to a mark must specifically confined to the specimen Submitted and is

regulated pursuant to Federal Register Part II Department of Commerce-Patent and

Trademark Office 37 CFR Parts 2-7 Rules for Practice For Trade-Marl Related Filings

Under the Madrid Protocol IMplementation Act: Final Rule (EXHIBIT Appendix B-13)

**57**.  The RICO  also represents **Chinese foreign** companies such as **GUANGZHOU**

**YUETENG E-COMMERCE CO**., LTD Filed: July 1, 2023 as 0:23cv61263 against

U.S. businesses and other foreign businesses where the U.S only has jurisdiction if the

goods are actually imported into this country as defined within the World Intellectual

Property Organization Charter of the UN under the Madrid Protocol and no imports occur

into the U.S (Exhibit Appendix A-22 trademarks).

**58.** The RICO  also represents **Chinese foreign** companies such as **QIONGHAI**

**SHUANGGUOBA TRADING CO**., LTDFiled: June 24, 2023 as 0:23cv61201

against U.S. businesses and other foreign businesses where the U.S only has jurisdiction

if the goods are actually imported into this country as defined within the World

Intellectual Property Organization Charter of the UN under the Madrid Protocol and no

imports occur into the U.S. Trademarks under this exact name were unable to be located.

**59.** The RICO  Brickell IP Group Pllc also represents another **Cyprus company** and trademark holder for the trademark **stuffed Beaver Ltd. (Exhibit Appendix A- 23)** in case no.Filed: May 11, 2023 as 1:23cv21774 F.S. D.C.,Filed: July 15, 2022 as 0:22cv61332 Filed: March 10, 2022 as 0:22cv60517, Filed: December 14, 2021 as 0:21cv62497, Filed: June 21, 2021 as 0:21cv61278,  Filed: June 21, 2021 as 0:21cv61277 against U.S. businesses and other foreign businesses where the U.S only has jurisdiction if the goods are actually imported into this country as defined within the World Intellectual Property Organization Charter of the UN under the Madrid Protocol and no imports occur into the U.S. The right of Use as to a mark must specifically confined to the specimen Submitted and is regulated pursuant to Federal Register Part II Department of Commerce-Patent and Trademark Office 37 CFR Parts 2-7 Rules for Practice For Trade-Marl Related Filings Under the Madrid Protocol IMplementation Act: Final Rule(EXHIBIT Appendix B-13)

**60.** The **RICO** firms, attempting to hide the unlawful pattern of activity began to list their clients as **XYZ corporation** and did so for Soulfly trademark owner Massimiliano AntonioCavalera (0:21cv61085 S.D. Florida) , domiciled in Arizona in a southern Florida Case 0:21cv61085, and for other clients in case no 0:22cv60562,  0:22cv60311 0:22cv60411,0:22cv60315,  0:22cv60313 And others too numerous to include here.

**61.** The Chicago firms also using pseudonyms to hide clients in  1:22cv02186,

1:22cv02069, 1:22cv02054,  1:22cv02009. 1:22cv00800, in Ill. N. D. cases

with cases too numerous to cite here with a judicial roadblock emerging in a Ill. N.D.

Case that ruled "1:21cv06471 denying the right to use a pseudonym (N.D. Ill)and in

(1:22cv02040 N.D. Ill.) where the Honorable Judge Shaw stated;

*"Plaintiff is not authorized to proceed anonymously, the public has a right to know*

*who is using the courts the tax payers fund and that right outweighs the Plaintiff*

*interest in anonymity, the court also warns Plaintiff that joinder of over 200 defendants*

*in this kind of case is inappropriate and if Plaintiff has not actually purchased a*

*product from each defendant to establish selling and had it shipped to Illinois the court*

*does not have personal jurisdiction".*

**62.** This coincides with the U.N. WIPO Madrid Protocol Treaty  to which the U.S.

is a signed member conferring jurisdiction upon the country into which the goods

are imported SUBSTANTIAL ELEMENTS OF COUNTERFEITING AND

PIRACY TOKYO 2017 LTC HARMS WIPO.

**63**. The reason for using a pseudonym was based upon the discovery of the **RICO**

firm operation by a **Chinese defense organization** trying to adequately defend

against the actions, on behalf of businesses being affected, damaged and destroyed

and no notice or service was being provided as required by law under the **Hague**

**Convention Treaty** to which the U.S. is also a signed member (Exhibit Appendix

A-24) Chinese Defense organization keeps records of RICO firms and non service that

prevents them from defending in these cases (Exhibit Appendix A-25).

**64**. The RICO firms are still attempting use of a Pseudonym so that the initial

notice required to be sent by the clerk of the court in these cases identifies the

trademark holder as xyz corporation and fails to constitute a valid report to the

USPTO.

**65.** The Department of Homeland Security addressed the issue of counterfeit goods

being sold in the market through online platforms in DHS Releases Report on

Combating Trafficking in Counterfeit and Pirated Goods Release Date: January 24,

2020.

**66**. One of the immediate actions taken as a result of the report was requiring

online seller platforms such as Etsy, Ebay, Amazon, etc. to provide a report this

item link on the items it advertised for its in house affiliates that would

immediately remove the item listing from access through the markets upon the

trademark holders proof of trademark right, for example with Etsy, inc the link

appears on the initial page of the item listing  (Attached Exhibit 26).

**67.** When the report this item is utilized, it explains the process the online

platforms now take to prevent counterfeit items from emerging through their

markets and removes a listing to prevent its sale(Attached Exhibit 27).

**68**. The alleged defendants in these cases include both U.S and foreign entities in

99% of the cases, and they are misjoined and grouped together identified as

"Individuals, partnerships, and unincorporated associations of "Plaintiff's schedule

"A" in all the RICO firm cases

**69**. The RICO firms would enlist the services of various individuals willing to unlawfully impersonate and assert the title as Investigator in the screenshots they obtained when none were in fact licensed investigators in the state where they claimed the access to the online stores took place, such as Axencis, Inc (attached Exhibit 28).

**70.** In a Chicago case, where Larry Banister II from New York, and was proceeding on a case in the Ill. N.D. district court,  the judge noticed that he had falsely created a fictitious investigation firm name "Banister Investigations" and used the courts address as the address for the fictitious company he asserted as legitimate. To give the appearance that these alleged evidentiary screenshots were obtained by Investigators.

**71**. In other cases appearing in the Florida S.D. courts, a computer services company Corsearch was cited as a licensed investigation company when in fact they merely provided a search tool for attorneys or third parties to use with a disclaimer as to the accuracy for use in judicial proceedings (Exhibit Appendix A-29).

**72.** In the complainants case, a Company symbol of Axencis was being used that the trademark office denied use of (Exhibit Appendix A-30) with an individuals name listed underneath with the title investigator next to his name and claimed the screenshots were obtained in Florida where the RICO Defendant Brickell IP Group PLLC was operating.

**73.** A reverse IP address check however showed the individuals named were from

mostly foreign countries including Cyprus and Germany and obtained the alleged

evidentiary screenshots from locations within the foreign countries or in states other than

the state of Florida where they claimed they were accessed).(Exhibit Appendix A-31).

**74**. The RICO firms would generate in some cases over 1200 screenshots and list

the post transaction merchants or in-house affiliates of Amazon, Etsy. Ebay, etc and

only name the inhouse affiliate or post transaction merchants as "suspected"

Defendants and list them by their in-house affiliate status i.e.,

http:www.etsy.com/devildogstreasure as listed on Plaintiffs Schedule "A" F.M.D.C.

 case 8:21cv01331.

**75.** With these screenshots they would file a trademark counterfeit case under 15

U.S.C. 1116 AND request damages under  15 U.S.C. 1117 which permits up to

2,000,000.00 per defendant  incorporating a wide field of other antitrust laws and

specifically excluding the applicable provisions of the International treaty laws of the

Madrid protocol.

**76.** The RICO firms all use the same shotgun complaint template and cite each

other's cases as supporting legal memorandum in furtherance of their operation.

**77.** A shotgun complaint is one in which alleged defendants are not identified with

specificity as to which alleged defendant is being alleged to have violated which of the

marks the client is claiming right to, or which alleged defendants are the individuals,

which are the partnerships, and which are the unincorporated associations in the

misjoined defendants, and which are foreign and which are U.S.

**78**. A shotgun complaint is defined as defendant non specific, the type of shotgun pleading is one that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission.Weiland v. Palm Beach County. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015)..

**79.** The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." PVC Windows, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." Id. (citation omitted)

**80.** The Eleventh circuit court of appeals has itself ruled that a shotgun complaint amounts to an abuse of the judicial process and the courts are required sua sponte to dismiss shotgun complaints. *"in their complaint, the Jacksons referred to all Defendants collectively, **rather than specifying which Defendant(s) committed which alleged wrongful act** JACKSON v. BANK OF AMERICA, N.A.Case: 16-16685 Date Filed: 08/03/2018 Page: 1 of 51 11th Cir.*                                                                    .

**81**. They would misjoin a multitude of alleged defendants up to1200 in some Cases.

**82.** In some instances the misjoinder is met by judicial roadblocks such as in case 1:22cv02040 N.D. Ill. as cited earlier where the Honorable Judge Shaw " ***warns Plaintiff that joinder of over 200 defendants in this kind of case is inappropriate"***

**83.** The Honorable Chief District Judge Marvin Aspen (N.D. Ill.), also addresses the misjoinder in cases brought before him and stated specifically;

*"Nor would allowing joinder promote judicial economy for which judicial canyons require judges to act within the effective judicial administration of the courts. Combining hundreds of unrelated defendants in one case creates a burden on courts since courts must evaluate the evidence submitted in support of liability AS TO EACH OF THE NAMED DEFENDANTS and, eventually, apportion damages among the parties. "That is especially true in the ex parte setting of a temporary restraining order, as well as for default-judgment motions H-D U.S.A., LLC v. THE PARTNERSHIPS AND ) UNINCORPORATED ASSOCIATIONS ) IDENTIFIED ON SCHEDULE "A" (N.D. Ill. 21-CV-01041 (2021). It is much more of a burden to satisfy that duty when there are dozens or hundreds of online retailers named in one case." Estée Lauder, 334 F.R.D. at 189-90 (citing Purzel Video GMBH v. Does 1-91, Case No. 4:12-cv-02292, 2013 WL 4775919, at \*2 (E.D. Mo. Sept. 6, 2013) A DUTY REQUIRED PERTAINING TO THE PROCEDURAL DUE PROCESS RIGHTS GUARANTEED BY THE UNITED stATES cONSITUTION fOURTEENTH AMENDMENT ("Rule 20(a)'s purpose of promoting judicial economy and trial convenience would not be served by allowing the number of defendants in this case because the ensuing discovery and variety of defenses could prove unwieldy for a single case")). The Purzel Court, for example, severed the case and dismissed "all but one Doe Defendant to avoid causing prejudice and*

*unfairness to Defendants" in the interest of justice. Purzel, 2013 WL 4775919, at*

*\*2. Additionally, the growing trend of combining hundreds of alleged trademark*

*infringers under one case caption yields an enormous financial benefit to plaintiffs*

*at the Court's expense se, 10 meaning the **tax payers ultimately miss out**, (this*

*defendant believes that this creates an urgent matter of public importance*

*requiring appropriate judicial review). Patent Holder Identified in Exhibit 1 v.*

*Does 1-254, No. 21-cv-514, 2021 WL 410661, at \*1 (N.D. Ill. Feb. 6, 2021) ("It*

*has become commonplace in this district for holders of trademark and trade dress*

*rights to file suits naming dozens or even hundreds of claimed infringers and*

*counterfeiters, alleging that they are selling knock-off products via the Internet.").*

*By suing nearly 198 defendants in a single suit rather than 198 separate ones, the*

***plaintiff will save around $80,000 in filing fees**. See Northern District of Illinois'*

*Fee Schedule ("Civil Filing Fee $ 402.00"); see also Does 1-254, 2021 WL*

*410661 at \*3 ("by suing 254 defendants in a single suit rather than 254 separate*

*ones, the **plaintiff will save, in one fell swoop, over $100,000 in filing fees.**").When*

*courts find joinder improper, they may sever the parties on their own or order the*

*plaintiff to cure the deficiency. Fed. R. Civ. P. 21; UWM Student Ass'n v. Lovell,*

*888 F.3d 854, 863 (7th Cir. 2018).*

**84.** The complainant believes the "growing trend" as notice by The Honorable

Chief District Judge Marvin Aspen (N.D. Ill.) are the cases filed and proceeded on

by the RICO firms identified herein.

**85.** In the case 8:21cv01331 that directly injured the complainant, and where the
judge Virginia Hernendez-Covington, and the magistrate Anthony E. Porcelli,
acting without complete jurisdiction, and aiding in the continuance of the RICO
firm operation, the magistrate placed on record the following;

*"these defendants are not sharing the same platform","there is nothing in the record that
demonstrates to me for each of the defendants what actual product they were selling. So
how am I to determine a likelihood of success as to the infringing 7 product""but you
just made the argument that there's a distinction in the litigation based upon the URL and
the product, what am I to rely upon?"I have questions about the joinder, but I'm not
going to resolve that today, I think that does raise an issue of venue.Well, I have to
express then I'm frustrated as well because one of the reasons that is at issue is this
venue. And what was suggested for venue is because Mr. Fernandez is here in the Tampa
division in the Middle District of Florida.there is absolutely nothing, not even the nature
of the investigation connected to this division. So why are they being filed here? Explain
to me then the joinder issue. Why are we filing suit against 77 defendants that don't
appear to be connected in any way?I think we are conflating the liability and jurisdiction
". 8:21cv01331 (EFC 118).*

Plaintiff's co-counsel stated :

*"Attorney Alex Fernandez became involved because "it just made sense to use Mr.
Fernandez's office in Tampa to just have things done smoothly" "it was just a
convenience issue"That's why we submitted in the Middle District". (EFC 118).*

**86.** Complainants will show that no alleged defendant named are ever lawfully

noticed or served in order to object and defend against the unlawful RICO

operation as will be shown in the following facts.

**87.** Once the RICO firms get past the hurdle of the filing of the shotgun complaint

and the lack of legal standing to sue and the misjoinder before the courts who fail to

perform the sua sponte duties to dismiss, or before the courts where the judge is

unlawfully and directly involved in aiding the RICO firm in the success of their unlawful

operation through abuse of judicial process, the RICO firms immediately file a motion to

file under seal an ex parte motion for a TRO with seizure provision pursuant to 15 U.S.C.

1116 and citing a right to damages for disgorgement under 15 U.S.C. 1117 designed for

post judgment relief.

**88.** In some cases the application includes the motion for preliminary injunction

and motion for alternative service and in others the documents are filed separately

but immediately after the application for an ex parte TRO with seizure provision and no

request for any issuance of summons is made until much later in the cases.

**89.** 15. U.S.C. 1116 (D)**(2)**The <u>court shall not receive an application under</u>

<u>this subsection unless the applicant has given such notice of the application</u>

<u>as is reasonable under the circumstances to the United States attorney for</u>

<u>the judicial district in which such order is sought.</u> ( EXHIBIT  Appendix A-32,

15 U.S.C 1116 ET., SEQ.). Such attorney may participate in the proceedings arising

under such application if such proceedings may affect evidence of an offense against the

United States. The court may deny such application if the court determines that the public

interest in a potential prosecution so requires. This is also do to the requirements of the

International treaty of the Madrid Protocol to which the U.S. is a signed member.

**90.** The courts have failed to enforce the requirement, or as in complainants case

specifically refuse to comply which aids the RICO firms in the furtherance of their

unlawful operation.

**91.** If the provision of their ex parte application is made to the U.S. Attorney as required

by statute, with which they fail to provide, it would reveal the plaintiff lack of

standing, the fraudulent claim to trademarks as active knowing they had been dead,

abandoned, or canceled, the misjoinder of defendants, and the other illegalities of

their operation.

**92.** 15 U.S.C. 1116 **(8)**An order under this subsection, together with the supporting

documents, shall be sealed until the person against whom the order is directed has

an opportunity to contest such order.  H.R. Rep. No. 116-645 (2020) On First

Amendment Protections… (EXHIBIT  Appendix A_32, 33).

**93**. The RICO firm Brickell IP Group PLLC Attorney Richard Guerra provides a

"personal" supporting declaration in support of the application and attaches only 5

alleged evidentiary screenshots and request they be used as evidence against all 77

defendants in the complainants Matter that caused damages (Exhibit Appendix A-34)

but provides the same declaration with the same footnote in most of its racketeering

cases put before each of the courts.

**94**. In the case causing damage to the complainant, 8:21cv01331 F.M.D.C., the judge

Virginia Hernandez-Covington, acting without complete jurisdiction as as a favor to

her close personal friend Defendant's co-lead counsel Attorney Alejandro Fernandez,

not only acted in violation of the requirements of the statutory provisions regarding

the requirements for seal but in violation of that district court's own local rules 1.11

(b) requires compliance with the statute 15 U.S.C. 1116(8) <u>shall be sealed until the</u>

<u>person against whom the order is directed has an opportunity to contest such order.</u>

( EXHIBIT  Appendix A-35).

**95.** No legally required notice is served upon alleged defendants and no

opportunity to be heard or contest the order is given, as any legally required notice

served on the alleged defendant victims of the RICO, would disrupt the success of

their abuse of judicial process and prevent them from executing the remaining

racketeering activity involved in their unlawful scheme.

**96.** 15 U.S.C. 1116 does provide for immediate injunctive relief pursuant to the

strictly limited requirements, and congress has provided for the application of

F.R.C.P. 65 but prohibits the portions of the statute that conflict with the strict

limitations set forth in 15 U.S.C. 1116 sets forth (Exhibit Appendix A-36, Joint

Statement on Trademark Counterfeiting Legislation, 130 Cong. Rec.H12076, H12078

(daily ed. Oct. 10, 1984). "The procedures detailed in this section are largely derived

from the existing requirements of rule 65 of the Federal Rules of Civil Procedure. <u>Those</u>

<u>requirements have been modified in certain respects to conform them to the</u>

circumstances  peculiar to seizures on a ex parte basis. Except where the provisions
of rule 65 are inconsistent with the requirements of this act, however, they will
continue to apply, as will traditional principles of equity."(Id).

**97.** As stated in Joint Statement on Trademark Counterfeiting Legislation, 130
Cong. Rec.H12076, H12078 (daily ed. Oct. 10, 1984)" (Exhibit Appendix A-36), *The
purpose of the ex parte seizure provision is to provide victims of trademark counterfeiting
with a means of ensuring that the courts are able to exercise their jurisdiction effectively
in counterfeiting cases. Testimony before both the House and Senate Judiciary
Committees established that many of those who deal in counterfeits make it a
practice to destroy or transfer counterfeit merchandise when a day in court is on
the horizon. The ex parte seizure procedure is intended to thwart this bad faith
tactic, while ensuring ample procedural protections for persons against whom such
orders are issued. In essence, both the Senate and House bills permitted issuance
of an ex parte seizure order if the applicant could show that the defendant would
not comply with a lesser court order, such as a temporary restraining order, and
that there was no means of protecting the court's authority other than to seize the
property in question on an ex parte basis  (d)(1) makes clear, this provision is
directed solely at the seizure of goods in trademark counterfeiting cases--that is, in
cases involving the use of counterfeit mark in connection with the "sale, offering
for sale, or distribution" of goods or services(Id)" (Exhibit Appendix A-36)*

**98.** 15 U.S.C. 1116 **(a)Jurisdiction; service provides in pertinent part  Any**

SUCH INJUNCTION GRANTED UPON HEARING, AFTER NOTICE TO THE DEFENDANT, BY ANY

DISTRICT COURT OF THE UNITED STATES, MAY BE SERVED ON THE PARTIES AGAINST

WHOM SUCH INJUNCTION IS GRANTED.(ID) (EXHIBIT APPENDIX A-32).

99. THE RICO FIRM'S CLIENT DOES NOT UTILIZE THE REPORT THIS ITEM LINK WHEN

ACCESSING THE ALLEGED DEFENDANT VICTIM STORES, AND THEN WAITS SEVERAL MONTHS

AFTER THE ALLEGED COUNTERFEIT ITEMS ARE SOLD TO ENSURE THEY WOULD NOT BE AVAILABLE

FOR EVIDENCE AT TRIAL (SHOULD ONE OCCUR) BECAUSE THEY KNOW THEIR TRADEMARKS ARE

DEAD, CANCELED, OR ABANDONED (AN *INCONTESTABLE DEFENSE*. PURSUANT TO 15 U.S.C.

1115(B) (EXHIBIT  APPENDIX A-37).

100. The ex parte application put forth by the RICO firms in these cases, seek an

immediate takedown of the alleged defendant victims online store, a freeze on all

financial assets both business and personal not related to their stores, and

"expedited discovery seizure of all business records and not just records related to

the alleged counterfeit item as strictly limited by congressional statute 15 U.S.C.

1116 "records documenting the manufacture, sale, or receipt of things involved in

such a violation. *see Joint Statement on Trademark Counterfeiting Legislation, 130*

*Cong. Rec.H12076, H12078 (daily ed. Oct. 10, 1984)"(id)*.(Exhibit APpendix A-36).

101. The RICO firms cite numerous cases where their operation was successful as

legal memorandum supporting the furtherance of their unlawful ex parte motions.

102. The ex parte application requests the means for service to the alleged defendant

victims be made via email through the email associated with the seller ID's which

the RICO firms disable so that no notification can be received link to email through the

seller ID, and the takedown page of the alleged defendant victim store removing access to

email notification)  (Exhibit Appendix A-38) and no proof of email Notification

confirmation is filed or provided.

> Guerra Decl. at ¶ 4.  Defendants are further able to receive notice of this action by e-
> mail via the e-commerce marketplace platform that Defendants use to conduct their
> commercial transactions via the Seller IDs.  Guerra Decl. at ¶ 5.

As stated in pleading by RICO firm Brickell IP Group PLLC Attorney Rcihard Guerra in

case 8:21cv01331 F.M.D.C. (EFC 7) The **RICO** firm's  ex parte TRO has the alleged

defendant victims access to their online store via the e commerce platform and the

request for alternative service through such ensures no service or notice at all.

**103.** In some cases the court makes a provision for hearing in accordance with 15

U.S.C. 1116 which is ineffective since notice is not affected as to the hearing as

required by law, and in other cases such as the complainants case where the Judge

Virginia Hernandez Covington without complete court jurisdiction, removes the

provision for any hearing from the RICO firms proposed order 8:21cv01331 EFC

7-1, EFC 8 (Exhibit  Appendix A-39 RICO firm proposed order with provision for

hearing required by law) (Exhibit Appendix A-40 unlawful removal of provision for

hearing required by law by Judge Virginia M. Hernandez -Covington) in order to

unlawfully act in aid and furtherance of the RICO for personal favor to her close personal

friend and defendant Ain Jeem, Inc's co-lead counsel Alejandro Fernandez of Ackerman

Law. The Judge Virginia Hernandez-Covington did so in willful violation of the U.S.

Constitution and Article III on the Congressional limits of the injunctive power of the

Courts . The RICO firm includes the provision knowing that no alleged defendant victim

would be served notice of it even when scheduled.

**104.** The Judge Virginia Hernandez Covington explained in a personal profile authored

by her close personal friend RICO firm Attorney Alejandro Fernandez that she relies

solely on the CE/CMF electronic system so she can be free to travel the world without

being present in the court, which would be required if she held hearings in accordance

with the congressional statutes and the constitution (Exhibit Appendix A-41).

**105.** The RICO firms then serve the order they obtain on the merchants who are not

named as parties to the action, of the in-house and post transaction merchants who

control the seller ID's to have them taken down. They also serve pay pal who they

falsely claimed is a payment processor for the alleged defendant victim stores

knowing that the alleged victim defendants are post transaction merchants as

defined in 18 U.S.C. 8402 and are not involved in payment processing and in many

cases the pay-pal account as in this complainants case is a personal account

unrelated to the online store.

**106.** The RICO firm client's own evidentiary screenshots disprove the their

allegations that the alleged defendant victims have complete control over their

seller id's that in this complainants case is identified as Etsy.com/devildogstreasure.

That the manufactured transaction page shows only etsy as having control of their

payment processing and listing ID and does not reflect the alleged defendant victims

seller ID anywhere within the URL, disproving the allegations of their own complaint

(Exhibit Appendix A-42) as is the case in 99% of the Cases.

**107.** The RICO firms then serves the ex parte TRO with seizure provisions order not

on the alleged defendant victims as required by law, but on the non party merchants

to effect the unlawful online store takedown of the alleged defendant victims, and

immediate takeover of their complete business records as to alleged defendant victims

entire business Operation in violation of the strict statutory limitations in 15 U.S.C. 1116.

**108**. Ebay and Amazon have begun to object to the action and refused compliance

with the ex parte TRO'S served upon them and not their in-house affiliates.

**109**. Etsy, Inc. not only remains silent but fails to abide by its own policy regarding

"Counter Notice Requirements"please click the unique URL in the email Etsy sent

informing you of the infringement notice and takedown DMCA Notice Requirements -

Our House Rules | Etsy" and does not send any email or notification of the tackdown it

enacts on behalf of the RICO firms in order to assist the furtherance of the RICO

operations success by ensuring that the alleged victim defendants do not receive any

manner of service including notice required by its own policies or through the email

message link that was rendered un operable as a result of the takedown (Exhibit

Appendix A-38).

**110.** The RICO firms had done this successfully for years until recently when both

Ebay case 1:23cv00173 filed April 14, 2023 for RICO repeated client

Animaccord owning a trademark registered to the Russian Federation without legal

standing in the U.S. (Exhibit Appendix A-1), and Amazon in case 1:22cv02458

N. D. Ill. filed May 10, 2022 have begun fighting back on behalf of their in-house

affiliates upon whom the service of the order is required to be made and not Ebay or

Amazon.

**111.** As a result an additional judicial roadblock to their operation has occurred in

the N.D. Ill. before the Honorable Judge Joan B. Gottschall who handed down the

following order;

 " *an ex parte temporary restraining order is denied without prejudice because paragraph four*

*of the revised proposed form of order emailed to the court at approximately 2:30 p.m. on June*

*16, 2022, does not comply with this court's standing order in Lanham Act counterfeiting cases.*

*Paragraph four of the proposed order directs "[t]he Third Party Provider," defined in paragraph*

*two to be non-party "Amazon," to implement an asset freeze. According to the certificate of*

*service accompanying the motion, plaintiff has not given notice to Amazon of the motion*

*requesting a finding under Fed. R. Civ. P. 65(d)(2)(C) that it is in active concert or participation*

*with defendants. This court's standing order in Lanham Act counterfeiting cases, which is*

*available on Judge Gottschall's page on the court's official website, reads in full: "Counsel*

*should be aware that pursuant to Seventh Circuit authority, under Fed. R. Civ. P. 65(d)(2), third*

*parties not named in the complaint (typically, for example, Amazon and eBay) cannot be*

*named as in active concert or participation with the defendants unless their active concert or*

*participation is proven AND they receive advance notice and an opportunity to be heard before*

*any such order is entered. Any proposed order not complying with the cases identified here will*

*be rejected. Please see the following cases: Lake Shore Asset Management Limited v. Commodity Futures Trading Commission, 511 F.3d 762 (7th Cir. 2007); United States v. Kirschenbaum, 156 F.3d 784 (7th Cir. 1998); Pow! Entertainment, LLC v. Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified On Schedule A Hereto, 2020 WL 5076715 (N.D. Ill. Aug. 26, 2020)."*

**112.** The goal of the RICO operation is to effect through an abuse of the judicial process, access of, control of , and misappropriation of the alleged defendants complete business records and trade secrets committing economic espionage, in order to determine the amount of money they can demand (Extort) from the victims while holding their online business hostage as another Honorable Judge Gary Feinerman explained in *Weifang Tengyi Jewelry Trading Co. Ltd v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 1:18cv04651 - Document 274 (N.D. Ill. 2019) "the first element of abuse of process, the existence of an ulterior purpose or motive "demanding payment while threatening to bring or continue litigation" is "a predicate act of extortion" for purposes of the Hobbs Act. the relevant question in abuse of process cases is not whether the process itself was appropriate for the proceeding, but whether the defendant used the process to try to accomplish an inappropriate end after learning that the premise on which the TRO had been granted, that Intuii was a foreign counterfeiter, was incorrect—used the leverage the TRO created to force Intuii to choose between having its business shut down and paying an exorbitant settlement. Weifang Tengyi Jewelry Trading Co. Ltd v. The Partnerships and Unincorporated Associations Identified on Schedule*

*"A"UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT*

*OF ILLINOIS EASTERN DIVISION 18 C 4651,* The RICO client in that case in

Chicago was represented by the RICO firm Larry Banister II law of New York (Exhibit

Appendix A-43 Banister Law profile).

**113.** The RICO firms, including the New York firm, have been unsuccessful in operating

within the courts of New York as a result of HTT Group PLLC 6-30-22 where the

Honorable Judge Lewis J Liman ordered the following:

*(1)Plaintiff has submitted an application for an Order to Show Cause for a Preliminary*

*Injunction and a Temporary Restraining Order. Exhibit 2 to the complaint, however,*

*which contains the <u>allegedly infringing listings, contains many screenshots that are both</u>*

*<u>small and unclear.</u>*

*<u>(2)</u>  The Court's Order modifies the requested relief to restrain the online storefronts from*

*providing services to Defendants only insofar as related to Defendants' infringing listings*

*and offering for sale and/or sale of counterfeit products. This modification is without*

*prejudice to renewing the original request; however, the current application does not*

*support such broad relief. See Allstar Marketing Group, LLC v. Allstar_Place, 2021 WL*

*5047597 (S.D.N.Y. Oct. 28, 2021) (holding that plaintiffs were not entitled to a*

*preliminary injunction that "would restrain third party service providers like eBay from*

*providing any services to Defendants' User Accounts and Merchant Storefronts for the*

*pendency of this litigation," thus preventing them from "sell[ing] other products,*

*including products that are non-infringing"). "Injunctive relief should be narrowly*

*tailored to fit specific legal violations" and "an injunction should not impose unnecessary burdens on lawful activity." Waldman Pub. Corp. v. Landoll, Inc., 43 F.3d 775, 785 (2d Cir. 1994). "An injunction is overbroad when it seeks to restrain the defendants from engaging in legal conduct, or from engaging in illegal conduct that was not fairly the subject of litigation." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 145 (2d Cir. 2011); see also Victornox AG v. B&F Sys., Inc., 709 F. App'x 44, 51 (2d Cir. 2017) (holding that even though a "party who has once infringed a trademark may be required to suffer a position less advantageous than that of an innocent party, an injunction must nonetheless be narrowly tailored to fit specific legal violations because the district court should not impose unnecessary burdens on lawful activity"*

The take down of the listing option is now provided by the online platforms providing a report this item link (Exhibit Appendix A-26), for remedy as a result of the DHS Releases Report on Combating Trafficking in Counterfeit and Pirated Goods Release Date: January 24, 2020.

**114.** In most cases the RICO firms wait to file their action until after the alleged infringing item is sold as in the complainants matter, (Exhibit  Appendix A- 4) knowing the item is in fact legitimate and ensuring its unavailability as evidence for trial (should one occur) and that in most cases also involves trademarks their client fraudulently asserts an active right to that which has been dead canceled and abandoned. In the matter damaging the complainant, F.M.D.C 8:21cv01331, The RICO firm and client a right to an NBA trademark logo item that Ain Jeem, Inc who is not the NBA,

clearly had no right to, and they would therefore be guilty under the reverse provisions of

the counterfeit statues as ruled by the U.S. Supreme court Dastar Corp. v Twentieth

Century Film Corp. 539 U.S. 23 (2003).The right of Use as to a mark must specifically

confined to the specimen Submitted and is regulated pursuant to Federal Register Part II

Department of Commerce-Patent and Trademark Office 37 CFRParts 2-7 Rules for

Practice For Trade-Marl Related Filings Under the Madrid Protocol IMplementation \

Act: Final Rule(EXHIBIT Appendix B-13)

**115.** Without a complete store takedown and unlimited access to complete business

and financial records to determine an amount they could demand (Extort) from those

engaged in lawful interstate commerce it would defeat the purpose and success of their

unlawful RICO operation.

**116.** The Racketeering activity in just one case with over 200 alleged defendant victims

and an award of damages of 250,000 per alleged defendant victim, through default

because the alleged defendant victims do not receive service, and the enactment of

over a 1,000 cases that are known, the RICO is **generating billions** of dollars of income

from their unlawful racketeering activity through an abuse of judicial process, acts of

bank fraud , economic espionage, fraud, conspiracy, and extortion which is a significant

incentive for corrupt judges who are close personal friends with the RICO firm (as in

the matter damaging the complainant F.M.D.C 8:21cv01331) to aid and ensure the

successful operation in their district without complete lawful jurisdiction of the court to

do so.

**117.** The operation attempted in the Nevada District court was also unsuccessful due to the judicial ruling in  Hybe Co. Ltd. f/k/a Big Hit Entertainment Co. Ltd., Bighit Music Co. Ltd., and Hybe America Inc.,  v.  John Does 1–100, et al Case No.: 2:22-cv-00510-JAD-EJY " Order Denying Motions for Temporary Restraining Order and Preliminary Injunction  by the Honorable Jennifer A. Dorsey as follows;

*"The judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'"1 "In part, those words limit the business of federal courts to questions presented in an adversary context . . . . And in part those words define the role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to other branches of government."2 Judicial power is limited to resolve these adversarial conflicts and should not be exercised "when courts doubt the existence of sufficient adversary interest to stimulate the parties to a full presentation of the facts and arguments."3 And it is hornbook law that a federal court must have personal jurisdiction over a defendant before it can entertain an action against that defendant.4 "[A] court does not have the power to order injunctive relief against a person over whom the court has not [acquired] in personam jurisdiction" or "to enjoin the behavior of the world at large."5 Finally, "[a]s a general rule, the 1 Flast v. Cohen, 392 U.S. 83, 94 (1968). 2 Id. at 95. 3 13 Wright & Miller, Federal Practice & Procedure § 3530 (3d ed.). 4 4 Wright & Miller, Federal Practice & Procedure § 1063.1 (4th ed.) ("It is well-established that a federal court must have jurisdiction over both the person of the defendant . . . and the subject matter of the action before deciding the merits of the*

*dispute.")*

**118.** When The RICO does locate a corruptible judge willing to aid in the furtherance of the unlawful operations interfering with those engaged in interstate commerce, they open new offices in that district in furtherance of their operation (Exhibit Appendix A-44).

**119.** The RICO firm then request an issuance of summons for service upon the alleged defendant victims where thereto in a few cases they have been met with judicial roadblocks where N. D. Ill. courts have refused to issue a summons entitled Individuals, Partnerships, and unincorporated associations on Plaintiff's Schedule "A" and have required the RICO firm to submit a proper summons with the property identity of each alleged defendant victim  and one for each alleged defendant victim, but so few courts address it, that it has barely had any effect on the unlawful RICO operation.

**120**. Once the summons is issued, the RICO firms effects service of the Original ex parte TRO order, and not any of the many extensions obtained, the summons and the complaint,on some of the alleged defendant victims but there is never any notice for hearing served.

**120.** Once an alleged defendant victims receives the service they've suffered a long period of their store takedown and financial accounts Frozen without any reason why and the RICO firms do so to impede their ability to obtain legal counsel, that demands some form of payment up front. Additionally, the alleged defendant victims are required to find defense counsel licensed to practice law in the state where the RICO

firm is operating, many of whom if not all are complicit with the ongoing RICO operation.

**121**. 15 U.S.C. 1116(d)**(7)**Any materials seized under this subsection shall be taken into the custody of the court. For seizures made under this section, the court shall enter an appropriate protective order with respect to discovery and use of any records or information that has been seized.  18 U.S.C 1835-36 coincides with the provisions of 15 U.S.C. 1116, and the congressional intent of congress, on the limitations of the statute as to business records where congress has stated that

*(B)Elements of order.—If an order is issued under subparagraph (A), it shall—*

  *(i)set forth findings of fact and conclusions of law required for the order;*

  *(ii)provide for the narrowest seizure of property necessary to achieve the purpose of this paragraph and direct that the seizure be conducted in a manner that minimizes any interruption of the business operations of third parties and, to the extent possible, does not interrupt the legitimate business operations of the person accused of misappropriating the trade secret;*

*(d)(7). This provision requires all materials seized in an ex parte seizure order under this section to be placed in the custody of the courts. Under proposed subsection (d)(1), the materials seized may include business records. The sponsors recognize that the seizure of such records poses particularly difficult issues since such documents may contain sensitive business information. If any records have been seized, therefore, the court should enter an appropriate protective order with respect to discovery of the records. In seeking to protect any privileged information that may be contained in the seized records,*

*the courts should employ whatever procedures are appropriate under the circumstances*

*of the case at hand. The sponsors believe that three procedural devices in particular are*

*worthy of special consideration in this regard. the court should issue appropriate orders*

*to ensure that trade secrets or other confidential data are not improperly disclosed during*

*the course of the seizure. In particular the provision authorizes the court, when*

*appropriate, to restrict the access of the applicant or its agents or employees to such*

*information during the course of the seizure.the purpose of the ex parte seizure is to*

*protect materials from destruction or concealment; it is not to permit the plaintiff to*

*bypass the normal discovery process. If an applicant is permitted unlimited access to the*

*defendant's documents during a seizure, later protective orders issued during the*

*discovery process may be of little value. Joint Statement on Trademark Counterfeiting*

*Legislation*, 130 Cong. Rec.H12076, H12078 (daily ed. Oct. 10, 1984)"(id).(Exhibit

Appendix A-36).

**122.** With no alleged defendant victim served or noticed as was required by law,

and the assistance of a corrupt judge willing to act without complete court jurisdiction,

the RICO firm motions for numerous continuances of its unlawful ex parte order

obtained through an abuse of judicial process on the basis that it has been unable to

freeze all the financial accounts of the alleged defendant victims, numerous times prior

to the issuance of any summons even being filed or requested in most cases including the

operation causing damages to the complainant F.M.D.C 8:21cv01331.

**123.** The next step of the RICO operation before requesting the issuance of a

summons is to ensure they obtain an order for alternative service by email that

merely directs the alleged defendant victims to a dropbox created by the RICO

firm, from which they are alleged notification of is be able to accessed through the email

within the seller ID online stores which have already been taken down rendering the

emails inactive and inaccessible therefore (Exhibit Appendix A-38). No such email

notification is given, and digital confirmation is filed. As this is the first request in the

operation to disable the seller ids so the email access through them cannot be effectuated

as in the case of NBA v Individuals, Partnerships, and unincorporated Associations on

Plaintiff's Schedule "A" case 1:23cv04522 as follows ;

> 2) Entry of an Order that, at Plaintiff's choosing, the registrant of the Domain Names shall be
> changed from the current registrant to Plaintiff, and that the domain name registries for the
> Domain Names. including. but not limited to, VeriSign. Inc.. Neustar. Inc.. Afilias Limited.
> CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of
> record for the Domain Names to a registrar of Plaintiff's selection, and that the domain name
> registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"),
> Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap Inc.
> ("Namecheap"), shall take any steps necessary to transfer the Domain Names to a registrar
> account of Plaintiff's selection; or that the same domain name registries shall disable the
> Domain Names and make them inactive and untransferable:

**124.** The NBA in case 1:23cv04522 is represented by RICO firm GBC and has no legal

standing to sue in the that Plaintiff NBA and NBAP is a corporation duly organized and

existing under the laws of the State of New York with its principal place of business at

645 Fifth Avenue, New York, New York".

*"injury to a trademark holder occurs in the state in which the trademark holder is domiciled or the corporation is incorporated. Xymogen, Inc. v. Digitalev, LLC, No. 6:17cv869-Orl, 2018 U.S. Dist.LEXIS 16147 at \* 6 (M.D. Fla. Feb.1, 2018)."*

**125.** Again screenshots of the alleged infringing product are manufactured as well as an alleged transaction page after an address in the district of filing is asserted to claim jurisdiction but then the transaction is canceled when access to the shipping profiles are accessible and provided with every seller which is concealed as many would disprove the manufactured evidence regarding the shipping. Even with the manufactured transaction screenshot which gets canceled and no item is actually shipped bars the U.S. from jurisdiction under the Madrid Protocol Treaty to which the U.S. is a signed member determining jurisdiction to be in the country into which the items are actually imported see ***SUBSTANTIAL ELEMENTS OF COUNTERFEITING AND PIRACY TOKYO 2017 LTC HARMS WIPO.***

**126.** The NBA sells resellable collectibles to the public in their NBA store (Exhibit Appendix A-45 )including collectibles for Kareem ABdul Jabbar (Exhibit Appendix A-46).at https://store.nba.com/?_s=gppc&utm_campaign=NBA%20Store, and the Official Beckett guide used by collectors to determine the value of the resale item is regularly published in the Official Beckett Guide and online at http://www.beckettmedia.com/basketball  (Exhibit Appendix A-47) and has never posted a disclaimer that collectibles purchased from the NBA are no longer permitted to be resold as sports collectables.

**127.** Many of these cases involve innocent valid sports memorabilia collectors reselling

some of their collectibles like the collectible resold by the complainant in Case

8:21cv01331 F.M.D.C. (Exhibit Appendix A - 48) and others (Exhibit Appendix A-

49)showing an official NBA poster being resold as a collectible), that without any notice

or service are having their lives and businesses destroyed by the fraud of the RICO

clients.

**128.** These victims are entitled to recourse from the NBA and Kareem Abdul Jabbar

under 15 U.S.C. 1117 (a statute they use for claiming 2,000,000.00 in damages from

alleged victim defendants, under subsection *15 U.S.C. 1117 (B) (2)providing goods or*

*services necessary to the commission of a violation specified in paragraph (1), with the*

*intent that the recipient of the goods or services would put the goods or services to use in*

*committing the violation.*, and as stated in the complainants original complaint filed with

this court.

**129**. The **RICO** firms and their clients know that with the intentional takedown of the

online store prevents their later claim that alternative service by email through the seller

ID's that have been taken down cannot occur and proper legal service and notice is never

given that can enable innocent collectors being wrongfully accused as counterfeiters from

being able to fight back, and expose the intentional fraud against the operation or to stop

It. In 2021 when the complainant emailed the NBA trademark attorneys to report that a

ressellable collectible he purchased clearly displaying the NBA trademark logo,was being

claimed as counterfeit of the Kareem Abdul Jabar trademark there was no response or

reply from the NBA, as the NBA is complicit in the RICO operation.

**130.** The RICO operation before the courts, starts by the RICO firm's filing of a shotgun complaint, lacking defendant specificity, alleges most alleged  victim defendants are foreign as in the operation causing damage to the complainants (Attached Exhibit A-50) the shotgun Complaint from the operation initiated against the complainants).

**131**. In the motion for alternative service they allege a few are foreign from China Without identifying which alleged defendant victims it is referring to, as in their operation where the complainant was damaged (Attached Exhibit A-51), In a different operation before the same court involving other alleged defendant victims, the RICO firm admits knowing all the alleged victim defendants in the complainants matter were in fact U.S. businesses (Exhibit Appendix B-1).

**132.** In a related action with the aid of the same corrupt judge Virginia Hernandez Covington,  they alleged all the victim defendants were foreign when in fact Some were U.S. defendant victims  (Exhibit Appendix B-2),  monstergirls #169).

**133.** In the matter causing damages to the complainant, the corrupt judge cited a dropbox address she knew was non-functioning on the slight chance that any alleged defendant victim would get notice (Exhibit Appendix B-3) the judge, acting ministerially without complete court jurisdiction, directed the alleged defendant victims to a be served via email through the disabled seller id's that contained their email links now nonfunctioning, and the notice via email to the alleged defendant victims was in her order directing them to a non functioning drop box location in order to aid the RICO in ensuring that none of the alleged defendant victims would

receive any notice or be given an opportunity to be heard.Even if such email service was permitted by the Hague Convention treaty to which the U.S. is a signed member, China requires the documents to be translated into Chinese before service and service of a notice directing them to another location to access the documents violates the direct service by mail or email which China has a declaration of objection to filed under the treaty (Exhibit Appendix A-24 Hague Convention Treaty member status report.

**134.** The RICO firm asserts the action does not violate the Hague convention to which the U.S. is a signed member ,when in fact it does, as the Honorable Judge G Murray Snow in the Arizona (9th dist.) 8-29-22 Modulus Global Incorporated v. Quintzy FZE LLC, et al., case NO. 2:2022cv01457 preventing them from the success of their unlawful operation in the state of Arizona where some of their RICO clients reside and where they are required to file for proper legal standing to sue. *"ORDER that the Ex Parte Motion for Order Authorizing Expedited Discovery of Modulus Global, Inc. #7 is DENIED WITHOUT PREJUDICE. FURTHER ORDERED that the Ex Parte Motion for Order Authorizing Alternative Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) by Modulus Global, Inc. [8)] is DENIED"*

The detailed order of the Honorable Judge G Murray Snow, outlining the noncompliance of such an order with the Requirements of the Haugue Convention is (Exhibit Appendix B-4).

**135.** Once the motion for alternative service is granted the RICO obtains a preliminary

injunction hearing date which none of the alleged defendant victims received notice via email through the disabled seller ID email link and no proof of service as to the preliminary injunction hearing is ever filed.

**136** Meanwhile the RICO firms obtain continuances of the ex parte seizure orders to keep the alleged defendant victims finances frozen and stores taken down and held hostage for repeated attempts of extortion from the store owners engaged in interstate commerce.

**137.** The RICO firms, after securing the specific pattern of orders to execute the success of their unlawful operation, the RICO firm then filed for a single summons to be executed against "Individuals, Partnerships, and unincorporated associations and all defendants.

**138**. The RIO firm does ensure the summons then gets issued with their contact information so upon receipt, for the few alleged defendant victims that actually receive it, the alleged defendant victims can call at which point the RICO firm makes a settlement demand for an exorbitant amount in order to release the alleged defendant victim stores by lifting the TRO.

**139.** The alleged defendant victims who submit to the extortion are dismissed with prejudice voluntarily while alleged defendant victims objecting because their item is legitimate and are one of the few that are able to secure a defense atty are dismissed without prejudice in order to bar the remaining defendants from ever exercising their rights to seek appellate relief under the finality doctrine which requires the judgment to be final as to all defendants and a dismissal without prejudice is not a final order.

**140**. The alleged defendant victims if having financial means to do so must find a

defense attorney licensed to practice in the state where the RICO cases are pending. The defense attorneys are complicit in the RICO operation and therefore never file a motion to dismiss for misjoinder, or dismissal for shotgun complaint, that would impede the future success of the repeated operation, but merely file a motion to dismiss their defendant for lack of personal jurisdiction.

**141.** As per their agreement with the RICO firms, they immediately agree to file a voluntary dismissal without prejudice, barring the remaining unrepresented defendants from their right to seek appellate relief, only as to their defendant.

**142.** The defense attorneys profit from the complicity given to the RICO when they are grouping hundreds of defendants in hundreds of cases and the revenue stream in the Billions in revenue so it continues to be lucrative for all.

**143**. The RICO firms begin the filing of their motions for a clerk's entry of default followed by a request for final judgment against the alleged defendant victims for awards ranging from a minimum of 100,000.00 to 2,100,000.00.

**145.** The RICO files the same pleadings and repeatedly enacts their operations in Federal District court jurisdictions where their operations are successful.

**146**. The RICO operation, however, met with an unanticipated :In Pro-Per" litigant (this complainant) in the operation that caused damage to the complainants .

## VI. FACTUAL BACKGROUND IN RICO CAUSING SPECIFIC DAMAGES TO THE COMPLAINANTS

**147**. Complainant, Carl Puckett, is a 69 year old disabled veteran. Carl lost his first wife to Parkinson's disease in June of 2020 and leaving him with abundant outstanding

medical bills at which time he created a law ecommerce store Devildogstreasure as a post transaction merchant for Etsy, Inc.

**148**. During the remainder of 2020 Carl Puckett expanded and developed his store selling fine art, china, antique vases and preowned collectable collector's plates.

**149**. Complainant built a positive reputation for his store receiving constant 5 star reviews and repeat customers.

**150**. In late 2020, complainant purchased, from the e-commerce store Shopgoodwill.com, a lot of collectors sports plates two of which he relisted in his Etsy, Inc E-commerce store as a post transaction merchant for etsy.

**151**.One of the collectible ceramic plates was an NFL sports trademarked plate displaying an artistic image of Joe Montana and the other was a 1989 manufactured NBA trademarked collectible plate displaying an artistic image of Kareem Abdul Jabbar and identifying the Artist name along with the NBA trademark logo on the back (Exhibit Appendix A-48).

**152**. Expressive works of artistic images are protected under the first amendment of the United States Constitution and barred from liability under the Lanham Act as defined by Congress in . H.R. Rep. No. 116-645 (2020).(EXHIBIT Appendix A-33).

**153.** Kareem Abdul Jabbar had squandered his entire NBA earnings in shady property investments.

**154**. Kareem Abdul Jabbar had filed numerous trademark cases in California where he resides and was a co-plaintiff in a case where the plaintiff was found to be a vexatious

litigant for filing over 210 cases across the U.S. and was dismissed Riches v. Wooden et al, No. 4:10cv00078 - Document 3 (W.D. Ky. 2010) .

**155**. Kareem Abdul Jabbar had filed trademark infringement against another famous Persons with the name Abdul Jabbar, like Karim ABdul Jabbar for the MIami Dolphins (Exhibit Appendix B-11) for having the same last name in a Federal district court in California where the judge informed he could not trademark a name and he settled in confidential settlement agreement with Miami Dolphins Abdul Jabbar.

**156**. In the case involving Miami Dolphin Abdul-Jabbar, Kareem Abdul Jabbar openly testified that any use of the name would cause damage to his solely owned and operated business Ain Jeem, Inc. and that Ain Jeem was also his religious name. "**Otherwise, Kareem alleges, it would cause "irreparable harm" to him and his solely owned company, Ain Jeem Inc., Ain Jeem (pronounced Iyn Jeem) are the Arabic initials for Abdul-Jabbar**" (KAREEM VS. KARIM, U.S. District Court of Los Angeles before the Honorable U.S. District Judge Edward Rafeedie 1997)

**157**. One of the last cases Kareem Abdul Jabbar filed in California was a case against Juliens auctions (7/2016) before the Honorable Judge Charles W. McCoy (ret.), during arbitration the court found that the Plaintiff Abdul Jabbar had entered into a written contract negotiated by his manager Deborah Gonzales, that in exchange for a sizeable donation of 300,000 to Plaintiff's charity, Plaintiff would permit Julien;s auctions to sell some of his personal sports memorabilia collection . Once the donation was received the Plaintiff attempted to renege on the written agreement and wrongfully accused

Julien's auctions of having illegal custody of his items. In addition, he refused to return the donation if items were returned. In that case the fraudulent misrepresentations submitted by his manager in declaration were so egregious the court found in favor of Julien;s auctions and ordered that a separate action could be filed by them against her.

**158**. Kareem Abdul Jabbar auctioned off the remaining collectables from his personal collection  as announced by his business manager Deborah Morales on a facebook announcement on October of 2019  (Exhibit Appendix Appendix B-12).

**159**. In early 2021, Kareem Abdul Jabbar and his manager Deborah Morales engaged in the services of the RICO firm Brickell IP Group PLLC Attorney Richard Guerra, Attorney Arther Robert Weaver, Attorney Rafael Perez-Pineiro, Attorney Nicole Fondura and Attorney Alejandro Fernandez.

**160**. The actions filed by the RICO firm and unlawful participation of the corrupt judge and magistrate do not render their action as related to a valid judicial proceeding. . *"Avoid judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J.,concurring). A Party Affected by VOID Judicial Action Need Not APPEAL. State ex rel. Latty, 907 S.W.2d at 486. **This cannot be ignored its fact recorded! Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620***

*F.Süpp. 892 (D.S.C. 1985)*

**161.** The defendant, Kareem ABdul Jabbar's business manager responsible for his

branding hired individuals of Axencis computer services the RICO firm Had been using

before with previous clients, and who themselves were using a trademark symbol denied

From use by the USPTO (Exhibit Appendix A-30).The right of Use as to a mark must

specifically confined to the specimen Submitted and is regulated pursuant to Federal

Register Part IIDepartment of Commerce-Patent and Trademark Office 37 CFRParts 2-7

Rules for Practice For Trade-Marl Related Filings Under the Madrid Protocol

IMplementation Act: Final Rule(EXHIBIT Appendix B-13)

**162**. RICO Defendants instructed the co-defendants they employed from Axencis to

conduct a search of several online marketplace platforms such as ebay, amazon, Etsy,

wish and more using Kareem Abdul Jabbar's name and to create alleged evidentiary

screenshots of everything obtained which they did February 2021 through March 2021.

**158.** The RICO firm and client then fail to report the items, through the report this item

link, and permit the item to be sold knowing it was legitimate (Exhibit Appendix B-7).

**159**. All but 1 of the Ain Jeem, Inc kareem abdul jabbar trademarks had been dead,

canceled or abandoned as shown in both the USPTO report (Exhibit Appendix B-5) and

the eMadrid report from the World Intellectual Property Organization (Exhibit Appendix

B-6) pursuant to the Madrid Protocol Treaty to which the U.S. is a signed member. The

right of Use as to a mark must specifically confined to the specimen Submitted and is

regulated pursuant to Federal Register Part IIDepartment of Commerce-Patent and

Trademark Office 37 CFRParts 2-7 Rules for Practice For Trade-Mark Related Filings

Under the Madrid Protocol IMplementation Act: Final Rule(EXHIBIT Appendix B-13)

**160**. The only valid trademark owned by Ain Jeem, Inc. was the use of the name Kareem

Abdul Jabbar with specific character type as submitted on file as a specimen on file in the

case viewer of the USPTO @ USPTO TSDR Case Viewer (EXHIBIT Appendix B-13)

for the classification of goods specifically t-shirts and socks case ID 75976068

75976068          8. Specimen



"KAREEM ABDUL-JABBAR" identifies a living individual,

whose consent is of record.There is no record of consent beyond

submitted and on file with the USPTO and WIPO. The right of

Use as to a mark must specifically confined to the specimen

Submitted and is regulated pursuant to Federal Register Part II

Department of Commerce-Patent and Trademark Office 37 CFR

Parts 2-7 Rules for Practice For Trade-Marl Related Filings

Under the Madrid Protocol IMplementation Act: Final Rule

(EXHIBIT Appendix B-13)

**161.** The defendants Kareem Abdul Jabbar DBA AIn Jeem, Inc., his Business Manager

Deborah Morales DBA Iconomy, and their employees from Axencis, when accessing the

online Merchant's in house affiliate and post transaction merchant sites never utilized the

report this item link as shown  (Exhibit Appendix A-26) in their alleged evidentiary

screenshots and permitted the items to remain listed and sold knowing they were in fact

Legitimate and that none of the alleged defendants items are similar in anyway to the

specific specimen on file at both the USPTO and WIPO under the Madrid Protocol Treaty

to which the U.S. is a signed member.

**162.** In April 2021 the complainant's NBA trademarked logo sports collectors plate with

the artistic image of Kareem Abdul Jabbar sold and was shipped to a buyer in California

(Exhibit Appendix B-8).

**163**. The Plaintiff instructs it employees to purchase some of the legitimate items in order

to restock and resell them as his own collectables at Home | shop.kareemabduljabbar.com

– The Official Store of Kareem Abdul-Jabbar, and then provides some of the items back

to the NBA store for resale to more unsuspecting alleged defendant victims (Exhibit

Appendix A-49 evidentiary screenshot picturing an NBA poster for sale). (Exhibit

Appendix A-45 NBA store sowing collectable resales to the public) (Exhibit Appendix

B-9). showing actual purchase of items the plaintiff would then relist in the Home |

shop.kareemabduljabbar.com – The Official Store of Kareem Abdul-Jabba as authentic.

**164.** The RICO firm attorney Richard Guerra declares during a hearing for their

preliminary injunction that they are not purchasing any of the items (Exhibit Appendix

B-10 case 8:21cv01331 efc 118 transcript testimony).

**165.** The RICO firm and client, together with a group of the alleged

evidentiary screenshots, prepared shotgun complaint, the RICO firm Brickell IP

Group PLLC filed on behalf of their new client Ain Jeem, Inc. who lacked

any proper legal standing, initiated their first action in the Florida Southern District Court

in MIami on 3/11/21 Case No 1:21cv20963-FAM (Exhibit Appendix A- 6).

*Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the*

*subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed.*

*Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S.,*

*620 F.Süpp. 892 (D.S.C. 1985)*

**166**. In the Florida Southern DIstrict Court the RICO firm Brickell IP Group PLLC ran

into a judicial roadblock where the Honorable Judge Fredrico A. Moreno **denied** their ex

parte TRO with seizure provisionsCase No 1:21cv20963-FAM (Exhibit Appendix A-6) .

**167**. Without the granting of an ex parte TRO with seizure provisions the RICO pattern

through an abuse of judicial process would not be enacted.

**168.** The RICO firm through Attorney Richard Guerra filed an "***emergency Motion for reconsideration***" and provided as supporting legal memorandum numerous prior cases where they had successfully processed Case No 1:21cv20963-FAM (Exhibit Appendix A-6).

**169**. The Honorable Judge Fredrico A. Moreno again **DENIED** the "***emergency Motion for Reconsideration***" Case No 1:21cv20963-FAM (Exhibit Appendix A-6).

**167**. The RICO firm immediately filed for voluntary dismissal of their complaint which was so ordered Case No 1:21cv20963-FAM (Exhibit Appendix A-6).

**170.** The RICO firm Attorney Richard Guerra then contacted his close personal friend he had gone to college with, see *;21cv01331 EFC 118 Florida Middle District

```
16  in -- we co-counseled with Mr. Fernandez's firm, Akerman.  And
17  Mr. Fernandez is a colleague of mine.  We worked together for
18  years.  And we felt comfortable using Akerman.  The client
```

Attorney Alejandro Fernandez of Akerman Law in Tampa Florida Middle District, who himself served several years as an appellate court clerk, and now practiced in the Florida Middle District where he was close personal friends (as he shares on his linkedin social media) with the Chief District court Judge Virginia Hernandez-Covington, to refile the dismissed complaint in the District court there where the .

**171.** After agreeing to help, the RICO firm refiles the Ain Jeem, Inc action in the Florida Middle district court knowing their client has no legal standing.

*"Attorney Alex Fernandez became involved because "it just made sense to use Mr. Fernandez's office in Tampa to just have things done smoothly" "it was just a convenience issue"That's why we submitted in the Middle District". Case 8:21cv01331 (EFC 118). Case 8:21cv01331*

*Where the Florida MIddle District court has its precedent that a Plaintiff has no legal standing because injury to a trademark holder exist either where  if a corporation it is where the trademark hold is incorporated* (For AIn Jeem, INc incorporated in the State of Delaware) *or if a corporation or an individual in the state where they reside* (both Ain Jeem, Inc and Kareem ABdul Jabbar reside in California). **Xymogen, Inc. v. Digitalev, LLC, No. 6:17cv869-Orl, 2018 U.S. Dist. LEXIS 16147 at \* 6 (M.D. Fla. Feb.1, 2018)** or under the Madrid Protocol treaty to which the U.S. is a signed member jurisdiction lies with the country that the goods are actually imported into and neither applies in these RICO case operations.

*Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp. 892 (D.S.C. 1985)*

**172.** The action was brought identifying Ain Jeem, Inc as the Plaintiff to keep Kareem Abdul Jabbar concealed as a Plaintiff.

**173.** The action was commenced based upon "marks collectively " to include the KAR33m mark which had been dead, canceled, or abandoned, (Exhibit Appendix

A-56))and a common law right of infringement liability that only belonged to Kareem Abdul Jabbar in his Individual celebrity capacity but who they claimed was a separate entity from AIn Jeem, Inc. and not a party the action as they would have the judge later rule for in attempts at dismissing the complainants counterclaim and petition for wrongful seizure under 15 U.S.C. 1116(D)(11)

*"is not a proper counterclaim because it is asserted against non−party Kareem Abdul Jabbar rather than Ain Jeem, which is a separate legal entity. Kareem Abdul Jabbar has not been joined under Rule 19 as a necessary party to this action and is, thus, not"*

**174.** Because of the personal favors through friendships and now associations in aiding and abetting thc RICO firm operation to proceed in the Florida Middle District Court, the RICO began filing repeated actions on behalf of its client using the same methods of operation and racketeering activity as they had in the past Case NO 8"21cv01083, 8:21cv01261, and 8:21cv01331 before hiding the client through use of a pseudonym..

**175.** In mid June 2021, the complainant saw that his online store was removed from access from the internet merchant Platform of Etsy, Inc., which included a freeze of any income waiting to be deposited by Etsy, Inc on the complainants behalf that Etsy, Inc as the primary merchant maintained its portion of profits from the sale.

**176.** Complainant made repeated calls and emails to Etsy, Inc trying to find out what had happened and why but was given no reply.

**177.** Etsy, Inc failed to send the email notice of shut down which is also confirmed in the terms of use policies regarding counter notice requirements;  click the unique URL in the

email Etsy sent informing you of the infringement notice and takedownDMCA Notice
Requirements - Our House Rules | Etsy , in fact etsy, Inc refused to reply to the
complainant.

**178.** The complainant then noticed his personal paypal account was restricted with no
access to his funds and again made repeated calls and email attempts to try to find out
what was going on how can your accounts be frozen and no one is telling you why and
whats going on the complainants asked repeatedly frantically trying to find out what was
happening when a Pay-pal representative finally informed that it was the result of a legal
action but then stated they could give no more information.

**179**. During this time on June 1, 2021 the RICO firm filed their shotgun complaint
misjoining 77 defendants.

**180.**  As with the regular unlawful  standard methods used by the RICO firms in abuse of
process the complaint contained claims to trademark KAR33m (Exhibit Appendix A-56
USPTO) which had been dead abandoned or canceled and a claim for common law
infringement right for use of celebrity name belonging only to the celebrity who was not
named a party to the action and by the RICO client with no standing to sue.*Judgment is a
void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or
of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc.,
Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Supp. 892
(D.S.C. 1985)*

**181.** The shotgun complaint was based upon all marks as "marks collectively" and sought

damages of 2,000,000.00 alleging all alleged defendant victims were counterfeiters and an additional 100,000.00 for common law right infringement, cost etc per alleged defendant victim (Exhibit Appendix A-50).

**182.** The RICO filed its Motion to file under seal and motion for ex parte TRO with seizure provisions template that had been used in the prior case in Southern Florida And now repeatedly here before the Florida Middle District Court without first providing a copy to the U.S. Attorney as required under 15 U.S.C. 1116 to avoid having their fraud detected by law enforcement, and their application was immediately accepted and granted by the corrupt judge Virginia Hernandez-Covington acting without complete court jurisdiction to do so, and who did recuse herself in a prior unrelated action pertaining to a close friend and associate judge that was also involved in a bank fraud case and was being prosecuted. U.S. District Judge Virginia Hernandez Covington recused herself from a former colleague's bank fraud case. In her order, Covington said she served alongside former judge Thomas E. Stringer Sr. on the 2nd District Court of Appeal from September 2001 until September 2004 and worked with him on a regular basis. Stringer was charged with bank fraud in federal court in Tampa, where Covington now serves. **Former appeals Judge Thomas E. Stringer Sr. pled guilty to a federal bank fraud charge that arose from a Hawaii home he bought with a stripper. After the U.S. Attorney's office charged Stringer with fraudulently obtaining a 350,000.00 mortgage for the residence.***Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in*

*a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28*

*U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp. 892 (D.S.C. 1985)*

**183.** The RICO firm's ex parte Motion for restraining order pursuant to the counterfeit

provisions of 15 U.S.C. 1116 with seizure provisions of business records, and immediate

takedown of the alleged defendant victims stores through their seller ID's, and the request

for alternative service through the email link in the seller ID's now disabled and non

functioning was immediately granted by the corrupt judge Virginia Hernandez Covington

acting without complete jurisdiction of the court and in violation of the Hobbs Act.

*Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the*

*subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed.*

*Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S.,*

*620 F.Süpp. 892 (D.S.C. 1985)*

**184.** The RICO firm submits perjured photocopied declarations used in the prior

concurrent and consecutive cases filed by Attorney Alejandro Fernandez close personal

friends with the corrupt judge Virginia HernandezCovington, from the client

representative Deborah Morales (still containing the prior case designation on it) (Exhibit

Appendix B-14), and personal declaration of Richard Guerrra stating the all the alleged

defendants items were personally viewed and determined to be counterfeit and that none

of the Kareem Abdul Jabbar marks have been dead canceled or abandoned  Exhibit

Appendix B-15), while knowing in fact they have and the USPTO notice of such was sent

directly to Client representative Deborah Morales with a known history of committing

fraud and misrepresentation before the courts (Exhibit Appendix B- 16, USPTO

notification of dead mark sent to Deborah Morales 2016).

**185**. Attorney Richard Guerra in his footnote to the judge request that alleged evidentiary

screenshots pertaining to 5 of the 77 defendants be applied to all the defendants as a

matter of convenience for their operation in seeking seizure (Exhibit Appendix B-17) and

of the alleged evidentiary screenshots provided were NBA posters, creative posters, and

creative wooden plaques and were in no way similar or counterfeit to the singularly valid

trademark for the specific classification of goods as to t-shirts and socks (Exhibit B-18).

**186.** The motion for tro with seizure provisions and expedited discovery of business

records was based upon fraud as to trademarks, and plaintiff's standing to sue where legal

standing did not exist, and to also claim a common law right to the use of celebrity name

Kareem Abdul Jabbar,a right only belonging to Kareem Abdul Jabbar .*Judgment is a void

judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of

the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc.,

Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp. 892

(D.S.C. 1985)*

**187.** The RICO firm and client intentionally avoided the report this item link they had

accessed from the seller ID's and waited months for the item to be sold before filing their

fraudulent action claiming the store takedowns and freeze of financial assets and seizure

of business records was the only means by which to "preserve the status quo" and was

drafted with cleverly aries legal memorandum that did not apply to the actual facts of the

case or the intentional misrepresentations being asserted. *Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp. 892 (D.S.C. 1985)*

**188.** The proposed order contained a provision for hearing as required by 15 U.S.C. 1116 knowing no service or notice would be given to the alleged defendant victims (Exhibit Appendix A-39).

**189.** The corrupt judge Virginia Hernandez Covington took the order one step further and deleted the provision for hearing (Exhibit Appendix A-40) in violation of the law and the constitution to aid in the successor furtherance of the RICO operation.*Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp. 892 (D.S.C. 1985)*

**190.** It falsely alleged the defendants had control of the urls knowing the third party marketplace did (Etsy, Inc). who was not named as a defendant (Exhibit B-19).

**191.** It falsely claimed the defendants are the payments processors knowing the third party marketplace (Etsy, Inc.) used its payment processors over which defendants had no knowledge or use of (Exhibit B-20) who were not named as defendants.

**191.** It revealed Etsy, Inc's complicity with the RICO and its intentional refusal to notify the alleged defendant victims to aid in the furtherance of the success of the RICO in

exchange for retaining the portion of profits from the sale of the items it pays itself as transaction fees from its post transaction merchants (EXHIBIT Appendix B-21).

**192.** The TRO motion also stated the defendants could be served email through the email link on their ecommerce platform stores which had been disabled so no access to the email could be made and as an alternative stated that the third party marketplaces have cooperated with trademark holders in similar circumstance in prior cases and are accustomed to doing so (Exhibit Appendix B-22 ) so in turn would notify the defendants of the order Exhibit Appendix B-23 ) knowing there was an agreement between the RICO firm and Etsy, Inc not to provide notice to the defendants in exchange for them to keep the monetary portion of the proceeds from the sale of the items. Complainant was very upset that from the takedown of his store by Etsy, Inc on behalf of the RICO Etsy, Inc refused to reply to numerous and repeated request behind the actions that were taken (EXHIBIT Appendix B-24) letter to Etsy, Inc. regarding their refusal to notify defendant with any information as to the seizure against., and the takedown of his store).

**193.** Plaintiff, Ain Jeem, Inc knew that its own alleged evidence shows Etsy, Inc as the merchant, as the owner of the URL and Etsy's payment processing methods offered in its transactions and that the complainant was a post transaction merchant.

**194.** 15 U.S.C. 1116 permits the seizure and expedited discovery as to business records in order to accompany the expedited hearing required the corrupt judge removed the provision for without complete court jurisdiction violating both the law and the constitution. (EXHIBIT Appendix A-32).

**195.** The Plaintiff standing to sue was based solely on the basis of his counsel's convenience as was revealed during an injunction hearing. "Attorney Alex Fernandez became involved because

*"it just made sense to use Mr. Fernandez's office in Tampa to just have things done smoothly" "it was just a convenience issue"That's why we submitted in the Middle District".*

Which is not recognized by law as proper plaintiff legal standing and against the Florida MIddle District court own precedent based upon those laws that were being disregarded by the corrupt judge Virginia Hernandez Covington as favor to her close personal friend Ain Jeem, Inc's counsel Attorney Alejandro Fernandez. *Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp. 892 (D.S.C. 1985)*

**196.** AIn Jeem, Inc. knew its claims of counterfeit infringing goods against the counterclaimant were false, and under 15 U.S.C. 1117, the statute upon which he was claiming a basis for damages, that if the item was truly a counterfeit or an infringing item that both Kareem Abdul Jabbar and the NBA would share liability for such an act under 15 U.S.C. 1117 (B)(2) to both Ain Jeem, Inc. and the counterclaimant: "(2)providing goods or services necessary to the commission of a violation specified in paragraph (1), with the intent that the recipient of the goods or services would put the goods or services to use in committing the violation."

**197.** Ain Jeem, Inc.'s entire goal towards the counter claimant was to quickly obtain an ex parte TRO with seizure provisions that was based upon intentional misrepresentations, obtain an order for expedited discovery of the counter complainants complete business records, restrain access to and operation of his post transaction business account by Etsy, and to gain complete access and restraint to the complainants financial accounts in order to hold the complainants business hostage, while after reviewing the financial records determining the extent of the exorbitant demands for financial settlement to which the RICO client  was not entitled, or force complainant to face the threat of ongoing litigation, damage to his goodwill and business reputation, and interfere and restrain the complaint from engaging in lawful interstate commerce as was done in prior cases of the RICO *see Weifang Tengyi Jewelry Trading Co. Ltd v. The Partnerships and Unincorporated Associations Identified on Schedule "A" (N.D. Ill. 2018). Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp. 892 (D.S.C. 1985)*

**198.** An injunction is overbroad when it seeks to restrain the defendants for engaging in legal activity not fairly the subject of litigation City of New York V. Michaels Pawn shop, LLC 645 F3d 114 145 2d Cir 2011.

**199.** The statute itself narrowly defines ,limits and restricts, the relief that can be sought prior to a defendant's notice and opportunity to be heard and that expedited discovery can

be ordered to accommodate the expedited hearing that is also required by the statute 15

U.S.C. 1116 (Id).

**200.** The business records seized through the expedited discovery allowed under 15

U.S.C. 1116 are strictly limited to records pertaining to the "alleged counterfeit item", its

manufacturing and sale and that such records are to be placed within the custody of

the court to prevent discovery abuse and prevent plaintiff from noncompliance with the

normal discovery process in accordance with the Federal Rules of Civil Procedure.

**201.** Ain Jeem, Inc failed to comply with the statutory requirements of placing

complainants confidential business records in the custody of the court and

misappropriated the complainants business records as described in 18 U.S.C. 1835-6

unlawfully and publicly published portions of the confidential business records in public

pleadings in retaliation against the complainant for not submitted to their monetary

settlement demands. The RICO firm continues to maintain unlawful custody of the

complainants confidential business records and trade secrets up to and including the date

of the filing of this complaint.the misappropriation carries a three year statute of

limitations as to the last date of the violative act which has not ceased as of the date of the

filing of this complaint.

**202.** AIn Jeem, Inc was required to place the confidential business records/trade secrets

under seal until the complainant had an opportunity to object.

**203.** The corrupt Judge Virginia Hernandez Covington in active participation with the

RICO has repeatedly refused the complainants request for injunctive relief requiring his

confidential business records and trade secrets be taken into the courts custody as required by 15 U.S.C 1116 AND 18 U.S.C. 1835-36 which she has repeatedly refused to provide the protections required by law and duty of the court she is acting outside the jurisdiction and authority of. *Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp. 892 (D.S.C. 1985)*

**204.** Ain Jeem, Inc filed a motion for alternative service and motion for preliminary injunction using the same exact pattern as used in all other RICO actions.

**205.** The corrupt judge Virginia Hernandez Covington without complete court jurisdiction and acting outside the authority of the court an in violation of the International treaty of the Hague convention immediately grants the Motion For alternative service via email through the link in the seller ID stores which have now been taken down and deactivated and again takes it one step further and orders the defendants to once again be served to the same non functioning dropbox she cited in her order granting the RICO ex parte request for the TRO.*Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp. 892 (D.S.C. 1985)*

**206.** The corrupt judge Virginia Hernandez-Covington then refers the preliminary injunction hearing to the corrupt magistrate Anthony E. Porcelli on 6/21/21.

**207.** A few defendants are able to somehow find and retain defense counsel for representation who only offer service s for getting the TRO lifted and only present an opposing motion for lack of jurisdiction over their client while ensuring not to address the trademark fraud the shotgun complaint the misjoinder or any of the existing matters that would affect the success of the entire RICO action being repeatedly exercised within the jurisdiction and are complicit with the illegalities of its operation as in this case by Attorney Georffry Lottenberg, Attorney Joyclyn Brown, Attorney Stephen Milbrath, Attorney Andrew David Lockton, and Attorney Sarah Jessica Kramer who enter into an agreement to immediately dismiss their client WITHOUT prejudice knowing it would bar the remaining unrepresented defendant victims from being able to exercise and procedural due rights to appeal because under the finality doctrine pertaining to multiple defendant cases a dismissal without prejudice is not a final order and before any right to appeal can be taken a final order must exist as to all defendants.

**208.** On 7-1-21 the complainant was finally served a summons addressed to Hall of Fame Sports and the Individuals, Partnerships, and unincorporated associations on Plaintiff's Schedule A attached (EXHIBIT Appendix B-25)

**209.** The Complainants only service of documents in the matter  was on 7-1-21 which included the summons, complaint, and a copy of the initial ex parte TRO granted on 6/8/2021 with no notice or provision for hearing as required by 15 U.S.C. 1116 (EFC 108) as the only documents served and noted on the form completion and signing of the process server (EXHIBIT Appendix B-26 )**.**

**210.** The complainant immediately phoned the contact number included identifying the RICO firm as the Brickell IP Group PLLC and spoke with Attorney Nicole Fondure and informed that the litigation was a mistake and that the complainants item was legitimate.

**211.** The attorney, insisted the complainant would still have to pay an amount the complainant deemed to be exorbitant, for attorneys fees before the takedown of his business would be lifted on behalf of their client Ain Jeem, Inc.

**212.** The Complainant refused because his item was legitimate and he had been engaged in lawful Interstate commerce.

**213.** The RICO firm and client, AIn Jeem Inc continued the null and void action and litigation against the complainant with the assistance of the corrupt judge and close personal friend to the RICO firm and counsel, in bad faith and through an intentional abuse of the judicial process.

**214.** The RICO firm and its client, Ain Jeem Inc, intentionally and in bad faith tortiously interfered with the complainants business relationship and economic advantage from engagement in lawful interstate commerce.

**215.** The Complainant residing in the state of Tennessee sought to retain counsel but found difficulty in located counsel in Tennessee that was also licensed to practice in the state of Florida.

**216.** The complainant also found difficulty in retaining counsel in any forum with the Plaintiff's unlawful freeze of both his business and personal financial accounts.

**217.** The Complainant then decided to prepare and file an answer "Pro-Se" citing the

first amendment protections that existed as to his legitimate item which was barred from liability under the Lanham act and contesting the Florida Court from exercising personal jurisdiction over him. **(EXHIBIT Appendix B-27 ).**

**218.** The complainant was never served notice or given any opportunity to be heard regarding the preliminary injunction hearing and discovered other defendants that were also not served notice as required by law  (EXHIBIT Appendix B-28).

**219.** On 6/29/21 the docket reflected motion for clarification of the dismissal of one of the other defendants but no notice of appearance by the defense attorneyAndrew David Lockton is reflected within the docket as having been filed in the case and the dismissal was entered without prejudice.

**220.** On 7/14/21 the complainant filed his answer contesting the court's jurisdiction and putting forth that his item that had been sold 3 months was an artistic work protected by the First amendment and barred from liability under the Lanham act and the use of a name for the sole purpose of describing the artistic work is also protected and is an incontestable defense under 15 U.S.C. 1115(B)(4) (EXHIBIT Appendix B- 27) and was unaware at that time that he was victims of an unlawful RICO operation involving officers of the court.

**221.** The complainant also asserted a counter claim for tortious interference with business fraud and interference with economic advantage but named Kareem Abdul Jabbar in order to identify the real party in interests, after a search of court cases in the law library revealed a federal court case where Kareem Abdul Jabbar testified that he is Ain Jeem.

**222.** The same day of 7/14/21, the complainant filed its answer, the RICO firm client Ain

Jeem Inc., filed what was alleged to be the evidentiary screenshots as to the other

defendants including the screenshot pertaining to the complainant, that the court if acting

within its jurisdiction was required to review prior to the issuance of the seizure against

complainant. Screenshots that were in no way similar to AIn Jeem, Inc' specific mark for

the specific classification of goods claimed.

75976068                    8. Specimen



AIn Jeem, Inc specimen design for mark protection

 

Complainants preowned collectible with a clear display of the NBA trademark logo on

reverse.The right of Use as to a mark must specifically confined to the specimen

Submitted and is regulated pursuant to Federal Register Part IIDepartment of

Commerce-Patent and Trademark Office 37 CFR Parts 2-7 Rules for Practice

For Trade-Marl Related Filings Under the Madrid Protocol Implementation Act:

Final Rule(EXHIBIT Appendix B-13)

**223.** On 7/14/21 the magistrate Anthony E Porcelli conducted a preliminary injunction

hearing which amounted to unlawful ex parte communication because the complainant

was never given notice or opportunity to be heard despite the repeated "hollow orders"

for Plaintiff to effect service which were null and void in themselves.

**224.** After completing the injunction hearing the court noted on its own docket on

7/19/21

| 07/19/2021 | 77 | ENDORSED ORDER: Plaintiff Ain Jeem, Inc., initiated this case on June 1, 2021. Based on the Court's review of the docket, it appears that service of process has not yet been effected upon a number of the Defendants listed in Schedule A. |
|---|---|---|

**225.** The Magistrate Anthony E Porcelli conducted no independent review of the record and relied entirely on the intentional fraudulent statements of the RICO firm counsel Attorney Richard Guerra who when asked if any other defendants had objected to jurisdiction responded no while knowing the complainant did which is reflected in the docket report, and that properly served the RICO firm Attorney prior to filing on 7/14/21 regarding jurisdiction

| 07/14/2021 | 69 | ANSWER and affirmative defenses to 1 Complaint, COUNTERCLAIM against Ain Jeem, Inc. by Carl Puckett ( Attachments: # 1 Final Draft(I-NR) **Modified on 8/6/2021** (BES). **(Entered: 07/15/2021)** |
|---|---|---|

```
22        THE COURT:  And what about the personal jurisdiction
23 issue raised?
```

```
23        THE COURT:  Is that something that I have to even
24 look at?  Or as you stated, if no one is appearing to contest
25 it, it's a nonissue?
```

Question posed by magistrate Anthony E. Porcelli. The RICO firm attorney Richard Guerra responded;

```
1       MR. GUERRA:  Well, I believe it's a nonissue because
2 it's a question of personal jurisdiction.  No one is
3 challenging and the Court isn't questioning whether or not it
4 has subject matter jurisdiction over the case.  Again, I would
```

**226.** The RICO FIRM on behalf of its client Ain Jeem, In, invoked the counterfeit statues of 15 U.S.C. 1116 to obtain an ex parte TRO with seizure of business and financial records and the take down of the defendant stores after allowing the items to be sold months prior to its action alleging in both the complaint and motions for injunctive relief that all the alleged defendants goods were similar and causing confusion and all the other specific language of the statute completely opposite of the true facts, in order to further their unlawful operation through an abuse of judicial process, with acts of fraud and conspiracy, economic espionage, bank fraud, extortion and attempted extortion from those engaged in lawful interstate commerce..

**227.** The Magistrate Anthony E Porcelli, testified his observations at the injunction hearing that the majority of items were not counterfeit

```
19       THE COURT:  So as to your theory, because I've
20 reviewed at least what images have been provided, that is the
21 screenshots that have been provided, and the majority of them
22 appear to be pictures or posters or images.  Your theory of
```

**228**. Plaintiff's counsel admits knowing the majority of items were not counterfeit.

The Magistrate Anthony E Porcelli further asked;

THE COURT:" So as to your theory, because I've reviewed at least what images have been provided, that is the screenshots that have been provided, and the majority of them appear to be pictures or posters or images. Your theory of infringement is where they are in the listing using the name Kareem Abdul-Jabbar, then that triggers liability".

 MR. GUERRA: "That's correct, Your Honor"

Which does not meet the definition of counterfeit as specifically defined in 15 U.S.C.

1116 (D)(1)(b)(ii);.  **(ii)**a spurious designation that is *identical with, or substantially*

*indistinguishable from*, a designation as to which the remedies of this chapter are

made available by reason of section 220506 of title 36;The right of Use as to a mark

must specifically confined to the specimen Submitted and is regulated pursuant to Federal

Register Part II Department of Commerce-Patent and Trademark Office 37 CFR Parts 2-7

Rules for Practice For Trade-Marl Related Filings Under the Madrid Protocol

IMplementation Act: Final Rule(EXHIBIT Appendix B-13)

**228**. The RICO firm and its client, through a wanton abuse of the judicial process,

knowingly, intentionally, and maliciously enacted a counterfeit prosecution against

complainant knowing the item that sold 3 months prior was not counterfeit, and did so to

take down his online business in order to demand an exorbitant amount of money for his

stores release, misappropriate his confidential business records and trade secrets in the

extortion efforts against the complainant engaged in lawful interstate commerce.

**229.** The tortious acts are barred from immunity under the Noerr- Pennington Doctrine

and are not protected by the litigation privilege doctrine for such acts before a court whose rulings are null and void for lacking complete jurisdiction and assisted by corrupt judges acting without court authority to aid the furtherance of the RICO operation that the complainant at the time was unaware it was taking place.

**230.** The use of a name in a listing to describe an artistic work in an incontestable defense under 15 U.S.C. 1115(B)(4) and barred from liability under the Lanham act and protected by the United States First Amendment as set for in congressional legislation Joint Statement on Trademark Counterfeiting Legislation, 130 Cong. Rec.H12076, H12078 (daily ed. Oct. 10, 1984).

**231.** The magistrate ANthony E. Porcelli, who was acting without complete jurisdiction of the court and outside the authority of the court, is not only required to perform an independent review, but is also required to prepare and file his report and recommendations according to statute 28 U.S.C. 636 (b)(1)(B).

**232.** The magistrate Anthony E Porcelli, without party jurisdiction or subject matter jurisdiction of the court, and in violation to the judicial canons for ethics barring him from delegating the authority and duties of his office, instructed plaintiff's counsel to prepare and file the report and recommendations.

**234**. On 7/19/21a report and recommendations that had been prepared and filed by the RICO firm Attorney Alejandro Fernandez and Attorney Richard Guerra was filed.

**235.** The report and recommendations prepared and filed by the RICO firms counsels, was essentially a recitation of the original shotgun complaint containing fraud and finding

all defendants as selling counterfeit goods completely opposite of the actual testimony of findings by magistrate Anthony E Porcelli during the injunction hearing (EXHIBIT Appendix B- 29).

**235.** Ther Magistrate Anthony E Porcelli, knowing the RICO firm attorneys, created a report and recommendations that contained intentionally fraudulent misrepresentations opposite of his actual findings on record at hearing, signed the knowingly false and fraudulent  pleading as true and correct in order to aid the RICO firms in furtherance of the unlawful scheme they were enacting against the complainant engaged in lawful interstate commerce.

**236..** Judges enjoy complete immunity with the exception of acts taken outside and without the jurisdiction of the court where there is no plaintiff legal standing to sue, no personal jurisdiction over the counterclaimant and no subject matter jurisdiction over "Marks Collectively" that include dead marks since 2016 and claim to common law mark rights, where the mark holder if it has a valid claim is limited to standing in the state where the mark holder resides which for the RICO client is California.

**237.**The RICO firm on behalf of its client with no legal standing, AIn Jeem, Inc., continued to obtain continuances of the TRO and unlawful restraint against complainant without the complainant ever being served notice or given an opportunity to be heard and in non compliance with local rules of court 3.01 requiring a meet and confer prior to filing with the exception of injunctive motion (Id). (EXHIBIT Appendix B- 30 Florida Middle District Court Local Rule 3.01)

**238.** The complainant on 7/22/21 filed a motion for sanctions and for injunctive relief because of the fraud, malicious prosecution, and abuse of process being perpetrated against him by the RICO firm and its client who repeatedly failed to provide the required notice and service by law and was unaware of the corrupt Judge Virginia Hernandez-Covington and Magistrate ANthony E. Porcelli's involvement in the unlawful operation at that time.

**239.** On 7/23/21 Judge Virginia Hernandez Covington (whose orders are null and void because the court lacked jurisdiction over the parties and jurisdiction over "Marks Collectively, and the case was initiated with fraud, did order the RICO firms attorneys to respond to the complainant's motion.

**240.** On 7/26/21 Complainant filed a motion to sever from the other 76 misjoined defendants, which the judge if acting with the authority of the court has a duty sua sponte to dismiss a complaint for misjoinder. While the magistrate Anthony E Porcelli recognized the misjoinder during his findings at the preliminary injunction hearing *"these defendants are not sharing the same platform","there is nothing in the record that demonstrates to me for each of the defendants what actual product they were selling. So how am I to determine a likelihood of success as to the infringing product""but you just made the argument that there's a distinction in the litigation based upon the URL and the product, what am I to rely upon?"I have questions 7 about the joinder, but I'm not going to resolve that today, I think that does raise an issue of venue.Well, I have to express then I'm frustrated as well because one of the reasons that is at issue is this venue. And what*

*was suggested for venue is because Mr. Fernandez is here in the Tampa division in the Middle District of Florida.there is absolutely nothing, not even the nature of the investigation connected to this division. So why are they being filed here? Explain to me then the joinder issue. Why are we filing suit against 77 defendants that don't appear to be connected in any way?I think we are conflating the liability and jurisdiction "*

The RICO firm attorney Richard Guerra stated

*"Attorney Alex Fernandez became involved because "it just made sense to use Mr. Fernandez's office in Tampa to just have things done smoothly" "it was just a convenience issue"That's why we submitted in the Middle District".*

Which the Magistrate Anthony E Porcelli, who is also a member on the board of the Federal Judicial Council, knew was not a lawful reason for joinder but permitted to continue in order to aid the furtherance of the unlawful RICO scheme.

**241.** Judge Virginia Hernandez Covington immediately dismissed the complainants motion for injunctive relief exempt from local rule 3.01, for failing to comply with 3.01;

*" the Court reiterates that Puckett must comply with the Local Rules in filing motions, including Local Rule 3.01(g), which provides that before filing a motion, the movant must confer with the opposing party in a good faith effort to resolve the motion, and include such a certification in the motion. Signed by Judge Virginia M. Hernandez Covington"*

While permitting the RICOfirm attorneys to file numerous motions in noncompliance with the same rule for the purposes of ensuring the success of the unlawful RICO operation, and to ensure the complainant had no opportunity of a lawful notice or

opportunity to be heard.

**242.** The RICO firm Attorneys on behalf of their client Ain, Jeem, Inc continually failed to comply with 3.01 and the complainant requested such motions also be dismissed, Judge Virginia Hernandez Covington as a favor to her personal friend and RICO firm counsel, and to aid in the further and success of their unlawful scheme DENIED the complainants motion that the court was required to strictly apply 3.01 to the RICO firms filings stating " while failure to comply with Local Rule 3.01(g) "can result in denial of the motion without prejudice," the rule does not categorically preclude the Court from ruling on a motion"..

**243.** On 7/26/21, Another defense Attorney Joycelyn Brown on behalf of another defendant, filed a motion to dismiss her defendant for lack of jurisdiction, careful not to object to the shotgun complaint the misjoinder the fraud that would have an affect on the operation in its entirety.

**244.** Again the RICO firm attorneys immediately dismissed the attorney represented defendant, the same day but WITHOUT PREJUDICE to bar the remaining defendants from seeking appellate review due to the finality doctrine.

**245.** On 7/27/21 Judge Virginia Hernandez Covington entered another null and void order To assist and aid in the continuance of the RICO operation, ordering that the matter continue as to the other defendants, and because the attorney defendant had been dismissed without prejudice the arguments raised as to lack of Plaintiff proper standing and lack of jurisdiction under the Florida Long-Arm Statute were moot.

**244.** The question of law as to Plaintiff lack of standing to sue is a common question of law and fact and applies to all defendants who were joined by the false claims and unlawful purpose of the RICO operation with the assistance of the corrupt judge without complete court jurisdiction to do so.

**245.** Again the RICO firm attorneys immediately dismissed the attorney Joycelyn Brown represented defendant the same day but WITHOUT PREJUDICE to bar the remaining defendants from seeking appellate review due to the finality doctrine .

**246.** The Complainant a "pro-Se' on 7/14/21 raised the same jurisdictional arguments but because he was a "pro-Se" and not paying for representation of the other attorneys complicit with the RICO operation, the issue of contested jurisdiction was ignored by Judge Virginia Hernandez Covington and Magistrate Anthony E Porcelli, to assist the RICO in its continued malicious prosecution against the complainant who was lawfully engaged in interstate commerce.

**247.** On 7/26/21 the complainant filed for the recusal of Judge Virginia Hernandez Covington and for injunctive relief to vacate all the null and void orders of the court.

**248.** On 7/27/21 Judge Virginia Hernandez Covington immediately denied this complainants request for recusal and motion for injunctive relief (exempt from the requirements of 3.01 (Id.) for failure to comply with 3.01.

**249.** On 7/28/21 the complainant filed a timely objection to the entire report and recommendations containing fraudulent misrepresentations stating all of the defendants items as being counterfeit, as prepared and filed by RICO firm counsel which was

opposite the magistrates actual findings to which the Magistrate ANthony E. Porcelli had knowingly signed to assist in the furtherance of the RICO operation.

**250**. The judge and magistrates orders were null and void based upon lack of part jurisdiction, and subject matter jurisdiction in the RICO operation initiated by fraud.

**251**. On 8/2/21, the RICO firm, without compliance with 3.01 and without any legal notice or service on the counter claimant, filed a motion for a fourth extension of its original ex parte TRO with seizure provisions, freeze of the financial accounts and unlawful take down of complainants online store.

**252.** On 8/3/21 Judge Virginia Hernandez Covinton entered a ruling granting the RICO firms motion for fourth continuance of its TRO, as a for favor to her close personal friend and to assist in the success of their unlawful scheme against complainants engaged in Interstate commerce and in violation of the Hobbs Act.

**253.** On 8/3/21, the complainant, still unaware at the time he was being victimized by an unlawful RICO, exercised his first attempt at appeal for the denial of his injunctive relief.

**254**. On 8/3/21 the complainant also filed permission to proceed "In Forma Pauperis" As his store was still on takedown under the RICO firms unlawful control and the freeze was still being applied to both his personal and business financial accounts.

**255.** On 8/4/21 the complainant filed an amended notice of appeal and the matter was transferred to the Eleventh Circuit court of Appeals.

**256**. On 8/5/21 with the matter now before the eleventh circuit court of appeals, the RICO firm filed a motion to dismiss the complainants answer originally filed on 7/14/21,

which set forth the counter claimants claims of his first amendment protections, his item

was legitimate and the court lacked jurisdiction and included the submission of a

Counterclaim.

**257.** On 8/9/21 the complainant filed a response opposing the dismissal of his answer

and counterclaim.

**258.** ON 8/10/21, the RICO FIRM ATTORNEYS began filing for clerk's entries of

defaults against defendants who had never been properly noticed or served as required by

law.

**259.** On 8/11/21 Judge Virginia Hernandez Covington directed the RICO firm attorneys

to respond to the complainant's motion opposing the dismissal of his answer

counterclaim and motion to stay pending appeal ; "Ain Jeem is directed to respond to the

Motion to Stay by August 13, 2021. Signed by Judge Virginia M. Hernandez Covington

on 8/11/2021." 171. On 8/11/21

**260.** On 8/14/21 the complainant filed F.R.C.P. 60 (b)(3)(6)(d)(1)(3) for injunctive relief

from the RICO firm and client's intentional fraud and misrepresentation in procuring

orders in the case where Ain Jeem, Inc. had no legal standing, and for falsely and

intentionally stating that an item sold by Etsy, Inc., from complainants store over three

months prior to the initiation of its fraudulent complaint, as an unlawful scheme

involving an abuse of the court's process, and malicious prosecution of its legitimate

competitors engaged in lawful interstate commerce, with false claims of counterfeit

knowing the counter claimants item was legitimate, in order to gain unlawful control of

the trade secrets and confidential business records, freeze the business and personal financial accounts, and exercising an unlawful takedown of the online store amounting to a wrongful seizure under 15 U.S.C. 1116 (D)(11).

**261.** On 8/15/212 the complainant filed a petition for injunctive relief and for damages as provided for by congressional statute 15 U.S.C. 1116(D)(11) for a wrongful seizure and violation of the complainants fourth amendment rights, and for all of the damages permitted as set for within the statue(Id.)to which the complainant is still entitled to.

**262.** On 8/16/21 the RICO firm in noncompliance with 3.01 filed its fifth request for extension of its restraining order with no notice or service to the alleged defendants.

**263.** On 8/16/21 with hours of the RICO firms filing Judge Virginia Hernandez Covington as a favor to her close personal friend RICO firm  Counsel Alejandro Fernandez, entered a ruling immediately granting the motion without complete court jurisdiction for doing so in order to aid the success and furtherance of RICO firms unlawfully enacted Scheme through an abuse of process of the judicial system unlawfully interfering with complainants' engagement in lawful interstate commerce.

**264**.The complainant was sent notice "of the court" that he was required to participate in a mandatory case management conference and was given a zoom number and instructions for doing so Meeting ID: 236 929 6996.

**265.** On 8/20/21 the complainant filed a notice of exemption because the matter was currently pending before the eleventh circuit court of appeals.

**266. T**he complainant began to monitor the docket report publishings in order to be able

to timely oppose the RICO firms Attorneys next unnoticed and unserved request for extension of its TRO in non compliance with local rule 3.01.

267. On 8/30/21 the RICO firm attorneys did file a sixth extension of the ex parte TRO to continue lockdown of counter claimants online store and wrongful seizure and misappropriation of the complainant's confidential business records and a continued freeze of the counter claimants business and personal financial accounts, while the complainants petition for immediate injunctive relief for wrongful seizure was still pending.

268. The RICO firm's motion for extension was yet again filed without the notice and service as required by law upon the complainant and without compliance with the Local rules of court 3.01.

269. On 8/30/21 beyond the 14 days permitted for filing a response the RICO firm Attorneys also filed a response in opposition to the complainants pending motion for injunctive relief and for wrongful seizure.

270. On 8/31/21 Judge Virgina Hernandez Covington immediately granted the RICO firm's  sixth motion for extension of the seizure order despite complainants pending injunctive petition for wrongful seizure, disregarding the legal requirements of notice and service and lack of compliance with 3.01, and did so without complete court jurisdiction, as a favor to her close personal friend RICO firm Attorney Alejandro Fernandez in order to ensure the successful continuance of their unlawful action through an abuse of judicial process, amidst acts of misappropriation of trade secrets and business records, repeated

extortion attempts, and unlawful interference with counter claimants lawfully engaged in interstate commerce.

**271.** On 9/2/21 as a result of the complainants continued costly monitoring of the court docket, the complainant was able to file a motion for reconsideration of Judge Virginia Hernandez Covington's granting of the seizure action against his business, and financial accounts still unaware of the RICO operation behind the unlawful acts against him.

**272.** On 9/7/21, the magistrate Anthony E. Porcelli, granted the complainants motion for leave to appeal in forma pauperis.

**273.** On 9/13/21, Because of the threat of appellate review as to the malicious prosecution and abuse of process of the RICO operation actions against the complainant, the RICO firm attorney Alejandro Fernandez, filed a motion to dismiss the complainant only as to the TRO and the preliminary injunction and that it would not dismiss its complaint unless the court dismissed the complainants counterclaim.

**274.** The RICO firm counsel contacted Etsy, Inc because of their cooperation with the RICO operation to lift the TRO but to continue on its records the fraudulent assertion that the complainants items was counterfeit for the purposes of ensuring that the damage to the complainants goodwill and business reputation would continue and has continued up to and including the date of this filing.

**275.** On 9/13/21 the RICO firm filed for a seventh motion for continuance of its restraining order as to the remaining defendants in non compliance with 3.01 and without legal notice and service as is required by law.

**276**. On 9/13/21 Judge Virginia Hernandez Covington accepted the report and recommendations the had been prepared and filed by the RICO firm counsel her close personal friend Alejandro Fernandez , containing intentional statements of fraud and misrepresentation as the actual findings by the magistrate and that was signed by the Magistrate Anthony E Porcelli knowing it was false and contrary to his actual findings during the hearing (EXHIBIT Appendix B-31) for the purposes of aid and assisting the RICO in furtherance of its unlawful scheme and operation it enacted through the courts in an abuse of the judicial process, involving acts of misappropriation of business records/secrets, coercion, fraud and extortion against the claimant which interfered in his lawful engagement in interstate Commerce.

**277.** On 9/13/21 the RICO firm attorneys filed a motion for final default and permanent injunction against defendants who were not lawfully served or given notice in the case as it had done in the numerous previous filings and in numerous other cases involving this the RICO client participant AIn Jeem, Inc..

**276.** On 9/13/21 the judge Virginia Hernandez-Covington denied the RICO firm's seventh motion for extension of its ex parte TRO as moot and granted instead the preliminary injunction while knowing that alleged defendants were not noticed and served as required by law regarding the injunction hearing on 7/14/21 which the judge admits in the record in this case

*"07/19/2021 77 ENDORSED ORDER: Plaintif Ain Jeem, Inc., initiated this case on June 1, 2021. Based on the Court's review of the docket, it appears that service of*

*process has not yet been affected upon a number of the Defendants listed in Schedule A.*
*Signed by Judge Virginia M. Hernandez Covington on 7/19/2021".*

**277.** On 9/23/21, the judge Virginai Hernandez Covington denied the complainants "time sensitive motion for stay filed on 8/9/22.

**278**. On 10/4/21 the RICO firm attorneys filed a motion for reconsideration of the magistrate Anthony E Porcelli's granting of complainants motion for permission to appeal in forma pauperis on the basis of claiming no orders from which the complainant could appeal.

**279.** On 10/5/21 the Judge Virginia Hernandez Covington referred the motion for reconsideration to the magistrate Anthony E Porcelli for hearing.

**280**. On 10/5/21 the RICO firm's motion for reconsideration was set for hearing on 10/26/21 before the court that was without complete jurisdiction and whose orders were all null and void as a result.

**281**. On 10/15/21 the RICO firm filed a motion to dismiss complainants appeal and Contested appellate jurisdiction under the finality doctrine which bars a single defendant from appellate review until a judgment to all is final, and further argued that the repeated denial of injunction sought by complainants did not fall within the collateral order doctrine to prevent the complainant from accessing relief from the appellate court from their unlawful operation.

**282.** On 10/23/21, The complainant filed a motion to strike the RICO firms motion for reconsideration granting claimant motion to proceed in forma pauperis for

noncompliance with the proper procedure for doing so in accordance with the Federal Rules of Civil Procedure nor did the RICO firms motion cite any legal authority for permitting such filing.

**283**. On 10/26/21, the magistrate Anthony E Porcelli conducted the hearing via zoom and refused to strike Plaintiff's motion for reconsideration. The magistrate Anthony E. Porcelli falsely asserted the Complainants could receive a fair hearing and ruling on the wrongful seizure in the dist. Court without having to appeal.

**284.** On 10/27/21 Magistrate Anthony E Porcelli ordered the complainants motions to strike be denied and the RICO firms motion for reconsideration be granted and ordered the clerk to vacate the previous order by magistrate Anthony E Porcelli granting the complainant permission to appeal in forma pauperis.

**285**. On 10/27/21 the complainant then filed an appellate motion to appeal in forma Pauperis in the Eleventh circuit court of appeals.MOTION to proceed IFP filed by Appellant Carl Ellen Puckett, Jr.. Motion is Opposed [9517428-1] [21-12634] (ECF: Carl Puckett)

**286**. On 10/28/21 the clerk was instructed and did email the eleventh circuit court to inform the order giving the complainants permission to proceed in forma pauperis was vacated; "10/28/2021 TRANSMITTAL (Email) to USCA forwarding 236 re 157 Notice of Appeal. USCA number: 21−12634−H. (LNR) (Entered: 10/28/2021)"

**287.** On 11/03/21 the Complainant filed a motion for recusal of the magistrate Anthony E Porcelli on the basis of pervasive bias and prejudice and in violation of judicial canons

barring him from delegating the duties of his office as he did when he instructed the
RICO firms Counsel to prepare the recommendations and report, then signing the report
and recommendations to deem all defendants as counterfeiters opposite of his actual
findings, knowingly participating in the fraud and knowing they were not, and that he
acted without the jurisdiction of the court to assist and aide the RICO firm counsel in the
furtherance of its unlawful scheme through abuse of process and malicious prosecution,
attempted extortion of complainants while being engaged in lawful interstate commerce.

**287.**The motion for recusal was also based upon the unlawful ex parte communication
with the RICO firm counsel during the preliminary injunction hearing while knowing the
complainant and other defendants were not lawfully noticed and served, and acting in a
pervasive pattern of prejudice and bias.

**288**. On 11/15/21, the RICO firm counsel on behalf of its RICO client AIn Jeem, Inc
filed a response in opposition to the judicial recusal falsely creating a false legal narrative
that the complainants complaints were based upon a few unfavorable rulings , and that
complainant was required to identify an extra judicial source which they asserted is
required and the complainant could not identify the extrajudicial source at this stage of
the RICO operation.

**289.** On 11/16/21the complainant filed a motion for leave to reply to the RICO firm's
opposition to complainants request for judicial recusal.

**290.** On 11/18/21, Judge Virginia Hernandez Covinton entered a hollow ruling granting
the Complainants leave to reply to the opposition for judicial disqualification by 11/25

knowing the complainant is a resident of Tennessee and was denied by the court any

electronic service, and that first class mail takes 5 days which would deny the

complainant any meaningful chance at preparing a reply.

**291.** On 11/23/21 the complainant filed again a motion for judicial recusal of Judge

Virginia Hernandez Covington on the basis of the pervasive pattern of prejudice and bias

and acting without the court authority or jurisdiction to do so.

**292.** On 12/7/21 the RICO firm and its client filed a response opposing the judicial

disqualification of Judge Virginia Hernandez Covington on the basis that the complainant

could still not at that time identify the extra judicial sources despite the pervasive pattern

of bias which had risen to an unconstitutional intolerable level in the matter.

**293**. Judge Virginia Hernandez Covington on 2/1/22 made a ruling as to the

Complainants Petition for injunctive relief for wrongful seizure under 15 U.S.C.

1116(D)(11) that had been filed on 8/15/21 dismissing the Petition on the basis that;

*" In addition to listing specific Orders he appeals from, Puckett also challenges Plaintif*

*'s complaint as a shotgun complaint; thus, he argues that he was precluded from*

*formulating an adequate response or asserting a meaningful counterclaim.. He also*

*raises the issue that the temporary restraining order issued against him is an*

*unconstitutional search and seizure, As a general matter, the filing of a notice of appeal*

*deprives the district court of jurisdiction over all issues involved in the appeal." Mahone*

*v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003) because the pending motions made by and*

*against Puckett tangentially touch on the issues raised in the appeal (Doc. # 162; Doc. #*

*178; Doc. # 179; Doc. # 216; Doc. # 239; Doc. # 245; Doc. # 246), it is appropriate to deny these motions "*

However, she had entered an order granting the RICO firm's Motion filed on 8/16/21 a day after the counter claimants filing against the wrongful seizure for extending the wrongful seizure against complainants, that also directly pertain to the same issues on appeal.

**294**. The RICO firm attorney Richard Guerra began threatening, harassing and intimidating complainant Carl Puckett's wife witness Marcella Puckett and co-owner of Devildogstreasure with proper standing as a co-owner that he was going to have her charged with a felony for practicing law without a license and began sending other harassing emails.

**295.** The Judges subsequent ruling dismissing the complainants Petition for injunctive relief for wrongful seizure clearly indicates the judges knowledge that the same rule of law applied to the RICO firm's motion to continue the wrongful seizure.

**296.** The judge was without the jurisdiction of the court to grant the Rico firms motion to continue the wrongful seizure against complainant without complete jurisdiction and outside the jurisdiction of the court as provided for in:

*Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal*
*(a) RELIEF PENDING APPEAL. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it*

*would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. (b) NOTICE TO THE COURT OF APPEALS. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue. (c) REMAND. The district court may decide the motion if the court of appeals remands for that purpose.*

**297**. Judge Virginia Hernandez Covington on 2/1/22 made a ruling as to the Complainants Remaining motions including for recusal citing the same authority as cited previously while continuing to grant all of the RICO firm filed motions pertaining to the same issues.

*He also raises the issue that the temporary restraining order issued against him is an unconstitutional search and seizure, As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003) because the pending motions made by and against Puckett tangentially touch on the issues raised in the appeal (Doc. # 162; Doc. # 178; Doc. # 179; Doc. # 216; Doc. # 239; Doc. # 245; Doc. # 246), it is appropriate to deny these motions* in (EFC 260).

**298.** On 2/3/22. The Eleventh circuit appellate court dismissed the complainants appeal based upon the arguments of the RICO firm counsel, and backed the corrupt district court judge Virginia Hernandez-Covington claiming lack of jurisdiction to prevent complainant from obtaining appellate review.

**299**. On 4/19/22 the complainant refiled its Motion for judicial recusal as to the Magistrate Anthony E. porcelli based upon his active participation in the fraud, delegating the duties of his office to the RICO firm attorneys in violation of judicial canons and for a pervasive pattern of prejudice and bias from his actions without the court authority or inactions when the court had a duty sua sponte to perform, resulting in a pervasive pattern of bias and prejudice that had well risen past a constitutionally tolerable level. It was at this point the complainant began to suspect a possible RICO operation and that this was more than a few unfavorable rulings or a little abuse of discretion when the court lacked complete jurisdiction over the action instituted using fraud, and repeated acting in concert with the RICO to prevent alleged defendants from recieving proper notice or be given an opportunity to be heard.

**300.** On 4/23/22 the complainant refiled its Motion for judicial recusal as to the Judge Virginia Hernandez Covington based upon her active participation in the fraud, in violation of judicial canons and for a pervasive pattern of prejudice and bias from her actions without the court authority or 48 inactions when the court had a duty sua sponte to perform, resulting in a pervasive pattern of bias and prejudice that had well risen past a constitutionally tolerable level.

**301.** On 4/24/22 the complainants refiled their petition for injunctive relief from wrongful seizure under 15 U.S.C. 1116(D)(11).

**302**. On 4/26/22 The RICO firm counsel on behalf of its client,Ain Jeem, Inc filed a motion to dismiss the complainants answer to shotgun complaint contesting the courts

jurisdiction and that the item sold 3 months prior to the Plaintiff's initiated malicious prosecution shotgun complaint, was legitimate and protected and barred from liability under the First amendment of the U.S.Constitution, an answer which included a counterclaim.

**303.** On 4/27/22 the RICO firm attorneys on behalf of their client Ain Jeem, Inc filed an amended motion to dismiss the complainants answer to the shotgun complaint contesting jurisdiction including a counter claim.

**304.** On 4/28/22 the complainant opposed the plaintiff's motion based upon the continued contesting of RICO firm's client lack of legal standing to sue, the court without jurisdiction, and lack of subject matter jurisdiction over "mark collectively" including a request to amend its counterclaim to include abuse of judicial process, fraud and misrepresentation, misappropriation of trade secrets/business documents. Malicious prosecution and attempted acts of extortion against the complainant who was engaged in lawful interstate commerce.

**305.** On 5/3/22 the RICO firm attorneys filed a response in opposition to the complainant's renewed motion for judicial disqualification as to the Magistrate Anthony E. Porcelli on the basis that the complainants had still not identified any extra judicial sources.

**306**. On 5/5/22 the RICO firm attorneys. filed a response in opposition to the complainants renewed motion for judicial disqualification of the corrupt judge Virginia Hernandez-Covington on the basis that the complainants had still not identified any extra

judicial sources.

**307.** The complainants began their investigations into what was behind the complete unlawfulness and corruption and now are suspecting the existence of a RICO.

**308.** On 5/7/22 the complainant filed a motion for summary judgment as to the complaint and counterclaims in order to obtain a ruling that would be considered final from which an appeal could be taken.

**309.** On 5/8/22 the Rico firm attorneys filed a response opposing the complainants petition for injunctive relief for wrongful seizure requesting the corrupt Judge Virginia Hernandez -Covington grant them immunity under the Noerr-pennington doctrine and find the issues of their claims as moot.

**310.** The RICO firm attorneys began making an argument that if the complainant wished to be heard and present evidence, the complainants should have availed themselves to the preliminary injunction hearing, while knowing they did not because they never provided legal service and notice.

**311**. On 5/15/22, The "Pro-Se" complainant frustrated as to the issue as to the RICO firm client lack of legal standing, lack of court jurisdiction and lack of subject matter jurisdiction were being denied justice and that the prior defense attorneys representing other defendants bringing forth the same issues were immediately dismissed, and the issues they raised applicable to all defendants were rendered moot by judge Virginia Hernandez Covington as a favor to her close personal friend Alejandro Fernandez, RICO firm counsel, in order to aid and assist in the continuance of the unlawful action initiated

and continued through abuse of judicial process.

**312**. The complainants then filed a separate motion to dismiss based upon the RICO firm client lack of legal standing to sue including some of the same legal memorandum as submitted by the prior defense attorneys raising the issue, and a request for injunctive relief.

**313.** The complainant, in monitoring all filings from the docket at great expense to complainants discovered the RICO firm attorneys filed on behalf of their client a motion on 3/4/22 seeking a final default judgment against other defendants and within the proposed order was a provision; "(6) The bond posted by the Plaintif in the amount of $10,000.00 is hereby ordered released by the Clerk. (7) The Court retains jurisdiction to enforce this Final Default Judgment and Permanent Injunction. (8) The Clerk shall CLOSE this case. All deadlines and hearings are TERMINATED, and any pending motions are DENIED AS MOOT."

**314.** On 5/17/22 the Complainant filed a motion to oppose the RICO firms motion for default against numerous other unrelated defendants, on the basis that the bond is to remain posted while the complainants wrongful seizure claims are pending, and the case should not be closed until the issue as to RICO firms client lack of legal standing to sue and the contested defendant jurisdiction and motions for injunctive relief filed by complainant are litigated and the complainant is given a legally served and notice of hearing to exercise the right to be heard which has repeatedly been unconstitutionally denied since the initiation of the RICO 's unlawful scheme being exercised through

repeated abuse of judicial process, through fraud and misrepresentation, and acts of

malicious prosecution misappropriated of complainants business records and attempts at

extortion through threat of continuing the unlawful litigation against the complainant and

interfering in the complainant business engaged in interstate Commerce.

**315**. On 5/17/22 the complainant filed a motion to dismiss on the basis of inadmissible

evidence including the fraudulently manufactured alleged evidentiary screenshots.

**316**.After previously informing the RICO firm counsel, the complainant filed a motion

for sanctions under rule 11 for the intentional fraud and misrepresentation related to the

RICO firms client shotgun complaint and Motion for ex parte TRO with seizure

provisions.

**317**. The RICO firm then immediately filed a motion to voluntarily withdraw its

"legitimate" complaint regarding the complainants without prejudice under 41 (a)(2) to

which complainants objected because it was not legitimate and such a dismissal would

permanently tarnish the complainants business reputation if the complaint was permitted

to be dismissed as a legitimate complaint and because the RICO firm attorneys still had

complete custody and control of the complainants confidential business records and trade

secrets they so flagrantly misappropriated in violation of 18 U.S.C 1835-36.).

**318.** On 5/23/22 Judge Virginai Hernandez Covington denied the complainants renewed

motion for judicial recusal of the magistrate Anthony E Porcelli on the basis that the

counter claimant had not identified the extra judicial resources and again falsely painted

the narrative of "these "in pro-per" litigants are just unhappy with a few unfavorable

rulings knowing the motions were based upon repeated unlawful corrupt acts in the furtherance of the unlawful RICO activity for favor to a close personal friend and part of the overall RICO operation.

**319.** On 5/26/22 The RICO firm attorneys filed an opposition to the Complainants motion for dismissal based upon their clients lack of legal standing to sue. The RICO firm attorneys did not put forth any legal argument to establish their clients proper legal standing to sue, which according to the MIddle District Court's own precedents that a Plaintiff has standing in the state in which its resides  Xymogen, Inc. v. Digitalev, LLC, No. 6:17cv869-Orl, 2018 U.S. Dist. LEXIS 16147 at * 6 (M.D. Fla. Feb.1, 2018). (the Plaintiff AIn Jee, Inc.,resides in California.

**320.** The RICO firms attorneys response to the complainants motion, instead focused on the continued malicious prosecution and abuse of process by attacking the "Pro-Se"complainants character;

 *"Defendant's Motion is yet another iteration of the countless prior motions Defendant has submitted without any basis in law or fact. Defendant prefers to waste this Court's time and resources with countless unsupported and egregious arguments based on* ___*conspiracy, fraud, RICO violations,*___ *etc"*

Knowing the complainant's "Pro-Se" motion was based upon fact and law much of the same legal memorandum asserted by other defendants defense attorneys who the RICO firm attorneys immediately dismissed in order to have to court moot the issues as to remaining Defendants to avoid further litigation.

**321**. Complainant was and is prepared to show an overwhelming amount of legal memorandum, facts, evidence supporting its valid RICO claims if given the opportunity to be heard and would be the subject of a proper separate independent action in the appropriate jurisdiction of Tennessee.

**322**. On 5/27/22 the RICO firm attorneys filed an opposition to the Complainants motion to dismiss based upon the contested personal jurisdiction that he originally timely set forth in his answer filed 7/14/21 and continued to contest.

**323.** Again, rather than respond with legal dictum as to the issue, the RICO firm attorneys continued to attack the complainant as having no rights or need for opportunity to be heard which the RICO firm attorneys intentionally assured denial of, by failing to lawfully effect service and notice upon the complainant of the TRO hearing and the preliminary injunction hearing and continued acting in bad faith for the purposes of continued malicious prosecution of the complainant.

**323.** The RICO firm attorneys asserted; ", with respect to the personal jurisdiction arguments, Defendant waived this argument by failing to raise a motion under Fed. R. Civ. P. 12(b) prior to filing his Counterclaim."

**324**.The complainant raised this objection at the very instance of filing his answer to the complaint as the court's own docket reflects.

| 07/14/2021 | 69 | ANSWER and affirmative defenses to 1 Complaint, COUNTERCLAIM against Am Jeem, Inc. by Carl Puckett. (Attachments: # 1 Final Draft)(LNR) **Modified on 8/6/2021** (BES). (Entered: 07/15/2021) |
|---|---|---|

**325.** The RICO firm attorneys continued to attack the complainant

*"Defendant's conduct throughout these proceedings (as set forth below) demonstrates that he has also availed himself to the jurisdiction of this Court.Defendant has repeatedly attempted to appeal non-final orders to the Eleventh Circuit Court of Appeals. Defendant's foregoing conduct not only supports a denial of Defendant's Motion, but furthermore, demonstrates Defendant's clear intention to unreasonably and vexatiously multiply the proceedings before this Court(sanctioning pro se litigant for vexatious conduct and holding, "parties defending claims brought by a pro se vexatious litigant are penalized because they are required to expend their own time and resources they can never get back even if the case is eventually dismissed, and they have no possibility of ever being compensated for their losses because the pro se litigant is judgment-proof"*

**326.** On 5/31/22 the RICO firm attorneys filed a response in opposing the Complainants motion for summary judgment.

**327**. On 5/31/22 the Rico firm Attorneys filed a response opposing the complainants motion for sanctions asserting that the complainant had not given the 21 day safe harbor Notice .

**328**. On 5/31/22 the RICO firm attorneys filed a response in opposing  the Complainants motion to dismiss based on inadmissible evidence.

**329.** On 5/31/22 the complainant filed a motion for plaintiff to pay costs (EFC 316).

**330**. On 5/31/22 the complainant, after having done the research, believed to have enough evidence to file a RICO complaint and filed a motion for leave to file a third party complaint .

**331.** The complainants research of Brickell IP Group scams revealed other victims in similar cases reaching out in public forums for help against the RICO scam (EXHIBIT Appendix B-32).

**332**. On 6/1/22 the complainant filed a MOTION TO SET ASIDE THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE under F.R.C.P. .52(a)(5)(6) and 53(f)(1)(2). (5)

Which states:

*Questioning the Evidentiary Support. A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings. (f) ACTION ON THE MASTER'S ORDER, REPORT, OR RECOMMENDATIONS. (1) Opportunity for a Hearing; Action in General. In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.*

**333**. On 6/13/22 the RICO firm attorneys and their client Ain Jeem Inc, filed a response in opposing the complainants request for leave to file a third party RICO complaint.

**334**. On 6/15/22 the RICO firm Attorneys filed a response in opposing the complainant's motion to set aside the report and recommendations that was prepared and filed by the RICO firm Counsel containing fraud and misrepresentation opposite of the magistrates actual findings in order to continue its unlawful operation through an abuse of judicial

process and malicious prosecution, economic espionage as to trade secrets, bank fraud

attempted extortion against the complainant engaged in lawful interstate commerce.

335. On 6/16/22, the complainant filed a motion to set aside  the denial of judicial recusal

because of the corruption and continued involvement and assistance with the RICO and

unlawfully aiding in the continuance of its operation.

336. On 7/6/22 the corrupt Judge Virginia Hernandez Covington began entering rulings

on behalf of the RICO firm and its client providing further unlawful assistance and aid to

the continuance of its operation.

337. The first null and void ruling from the succession of rulings by the corrupt judge

without complete court jurisdiction painted a false narrative opposite of the actual facts

and arguments raised by the complainant was the denial of judicial recusal stating puckett

is just upset about a few unfavorable rulings based on the Court's granting of a temporary

restraining order and other motions in favor of the RICO attorneys and their client Ain

Jeem and "failure" to dismiss Ain Jeem's complaint as a shotgun complaint. The motion

is denied because it lacks merit. Puckett's attempt to cast this Court's rulings against him

as bias in favor of Ain Jeem is unpersuasive. See Brown v. U.S. Pat. & Trademark Of .,

226 F. App'x 866, 869 (11th Cir. 2007) ""A party's complaints regarding 'judicial rulings,

routine trial administration efforts, and ordinary admonishments (whether or not legally

supportable) to counsel' are not sufficient to require recusal." (quoting Liteky v. United

States, 510 U.S. 540, 556 (1994). Knowing The complainant request was based upon the

courts lack of jurisdiction over the parties and the subject matter to do so, and Judge

Virginia Hernandez Covington's removal of the provision for post seizure hearing as required by statute 15 U.S.C. 1116 in violation of Constitution and the Judiciary Act on the congressional limits to the courts injunctive power and acting outside the authority of the court, and that the judge granted the TRO as a favor to her close personal friend the RICO firm counsel without any evidence as to this complainant ever being submitted upon which a seizure must be based, which the RICO firm attorneys intentionally concealed.

limitation on the equity jurisdiction of the federal courts is to be found in § 16 of the Judiciary Act of 1789, which prc that no equity suit should be maintained where there was a full and adequate remedy at law. Although this provisio no more than declare a pre-existing rule long applied in chancery courts,

[310] it did assert the power of Congress to regulate the equity powers of the federal courts. The Act of March 2, 1793,

**338**. The complainants recusal was not based upon rulings but upon unlawful conduct outside the authority of the court and the repeated conjoined effort with the RICO firms counsel her close personal friend to ensure that no legal service and notice or opportunity to be heard was lawfully provided the complainant or others in violation of the  law and the complainants procedural due rights under the constitution she had taken an oath to uphold. "Puckett has not established that pervasive bias and prejudice is shown by judicial conduct in this case. Disqualification or recusal is unwarranted. "

**339.** The corrupt Judge Virginai Hernandez Covington then denied the complainants motion to set aside the denial of judicial disqualification of the Magistrate Anthony E. Porcelli stating; "Next, the motion to set aside Judge Porcelli's order denying judicial disqualification is denied because Puckett fails to provide a legitimate reason to disqualify Judge Porcelli from this case. Judge Porcelli's rulings on various motions do

not display bias" , again knowing that the complaint was not as to rulings but the Magistrates signing of a knowingly fraudulent document to aid in the furtherance of the unlawful RICO operation the complainant was now sure he was being subjected to and a victim of.

340. The complainants motion for recusal of Magistrate ANthony E. porcelli was based upon unlawful conduct, that violated statutory law and judicial canons, the first of which was the presiding over a preliminary injunction hearing knowing the defendants were denied and never properly served or given the legally required notice And opportunity to be heard in violation of their procedural due rights as guaranteed by the United States constitution.

341. The court has no jurisdiction over a plaintiff who lacks lawful legal standing to sue before it and based alleged jurisdiction merely on the convenience of counsel which is not lawful jurisdiction..

342. Complainant argued that courts cannot go beyond the power delegated to them. If they act beyond that authority their judgments and orders are regarded as nullities.

343..It is wilful judicial misconduct to intentionally act to prevent a party from receiving notice or opportunity to be Heard Wenger v. Commission on Judicial Performance (1981).

344. When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a " minister" of his own prejudices.

**345**. The corrupt judge herself recognized and noted on the docket after the magistrates conclusion of the preliminary injunction hearing, that amounted to unlawful ex parte communication, that a number of defendants have still not been served a summons complaint or any document as to the case as required by law;

*"07/19/2021 77 ENDORSED ORDER: Plaintif Ain Jeem, Inc., initiated this case on June 1, 2021. Based on the Court's review of the docket, it appears that service of process has not yet been affected upon a number of the Defendants listed in Schedule A.Signed by Judge Virginia M. Hernandez Covington on 7/19/2021"*

**346.** The magistrateAnthony E Porcelli acted in violation of his own judicial canons barring him from delegating the duties of his office where he instructed the RICO firm attorneys to prepare his recommendations and report knowing the statutes require his independent review preparation and filing of the report.

**347.** The magistrate ANthony E Porcelli, knowingly participated in the RICO unlawful operation in furtherance of the unlawful scheme through abuse of judicial process where the RICO firm client Ain Jeem, Inc lacked any proper legal standing to sue and therefore no subject matter jurisdiction exists, and the disregarding of the sua sponte duty of the court to dismiss a shotgun complaint, the duty of the court sua sponte to dismiss for misjoinder and then signed prepared report and recommendation knowingly containing fraud and misrepresentation as to the magistrates actual findings and aiding in the continuance of the unlawful proceedings and malicious prosecution.

**348.** It was clear to the complainant no matter how many study hours were spent in the

law library studying the laws that pertained to the alleged issues in this matter,"*This*

*Constitution, and the Laws of the United States* [and Treaties] *which shall be made in*

*Pursuan*ce thereof; . . . . shall be the supreme Law of the Land. Supremacy Clause,

Article VI, Clause 2 of the United States Constitution <u>When a judge acts intentionally</u>

<u>and knowingly to deprive a person of his constitutional rights</u> he exercises no discretion

or individual judgment; <u>he acts no longer as a judge</u>, but as a " minister" of his own

prejudices. [386 U.S. 547, 568]. A judge is liable for injury caused by a ministerial act; to

have immunity the judge must be performing a judicial function. See, e. g., Ex parte

Virginia, 100 U.S. 339 ; 2 Harper & James, The Law of Torts 1642-1643 (1956).

 The presence of malice and the intention to deprive a person of his civil rights is wholly

incompatible with the judicial function. When both judges and attorneys are playing a

revised legal game with their own created rules) and THIS is a Fraud upon the Court,

immediately removing jurisdiction from that Court, and vitiates (makes ineffective -

invalidates) every decision from that point on. Any judge who does such a thing is under

mandatory, non-discretionary duty to recuse himself or herself from the case.

**349**. The corrupt Judge Virginia Hernandez Covington continued as:

*"Finally, the motion to set aside Judge Porcelli's July 19, 2021 Report and*

*Recommendation is denied as frivolous. Puckett had an opportunity to file an objection*

*to the Report and Recommendation and, in fact, did so. . That was Puckett's opportunity*

*to raise arguments against the Report and Recommendation, which had recommended*

*entry of a preliminary injunction against all Defendants."*

This was a complete denial of the F.R.C.P. upon which the complainants motion was based after discovering the fraud which states as follows;

F.R.C.P. .52(a)(5)(6) and

53(f)(1)(2). (5)

Which states:

*Questioning the Evidentiary Support. A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings. (f) ACTION ON THE MASTER'S ORDER, REPORT, OR RECOMMENDATIONS. (1) Opportunity for a Hearing; Action in General. In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.*

**350.** The corrupt judge Virginia Hernandez-Covington continued to falsely attack and admonish the Pro-Se complainant in order to discourage outside interest from looking into the case by stating;

*"Indeed, despite the Court's multiple explicit warnings to Puckett that he must comply with Local Rule 3.01(g)The Court is very disturbed by Puckett's continued refusal to comply with Court orders and rules. Such blatant disregard for the Court's orders and rules suggests that Puckett is litigating in bad faith, with an intent to **overwhelm both Ain Jeem and this Court** with his numerous, noncompliant filings. Signed by Judge*

*Virginia M. Hernandez Covington on 7/6/2022".*

**351.** *The complainants motions for injunc*tive relief were exempt from the application of local rule 3.01 (EXHIBIT Appendix B-30 )

**352.** Judge Virginia Hernandez Covington had repeatedly permitted the RICO firm attorneys filing of motions in noncompliance with 3.01 to be filed and granted (EFC 10,13,14,27,68,72,73,79, 80,150,180,193,220,228,371), and when addressed by motion presented by the complainant for the denial of the RICO Firms counsels motions for noncompliance with 3.01 the judge Virginia Hernandez Covington as favor to her close personal friend RICO firm counsel Alejandro Fernandez, refused to apply the rules equally and stated in defense of the RICO firm attorneys noncompliance with  3.01 stated,

*"while failure to comply with Local Rule 3.01(g) "can result in denial of the motion without prejudice," the rule does not categorically preclude the Court from ruling on a motion.. Signed by Judge Virginia M. Hernandez Covington on 6/23/2023."*

**353**. The corrupt judge Virgina Hernandez-Covington acting without complete court jurisdiction continued denying the complainant equal protection and application of the law in order to aid and assist the RICO operation through abuse. of judicial process and malicious prosecution of the complainant as favor for her close personal friend the RICO firm  counsel Alejandro Fernandez. At this point it was clear that the corrupt judge was acting without complete court jurisdiction and outside the authority of the court which defines the sole exemption to the complete immunity doctrine for federal judges.

**353.** The Corrupt judge Virginia Hernandez-Covington then further threatened the complainant with sanctions; "Although the Court declines to sanction Puckett at this time for his vexatious litigation tactics, such behavior is unacceptable. Signed by Judge Virginia M. Hernandez Covington on 7/6/2022. (DMD)" , and did so to intimidate and harass Pucketts as witnesses to their unlawful acts.

**354**. The corrupt judge continued to issue null and void rulings on 7/6/22 and ordered for the clerk to strike the complainants pending cross complaint on the basis that;

*"These pleadings are not counterclaims because they are not brought against Ain Jeem; rather, they are brought against Kareem Abdul Jabbar and others. The designation of Kareem Abdul Jabbar as "DBA Ain Jeem Inc." is ineffective to render this a counterclaim against Ain Jeem, as Ain Jeem is its own legal entity separate from Kareem Abdul Jabbar, because Puckett is asserting claims against individuals and entities not already parties to this case"*

**355.** The RICO firm client identified as Ain Jeem, Inc, if a separate entity from Kareem Abdul Jabbar and Kareem Abdul Jabbar was a nonparty, then Ain Jeem, Inc had no legal standing to claim common law infringement for the use of Kareem Abdul Jabbar's name a right belonging only to Kareem Abdul Jabbar which the judge reiterated is not a party to the action showing the court without jurisdiction.

**356.** The Corrupt judge Virginia Hernandez-Covington  then denied the complainants request for leave to file a third party complaint;

*"07/06/2022 349 ENDORSED ORDER denying Defendant Carl Puckett's motion to file*

*third−party complaint. . The claims in the proposed third−party complaint, which*

*revolve around allegations of fraud, perjury, and conspiracy relating to the filing and*

*litigation of this lawsuit, are not proper third−party claims".*

**357.** The complainant did assert proper joinder under F.R.C.P. 19 and 20 while the

corrupt judge permitted the RICO firm attorneys on behalf of their client Ain Jeem,,Inc

to misjoin 77 unrelated defendants on the basis of convenience for her close personal

friend RICO firm counsel ALejandro Fernandez, without proper jurisdiction over the

parties, without subject matter jurisdiction over "marks collectively and without

jurisdiction of an action based upon fraud

**358.** The magistrate Anthony E Porcelli himself place on the transcript record,  the

following

*"these defendants are not sharing the same platform","there is nothing in the record that*

*demonstrates to me for each of the defendants what actual product they were selling. So*

*how am I to determine a likelihood of success as to the infringing product""but you just*

*made the argument that there's a distinction in the litigation based upon the URL and the*

*product, what am I to rely upon?"I have questions  about the joinder, but I'm not going to*

*resolve that today, I think that does raise an issue of venue.Well, I have to express then*

*I'm frustrated as well because one of the reasons that is at issue is this venue. And what*

*was suggested for venue is because Mr. Fernandez is here in the Tampa division in the*

*Middle District of Florida.there is absolutely nothing, not even the nature of the*

*investigation connected this division. So why are they being filed here? Explain to me*

*then the joinder issue. Why are we filing suit against 77 defendants that don't appear to*

*be connected in any way?I think we are conflating the liability and jurisdiction ".*

(EXHIBIT Appendix B-31)

"Plaintif 's co-counsel stated

*"Attorney Alex Fernandez became involved because "it just made sense to use Mr.*

*Fernandez's office in Tampa to just have things done smoothly" "it was just a*

*convenience issue"That's why we submitted in the Middle District".*

(EXHIBIT Appendix B-31)

**359.**.07/06/2022  The judge Virginia Hernandez-Covinggton continued to enter null and

void rulings as follows:

*denying Defendant Carl Puckett's motion for sanctions. Kareem Abdul Jabbar is not a*

*party to this case. . Even interpreting the motion as seeking sanctions against Ain Jeem,*

*the motion is due to be denied. Again, the Local Rule 3.01(g) certification is insufficient*

*because it merely states that Puckett informed opposing counsel that he intended to file a*

*motion for sanctions and "requested opposing counsel to contact him if there were any*

*issues raised that he would wish to meet and confer about before bringing this matter to*

*the court and after a number of days there has been no response." This is not the good*

*faith conferral required by Local Rule 3.01(g)."*

**360.** Again, the corrupt judge Virginia Hernandez-Covington aiding and assisting the

RICO unlawful operation permitted the RICO firm counsel to repeatedly file motions in

non compliance with 3.01 , and actively participated in and to aided the RICO firm  in

preventing the complainant and others from receiving any notice or service as required by law(EFC10,13,14,27,68,72,73,79,80,150,180,193,220,228,371), and when motioned by the complainant for the denial of the RICO firms motions for noncompliance with 3.01 the judge Virginia Hernandez Covington as favor to her close personal friend RICO firm counsel Alejandro Fernandez, refused to apply the rules equally and again stated in defense of the RICO firms noncompliant 3.01 motions; "

*, while failure to comply with Local Rule 3.01(g) "can result in denial of the motion* **without prejudice," the rule does not categorically preclude the Court from ruling on a motion.. Signed by Judge Virginia M. Hernandez Covington on 6/23/2023."**

**361.** ON7/6/22 the corrupt judge Virginia Hernandez-Covington actively participating in the RICO continued to rule for the RICO firm client without court jurisdiction as follows; *"07/06/2022 granting the corrected renewed motion to dismiss the counterclaim. First, the Court agrees with Plaintif Ain Jeem, Inc. that Defendant Carl Puckett's counterclaim is not a proper counterclaim,"*

**362.** Even if the counterclaim portion of the complainants answer with the affirmative defenses showing his item was legitimate and barred from liability under the First amendment of the U.S. Constitution, and contested the courts personal jurisdiction over him, the complainants' answer and affirmative defenses were required to remain pending for litigation and not stricken completely from the record.

**363.** The corrupt Judge Virginia Hernandez Covington actively participating in the RICO further ruled, by adopting the assertion of the RICO firm counsel her close personal

friend;

*"the counterclaim fails to state a claim for tortious interference against Ain Jeem
because, among other things, Puckett has not alleged that any specific business
relationships with specific entities or individuals existed, that Ain Jeem was aware of
such relationships, or that Ain Jeem intentionally and unjustifiably interfered with these
business relationships."*

**364**. It was specifically because of the business relationship that the RICO firm asserted
between the complainant and ETSY, Inc that the RICO firm attorneys served the TRO on
Etsy, Inc who was not named a party but who the RICO firm asserted they knew had a
business relationship with the complainant and control of complainants records and
complete control over the URL when effecting the takedown of complainant's online
store.The RICO firms own alleged evidentiary screenshots are also a prima facie showing
of the RICO firm and their client Ain Jeem,,INcs awareness of the complainants business
relationship with Etsy, Inc.

**365.** The corrupt Judge Virginai Hernandez Covington aiding and assisting in the RICO
operation continued to rule as follows;

*" the affirmative defense of the Noerr Pennington doctrine does appear to apply to this
case and the counterclaim does not contain allegations supporting that this lawsuit was a
sham by Ain Jeem."*

**366.** First the affirmative defenses asserted by the complainants as to the first amendment
protections barring liability under the Lanham Act and the incontestable defenses of 15

U.S.C.1115 (B)(4)the contested personal jurisdiction of the court, the evidence of fraud

and misrepresentation and the shotgun complain were repeatedly ignored by corrupt

Judge Virginia Hernandez Covington knowing she was acting without complete court

jurisdiction and outside the authority of the court as favor to her close personal friend

RICO firm counsel with their unlawful scheme through an abuse of judicial process,

misappropriation of business records and trade secrets, through fraud and

misrepresentation, and attempts at extortion through coercion to interfere with

complainant engaged in lawful interstate commerce and that her rulings were null and

void.

**367**.The Complainant repeatedly claimed the RICO firms client Ain Jeem, Inc's

complaint was a sham pleading on the basis that ;

1. *The complaint was a shotgun pleading which required the judge to dismiss sua sponte*

*and the eleventh circuit court has ruled shotgun pleadings are an abuse of judicial*

*process.*

2. *The complaint contained fraud alleging a trademark right to KAR33m which the*

*Plaintiff knew it had no right to and it had been dead and canceled since 2016.*

3. *The Plaintiff had no right or legal standing to sue or assert infringement under the*

*common law right to liability, a right belonging to Kareem Abdul Jabbar who was*

*repeatedly determined not to be a party to the action.*

4. *The fraud exception constitutes a sham pleading barring application of immunity*

*under the knorr pennington doctrine.*

**368.** Noerr-Pennington does not in any way provide a defense to a statutory wrongful

seizure claim under the statutory provisions as provided for by congress and as stated in

*(Exhibit Appendix A-36, Joint Statement on Trademark Counterfeiting Legislation, 130*

*Cong. Rec.H12076, H12078 (daily ed. Oct. 10, 1984)*

**369.** The corrupt Judge Virginia Hernandez Covington went on to rule the following

*However, because Puckett is pro se, the Court will allow him to file an amended*

*counterclaim against Ain Jeem. The amended counterclaim is due July 19, 2022. Signed*

*by Judge Virginia M. Hernandez Covington on 7/6/2022. (DMD) (Entered: 07/06/2022)"*

**370.** The corrupt Judge Virginia Hernandez Covington knew the complainant is a

resident of Tennessee and was denied by the court any electronic service, which was

effectively a hollow ruling and still without complete court jurisdiction since first class

mail takes 5 days limiting the counter claimant adequate ability to make the proper

amendments.

**371**. On 7/6/22 the corrupt judge Judge Virginia Hernandez Covington went on to rule

the the following; "

*07/06/2022 granting Plaintiff Ain Jeem's motion to voluntarily dismiss its claim against*

*Defendant Carl Puckett d/b/a devildogstreasure under Federal Rule of Civil Procedure*

*41(a)(2). Rule 41(a)(2) provides that "an action may be dismissed at the plaintif 's*

*request only by court order, on terms that the court considers proper. If a defendant has*

*pleaded a counterclaim before being served with the plaintiff 's motion to dismiss, the*

*action may be dismissed over the defendant's objection only if the counterclaim can*

*remain pending for independent adjudication."*

Yet the judge's prior order dismissed the complainants counter claims from remaining

pending as she herself acknowledged the law required. The order further stated:

*"[T]he law is clear in this circuit that, to warrant a denial of a motion for voluntary*

*dismissal without prejudice the defendant must establish that it will suffer prejudice*

*beyond just having to potentially re−litigate the case."Puckett will not be prejudiced by*

*the dismissal of Ain Jeem's claim against him." Ain Jeem's claim against Puckett is*

*dismissed without prejudice. Signed by Judge Virginia M. Hernandez Covington on*

*7/6/2022. (DMD)*

**372.** The complainant is prejudiced by the RICO firm's client Ain Jeem, Inc's lack of

legal standing and the courts complete lack of jurisdiction. If the corrupt judge was

acting within the authority of the court then she was aware that the  court must observe

the precise jurisdictional limits prescribed by Congress In the Matter of an Application to

Enforce an Administrative subpoena of the Commodity Futures Trading Commission v.

Naji Robert Nahas, Appellant, 738 F.2d 487 (D.C. Cir. 1984). That the RICO firm client

AIn Jeem, Inc.,"was required to establish that this court has the statutory power to hear

this case, pursuant to Florida's long-arm statute,and not based solely on the convenience

of the RICO firm Counsel's convenience,  as well as the constitutional right to hear this

case because of defendants' minimum contacts' with the State of Florida." Douglas v.

Modern Aero, Inc., 954 F. Supp. 1206, 1210 (N.D.Ohio 1997). Article III of the

Constitution "limits the jurisdiction of federal courts Lujan v. Defenders of Wildlife, 504

U.S. 555, 559 (1992).

**373.** The requirement that a Plaintiff possess "standing to sue" emanates from that

constitutional provision of Article III . Congress has provided simply and only that "a

corporation shall be deemed to be a citizen of any State by which it has been

incorporated and of the State where it has its principal place of business," §1332(c)(1).

The jurisdictional rule governing here is unambiguous and not amenable to judicial

enlargement. Mere conclusions or legal arguments that reiterate the allegations of the

complaint relating to jurisdiction will not suffice for establishing that jurisdiction exists

In addition to the Middle District Court;s own precedent and ruling in cases not involving

an unlawful RICO, that :injury from trademark infringement occurs "where the holder of

the mark resides"); Xymogen, Inc. v. Digitalev, LLC, No. 6:17cv869-Orl, 2018 U.S. Dist.

LEXIS 16147 at * 6 (M.D. Fla. Feb.1, 2018). "plaintiff must have standing to invoke the

jurisdiction of the federal courts KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261,

1266 (11th Cir. 2006)." 72 308. The Plaintiff lacked legal standing to sue and the

complainant would suffer extreme prejudice " just having to potentially re-litigate the

case and be revictimized by the unlawful RICO operation the corrupt Judge was

assisting.

**374.** The court did not have personal jurisdiction of the defendant "plaintiff must

establish that the court has the statutory power to hear this case, pursuant to Florida's

long-arm statute, as well as the constitutional right to hear this case because of

defendants' minimum contacts' with the State of Florida."

**375**. The RICO firm's client Ain Jeem, Inc's  own alleged evidence refers to an isolated event and the contacts with the state were made by Etsy, Inc who was routinely complicit with and aided in  the unlawful RICO operation and not the complainant.

**365.** The complainants legitimate  that the RICO firm attorneys and client Ain Jeem, Inc., intentionally falsely alleged as counterfeit was not, it was manufactured in 1989 a year prior to any of their clients alleged marks, and displayed a valid NBA trademark logo and was authorized for production through an agreement between Kareeem Abdul Jabbar and the NBA to which the RICO client had no legitimate claim. The item was barred from liability by the First amendment of the U.S. constitution protections over expressive works of art and the use of a name to describe the work is an incontestable defense under 15 U.S.C. 1115(b)(4)so the threat having to potentially re−litigate the case is extremely prejudicial and would subject the complainant to revictimization and reviolation of his constitutional rights would cause the complainant to suffer additional irreparable harm.

**376.** On 7/6/22  the corrupt Judge Virginia Hernandez Covington acting without complete court jurisdiction and aiding in the furtherance of the unlawful RICO operation, continue to enter rulings the next of which states;

*"As Plaintiff Ain Jeem's claim against Defendant Carl Puckett has now been dismissed without prejudice, Puckett's motions to dismiss the complaint are denied as moot. (Doc. # 298, 299, 301). Signed by Judge Virginia M. Hernandez Covington on 7/6/2022. (DMD)"*

**377.**.The corrupt Judge Virginia Hernandez Covington's dismissal of the complainants motions as moot, were not moot as they challenged the legal standing of plaintiff to sue

and the contested personal jurisdiction over the complainant and  are directly related as to

whether or not the Plaintiff's complaint is required to be dismissed WITH PREJUDICE.

**378**. The corrupt Judge Virginia Hernandez Covington dismissed the complainants

motions as a favor to her close personal friend RICO firm attorney ALejandro Fernandez

as he requested in a proposed order to the judge for signing

"(8) The Clerk shall CLOSE this case. All deadlines and hearings are TERMINATED,
and any pending motions are DENIED AS MOOT."

369. The complainants were convinced that they had been victims of an UNlawful RICO

operation that through an abuse of judicial process with the assistance of corrupt judges

acting outside the law and against the constitution they were sworn to uphold, through

acts of fraud, coercion, economic espionage, bank fraud,misappropriation of confidential

business records, attempted extortion from those engaged in lawful interstate commerce

and that they had been doing so for years within our judicial system without detection by

law enforcement..

**379**. So it was no surprise On 7/6/22 the corrupt judge Virginai Hernandez Covington

continued to rule on behalf of the RICO firm attorneys prior request that the

complainants pending petition for wrongful seizure under 15 U.S.C. 1116 (d)(11) be

ruled on as moot and further wrongfully deny the relief to which the complainant was

entitled see*(Exhibit Appendix A-36, Joint Statement on Trademark Counterfeiting*

*Legislation, 130 Cong. Rec.H12076, H12078 (daily ed. Oct. 10, 1984)*

**380.** On 7/17/22 a defense attorney Joycelyn Brown, who had previously represented a

different defendant and negotiated a settlement for dismissal WITHOUT PREJUDICE,

knowing that such a dismissal would bar other defendants from exercising their rights to seek appellate review under the finality doctrine which requires dismissal as to all defendants before an appeal could be sought and that a dismissal without prejudice would not be considered a final order, filed a motion for withdrawal which the magistrate Anthony E Porcelli granted.

**381**. On 7/17/22 the complainant once again attempted to seek redress and filed a notice of appeal of all of the judges ruling entered on 7/6/22

**382.** On 7/18/22 the district court transmitted the appeal to the Eleventh circuit court of appeals .

**383.** On 7/18/22, the complainant filed its amended counterclaim merely to comply with the courts order and deadline for doing so but stated in the pleading ; Due to the issues on appeal also being related to the counterclaims of Devildogstreasure complainants will request the opportunity to amend this pleading once the issues on appeal are decided which directly pertains to the full extent of the damages the complainant can seek in this case".

**384**. ON 7/17/22 the counter claimant also filed a motion to appeal in forma pauperis .On 7/22/22 the complainant also filed a motion to proceed in forma pauperis before the eleventh circuit court.

**385**. On 7/25/22 Attorney Alejandro Fernandez Co-lead counsel for the RICO client Ain Jeem, Inc., and close personal friend of judge Virginia Hernandez Covington filed a motion to Withdraw as Attorney by Ain Jeem, Inc"

**386**. On 7/26/22 the complainant emailed the judges close personal friend RICO firm attorney, Attorney Alejandero Fernandez to inform him the complainant would be filing an opposition to his motion to withdraw on the basis that an appeal had been filed and his motion must be filed with the appellate court.

**387**. On 8/1/22 the RICO firm counsel also filed a response opposing the complainant's motion to proceed in forma pauperis before the eleventh circuit court of appeals claiming there were no final or interlocutory orders the complainant was entitled to appeal from 22-12368.

**388**. On 8/2/22 (EFC 370) the Magistrate Anthony E Porcelli granted the RICO firms counsel's Attorney Alejandro Fernandez's motion to withdraw without permitting the days allowed by local rules 3.01 for the complainants to file their opposition knowing they were opposed.

**389.** On 8/2/22 during the pending appeal the RICO firm Attorney Richard Guerra filed a motion to dismiss the complainants amended counterclaim which had just been filed on 7/18/22 and which specifically stated within the pleading; Due to the issues on appeal also being related to the counterclaims of Devildogstreasure complainants will request the opportunity to amend this pleading once the issues on appeal are decided which directly pertain to the full extent of the damages complainants can seek in this case".
 The plaintiff's motion did not comply with Local rules of Court 3.01 and the issue of the counterclaim were directly related to the issues on appeal (Id).

**390.** On 8/2/22 RICO firm counsel Attorney Richard Guerrra, also filed a response

opposing the complainants motion to appeal in forma pauperis to prevent appellate
review.

**391.** On 8/3/22 the corrupt judge Virginia Hernandez-Covington ordered the magistrate
Anthony E. Porcelli to prepare a recommendations and report to deny the complainant's
motion to appeal in forma pauperis and declare there was no final order or interlocutory
order from which the complainant could appeal which he did.

**392**. On 8/29/22 the corrupt judge Virginia Hernandez Covington issued a ruling
adopting the magistrates report and recommendations and further falsely stated that the
complainant was taking an appeal in bad faith to deter and or prevent the complainant
from having any success at gaining a just and independent review of the unlawful actions
taking place by the RICO.

**393**.On 8/29/22 the corrupt  judge Virginia Hernandez Covington issued another null and
void  ruling granting the RICO firm attorney's  motion to dismiss the complainants
amended counterclaim without jurisdiction or the court's authority to grant such a motion
pursuant to Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a
Pending Appeal (a) RELIEF PENDING APPEAL. If a timely motion is made for relief
that the court lacks authority to grant because of an appeal that has been docketed and is
pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3)
state either that it would grant the motion if the court of appeals remands for that purpose
or that the motion raises a substantial issue. (b) NOTICE TO THE COURT OF
APPEALS. The movant must promptly notify the circuit clerk under Federal Rule of

Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue. (c) REMAND. The district court may decide the motion if the court of appeals remands for that purpose And in accordance with the judges own prior ruling acknowledging she was without jurisdiction to grant

*"As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003) Signed by Judge Virginia M. Hernandez Covington on 2/1/2022."*

**394.** The complainant informed theRICO firm counsel of their objection to the motion and relied on the judge to apply the law equally in dismissing the motion as she had during the prior appellate attempt as to the complainants motions

*"As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003) Signed by Judge Virginia M. Hernandez Covington on 2/1/2022.*

**395.** On 9/7/22 the Eleventh circuit court issued a jurisdiction question to the complainant and the RICO firm counsel 22-12368.

**396**. The RICO firm counsel argued before the appellate court that there was no final or interlocutory order the complainant could rightfully appeal from and that the case was still pending as to 13 defendants and a counterclaim still in litigation between plaintiff and defendant Hall of Fame Sports, and that the finality doctrine bars appellate review in multiple defendant cases until a final judgment has been entered for all.

**397.** On October 14/22 the eleventh circuit court dismissed in part and denied in part the

counter claimants writ of mandate that gave greater weight to the judges intentionally

false narrative that counter claimants were merely dissatisfied with a few unfavorable

Ruling.

**398**. The RICO firm counsel itself indicated the litigation had ended and all that was left

was for the judge to enter final judgment, dismiss all complainants pending motions

which the judge did. The RICO firm also requested the case to be closed on 3/24/22  but

concealed this fact from the appellate court in order to prevent appellate review that

could potentially end in a ruling that could be disrupted to the continuance of their entire

unlawful operation.

**399**. The RICO firm asserted to the appellate court that the counterclaim as to the

defendant Hall of Fame Sports was still pending for litigation, while admitting in a status

report filed with the district court it had to agree to settle with the Attorney  Jessica Sarah

Kramer representing Hall of Fame Sports without any further court intervention so that

no record of finality would appear in the record which the defendant attorney was

complicit with knowing such an agreement would prevent other defendants from being

able to seek recourse through timely appellate review.

**400**. On 12/7/22 the magistrate Anthony E. porcelli ordered the clerk's entry of default as

to the remaining 13 defendants vacated on the basis they had not been properly served,

Knowing  none of the defendants were serviced notice of hearing or given an opportunity

to be heard and all orders as to all defendants were required to be vacated, but the

Magistrate Anthony E. Porcelli made the ruling while the jurisdictional question was

pending before the appellate court in order to defeat the complainants jurisdictional appellate argument based upon the fact that the clerk had already entered the defaults against them and there was nothing left for the court to do except enter final judgment which permits a party to seek appellate relief under the finality doctrine.

**401.** On 12/14/22 the complainants appeal was dismissed for lack of jurisdiction and a timely motion for reconsideration was filed.

**402**. On 12/20/22 Judge VirginIa Hernandez Covington denied the complainants motion for injunctive relief under F.R.C.P. 60(B)(3)(D((3)based upon the fraud upon the court. "Fraud upon the court" occurs whenever any officer of the court commits fraud before a tribunal. *A judge is not a court; he is under law an officer of the court, and he must not engage in any action to deceive the court.* Trans Aero Inc. v. LaFuerga Area Boliviana, 24 F.3d 457 (2nd Cir. 1994); Bulloch v. United States,763 F.2d 1115, 1121 (10th Cir. 1985) (fraud upon the court exists "where the judge has not performed his judicial duties").

*Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court"*.  In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985),the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... *It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."* "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud

perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's FederalPractice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final." What effect does an act of "fraud upon the court" have upon the court proceeding? *"Fraud upon the court" makes void the orders and judgments of that court. The U.S. Supreme Court has consistently held that a void order is void at all times*, does not have to be reversed or vacated by a judge, can not   be made valid  by any judge, nor does it gain validity by the passage of time. The order is void ab initio Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 (1920). "Fraud destroys the validity of everything into which it enters," Nudd v. Burrows (1875), 91 US 426, 23 Led 286,290; particularly when "a judge himself is a party to the fraud," Cone v. Harris (Okl. 1924), 230 P. 721, 723.Windsor v. McVeigh (1876), 93 US 276, 23 Led 914, 918

**403**. The corrupt judge Virginia Hernandez-Covington acknowledged the order that vacated the clerk's entry of default as to the remaining defendants, and the eleventh circuit court then granted the RICO firm Attorneys motion to dismiss Carl and Marcella Puckett's  appeal and accordingly the RICO firm attorneys are directed to provide the court with a status report on"how it wants to proceed in the case" Signed by Judge Virginia M. Hernandez Covington on 12/20/2022. (DRG)"

**404**. On 1/3/23 the RICO firm attorneys refiled its motion for default against the remaining defendants.

**405.** On 1/31/23 the magistrate Anthony E. Porcelli set the RICO firms renewed motion

for default for hearing on 2/16/23.

**406.** On 2/16/23 the magistrate held the hearing and again denied without prejudice the RICO firm counsel's motion for entry of default against the remaining defendants after learning that Carl and Marcella Pucket had filed a timely motion for reconsideration of the dismissal of their appeal.

**407**. The appellate court again dismissed the motion for reconsideration of appeal for lack of jurisdiction.

**408.** On 6/13/23 the corrupt Judge Hernandez Covington directed the RICIO firm attorneys to  to again refile it prior motion for default as to the remaining defendants and a status report because she wanted the case closed.

**409**. On 6/19/23 the corrupt Judge Hernandez Covington again referred the Plaintiff's motion for entry of default to magistrate Anthony E Porcelli.

**410**. On 6/19/23 the Plaintiff filed its status report as to the remaining defendants***

**411.** On 6/20/23 the complainants filed a motion for reconsideration of the denial of judicial disqualification of the corrupt judge Virgina Hernandez Covington because during the course of their appeal they had discovered the extra judicial sources confirming Judge Hernandez Covingtons close personal friendship with RICO firm counsel Alejandro Fernandez from his social media linked in account and discovered the article he authored on the personal profile of the judge published in THE FEDERAL LAWYER • July/August 2019  as extrajudicial sources not previously discovered. The complainant discovered one of the reasons the corrupt judge had removed the Ex

parte TRO requirement for hearing under 15 U.S.C. 1116 is because it would also

interfere with her extrajudicial activities as she stated in her profile

*"Also, technology has made a huge difference for judges. Electronic filing through the*

*Case Management/Electronic Case Files (CM/ECF) system changed our lives overnight.*

*I can work from anywhere in the world, and I do. For somebody who travels the world*

*teaching, you would think that I have to leave my docket, but I don't. I'm able to use*

*CM/ECF to issue orders from wherever I might happen to be."*

**412**. The complainants motion was supported for a request for the court to take judicial

notice of the new evidence of extrajudicial source, the law establishing Plaintiff lacked of

legal standing to sue, the law that required a post seizure hearing under 15 U.S.C. 1116,

the constitution, the judges oath of office, and the complete lack of court jurisdiction in

this case. (Exhibit Appendix B-33)

**413**. On 6/21/23 the corrupt Judge Virginia Hernandez Covington denied the

complainants motion for reconsideration and stated the following

*"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a*

*power which should be used sparingly."Mr. Puckett's motion raises various issues*

*unrelated to the order of recusal of which he purports to seek reconsideration, including*

*personal jurisdiction, misjoinder, and the lack of a hearing on the ex parte restraining*

*order. However, as it pertains to Mr. Puckett's original motion for judicial*

*disqualification, Mr. Puckett's present motion does not raise new issues or allege*

*convincing facts or points of law giving the Court reason to reverse its denial of the*

*motion for judicial disqualification. The motion for reconsideration simply reiterates Mr.*

*Puckett's position that bias exists. Having not identified any incorrect procedures or*

*rulings against him, or any pervasive bias and prejudice against him, Mr. Puckett has not*

*shown any ground to justify the Court reconsidering its prior order ("Adverse rulings*

*alone do not provide a party with a basis for holding that the court's impartiality is in*

*doubt.") (whether or not legally supportable) to counsel' are not suf icient to require*

*recusal." (quoting Liteky v. United States, 510 U.S. 540, 556 (1994))). Signed by Judge*

*Virginia M. Hernandez Covington on 6/21/2023. (DRG)" (EFC 403)*

**414.** The corrupt judge Virginia Hernandez-Covington again asserts the false narrative

that the complainants were unhappy with a few unfavorable rulings..When a judge acts

intentionally and knowingly to deprive a person of his constitutional rights he exercises

no discretion or individual judgment; he acts no longer as a judge, but as a " minister" of

his own prejudicesPierson v. Ray, 386 U.S. 547 (1967).The Petitioners claims do not

refer to a few unfavorable rulings but upon the wilful misconduct of the judge and

magistrate in violation of congressional statutes, acting without authority, in excess of

authority, and in an unlawful usurpation of the congressional limits of the judicial power

of injunction under U.S. Constitution Article III .Schlagenhauf v. Holder, 379 U.S. 104

(1964) .

**415**. On 6/21/23 the complainants filed a request for the court to take judicial notice

pursuant to the Federal Rules of Evidence 201 in support of their motion (EXHIBIT

Appendix B-33).

**416.** On 6/23/23 the corrupt Judge Virginia Hernandez Covington issued a ruling denying the complainants motion for reconsideration stating;

*" Here, Mr. Puckett contends that the order granting the motion to dismiss should be reversed because (1) the Court lacked jurisdiction to rule on the motion following Mr. Puckett's July 17, 2022, notice of appeal; and (2) the motion failed to comply with Local Rule 3.01(g). Neither reason is compelling."*

**417.** The law as stated in F.R.C.P. 62.1 barring the court from ruling on the motion was simply not compelling for corrupt Judge Virginia Hernandez Covington, and the RICO firms failure to comply with 3.01(g) that the court reiterated must strictly be complied with as to the complainant was also not compelling.

The judge continued to falsely state;

*", the Court's order dismissing Mr. Puckett's amended counterclaim did not implicate issues involved in Mr. Puckett's appeal".*

**418.** The amended counterclaim did involve issue that were the direct subject of the appeal including but not limited to the wrongful seizure, that Rico firm and their client AIn Jeem, Inc were not entitled to be granted immunity under Noerr-Pennington as the pleading was a sham pleading containing fraud. The corrupt judge,yet again, intentionally put for a false narrative as to the true facts in the case with confidence that no one will look past her rulings pertaining to a "pro-se" and discover her unlawful actions and participation with the RICO operation.

**419**. Carl Puckett was left with no choice but to represent himself in this matter and he is

an Honorably discharged retired Marine corp. Military Police investigator and has above average skills in ascertaining truth and fact and understanding of law and is not the misperceived pro-se litigant unable to understand the true gravity of the extent this unlawful RICO operation is willing to go.

**420**. Marcella Puckett was left with no choice but to represent herself in this matter, and previously attended two years at the Southern California School of law before moving out of state and then obtaining a Bachelor's degree in forensic studies and criminal justice before going on and receiving her masters degree "magna Kum Laude"in psychology and had published a few peer-review journal studies on brain differentiation factors along the way Marcella Puckett also did not want to be forced to represent herself but having to do so does have above average skills in ascertaining truth and fact and understanding of law and is not the misperceived pro-se litigant unable to understand the true gravity of the extent this unlawful RICO operation is willing to go.

**421.** On 6/22/23, after the complainants reappeared to seek justice, the magistrate Anthony E Porcelli again denied the Plaintiff's motion for entry of default as to the remaining defendants.

**422.** On 6/26/23 the complainant filed a motion for reconsideration of the corrupt judge Virginia Hernadez-Covington's null and void ruling dismissing the complaint Petition for injunctive relief under 15 U.S.C. 1116(d)(11) for wrongful seizure and that the RICO firm attorneys still had complete custody and control and misappropriation of his confidential business records in violation of 18 U.S.C. 1835-36.

**423.** Marcella Puckett felt they were getting close to having the missing pieces needed to put their RICO complaint together which a been a very difficult complex, time consuming and tedious process.

**424.** On 6/26/23 the complainant also filed a request for the court to take judicial notice of evidence pursuant to the Federal Rules of evidence 201 (EXHIBIT Appendix B-34 ) in support of its motion for reconsideration of the dismissal of their petition for wrongful seizure under 15 U.S.C. 1116(D)(11) as provided for by congress see *(Exhibit Appendix A-36, Joint Statement on Trademark Counterfeiting Legislation, 130 Cong. Rec.H12076, H12078 (daily ed. Oct. 10, 1984)*

**425**. The complainant. continues to be damaged from the continued false assertions of the complainant as a counterfeiter, when the RICI firm and its client knew they were falsely claiming a right to a trademark that was dead since 2016, the specimen on file for singular trademark specifically for t-shirts and socks is not similar to the complainants 1989 NBA trademark logos sports collectors plate and the use of the name Kareem Abdul Jabbar to describe the artistic image on the plate is also protected under the first amendment and does not violate a common law infringement right AIn Jeem, Inc has no legal standing to assert. .

**426.** On 6/26/23 the complainant also filed a motion for reconsideration of the judge's order granting teh RICO firm attorneys motion to voluntarily dismiss its complaint WITHOUT prejudice. While still maintaining unlawful custody and exposure of the complainants confidential business records and trade secrets.

**427.** On 6/26/23 the complainant also filed a request to take judicial notice under Federal Rules of civil procedure 201 (EXHIBIT Appendix B-35) in support of its motion for Reconsideration.

**428**. On 7/4/23 Carl's wife Marcella Pucket asserted there is no use beating our heads against a brick wall before a corrupt judge that is acting without complete court jurisdiction to do so in order to assist the unlawful RICO operation that is emerging in a few specific locations that for years has gone unopposed because no one is ever given lawful notice or service and Marcella Tracked all the cases where the defendant party was listed as Individual, partnerships and unincorporated associations to find the pattern and the links between the firms operating within the RICO and citing each others cases to support their ongoing efforts.

**429**. The RICO defendants' activities remain ongoing.

## THE ENTERPRISE

### 18 U.S.C. 1961(4)

**430.** "Brickell IP Group Pllc consisting of Attorney Richard Guerra, Attorney NIcole Fondura, Attorney Arthur Robert Weaver, and Attorney Rafael Perez- Pineiro, Axencis, Inc consisting of Chris Stavro and Ralph Scheoenfelder  and Ackerman Law Attorney Alejandro Fernandez  are an enterprise engaged in, and whose activities affect, interstate commerce and are associated in fact and engaged in a pattern of Racketeering activity occurring over a 5 year period.Judge Virginia Hernandez-Covington and Magistrate Anthony E. Procelli participated in and took control of the enterprise in 2021

and engaged in racketeering activities affecting interstate commerce and are associated in fact.

**VII-COUNTS**                                **COUNT 1**

### RICO  § 18 U.S. Code 1962(c)

**431.** The allegations of paragraphs 1 through 429 are incorporated herein by Reference.

**432.** The count I is  against all named defendants  Kareem Abdul Jabbar DBA AIn Jeem, Inc, the National Basketball Association, Ackerman Law Attorney ALejandro Fernendez, Judge Virginia Hernandez-Covington, Magistrate Anthony E Porcelli, Attorney Richard Guerra, Attorney Nicole Fondura, Attorney Arthur Robert Weaver, Attorney Rafael Perez-Pineiro DBA Brickell IP Group PLLC, Chris Stavro, Ralph Schoenfelder DBA Axencis, Inc.Deborah Morales DBA Iconomy,  Attorney Jessica Kramer, Attorney Joycelyn Brown, Attorney David Andrew Lockton, Attorney Stephen Milbrath, Attorney Geoffrey Lottenberg, and Etsy, Inc. who conspired to act directly or Indirectly, and who were employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

**433.** The acts  set forth above constitute a pattern of racketeering activity pursuant to **RICO  § 18 U.S. Code 1962(c),**

**434.** The Count I Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity

described above, in violation of **RICO § 18 U.S. Code 1962(c).**

**435.** As direct and proximate result of the Count I Defendants' racketeering activities

and violations of **18 U.S. Code 1962(c)**, Plaintiffs have been injured in their business and

property and property.

**436.** Count III defendants are ongoing and enable them to repeat their ongoing pattern of

racketeering activity from the investment of racketeering income and resales of the

property obtained through such activity.

**437**. WHEREFORE, Plaintiff requests that this Court enter judgment against the Count II

Defendants as follows: Maximum amount of damages set forth in statute for actual,

equitable, and injunctive relief including treble damages and costs.

## COUNT II

### RICO § 18 U.S.C. 1957 (ENGAGING IN MONETARY TRANSACTION IN PROPERTY DERIVED FROM UNLAWFUL ACTIVITY

**438.** The allegations of paragraphs 1 through 429 are incorporated herein by reference.

**439**.This Count II is against Defendant(s) Kareem Abdul Jabbar and the National

Basketball Association, Etsy, Inc. Ralph Schoenfelder DBA Axencis, Inc. and Ain Jeem,

Inc.

**440.** The Brickell Ip Group PLLC consisting of Attorney Richard Guerra, Attorney

Nicole Fondura, Attorney Arthur Robert Weaver, Attorney Rafael Perez- Pineiro, and

Ackerman Law Attorney Alejandro Fernandez are an enterprise engaged in and whose

activities affect interstate commerce

**441**. The Count II Defendant(s) used and invested income that was derived from a

pattern of racketeering activity in an interstate enterprise.

**442**. Specifically: Ralph Schoenfelder DBA of Axencis, Inc. secretly purchased the legitimate items of the alleged defendant victims to be delivered to the address of the enterprise to supply the property to AIn Jeem, Inc. who in turn provided both Kareem ABdul Jabbar and the National Basketball association the property to relist in their stores as authentic in order to use and invest income derived from the racketeering activity in interstate commerce. Etsy, Inc. was permitted to retain 6.5% proceeds that was used and derived from a pattern of racketeering activity in interstate commerce.

**443**. The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1957.

**444.** As direct and proximate result of the Count III Defendants' racketeering activities and violations of 18 U.S.C. § 1957, Plaintiffs have been injured in their business and property in that: injuries stemming from the investment of the racketeering income that are separate from any injuries from the conduct of the enterprise through a pattern of racketeering and liability defined within 15 U.S.C. 1117, in addition the injuries from the Count III defendants are ongoing and enable them to repeat their ongoing pattern of racketeering activity from the investment of racketeering income and resales of the property obtained through such activity.

**445**. WHEREFORE, Plaintiff requests that this Court enter judgment against the Count II Defendants as follows: Maximum amount of damages set forth in statute for actual, equitable, and injunctive relief including treble damages and costs.

## COUNT III

## RICO § 18 U.S.C. 1028 FRAUD RELATED ACTIVITY IN CONNECTION WITH IDENTIFICATION DOCUMENTS

**448**. The allegations of paragraphs 1 through 429 are incorporated herein by reference.

**449.** This Count III  is against Defendants Kareem Abdul Jabbar DBA Ain Jeem, Inc,

Deborah Morales DBA Iconomy, Axencis, Inc. Judge Virginia Hernandez-Covington and

Magistrate Anthony E. Porcelli the "Count III Defendants.

**450**. The Brickell Ip Group PLLC  consisting of Attorney Richard Guerra, Attorney

Nicole Fondura, Attorney Arthur Robert Weaver, and Attorney Rafael Perez- Pineiro,

and Ackerman Law Attorney Alejandro Fernandez are  **an enterprise**, the Count III

defendants engaged in activities with, directly and indirectly and whose activities affect

interstate commerce

**451**. The Count III Defendants Kareem Abdul Jabbar DBA Ain Jeem, Inc and Deborah

Morales DBA Iconomy committed fraud relating to Identification Documents issued by

the Federal Agency of the United States Patent and Trademark Office of a valid

trademark holder right when none existed, and Identification documents created by

Count III defendants Judge Virginia Hernandez Covington and Magistrate Anthony E.

Porcelli fraudulently based upon orders that were null and void related to the United

States Federal District Court, fraudulently claiming a valid identity of a USPTO

trademark holder as to KAR33m where none existed, and Count III defendants Chris

Stavro and Ralph Schoenfelder created Identification documents using a trademark

denied by the USPTO and identified themselves as licensed investigators and used the

fraudulently created identification documents  to defraud the complaint and to unlawfully impede and interfere with interstate commerce.

**452.** The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to  18 U.S.C. 1028.

**453.** The Count III Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1028

**454.**   As direct and proximate result of the Count  III Defendants' racketeering activities and violations of 18 U.S.C. § 1028, Plaintiffs have been injured in their business and property in that:  injuries stemming from the fraud relating to Identification Documents that are irreparable and caused repeated violations of the complainants constitutional rights and impeded and or interfered with complainants ability to engage in lawful interstate commerce. The Count III defendants activities are ongoing and complainant cannot be made whole without an additional order for injunctive relief as a result of the Count III defendants ongoing racketeering activity

**455.** WHEREFORE, Plaintiff requests that the maximum monetary statutory award be ordered for actual damages, equitable relief, costs and treble damages permitted under the RICO statutes.

## COUNT IV.

### RICO § 18 U.S.C. 1344 Bank Fraud

**456.**  The allegations of paragraphs 1 through 429 are incorporated herein by reference.

**457.** The Count IV defendants are Judge Virginia Hernandez Covington and Magistrate Anthony E Porcelli.

**458**. The Brickell Ip Group PLLC  consisting of Attorney Richard Guerra, Attorney Nicole Fondura, Attorney Arthur Robert Weaver, and Attorney Rafael Perez- Pineiro, and Attorney Alejandro Fernandez are **an enterprise**, the Count V defendants engaged in activities with, directly and indirectly and whose activities affect interstate commerce.

**459.** Count IV Defendants committed fraud in order to knowingly execute a scheme through the creation of false orders null and void to assist the enterprise in obtaining funds under the custody and control of a financial institution PayPal, Inc by means fraudulent pretenses and fraudulent representations.

**460.** The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1344.

**461 .** The Count IV Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1344.

**462.**  As direct and proximate result of the Count IV Defendants' racketeering activities and violations of 18 U.S.C. § 1344, Plaintiffs have been injured in their business and property in that:  injuries stemming from the fraud impeded and or interfered with complainants ability to engage in lawful interstate commerce.

**463**.The Count IV defendants activities are ongoing and complainant cannot be made whole without an additional order for injunctive relief as a result of the Count IV

defendants ongoing racketeering activity with the enterprise.

**464.** WHEREFORE, Plaintiff requests that the maximum monetary statutory award be ordered for actual damages, equitable relief, costs and treble damages permitted under the RICO statutes.

## COUNT V.

## RICO § 18 U.S.C. 1037(A)(B)(4)

## FRAUD ACTIVITY IN CONNECTION WITH ELECTRONIC EMAIL

**465.** The allegations of paragraphs 1 through 429 are incorporated herein by reference.

**466.** The Count VI Defendants are Chris Stavro and Ralph Schoenfelder DBA Axencis, Inc.

**467.** The Brickell Ip Group PLLC  consisting of Attorney Richard Guerra, Attorney Nicole Fondura, Attorney Arthur Robert Weaver,Attorney Rafael Perez- Pineiro, and Akerman Law Attorney Alejandro Fernandez are **an enterprise**, the Count V defendants engaged in activities with, directly and indirectly and whose activities affect interstate commerce.

**468.** The Count V Defendants materially falsified the header information in the electronic screenshots manufactured with the mark of Axencis they were denied by the USPTO permission to use and then materially falsified the title of themselves as Investigators in multiple commercial electronic email messages and intentionally initiated the transmission of such to Kareem ABdul Jabbar DBA Ain Jeem Inc and Deborah Morales DBA Iconomy in addition to the enterprise for further fraudulent use.

**469.** The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to **RICO § 18 U.S.C. 1037(A)(B)(4)**

**470.** The Count V Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of **RICO § 18 U.S.C. 1037(A)(B)(4)**

**471.** As direct and proximate result of the Count V Defendants' racketeering activities and violations of, **RICO § 18 U.S.C. 1037(A)(B)(4)** Plaintiffs have been injured in their business and property in that: injuries stemming from the fraud impeded and or interfered with the Plaintiffs ability to engage in lawful interstate commerce.

**472.** The Count V defendants activities are ongoing and Plaintiff cannot be made whole without an additional order for injunctive relief as a result of the Count V defendants ongoing racketeering activity with the enterprise.

**473.** WHEREFORE, Plaintiff requests that the maximum monetary statutory award be ordered for actual damages, equitable relief, costs and treble damages permitted under the RICO statutes.

## COUNT VI.

## RICO § 18 U.S.C. 1832-THEFT OF TRADE SECRETS

**476.** The allegations of paragraphs 1 through 429 are incorporated herein by Reference.

**477.** The Count VI defendants are Judge Virginia Hernandez Covington and Magistrate Anthony E Porcelli, and Etsy, Inc.

**478.** The Brickell Ip Group PLLC consisting of Attorney Richard Guerra, Attorney Nicole Fondura, Attorney Arthur Robert Weaver,Attorney Rafael Perez- Pineiro, and Akerman Law Attorney Alejandro Fernandez are **an enterprise**, the Count VI defendants engaged in activities with, directly and indirectly and whose activities affect interstate commerce.

**479.** The Count VI Defendants were ministerial without complete court jurisdiction and outside the authority of the court creating null and void orders with the intent to defraud and to enable the enterprise to gain limitless access and control of the Plaintiff's trade secrets in his business with Etsy, Inc who was complicit with the Count VI defendants and enterprises racketeering conduct in exchange for monetary gain at the rate of 6.5%. The theft of trade secrets also included Plaintiff's private information regarding his social security number and other confidential information that Count VI defendants assisted the enterprise in misappropriating and publicly publishing when required by law to remain under seal and protected under 15 U.S.C. 1116 AND 18 U.S.C. 1836. The enterprise continues to possess and maintain unlawful control of Plaintiffs trade secrets and confidential business records from Count VII defendant Etsy, Inc.

**480.** The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to **RICO § 18 U.S.C. 1832-THEFT OF TRADE SECRETS.**

**481.** The Count VI Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of **RICO § 18 U.S.C. 1832-THEFT OF TRADE**

**SECRETS.**

**482.** As direct and proximate result of the Count VI Defendants' racketeering activities and violations of,**RICO § 18 U.S.C. 1832-THEFT OF TRADE SECRETS** Plaintiffs have been injured in their Business, person, and property in that: injuries stemming from the **THEFT OF TRADE SECRETS** impeded and or interfered with the Plaintiffs ability to engage in lawful interstate commerce and damage to his person in the unlawful exposure and distribution of his private Social Security Number and other sensitive protected information..

**483.** The Count VI defendants activities are ongoing and complainant cannot be made whole without an additional order for injunctive relief as a result of the Count VI defendants ongoing racketeering activity with the enterprise.

**484.** WHEREFORE, Plaintiff requests that the maximum monetary statutory award of 5,000,000.00 for irreparable damage be ordered in addition to actual damages, equitable relief, costs and treble damages permitted under the RICO statutes.

## COUNT VII.

## RICO § 18 U.S.C. 1832-THEFT OF TRADE SECRETS

**485.** The allegations of paragraphs 1 through 429 are incorporated herein by Reference.

**486.** The Count VII defendants are Judge Virginia Hernandez Covington and Magistrate Anthony E Porcelli.

**487.** The Brickell Ip Group PLLC consisting of Attorney Richard Guerra, Attorney

Nicole Fondura, Attorney Arthur Robert Weaver, Attorney Rafael Perez- Pineiro, and

Akerman Law Attorney Alejandro Fernandez are **an enterprise**, the Count IV defendants

engaged in activities with, directly and indirectly and whose activities affect interstate

commerce.

**488.** The Count VII Defendants were ministerial without complete court jurisdiction and

outside the authority of the court creating null and void orders with the intent to defraud

and to enable the enterprise to gain limitless access and control of the Plaintiff's trade

secrets in his business with Paypal, Inc.The theft of trade secrets also included Plaintiff's

private information regarding his social security number and other confidential

information that Count VII defendants assisted the enterprise in misappropriating and

publicly publishing when required by law to remain under seal and protected under 15

U.S.C. 1116 AND 18 U.S.C. 1836. The enterprise continues to possess and maintain

unlawful control of Plaintiffs trade secrets and confidential PayPal, Inc.business records.

**489.** The racketeering activity listed above constitutes a pattern of racketeering activity

pursuant to **RICO § 18 U.S.C. 1832-THEFT OF TRADE SECRETS.**

**490.** The Count VII Defendants have directly and indirectly conducted and participated

in the conduct of the enterprise's affairs through the pattern of racketeering and activity

described above, in violation of **RICO § 18 U.S.C. 1832-THEFT OF TRADE
SECRETS.**

**491.** As direct and proximate result of the Count  VII Defendants' racketeering activities

and violations of,**RICO § 18 U.S.C. 1832-THEFT OF TRADE SECRETS** Plaintiffs

have been injured in their Business, person, and property in that: injuries stemming from the **THEFT OF TRADE SECRETS** impeded and or interfered with the Plaintiffs ability to engage in lawful interstate commerce and damage to his person in the unlawful exposure and distribution of his private Social Security Number and other sensitive protected information.

**492.** The Count VII defendants activities are ongoing and complainant cannot be made whole without an additional order for injunctive relief as a result of the Count VII defendants ongoing racketeering activity with the enterprise.

**493.** WHEREFORE, Plaintiff requests that the maximum monetary statutory award of 5,000,000.00 for irreparable damage be ordered in addition to actual damages, equitable relief, costs and treble damages permitted under the RICO statutes.

## COUNT VIII.

## RICO § 18 U.S.C 1961(A) EXTORTIONATE THREATS

**494.** The allegations of paragraphs 1 through 429 are incorporated herein by Reference.

**495.** The Count VIII defendants are  Judge Virginia Hernandez Covington and Magistrate Anthony E Porcelli..

**496.** The Brickell Ip Group PLLC  consisting of Attorney Richard Guerra, Attorney Nicole Fondura, Attorney Arthur Robert Weaver, Attorney Rafael Perez- Pineiro, and Akerman Law  Attorney Alejandro Fernandez are **an enterprise**, the Count VIII defendants engaged in activities with, directly and indirectly and whose activities affect

interstate commerce.

**497.** The Count VIII Defendants were ministerial without complete court jurisdiction and outside the authority of the court creating null and void orders with the intent to or conspire with the enterprise in fraudulent representation of unlawful ongoing litigation unless Plaintiff provided a monetary settlement vehicle holding the Plaintiff's business Hostage which is the predicate acts of Extortion under the Hobbs Act..

**498.** The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to **RICO § 18 U.S.C 1961(A) EXTORTIONATE THREATS.**

**499.** The Count VIII Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of **RICO § 18 U.S.C 1961(A) EXTORTIONATE THREATS.**

**500.** As direct and proximate result of the Count VIII Defendants' racketeering activities and violations of, **RICO § 18 U.S.C 1961(A) EXTORTIONATE THREATS,** Plaintiffs have been injured in their Business, person, and property in that: injuries stemming from The **EXTORTIONATE THREATS** impeded and or interfered with the Plaintiffs ability to engage in lawful interstate commerce and the threat of victimization as a result of noncompliance with the extortionate threats.

**501.** The Count VIII defendants activities are ongoing and complainant cannot be made whole without an additional order for injunctive relief as a result of the Count VIII defendants ongoing racketeering activity with the enterprise.

**502.**  WHEREFORE, Plaintiff requests that the maximum monetary statutory award for irreparable damage be ordered in addition to actual damages, equitable relief, costs and treble damages permitted under the RICO statutes.

## COUNT IX.

## RICO § 18 U.S.C 1503 OBSTRUCTION TO DENY RIGHTS

**503.** The allegations of paragraphs 1 through 429 are incorporated herein by Reference.

**504.** The Count IX defendants are Judge Virginia Hernandez Covington and Magistrate Anthony E Porcelli, Attorney Geoffrey Lottenberg, Attorney Jessica Kramer, Attorney Joycelyn Brown, Attorney Stephen Milbrath, and Attorney David Andrew Lockton.

**505.** The Brickell Ip Group PLLC  consisting of Attorney Richard Guerra, Attorney Nicole Fondura, Attorney Arthur Robert Weaver,Attorney Rafael Perez- Pineiro, and Akerman Law Attorney Alejandro Fernandez are **an enterprise**, the Count IV defendants engaged in activities with, directly and indirectly and whose activities affect interstate commerce.

**506.**  The Count IX Defendants Judge Virginia Hernandez-Covington and Magistrate Anthony E. Porcelli's acts were ministerial without complete court jurisdiction and outside the authority of the court creating null and void orders with the intent to or conspire with the enterprise in fraudulent representation of unlawful ongoing litigation Count IX Defendants,  Attorney Geoffrey Lottenberg, Attorney Jessica Kramer, Attorney Joycelyn Brown, Attorney Stephen Milbrath, and Attorney David Andrew Lockton.

Conspired with and acted in agreement with the enterprise to dismiss the defendant

victim they allegedly represented WITHOUT prejudice to deny the remaining defendant

victims the procedural due rights to appellate review now barred under the finality

doctrine as a result of Count IX Defendants actions.

**507**.  The racketeering activity listed above constitutes a pattern of racketeering activity

pursuant to  **RICO § 18 U.S.C 1503 OBSTRUCTION TO DENY RIGHTS.**

**508.** The Count IX Defendants have directly and indirectly conducted and participated

in the conduct of the enterprise's affairs through the pattern of racketeering and activity

described above, in violation of **RICO § 18 U.S.C 1503 OBSTRUCTION TO DENY**

**RIGHTS.**

**509.** The Count IX defendant's activities are ongoing and Plaintiff cannot be made

whole without an additional order for injunctive relief as a result of the Count IX

defendants ongoing racketeering activity with the enterprise.

**510.** As direct and proximate result of the Count IX Defendants' racketeering activities

and violations of,  **RICO § 18 U.S.C 1503 OBSTRUCTION TO DENY**

**RIGHTS.** Plaintiffs have been injured in their Business, person, and property in that:

injuries stemming from The  **RICO § 18 U.S.C 1503 OBSTRUCTION TO DENY**

**RIGHTS. And that** impeded and or interfered with the Plaintiffs ability to engage in

lawful interstate commerce and the threat of victimization as a result of noncompliance

with the extortionate threats.'

**511.**  WHEREFORE, Plaintiff requests that the maximum monetary statutory award for

irreparable damage be ordered in addition to actual damages, equitable relief, costs and treble damages permitted under the RICO statutes

## COUNT X

## RICO § 18 U.S.C 1503 OBSTRUCTION -INTERFERENCE
## WITH EFFECTIVE ADMINISTRATION OF JUDICIARY

**512**. The allegations of paragraphs 1 through 429 are incorporated herein by Reference.

**513.** The Count X defendants are Judge Virginia Hernandez Covington and Magistrate Anthony E Porcelli.

**514.** The Brickell Ip Group PLLC  consisting of Attorney Richard Guerra, Attorney Nicole Fondura, Attorney Arthur Robert Weaver, Attorney Rafael Perez- Pineiro, and Ackerman Law Attorney Alejandro Fernandez are  **an enterprise**, the Count X defendants engaged in activities with, directly and indirectly and whose activities affect interstate commerce.

**515.** The Count X Defendants were ministerial without complete court jurisdiction and outside the authority of the court and did provide corrupt communications to the officers of the United States Court of Appeals Eleventh Circuit in order to obstruct,  influence, obstruct and impede the due administration of justice for the benefit of the continued racketeering activities of the enterprise.

**516.** The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to  **RICO § 18 U.S.C 1503 OBSTRUCTION TO DENY RIGHTS.**

**517.** The Count X Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of **RICO § 18 U.S.C 1503 OBSTRUCTION TO** impede the due administration of justice.

**518** As direct and proximate result of the Count X Defendants' racketeering activities and violations of, **RICO § 18 U.S.C 1503** Plaintiffs have been injured in their Business, person, and property in that: injuries stemming from The **RICO § 18 U.S.C 1503 that** impeded and or interfered with the Plaintiffs ability to engage in lawful interstate commerce and the exercise of rights for recourse against the activities'

**519.** The Count X defendants activities are ongoing and complainant cannot be made whole without an additional order for injunctive relief as a result of the Count X defendants ongoing racketeering activity with the enterprise.

**520.** WHEREFORE, Plaintiff requests that the maximum monetary statutory award for irreparable damage be ordered in addition to actual damages, equitable relief, costs and treble damages permitted under the RICO statutes.

### COUNT XI.

### RICO § 18 U.S.C 1503 OBSTRUCTION -INTERFERENCE WITH INVESTIGATIONS OF THE U.S. ATTORNEY'S OFFICE

**521.** The allegations of paragraphs 1 through 429 are incorporated herein by Reference.

**522.** The Count XI defendants are Judge Virginia Hernandez Covington and Magistrate

Anthony E Porcelli.

**523**. The Brickell Ip Group PLLC  consisting of Attorney Richard Guerra, Attorney Nicole Fondura, Attorney Arthur Robert Weaver, and Attorney Rafael Perez- Pineiro, and Akerman Law Attorney Alejandro Fernandez are **an enterprise**, the Count XI defendants engaged in activities with, directly and indirectly and whose activities affect interstate commerce.

**524.** The Count XI defendants conspired with the enterprise to conceal information required to be provided to the U.S. Attorney's Office under 15 U.S.C. 1116 (d)(2) in matters involving the counterfeit statutory provisions of the Lanham Act. and did so to conceal their unlawful racketeering activity.

**525.** The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to  **RICO § 18 U.S.C 1503 OBSTRUCTION.**

**526.**  As direct and proximate result of the Count X Defendants' racketeering activities and violations of,  **RICO § 18 U.S.C 1503** Plaintiffs have been injured in their Business, person, and property in that: injuries stemming from The  **RICO § 18 U.S.C 1503 that** impeded and or interfered with the Plaintiffs ability to engage in lawful interstate commerce and the exercise of rights for recourse against the activity.

**527.**The Count X defendants activities are ongoing and complainant cannot be made whole without an additional order for injunctive relief as a result of the Count X defendants ongoing racketeering activity with the enterprise.

**528.**WHEREFORE, Plaintiff requests that the maximum monetary statutory award for

irreparable damage be ordered in addition to actual damages, equitable relief, costs and treble damages permitted under the RICO statutes

**PLAINTIFFS DEMAND TRIAL BY JURY.**

### Prayer for immediate injunctive relief

**529.** 1964 (a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.  It is a "long-standing" and "well-settled" rule that federal courts always retain their equitable Power and may issue injunctions, RICO expressly preserves this power which the court should exercise when legal remedies are simply insufficient in cases involving judicial misconduct such as the Plaintiff's case. Allowing equitable relief for private RICO plaintiffs in the cases that require an injunction to remedy a corrupt judicial decision or decisions is well within Congress's intent to empower private plaintiffs to take action to eradicate organized crime. RICO is no longer merely a tool to take down the mafia, but a tool for an injured Plaintiff to finally have a fair day in court *see National Organization For Women v. Schiedler 267 F3d 687, 698 (7th Cir. 2001)(holding that congress intended*

*the general remedies explicitly granted in 18 U.S.C. 1964(A) to be available to all
Plaintiffs. T*his is especially true when injunctive relief is aimed at forward looking
remedies that are aimed at future violations or preventing future racketeering activity *see
United States V. Phillip Morris USA, Inc. 396 F3d 1190, 1198 (DC Cir. 2005).*

**530. The** Plaintiff's respectfully request an order for injunctive relief immediately
requiring the RICO firm Brickell IP Group to place all of the complainants confidential
business records of both its Etsy, Inc and PayPal accounts it unlawfully obtained custody
of into the custody of this court and that wrongfully published portion of his business
records exposed in public pleadings filed by the RICO firms on file in Case 8:21cv01331
in the Florida Middle District Court be immediately redacted from further public view
and that a non disclosure order from further release be ordered against Brickell IP Group
PLLC and Akerman Law and all other defendant attorneys as identified herein..

**531.** The court to order an injunctive order against AIn Jeem, Inc and the NBA
requiring them to post a public disclaimer as to any NBA listed merchandise sold by the
NBA through its NBA store and sold by Ain Jeem,Inc through its retail partners adidas
and Shopkareem abduljabbar.com that the merchandise cannot be resold after purchase as
a resellable collectible item and that in doing so the buyer assumes the liability of being
included in a trademark violation suit for damages as to all merchandise they resell, and
that the court issue such injunctive relief immediately upon the  filing of this complaint.

**532.** That the NBA issue a cease and desist letter to Beckett guide media the official
guide of the worth point of resellable collectible MLB, NFL, NHL, and NBA products

from listing any items with the NBA trademark log as having any resale value and be removed from the guide to protect unsuspecting sports collectors from enduring the Same victimization as suffered by the complainants and others.'

**533**. That both Judge Virginia Hernandez-covington and the Magistrate Anthony E. Porcelli have references to the null and void rulings they made specifically naming the Complainants, and that this court order them to be  removed from the public sites such as legal eagle and others, they have publicly posted their orders on concerning their prior action in case 8:21cv01331 where all orders were null and void.

**534**.The court order a victim fund to be created to ensure funds are available for other related victims damaged by activities of the Racketeering Influenced crime organization and that the announcement of such fund be made public in the states in which the RICO Firms Operated.

**535.** That the court order any other additional relief it deems necessary to prevent further Racketeering Influenced Corrupt Organization activity from being engaged in by the defendants.

**536**. That this court order defendant Etsy, Inc to remit the portion of profits it has Retained and classified as transaction fees 6.5 % of sales,  it profited from as a result of its participation in and complicity  the RICO activities in all related cases, and that such funds are to be deposited into a future victim trust to be managed by the court and Etsy, Inc is to notify all of the sellers affected by any of the RICO cases for which they had received an ex parte TRO order of their potential right to submit a claim to that  fund.

**537.** That this court ordered defendant Etsy, Inc to remove the negative intellectual

property mark on permanent record as to the complainant sellers business

Deveildogstreasure. Further, as a means for preventing future RICO activity of this

nature, Plaintiff requests that this  court order third party platforms such as Etsy,Inc.,

Upon any further receipt of any such TRO orders, that they are required to immediately

notify the seller involved before the takedown of their store and that they are to check

their records and if the report this item link was not first utilized, that they provide

immediate notice to the court that that remedy was not exercised to prevent the sale of

the items.

### Prayer for relief -monetary damages

Damages sustained from wrongful seizure

15 U.S.C. 1116 (D)(11)..........................................................205,834.00 x 3 for RICO

Prejudgment interest since initial filing …………………

For damages  under 15 U.S.C. 1116 (D)(11) TOBE DETERMINED X 3

Costs to date………………………………………………..4,238.00 x 3 fro RICO

Irreparable Injury to person from exposing private SSN

And other personal private information…………… ….. 1,250,000.00  x 3 for RICO

Injury to business IRREPARABLE………………………1,250,000.00 x 3 for RICO

Economic Espionage trade secrets and

Misappropriation Of confidential Etsy, Inc business 18.U.S.C 1835-36

Records containing private SSN as permitted by statute…...5,000,000.00 x 3 for RICO

Misappropriation Of confidential Paypal business 18.U.S.C 1835-36

Records containing private SSN as permitted by statute......5,000,000.00 x 3 for RICO

Prejudgment interests pursuant to                                    x 3 RICO

Other and further relief awarded by jury or as the court deems equitable in this case.

X 3 RICO


Respectfully Submitted,                          July 21st, 2023

_____          _____

Carl Puckett complainant "Pro-Se"    Marcella Puckett complainant "Pro-Se"


## COMPLAINANTS VERIFICATION OF COMPLAINT

I, Carl Puckett, am a resident of Martin Tennesee and over the age of 18 years. I further

attest that I am co- owner of an online store as a post transaction merchant for Etsy, Inc.

I have reviewed this complaint. I know or believe that all allegations that I have personal

knowledge of to be true. I further believe the allegations that I do not have personal

knowledge of to be true based on specified information, documents, or both. I declare

under penalty of perjury the foregoing is true and correct to the best of my knowledge and

belief. Executed this 21st, day of July, 2023

