UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

JACKSON DIVISION

CASE NO.:

PUCKETT ET., AL.

PLAINTIFFS                                           JURY DEMAND

V.                                                   COMPLAINT

KAREEM ABDUL JABBAR,                     FOR DAMAGES AND INJUNCTIVE
NBA, AIN JEEM, INC. IT'S                  RELIEF FOR VIOLATIONS OF THE
REPRESENTATIVES, AGENTS        **FEDERAL RACKETEERING INFLUENCED**
AND EMPLOYEES, ET., AL.         **AND CORRUPT ORGANIZATIONS ACT**
Virginia Hernandez-Covington
 Anthony E Porcelli Richard Guerra
Nicole Fondura, Alejandro Fernandez,
Arthur Robert Weaver, Chris Stavro,
Axencis, Inc its employees, agents and
representatives,Deborah Morales DBA
Iconomy, Hall of Fame Sports, Jessica
Kramer, Andrew Lockton, Joycelyn
Brown,Etsy, Inc., Does 1-10 et., al.

DEFENDANTS.

---

## APPENDIX OF EXHIBITS "A"

## APPENDIX "A" INDEX TO EXHIBITS

INDEX………………………………………………………………....i-vi

1. USPTO MASHA THE BEAR Trademark Report Registered By
   **Russian Federation in Moscow**………………………………..…………2

2. Graph of interconnected RICO firms…………………………………………..4

3. Animaccord W.D. Texas Docket Report CASE 6:23cv00277……….…....6-8

4. Clerk's  Notice to USPTO Including Russian Federation Moscow
   Trademark 4790909………………….……………………………….…..10

5. Notice identifying RICO firm Brickell IP Group PLLC Attorney Arthur
   Robert Weaver representing Animaccord in Texas Case not licensed to
   practice law in Texas ………..……………………………………………..12

6. Florida S. D.  Court Case 1:21CV20963-FAM Docket Report ……....14-16

7. Example of manufactured transaction page………………………………..18

8. Example of seller shipping profiles listed………………………………….20

9. USPTO GRUMPY CAT Trademark Reports including trademarks
   That are dead ………………………………………………...…….22-23

10. SOULFLY Trademark owner Brazilian National Massimiliano
    Antonio Cavalera USPTO Trademark Office Report …………….……25-26

11. Individuals, Partnerships, and unincorporated associations on
    Plaintiff's  Schedule "A"...........................................................................28-36

12. SOULFLY  Trademark owner Brazilian National Massimiliano
    Antonio Cavalera USPTO Trademark Office Report and Case filing
    as to trademark specifically for classification of goods "Beer".................38

13. Saheem M. Valdery USPTO Report showing residence in State of
    Georgia…USPTO Report showing dead and canceled
    Trademark………………………………………………………………….40

14. Saheem M. Valdery action against sellers with goods related to
    USPTO dead and canceled trademark…………………………………..…42

15. Smiley Company USPTO report…………………………………………44

16. Guang Zhou Sheng Wei Dian Zi Shang Wu You Xian Gong Si USPTO
    report on trademarks……………………………………………...…..…46-47

17. Yangzhou Okus Trading Co., Ltd. LIMITED LIABILITY COMPANY
    CHINA USPTO trademark report……………………………..………….49

18. Shenzhen Huajie Technology Co Ltd. USPTO trademark report……..51-52

ii

19. Guangzhou Xinge Trading Co., Ltd trademark information..............54-56

20. Wuhan Qinglu E-Commerce Co., Ltd. trademark information..........58-59

21. Liling Ye USPTO TRADEMARK INFORMATION.......................…..61

22. GUANGZHOU YUETENG E-COMMERCE CO............................…...63

23. Stuffed Beaver USPTO trademark report.......................................65

24. The Hague Convention Treaty information................................67-71

25. Chinese Defense Organization identifying the RICO firms and citing
    "Service Absentia"(NO SERVICE).........................................................73-76

26. Etsy, inc Report this Item Link................................….........................78

27. Etsy, Inc Report process for trademark infringement...........….…....…...80

28. NAMES OF INDIVIDUALS IMPERSONATING LICENSED
    INVESTIGATORS...................................................….....…...…........82-84

29. Corsearch Company Disclaimer.................................................86

30. Axencis, Inc USPTO trademark use report........................................88

31. Reverse IP locator reports on Axencis, Inc. employees...................90-93

32. 15 U.S.C. 1116 et., seq.........................................................95-100

33. H.R. Rep. No. 116-645 (2020) On First Amendment Protections...,..102-103

34. Declaration of Attorney Richard Guerra requesting 5 alleged evidentiary
    screenshots be used as evidence against all 77 misjoined defendants in
    Florida Middle District Court case 8:21cv01331 ...........................105
    .

35. Florida Middle District Court Local Rules ....................................107

36. Joint Statement on Trademark Counterfeiting Legislation, 130 Cong.
    Rec.H12076, H12078 (daily ed. Oct. 10, 1984.........................109-114

37. 15 U.S.C. 1115(B)(4).................................................................116

38. .link to email through the seller ID, and the takedown page showing
    link inaccessible.....................................................118-119

39. Proposed order including the required provision for hearing case
    8:21cv01331........................................................................121

iv

40. Judges removal of statutory required hearing……………..…………123-125

41. Judge Virginia Hernandez Covington personal profile………..…….….…127

42. Etsy, Inc, URL control……………………………………………………….129

43. Banister Law profile……………………………..…………………..131-132

44. Legal pleading footnote as to opening new offices in district where corrupt judge willing to aid and abet the RICO operation………………134

45. NBA STORE sales of resellable collectibles……………………………136

46. NBA store sales of resellable Kareem Abdul Jabbar collectibles………..137

47. Beckett GUide on market prices of NBA resellable collectibles……..……138

48. Complainant collectible item resold……………………………….…….140

49. Other alleged defendant victim listing resellable collectibles……….……141

50. Case 8:21cv01331 shotgun complaint……………………………..143-165

51. Case 8:21cv01331 Motion for ALternative Service failing to
identify specific alleged defendants and in violation of the Hague
Treaty………………………………………………………………167-183

# EXHIBIT 1



United States Patent and Trademark Office

Home Site Index Search FAQ Glossary Contacts eBusiness eBiz alerts News

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sun Jul 9 03:32:21 EDT 2023*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | | CURR LIST | | | Next Doc | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [        ]  OR  Jump  to record: [        ]  **Record 1 out of 6**

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

| | |
|---|---|
| **Mark Image** | |
| **Word Mark** | **MASHA** AND THE BEAR |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Pre-recorded DVDs  namely  motion picture films featuring children's entertainment. FIRST USE: 20150415. FIRST USE IN COMMERCE: 20150415 |
| | IC 016. US 002 005 022 023 029 037 038 050. G & S: Paper products  namely  children's storybooks  notebooks  coloring books  greetings cards  stationery  stickers and pens. FIRST USE: 20150. COMMERCE: 20150415 |
| | IC 018. US 001 002 003 022 041. G & S: Backpacks. FIRST USE: 20150415. FIRST USE IN COMMERCE: 20150415 |
| | IC 025. US 022 039. G & S: Apparel  namely  T-shirts and shoes. FIRST USE: 20150415. FIRST USE IN COMMERCE: 20150415 |
| | IC 028. US 022 023 038 050. G & S: Toys  namely  dolls  stuffed toys  board games and card games. FIRST USE: 20150415. FIRST USE IN COMMERCE: 20150415 |
| | IC 030. US 046. G & S: Candy. FIRST USE: 20150415. FIRST USE IN COMMERCE: 20150415 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS  LETTERS  AND/OR NUMBERS |
| **Design Search Code** | 02.05.04 - Children  girl(s)  Girls<br>02.05.24 - Stylized children  including children depicted in caricature form<br>03.01.14 - Bears other than pandas or teddy bears  Koalas  Koala bears  Black bears  Grizzly bears  Polar bears<br>03.01.23 - Stylized bears  excluding panda bears<br>03.01.26 - Costumed bears and those with human attributes |
| **Serial Number** | 85665129 |
| **Filing Date** | June 29  2012 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | March 19  2013 |
| **Registration Number** | 4790909 |
| **Registration Date** | August 11  2015 |
| **Owner** | (REGISTRANT) Masha and the Bear Ltd LIMITED LIABILITY COMPANY RUSSIAN FED. 9 Godovikova Street  Building 3 Moscow RUSSIAN FED. 129085 |
| | (LAST LISTED OWNER) ANIMACCORD LTD  CORPORATION CYPRUS Griva Digeni  82 Stephanie House 2nd floor  Flat/Office 202 Limassol CYPRUS 3101 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Michael G Shariff |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEAR" AS TO THE GOODS IN INTERNATIONAL CLASS 28 APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark  The mark consists of a little girl wearing a kerchief standing next to a waving bear  underneath them the words "Masha and The Bear" appear |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15  SECT 8 (6-YR) |

2

# EXHIBIT 2



4

# EXHIBIT 3

$\mathcal{S}$

TRADEMARK

## U.S. District Court [LIVE]
## Western District of Texas (Waco)
## CIVIL DOCKET FOR CASE #: 6:23-cv-00277-ADA

Animaccord Ltd. v. The Individuals, Partnerships, and
Unincorporated Associations Identified on Schedule A
Assigned to: Judge Alan D Albright
Cause: 15:1114 Trademark Infringement

Date Filed: 04/14/2023
Jury Demand: None
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Animaccord Ltd.**                                        represented by **Arthur Robert Weaver**
                                                           The Brickell IP Group, PLLC
                                                           1101 Brickell Avenue
                                                           South Tower, Suite 800
                                                           33131
                                                           Miami, FL 33131
                                                           305-710-4557
                                                           Email: rweaver@brickellip.com
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Individuals, Partnerships, and
Unincorporated Associations Identified
on Schedule A**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/14/2023 | 1 | COMPLAINT ( Filing fee $ 402 receipt number ATXWDC-17315489). No Summons requested at this time, filed by Animaccord Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Civil Cover Sheet, # 5 Supplement AO Form 120)(Weaver, Arthur) (Entered: 04/14/2023) |
| 04/14/2023 | 2 | Motion for leave to File Sealed Document (Attachments: # 1 Exhibit Schedule "A") (Weaver, Arthur) (Entered: 04/14/2023) |
| 04/14/2023 | 3 | EX PARTE MOTION (Attachments: # 1 Exhibit Golovlova Declaration, # 2 Exhibit Schedule B, # 3 Exhibit Schedule C, # 4 Exhibit Schedule D, # 5 Exhibit Weaver Declaration, # 6 Exhibit Schedule E (Def. 1-25), # 7 Exhibit Schedule E (Def. 26-50), # 8 Exhibit Schedule E (Def. 51-70), # 9 Exhibit Schedule E (Def. 71-95), # 10 Exhibit Schedule E (Def. 96-125), # 11 Exhibit Schedule E (Def. 126-160), # 12 Exhibit Schedule E (Def. 161-183), # 13 Proposed Order) (Weaver, Arthur) (Entered: 04/14/2023) |
| 04/14/2023 | 4 | EX PARTE MOTION (Attachments: # 1 Exhibit Weaver Declaration, # 2 Proposed Order) (Weaver, Arthur) (Entered: 04/14/2023) |
| 04/14/2023 | | Case assigned to Judge Alan D Albright and REFERRED to Magistrate Judge Derek T. Gilliland. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (lad) (Entered: 04/18/2023) |
| 04/17/2023 | | Case cannot be opened without an AO 120 filed. Once that is file a Judge will be assigned to the case and it will be opened.(sm3) (Entered: 04/17/2023) |
| 04/17/2023 | 5 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 forwarded to the Director of the U.S. Patent and Trademark Office. (Attachments: # 1 Exhibit AO Form 120)(Weaver, Arthur) (Entered: 04/17/2023) |


6

| 05/03/2023 | | Text Order GRANTING 2 Motion for Leave to File Sealed Document entered by Judge Alan D Albright. (This is a text−only entry generated by the court. There is no document associated with this entry.) (NMlc) (Entered: 05/03/2023) |
|---|---|---|
| 05/03/2023 | 6 | Sealed Document filed − Schedule A re 1 . (bw) (Entered: 05/03/2023) |
| 05/03/2023 | 7 | SEALED EX PARTE ORDER Filed for 3 . (bw) (Entered: 05/03/2023) |
| 05/03/2023 | 8 | SEALED EX PARTE ORDER Filed re 4 (bw) (Entered: 05/03/2023) |
| 05/03/2023 | | Preliminary Injunction Hearing set via zoom for 5/10/2023 01:30 PM before Judge Alan D Albright. (bw) (Entered: 05/03/2023) |
| 05/03/2023 | 9 | ORDER VACATING REFERRAL ORDER. CASE NO LONGER REFERRED to Magistrate Judge Derek T. Gilliland. Signed by Judge Alan D Albright. (bw) (Entered: 05/03/2023) |
| 05/03/2023 | 10 | REQUEST FOR ISSUANCE OF SUMMONS by Animaccord Ltd.. (Weaver, Arthur) (Entered: 05/03/2023) |
| 05/03/2023 | 11 | Summons Issued as to The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A. (bw) (Entered: 05/03/2023) |
| 05/07/2023 | 12 | MOTION *to Extend TRO and Reschedule Preliminary Injunction Hearing* re 7 Ex Parte Document by Animaccord Ltd.. (Weaver, Arthur) (Entered: 05/07/2023) |
| 05/08/2023 | | Text Order GRANTING 12 Motion entered by Judge Alan D Albright. Plaintiff requests a 21−day extension to the temporary restraining order and for the preliminary injunction hearing to be rescheduled accordingly. The Court finds Plaintiff has shown good cause for this extension because it is necessary so that Plaintiff can receive Defendants identifying information from the subpoenaed third−party platforms in order to effectuate service on Defendants, as well as to give all Defendants fair notice of any preliminary injunction hearing. Accordingly, the Court hereby ORDERS pursuant to Fed. R. Civ. P. 65(b)(2) that the temporary restraining order issued in this case on May 3, 2023 (ECF No. 7), is extended until June 7, 2023. The preliminary injunction hearing set in this case will also be continued in a separate order. (This is a text−only entry generated by the court. There is no document associated with this entry.) (NMlc) (Entered: 05/08/2023) |
| 05/08/2023 | 13 | ORDER RESETTING PRELIMINARY INJUNCTION HEARING:PRELIMINARY INJUNCTION HEARING by Public Zoom set for 5/31/2023 04:00 PM before Judge Alan D Albright. Signed by Judge Alan D Albright. (ad3) (Entered: 05/08/2023) |
| 05/22/2023 | 14 | NOTICE of Voluntary Dismissal by Animaccord Ltd. as to STEPHANCRU73 (Defendant No. 115 on Schedule A to The Complaint (Weaver, Arthur) (Entered: 05/22/2023) |
| 05/23/2023 | | Notice of Correction: Case closed in error on 5/22/23. Notice of dismissal only terming 1 defendant. Reopened. (ad3) (Entered: 05/23/2023) |
| 05/23/2023 | | Parties shall comply with Judge Albright's updated Standing Orders: Order Regarding Court Docket Management and Amended Standing Order for Pretrial Procedure. Both orders are available by clicking the hyperlink. (bot2) (Entered: 05/24/2023) |
| 05/24/2023 | 15 | ORDER RESETTING Motion Hearing for 6/6/2023 09:30 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (bot2) (Entered: 05/24/2023) |
| 05/24/2023 | 16 | NOTICE of Voluntary Dismissal AS TO CERTAIN DEFENDANTS by Animaccord Ltd. (Weaver, Arthur) Modified on 5/24/2023 (lad). (Entered: 05/24/2023) |
| 05/24/2023 | 17 | CERTIFICATE OF SERVICE by Animaccord Ltd. 8 Ex Parte Document (Weaver, Arthur) (Entered: 05/24/2023) |
| 05/24/2023 | 18 | MOTION to Unseal Document 2 Motion for leave to File Sealed Document filed by Animaccord Ltd., 3 EX PARTE MOTION filed by Animaccord Ltd., 8 Ex Parte Document filed by Animaccord Ltd., 4 EX PARTE MOTION filed by Animaccord Ltd., 6 Sealed Document filed by Animaccord Ltd., 7 Ex Parte Document filed by Animaccord Ltd. by Animaccord Ltd.. (Weaver, Arthur) (Entered: 05/24/2023) |

7

| 05/26/2023 | | Text Order GRANTING 18 Motion to Unseal Document 18 MOTION to Unseal Document 2 Motion for leave to File Sealed Document filed by Animaccord Ltd., 3 EX PARTE MOTION filed by Animaccord Ltd., 8 Ex Parte Document filed by Animaccord Ltd., 4 EX PARTE MOTION filed by Animaccord Lt entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (NMlc) (Entered: 05/26/2023) |
|---|---|---|
| 06/02/2023 | 19 | NOTICE of Voluntary Dismissal by Animaccord Ltd. (Weaver, Arthur) (Entered: 06/02/2023) |
| 06/03/2023 | 20 | NOTICE of Voluntary Dismissal by Animaccord Ltd. (Weaver, Arthur) (Entered: 06/03/2023) |
| 06/04/2023 | 21 | MOTION for Bond by Animaccord Ltd.. (Attachments: # 1 Exhibit Bond on Injunction)(Weaver, Arthur) (Entered: 06/04/2023) |
| 06/05/2023 | 22 | ORDER GRANTING 21 Motion for Bond. Signed by Judge Alan D Albright. (sm3) (Entered: 06/05/2023) |
| 06/06/2023 | 23 | NOTICE of Voluntary Dismissal by Animaccord Ltd. (Weaver, Arthur) (Entered: 06/06/2023) |
| 06/06/2023 | 24 | NOTICE of Voluntary Dismissal by Animaccord Ltd. (Weaver, Arthur) (Entered: 06/06/2023) |
| 06/06/2023 | 25 | Minute Entry for proceedings held before Judge Alan D Albright: Preliminary Injunction Hearing held on 6/6/2023. Motion granted. Written Order Granting Preliminary Injunction granted. (Minute entry documents are not available electronically.). (Court Reporter Kristie Davis.)(sm3) (Entered: 06/06/2023) |
| 06/08/2023 | 26 | ORDER Granting Plaintiff's Motion for Preliminary Injunction. Signed by Judge Alan D Albright. (sm3) (Entered: 06/08/2023) |
| 06/08/2023 | 27 | NOTICE of Voluntary Dismissal AS TO CERTAIN DEFENDANTS by Animaccord Ltd. (Weaver, Arthur) Modified on 6/8/2023 (lad). (Entered: 06/08/2023) |
| 06/12/2023 | 28 | NOTICE of Voluntary Dismissal AS TO CERTAIN DEFENDANTS by Animaccord Ltd. (Weaver, Arthur) (Entered: 06/12/2023) |
| 06/16/2023 | 29 | NOTICE of Voluntary Dismissal AS TO CERTAIN DEFENDANTS by Animaccord Ltd. (Weaver, Arthur) (Entered: 06/16/2023) |
| 06/20/2023 | 30 | NOTICE of Voluntary Dismissal AS TO CERTAIN DEFENDANTS by Animaccord Ltd. (Weaver, Arthur) Modified on 6/20/2023 (ad3). (Entered: 06/20/2023) |
| 06/20/2023 | 31 | NOTICE of Voluntary Dismissal AS TO CERTAIN DEFENDANTS by Animaccord Ltd. (Weaver, Arthur) (Entered: 06/20/2023) |
| 06/20/2023 | 32 | MOTION for Clerk's Entry of Default against Schedule of Defaulting Defendants by Animaccord Ltd.. (Attachments: # 1 Exhibit Weaver Declaration, # 2 Exhibit Schedule of Defaulting Defendants)(Weaver, Arthur) (Entered: 06/20/2023) |
| 06/21/2023 | 33 | Clerk's ENTRY OF DEFAULT as to The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule of Defaulting Defendants. (zv) (Entered: 06/21/2023) |
| 06/27/2023 | 34 | NOTICE of Voluntary Dismissal AS TO CERTAIN DEFENDANTS by Animaccord Ltd. (Weaver, Arthur) (Entered: 06/27/2023) |
| 07/05/2023 | 35 | NOTICE of Voluntary Dismissal AS TO CERTAIN DEFENDANTS by Animaccord Ltd. (Weaver, Arthur) (Entered: 07/05/2023) |
| 07/13/2023 | 36 | NOTICE of Voluntary Dismissal AS TO CERTAIN DEFENDANTS by Animaccord Ltd. (Weaver, Arthur) (Entered: 07/13/2023) |
| 07/13/2023 | 37 | NOTICE of Voluntary Dismissal AS TO CERTAIN DEFENDANTS by Animaccord Ltd. (Weaver, Arthur) (Entered: 07/13/2023) |



# EXHIBIT 4

9

Case 6:23-cv-00277-ADA   Document 5-1   Filed 04/17/23   Page 1 of 1

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____ on the following

☐ Trademarks or    ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT | |
|---|---|---|---|
| PLAINTIFF | | DEFENDANT | |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

# EXHIBIT 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

CASE NO. 6:23-cv-277

ANIMACCORD LTD.,
a Cyprus limited company,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

_____/

## NOTICE OF FILING PATENT/TRADEMARK FORM (AO 120)

      Plaintiff hereby gives **NOTICE** of having previously filed Form AO 120 (Dkt. 1-5) with

the filing of the Complaint in accordance with this Court's standing order. A copy of Form AO

120 is also attached to this notice.

Date:   April 17, 2023                Respectfully submitted by,

                                   THE BRICKELL IP GROUP, PLLC
                                   1101 Brickell Avenue
                                   South Tower, Suite 800
                                   Miami FL, 33131
                                   Tel: 305-728-8831
                                   Fax: 305-428-2450

                                   */s/ A. Robert Weaver*
                                   A. Robert Weaver
                                   Fla. Bar No. 92132
                                   Email: rweaver@brickellip.com

                                   *Counsel for Plaintiff*

EXHIBIT 6

CLOSED,JG

## U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:21-cv-20963-FAM

Ain Jeem, Inc. v. The Individuals, Partnerships and
Unincorporated Associations Identified on Schedule A
Assigned to: Judge Federico A. Moreno
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 03/11/2021
Date Terminated: 05/05/2021
Jury Demand: None
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

### Plaintiff

**Ain Jeem, Inc.**

represented by **Rafael A. Perez-Pineiro**
The Brickell IP Group PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
305-728-8831
Fax: 305-428-2450
Email: rperez@brickellip.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Guerra**
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
305-728-8831
Fax: 305-428-2450
Email: rguerra@brickellip.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole Fundora**
The Brickell IP Group, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
(786) 468-9736
Email: nfundora@brickellip.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**The Individuals, Partnerships and
Unincorporated Associations Identified
on Schedule A**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2021 | 1 | COMPLAINT against The Individuals, Partnerships and Unincorporated Associations Identified on Schedule A. Filing fees $ 402.00 receipt number AFLSDC-14513604, filed by Ain Jeem, Inc.. (Attachments: # 1 Civil Cover Sheet)(Fundora, Nicole) (Entered: 03/11/2021) |
| 03/11/2021 | 2 | Clerks Notice of Judge Assignment to Judge Federico A. Moreno.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Jonathan Goodman is available to handle any or all proceedings in this case. If agreed, |

14

| | | |
|---|---|---|
| | | parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. (ebz) (Entered: 03/11/2021) |
| 03/11/2021 | 3 | FORM AO 120 SENT TO DIRECTOR OF U.S. PATENT AND TRADEMARK (Attachments: # 1 Complaint) (ebz) Modified to restrict attachment see DE# 4 for corrected image on 3/15/2021 (ebz). (Entered: 03/11/2021) |
| 03/15/2021 | 4 | AMENDED FORM AO 120 SENT TO DIRECTOR OF U.S. PATENT AND TRADEMARK. (Correct Complaint attached) (Attachments: # 1 Complaint) (ebz) (Entered: 03/15/2021) |
| 03/22/2021 | 5 | AMENDED COMPLAINT against The Individuals, Partnerships and Unincorporated Associations Identified on Schedule A, filed by Ain Jeem, Inc.. (Attachments: # 1 Exhibit Exhibit 1~ federal trademark registrations)(Fundora, Nicole) (Entered: 03/22/2021) |
| 03/23/2021 | 6 | Plaintiff's EX PARTE MOTION for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets by Ain Jeem, Inc.. (Attachments: # 1 Affidavit Declaration of Deborah Morales, # 2 Affidavit Declaration of Richard Guerra, # 3 Text of Proposed Order) (Fundora, Nicole) Modified by Unsealing Document per 13 Paperless Order on 4/7/2021 (nc). (Entered: 03/23/2021) |
| 03/23/2021 | 7 | Plaintiff's EX PARTE MOTION for Order Authorizing Alternate Service of Process on Defendants by Ain Jeem, Inc.. (Attachments: # 1 Affidavit Declaration of Richard Guerra, # 2 Text of Proposed Order) (Fundora, Nicole) Modified by Unsealing Document per 13 Paperless Order on 4/7/2021 (nc). (Entered: 03/23/2021) |
| 03/23/2021 | 8 | Plaintiff's Motion to File Under Seal by Ain Jeem, Inc.. (Attachments: # 1 Exhibit Schedule A to Amended Complaint, # 2 Exhibit Schedule C to Declaration of Richard Guerra in Support of Motion for TRO, # 3 Text of Proposed Order) (Fundora, Nicole) Modified by Unsealing Document per 13 Paperless Order on 4/7/2021 (nc). (Entered: 03/23/2021) |
| 03/23/2021 | 9 | Corrected EX PARTE MOTION for Order Authorizing Alternate Service of Process on Defendants by Ain Jeem, Inc.. (Attachments: # 1 Affidavit Declaration of Richard Guerra, # 2 Text of Proposed Order) (Fundora, Nicole) Modified by Unsealing Document per 13 Paperless Order on 4/7/2021 (nc). (Entered: 03/23/2021) |
| 04/06/2021 | 10 | ORDER Denying 6 Ex Parte Motion for Entry of Temporary Restraining Order. Signed by Judge Federico A. Moreno on 4/6/2021. *See attached document for full details.* (nc) (Entered: 04/06/2021) |
| 04/06/2021 | 11 | ORDER Denying 8 Motion to File Under Seal. Signed by Judge Federico A. Moreno on 4/6/2021. *See attached document for full details.* (nc) (Entered: 04/06/2021) |
| 04/06/2021 | 12 | ORDER Granting 9 Corrected Ex Parte Motion for Order Authorizing Alternate Service of Process on Defendants. Signed by Judge Federico A. Moreno on 4/6/2021. *See attached document for full details.* (nc) (Entered: 04/06/2021) |
| 04/07/2021 | 13 | Paperless Order Directing the Clerk of Court to Unseal all the Sealed Documents 6~9 (Motions). Signed by Judge Federico A. Moreno on 4/7/2021. (jz01) (Entered: 04/07/2021) |
| 04/07/2021 | 14 | CLERK'S NOTICE of Compliance by Unsealing 6 , 7 , 8 ,and 9 pursuant to 13 Paperless Order (nc) (Entered: 04/07/2021) |
| 04/07/2021 | 15 | Plaintiff's EMERGENCY MOTION with Certification of Emergency included *for Reconsideration of Order Denying Plaintiff's Ex Parte Motion for Entry of Temporary Restraining Order and Order Denying Plaintiff's Motion to File Under Seal* by Ain Jeem, Inc.. Responses due by 4/21/2021 (Attachments: # 1 Exhibit Department of Homeland Security Report, # 2 Exhibit Executive Order 13904, # 3 Exhibit Similar requests for temporary restraining orders and expedited discovery which have been granted, # 4 Affidavit Declaration of Richard Guerra)(Fundora, Nicole) (Entered: 04/07/2021) |
| 04/08/2021 | 16 | PAPERLESS ORDER denying 15 Plaintiff's Emergency Motion for Reconsideration. Counsel must request permission to file any pleading under seal before filing the pleading. Signed by Judge Federico A. Moreno on 4/8/2021. (jz01) (Entered: 04/08/2021) |

| 04/08/2021 | 17 | Plaintiff's MOTION for clarification 16 Order on Emergency Motion with Certification of Emergency by Ain Jeem, Inc.. Responses due by 4/22/2021 (Fundora, Nicole) (Entered: 04/08/2021) |
| 05/03/2021 | 18 | NOTICE of Voluntary Dismissal *Without Prejudice* by Ain Jeem, Inc. (Fundora, Nicole) (Entered: 05/03/2021) |
| 05/05/2021 | 19 | FINAL ORDER OF DISMISSAL AND ORDER DENYING ALL PENDING MOTIONS AS MOOT. Signed by Judge Federico A. Moreno on 5/4/2021. *See attached document for full details.* (jz01) (Entered: 05/05/2021) |

# EXHIBIT 7

17

 **Checkout**

How do you like our checkout? Tell us what you think

**Pay with**

**VISA**
x-0433
GBP 19.03
GBP 1.00 = USD 1.3109
More exchange rate options

Add a credit or debit card

**PayPal**

**PayPal CREDIT**
Special financing available
Apply now See terms

Subtotal (1 item)                    $18.95
Shipping                              $5.99

**Order total**                      **$24.94**

By placing your order, you authorize PayPal to
process your payment, and you agree to
PayPal's user agreement and privacy
statement and eBay's User Agreement and
Privacy Notice

🔒  **Confirm and pay**

eBay MONEY BACK GUARANTEE
See details

**Ship to**

111 NE 1st Street, Flat 4
Miami, FL 33132-2517
United States
(929)xxxxx12
Change

18

# EXHIBIT 8

**Profile name ***

shop

**Origin ZIP code ***

Where do you ship
packages from?

38237

**Processing time ***

How much time do you
need to prepare an order
and put it in the mail?
Keep in mind, shoppers
have shown they're more
likely to buy items that
ship quickly.

3-5 days ▼

Your shop's order processing schedule is set to include:
Monday–Friday.

**Where I'll ship ***

What countries will you
ship to?

Restore defaults

☐ **All countries** (United States only)

We make shipping internationally a breeze. Costs are automatically
calculated based on the buyer's country, and we've got you
covered on the customs front too.

Read more about international shipping

☐ Asia Pacific    0    ▼

☐ Australia, New Zealand and Oceania    0    ▼

☐ Europe    0    ▼

☐ Latin America and the Caribbean    0    ▼

☐ North Africa and the Middle East    0    ▼

☑ North America    1    ▼

☐ Sub-Saharan Africa    0    ▼

20

# EXHIBIT 9

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TE§*

# GRUMPY CAT

| | |
|---|---|
| **Word Mark** | **GRUMPY CAT** |
| **Goods and Services** | (ABANDONED) IC 003. US 001 004 006 050 051 052. G & S: Deodorants for pets, Deodorizers for pe |
| | (ABANDONED) IC 005. US 006 018 044 046 051 052. G & S: Deodorizers for household pet litter box |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85972295 |
| **Filing Date** | June 27, 2013 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | December 3, 2013 |
| **Owner** | (APPLICANT) Grumpy Cat Limited LIMITED LIABILITY COMPANY OHIO 1900 Avenue of the Stars, 2 |
| **Attorney of Record** | Kia Kamran, Esq. |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CAT" APART FROM THE MARK AS SH( |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | March 6, 2017 |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   CURR LIST   FIRST DOC

22

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout Please logout when you are done to release system resources a

Start List At: [          ] OR Jump to record: [          ] **Record 8**

TSDR | ASSIGN Status | TTAB Status ( *Use the "Back" button of the*

# GRUMPY CAT

| | |
|---|---|
| **Word Mark** | **GRUMPY CAT** |
| **Goods and Services** | (ABANDONED) IC 032. US 045 046 048. G & S: Soft |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85879257 |
| **Filing Date** | March 18, 2013 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 18, 2013 |
| **International Registration Number** | 1280376; 1280376A |
| **Owner** | (APPLICANT) Grumpy Cat Limited LIMITED LIABILIT |
| **Attorney of Record** | Kia Kamran, Esq. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | September 19, 2016 |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

23

# EXHIBIT 10



**United States Patent and Trademark Office**

Home  Site Index  Search  FAQ  Glossary  Contacts  eBusiness  eBiz alerts  News

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Jul 13 03:32:22 EDT 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | | CURR LIST | | FIRST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [          ]  OR  Jump  to record: [          ]  **Record 3 out of 7**

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TE*

# SOULFLY

| | |
|---|---|
| **Word Mark** | SOULFLY |
| **Goods and Services** | IC 032. US 045 046 048. G & S: Beer. FIRST USE: 20201101. FIRST USE IN COMMERCE: 202 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88680805 |
| **Filing Date** | November 5, 2019 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | March 17, 2020 |
| **Registration Number** | 6252486 |
| **International Registration Number** | 1533827 |
| **Registration Date** | January 19, 2021 |
| **Owner** | (REGISTRANT) Cavalera, Massimiliano Antonio INDIVIDUAL BRAZIL 3010 East Bloomfield Pho |
| **Attorney of Record** | Peter Nussbaum |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | | CURR LIST | | FIRST DOC |

25

# United States of America
## United States Patent and Trademark Office

# SOULFLY

**Reg. No. 6,252,486**

**Registered Jan. 19, 2021**

**Int. Cl.: 32**

**Trademark**

**Principal Register**

Cavalera, Massimiliano Antonio  (BRAZIL INDIVIDUAL)
3010 East Bloomfield
Phoenix, ARIZONA 85032

CLASS 32: Beer

FIRST USE 11-1-2020; IN COMMERCE 11-1-2020

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO
ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 88-680,805, FILED 11-05-2019

26

# EXHIBIT 11

Case 0:21-cv-62498-RKA   Document 6-1   Entered on FLSD Docket 01/18/2022   Page 1 of 9

## Schedule A

|  | Company Name | Store URL |
|---|---|---|
| 1 | pengqe52 | https://www.wish.com/merchant/5e7b1f50abba52a4d5e5dd1 |
| 2 | zhangjing75484967675 | https://www.wish.com/merchant/5faa3e832928b718e89fa06e |
| 3 | milk3214 | https://www.wish.com/merchant/5e843d1e185561f2d7998203 |
| 4 | wangboyang140711 | https://www.wish.com/merchant/5fc7335d0e00d809b20f9492 |
| 5 | lilu6755645545 | https://www.wish.com/merchant/5ffd048e3279d00a070603a6 |
| 6 | liutian666 | https://www.wish.com/merchant/5ad089ee42159509558f444a |
| 7 | xiating1234 | https://www.wish.com/merchant/5fbdff11f2ae1000439cbfb0 |
| 8 | Diane Maxwell | https://www.wish.com/merchant/5e970b8fbc176e1cf38cb727 |
| 9 | rhondi guido | https://www.wish.com/merchant/5e8c7c1f29e7860e6210b384 |
| 10 | jaksjiuehr | https://www.wish.com/merchant/5e549e9429e7860f1cebcea8 |
| 11 | Omega Allies | https://www.wish.com/merchant/600d75cb4f1a7df9b6da91db |
| 12 | liushanna123 | https://www.wish.com/merchant/5f7ca61cc479b0f30a0526d |
| 13 | Rosemary R Thibodeaux | https://www.wish.com/merchant/5e99338929e78626efd266fa |
| 14 | workbovssoer | https://www.wish.com/merchant/5e9fdf50006fdb328fee26a7 |
| 15 | zhaoyongle77917 | https://www.wish.com/merchant/607e8c3cb20cf8763f520d0a |
| 16 | jianghongwei56271 | https://www.wish.com/merchant/607a4c7d4ca0083199d09431 |
| 17 | g6g6g8g | https://www.wish.com/merchant/5e92709529e78658c0864aa2 |
| 18 | duozhengzyi Store | https://www.wish.com/merchant/5f8a9163b192f8003c32874b |
| 19 | liuhaipo05281 | https://www.wish.com/merchant/60541fc5b0ed4a3895e4eb3c |
| 20 | chenwenxuan48184 | https://www.wish.com/merchant/607917d65d3b2f4054c52fab |
| 21 | lizhengquan76242 | https://www.wish.com/merchant/6083c7d3c9659d452d03f417 |
| 22 | tianfeifei0145 | https://www.wish.com/merchant/605c4b5a7d68de510139e714 |
| 23 | VincentYarger | https://www.wish.com/merchant/5e8986d429e786565520b25f |
| 24 | qiangjia fashion | https://www.wish.com/merchant/540eb7021d2d431f364b5bcc |
| 25 | NOOdlesd | https://www.wish.com/merchant/60827f8b4c1ecc663aa72af7 |
| 26 | liuyuhang0731 | https://www.wish.com/merchant/604730fb0b99b862ceb20b76 |
| 27 | Nerly Zanbola tomenlaty seruoway | https://www.wish.com/merchant/5e6351bbad6a884b8b648bd6 |
| 28 | Barbara J Laws | https://www.wish.com/merchant/5e97e724ea18a547c5ccc5c9 |
| 29 | wuqiuzengqian | https://www.wish.com/merchant/5e65f9cc00ff3726798f3d2c |
| 30 | zhangjing75484967675 | https://www.wish.com/merchant/5faa3e832928b718e89fa06e |
| 31 | zhangweihua Store | https://www.wish.com/merchant/5f4756464295f30f39ed0f77 |
| 32 | mayuming5214 | https://www.wish.com/merchant/5fc6ff266d407c1173173dd2 |
| 33 | haozeming684 | https://www.wish.com/merchant/5ffe607a66ba4f16812e1c14 |
| 34 | gancitaoqing | https://www.wish.com/merchant/5efd5a9e27fde57fc3924702 |
| 35 | JasonGriffith | https://www.wish.com/merchant/5e78631772b03263d10f0b7a |
| 36 | yushulinfeng | https://www.wish.com/merchant/5e672f6afc578f4dab92847b |
| 37 | sjqqfashion | https://www.wish.com/merchant/58cfb43119bf8b506f30fa81 |
| 38 | Sekou bonaner tocoler | https://www.wish.com/merchant/5e61b15b039ce203cf0ed4fb |
| 39 | nvqifgiu | https://www.wish.com/merchant/5c5ca020f5995fbb32ee119a |
| 40 | liguozheng68129 | https://www.wish.com/merchant/603ef849cbe2491e523fd65a |
| 41 | 2301caozhiyao | https://www.wish.com/merchant/5ef301dcd743e41ff74b0c96 |
| 42 | teresa buendia | https://www.wish.com/merchant/5f9f601edeb1a4004901cda1 |
| 43 | CarolLong | https://www.wish.com/merchant/5e89725cc77ae33bcfb1efcb |
| 44 | wangyunxia07728 | https://www.wish.com/merchant/604b2c488ac433053f5e710c |
| 45 | xnvop | https://www.wish.com/merchant/60827deb89c4461bea7a9ee7 |
| 46 | lubowitzjame | https://www.wish.com/merchant/5e8daef220c9b74e0217f27c |
| 47 | christinijhdecott | https://www.wish.com/merchant/5ca1588ead256859c0317e8a |
| 48 | zhuangyuanyuan30800 | https://www.wish.com/merchant/607cfa9077d72828dc33a33b |
| 49 | zhangyikang50937 | https://www.wish.com/merchant/607aa8584ca0088244d09c21 |

### Schedule A

|    | Company Name | Store URL |
|----|--------------|-----------|
| 50 | xialianhua16627 | https://www.wish.com/merchant/6093552851aeaf11eb4a3d83 |
| 51 | Hair Braiding Salon | https://www.wish.com/merchant/600f9a13e155023c3ac11a50 |
| 52 | dqzf97jing | https://www.wish.com/merchant/5f6985827cc0a08c68d40f7b |
| 53 | guying84152 | https://www.wish.com/merchant/606e9240eca04026c00075bb |
| 54 | JJMOLL Rose | https://www.wish.com/merchant/600712ba18d5543d67213e61 |
| 55 | shelbyyya | https://www.wish.com/merchant/5ca01020006fdba2b3ee20d5 |
| 56 | taohonghua | https://www.wish.com/merchant/5e6989f85098721b18ac6601 |
| 57 | wuche872 | https://www.wish.com/merchant/5e9001e31180944c85cbfddc |
| 58 | yaoyanfang8888 | https://www.wish.com/merchant/5f55aa3dcf3694897cc17520 |
| 59 | zhangjun080 | https://www.wish.com/merchant/5fa8b9e73349d524a6952f1e |
| 60 | zhangdongqiong43762 | https://www.wish.com/merchant/5fd2fe5daf22834899c57702 |
| 61 | hujihong Store | https://www.wish.com/merchant/5f83be727758fb5f3d6e8b2e |
| 62 | Veinonyen Pants | https://www.wish.com/merchant/5efea7899ac72bbaf30d86de |
| 63 | JeremyHook | https://www.wish.com/merchant/5e869ed09a295a5dd5b86fb2 |
| 64 | shngadyue | https://www.wish.com/merchant/5e67089348b587399d4bf219 |
| 65 | xuxinyi Store | https://www.wish.com/merchant/5f7e36bdf82a9a750ebf0536 |
| 66 | chijinhao9815 | https://www.wish.com/merchant/6008e61308fada1e2fe8a1e1 |
| 67 | wanghui3529 | https://www.wish.com/merchant/60024da5374fc50e5c97a517 |
| 68 | VilmaChoi | https://www.wish.com/merchant/5e80861b36e4b823c0d2d19a |
| 69 | Variedades Yuli | https://www.wish.com/merchant/5f6bd4374cc3885930be9f66 |
| 70 | ShitanshaoyuansAn | https://www.wish.com/merchant/5e6b74933c17f49ba8baa583 |
| 71 | Jamie S Ross | https://www.wish.com/merchant/5e9949bad1b1ae590c2b252d |
| 72 | chenqing4112 | https://www.wish.com/merchant/5fd84f2d0efffb5d3183309d |
| 73 | ladpoaw | https://www.wish.com/merchant/5e5f3ac3a7006c0a00279822 |
| 74 | duhanyu35455 | https://www.wish.com/merchant/6058094efd55ba0681a8c6c5 |
| 75 | wudaoyun1885 | https://www.wish.com/merchant/607fa0257b86d31a5fd51f14 |
| 76 | Hangwiwi | https://www.wish.com/merchant/5f134b3b29e7867f4b0001f1 |
| 77 | fangchang25763 | https://www.wish.com/merchant/60961b75acf3fa67c173dd9a |
| 78 | xuyejun4618 | https://www.wish.com/merchant/600cdb20bdd8d767c1b3d168 |
| 79 | Hanzhagen4161 | https://www.wish.com/merchant/5fd5dd76e69fe8993c3a5aed |
| 80 | Jason Riddering | https://www.wish.com/merchant/5e90482ae3851e88fa79b453 |
| 81 | chenyanan62170 | https://www.wish.com/merchant/60657ca64090837f3807e512 |
| 82 | estampeu | https://www.wish.com/merchant/5fcdfe184bc15b3f8282d608 |
| 83 | yangchunghao | https://www.wish.com/merchant/5ef1b63c5d3e151d4234f74a |
| 84 | wangmingzhena | https://www.wish.com/merchant/5e68c01ea1f2af8fad2cbfb0 |
| 85 | wupeng Store | https://www.wish.com/merchant/5f73f86866cb8372610f4182 |
| 86 | guoxi112233 | https://www.wish.com/merchant/5fa358ba10a2cd10a67cbdb9 |
| 87 | liyanping Store me | https://www.wish.com/merchant/5f8805446c6b9113edb1d6c5 |
| 88 | zhanghaopeng115150 | https://www.wish.com/merchant/5fa9023ac0d9899e70725205 |
| 89 | Jose Maddox | https://www.wish.com/merchant/5e9717c229e786727c3bf085 |
| 90 | Andres Cardoso | https://www.wish.com/merchant/5e9053f9e3851e1b427b5c58 |
| 91 | wanghaiyan123231 | https://www.wish.com/merchant/5ff7dfe5cc479b268ba051f7 |
| 92 | skjdfsdjkgvkf | https://www.wish.com/merchant/5e6770cd589024825613f5a8 |
| 93 | Fuefar bags | https://www.wish.com/merchant/5e5ca0726ac64e1640fd3db7 |
| 94 | yachtsmanship | https://www.wish.com/merchant/5fdcc0f54322fa8fd922bed4 |
| 95 | yangliu66503 | https://www.wish.com/merchant/6042f8b5cdfba13a48cbbac9 |
| 96 | AlvisAlvayBbVh | https://www.wish.com/merchant/5e8ee9a8d54a752d556aff75 |
| 97 | KennethGomez | https://www.wish.com/merchant/5e8714ec1f848a92f58a7476 |
| 98 | wanghaonan28251 | https://www.wish.com/merchant/6077aed2959bda3cb1a5c2db |

29

Case 0:21-cv-62498-RKA Document 6-1 Entered on FLSD Docket 01/18/2022 Page 3 of 9

## Schedule A

| | Company Name | Store URL |
|---|---|---|
| 99 | rosaries | https://www.wish.com/merchant/5fca042364413307928734d8 |
| 100 | James Fitzpatrick | https://www.wish.com/merchant/5e86bf0d3338732a80713640 |
| 101 | peijiaxin2965 | https://www.wish.com/merchant/607e497fd1b54205c17addb7 |
| 102 | sunwenqing60635 | https://www.wish.com/merchant/604c2991e05561368a48ee1c |
| 103 | BBradle | https://www.wish.com/merchant/5c9005a12481274ee3ed51d9 |
| 104 | TaylorJames | https://www.wish.com/merchant/5e80742fdcc8613f9abaf8e8 |
| 105 | pangjie82453 | https://www.wish.com/merchant/60949c3ef7d9110a7b3cb753 |
| 106 | yudeming68818 | https://www.wish.com/merchant/604c3ad41bd2f34819e8efa6 |
| 107 | Samantha Hartman | https://www.wish.com/merchant/5e972e2a5b1d4b36a2d6a272 |
| 108 | lijiachengz | https://www.wish.com/merchant/5fb88a3ba2771c23a7f57019 |
| 109 | yujiaxiaopuzi | https://www.wish.com/merchant/5e69b2a75098723afeac653b |
| 110 | huangjiahui95691 | https://www.wish.com/merchant/6068004ee52b1f3a98d06db3 |
| 111 | lianglihao7990 | https://www.wish.com/merchant/6046ef48f824f326b014a559 |
| 112 | huanvxuyunhao1124 | https://www.wish.com/merchant/5f50692d9a089c710a32e7d5 |
| 113 | wanglei Store | https://www.wish.com/merchant/5f7296749ad718390dd4b09c |
| 114 | Cfayn | https://www.wish.com/merchant/5e8fc9e5d9de511645496e95 |
| 115 | xuruonan199 | https://www.wish.com/merchant/5fa8fa35f9a0a2755523fddd |
| 116 | fanzheaong0070 | https://www.wish.com/merchant/5ff2822ff4ce010743527d43 |
| 117 | chenchunhui9424 | https://www.wish.com/merchant/5ff291ded736ef1fffafe2cc |
| 118 | Jonmgl | https://www.wish.com/merchant/5e86e884cdbbb843405630d4 |
| 119 | zhaoyanming8910 | https://www.wish.com/merchant/5ebfa3b927aae227028577ec |
| 120 | FanziduanwDr | https://www.wish.com/merchant/5e6de7f4551040459ca39017 |
| 121 | songguangq | https://www.wish.com/merchant/5f02f294cce85ff8c5ebecdc |
| 122 | gameswalkt | https://www.wish.com/merchant/5fc9d04c24536804bc065311 |
| 123 | yangliu66503 | https://www.wish.com/merchant/6042f8b5cdfba13a48cbbac9 |
| 124 | liwenlong60955 | https://www.wish.com/merchant/60556126cf887f004d1e80ef |
| 125 | xiushuizhilishang | https://www.wish.com/merchant/5ef9a6ff9ea1982fdecc337f |
| 126 | lilanxin86805 | https://www.wish.com/merchant/6056b7ed4f784e0964a709d8 |
| 127 | Jerry M Simmons | https://www.wish.com/merchant/5e95511025bb5e07b92426cf |
| 128 | yanruihao51161 | https://www.wish.com/merchant/60517bb2496e082ce2e96ca7 |
| 129 | jiangguotao | https://www.wish.com/merchant/5a6d51ff72765315e1b247ff |
| 130 | wanglina26691 | https://www.wish.com/merchant/60546823df1d1b07c1650406 |
| 131 | caichenxin389568 | https://www.wish.com/merchant/5ffe8e364c4fd5730a49984 |
| 132 | zhaodonggang6895 | https://www.wish.com/merchant/601399f5b0b9c40a0a39898f |
| 133 | zengzixuan3011 | https://www.wish.com/merchant/5fc49cd984b7f518580d2a9b |
| 134 | mabo fashion | https://www.wish.com/merchant/5411a439f8abc808c158d43c |
| 135 | Michael Eger66 | https://www.wish.com/merchant/5c9fbfc24b4ca869c917b5c |
| 136 | Agent of Joy | https://www.wish.com/merchant/6024b315fb7ef60ded0b61ec |
| 137 | zhangxiangjin2884 | https://www.wish.com/merchant/600cee84282f6679d8e62967 |
| 138 | liyang82383 | https://www.wish.com/merchant/6065629811c1b00660618539 |
| 139 | TobeyCherrycUqE | https://www.wish.com/merchant/5ea12d3be8048201c86365ad |
| 140 | kangzhan2 | https://www.wish.com/merchant/5e8ee1c5b63f827c8ad5c395 |
| 141 | ricefrankie856 | https://www.wish.com/merchant/5e90680a187e5b3042cdfc18 |
| 142 | sunxinyue002X | https://www.wish.com/merchant/5fadf8cd05c35533cdf027f6 |
| 143 | xuruonan199 | https://www.wish.com/merchant/5fa8fa35f9a0a2755523fddd |
| 144 | Jay Guerra | https://www.wish.com/merchant/5e972eec8ebdfc385aadb693 |
| 145 | xuqingchu fashoin | https://www.wish.com/merchant/541256b04ad3ab15860f7272 |
| 146 | zhutingting2095 | https://www.wish.com/merchant/5fe5df06a48b42fb87621619 |
| 147 | KENNETH L LEMONS | https://www.wish.com/merchant/5e85e4ff02a8006c8013b0c2 |

**Schedule A**

| | Company Name | Store URL |
|---|---|---|
| 148 | Wanglei686868 | https://www.wish.com/merchant/5fc73dabb34108107fea4e67 |
| 149 | chengmin2223 | https://www.wish.com/merchant/5f90e829232f018e01b13897 |
| 150 | yangshufen987 | https://www.wish.com/merchant/60013332b736dc52b857321a |
| 151 | yangliu66503 | https://www.wish.com/merchant/6042f8b5cdfba13a48cbbac9 |
| 152 | ashtoncharles | https://www.wish.com/merchant/5fd32fb2f6b9fa1f429debc5 |
| 153 | liusijie85213 | https://www.wish.com/merchant/607bd151bd763c45020d9f6c |
| 154 | qinchuan53410 | https://www.wish.com/merchant/60559138bfb6934cc60cc362 |
| 155 | wutongzhou82648 | https://www.wish.com/merchant/607beb5abd763c45020db07b |
| 156 | danbinghe543 | https://www.wish.com/merchant/603c4b7643a2110ba54b8743 |
| 157 | decarbonater | https://www.wish.com/merchant/5f8d9ee7db0534983359bdc4 |
| 158 | mayanping5195 | https://www.wish.com/merchant/607d0737feeb7e368a4d464c |
| 159 | sotestxandy | https://www.wish.com/merchant/5e9fe123785e144048cc4ef2 |
| 160 | longyongfei711882456 | https://www.wish.com/merchant/5faa26dd3cadd60042c71b88 |
| 161 | Jason B Schultz | https://www.wish.com/merchant/5e9836ddd4392f3ba3f7f7f6 |
| 162 | Liana G Kim | https://www.wish.com/merchant/5e995014694c71004446b897 |
| 163 | littlemistressuk | https://www.wish.com/merchant/5fc47afce74ab3519019d8d8 |
| 164 | zhthethdrjtuf | https://www.wish.com/merchant/5de1cb3b84f1844080c08611 |
| 165 | fuyejiu68781 | https://www.wish.com/merchant/606ff92b3d3a6cc1e5e4516f |
| 166 | Commodores | https://www.wish.com/merchant/6085cdc14fc4c194baa228ef |
| 167 | murraymonicahanba907 | https://www.wish.com/merchant/5e8dabba7a17251880679744 |
| 168 | hanjepen | https://www.wish.com/merchant/5e7c088d2863541653ebdd5b |
| 169 | angrngp | https://www.wish.com/merchant/5e8ed3bdb63f827068d5c4d4 |
| 170 | wangwei118 | https://www.wish.com/merchant/5fa8b741dc03553375b9282c |
| 171 | Liusitong0514 | https://www.wish.com/merchant/5fc88dc9827ddb14a8cbe0a8 |
| 172 | fhucyuhwn | https://www.wish.com/merchant/5e6476091c32cb1bc01333b0 |
| 173 | FGHDRdrgedW | https://www.wish.com/merchant/5e60ef43a6757d3658430459 |
| 174 | Liyang123456 | https://www.wish.com/merchant/5fc9b6d45f618f2a11a01d48 |
| 175 | DorisEstes | https://www.wish.com/merchant/5e785c06ba7ff15c654b4fec |
| 176 | youqiang fashion | https://www.wish.com/merchant/541d315e4ad3ab65449b3224 |
| 177 | wangyunkai1453 | https://www.wish.com/merchant/5fd044256a42201e18b62388 |
| 178 | Sushi & Teriyaki | https://www.wish.com/merchant/6012391edb5d4230da455449 |
| 179 | zhangguirong543 | https://www.wish.com/merchant/6039ada9458e6e6d0934e77b |
| 180 | Yupios | https://www.wish.com/merchant/5f9b539b44cb250bacaba8cc |
| 181 | zhaoli97780 | https://www.wish.com/merchant/6073e48fc26a110057ffbf93 |
| 182 | FraleyTysonshop6 | https://www.wish.com/merchant/605883febc3d8ea43bdcd138 |
| 183 | Dennis K Hammond | https://www.wish.com/merchant/5c957811ed195b1ac2c9b4ad |
| 184 | liuchengwu83762 | https://www.wish.com/merchant/607be6b6c68624af54b661ce |
| 185 | surprise ming | https://www.wish.com/merchant/5d552db6560cca4cc1d3ac74 |
| 186 | B&B Butchers & Restaurant | https://www.wish.com/merchant/6020f16471884d2c07c46ec0 |
| 187 | zhangjiabao93813 | https://www.wish.com/merchant/6056f190a86d438d667aad02 |
| 188 | hanbaozhu9794 | https://www.wish.com/merchant/604076497744d900445a1f33 |
| 189 | shaojijun78075 | https://www.wish.com/merchant/6077d968ae0868004ae5da3c |
| 190 | Rank Electronics | https://www.wish.com/merchant/5fda6501cb13b45da6a7dc7c |
| 191 | agardy | https://www.wish.com/merchant/5fd1fbfe344af2ab7d928cf3 |
| 192 | Zizisunny Toys | https://www.wish.com/merchant/5e66f9ce0d422302885b52c3 |
| 193 | JosephJones123 | https://www.wish.com/merchant/5e745ae53933960741 3983b9 |
| 194 | dongjie85979 | https://www.wish.com/merchant/6067f8aa6f36d23ba49256ca |
| 195 | Heihaipler Shaver | https://www.wish.com/merchant/5e68898e552c94041e8caff5 |
| 196 | huanshhuansh | https://www.wish.com/merchant/5e7c1dfe2260a927837289c8 |

31

## Schedule A

| | Company Name | Store URL |
|---|---|---|
| 197 | zhoutong2456 | https://www.wish.com/merchant/5f4de09fe7488c003ae0733d |
| 198 | Amanda Diaz | https://www.wish.com/merchant/5e85b0b1338f47cd39a2a5b2 |
| 199 | zhoudong5001 | https://www.wish.com/merchant/5fac00e5b9d35321c8faa987 |
| 200 | xuedandan2049 | https://www.wish.com/merchant/5ffd50438308b40850bad4dd |
| 201 | Jeanette Garner | https://www.wish.com/merchant/5e972c1529e78605c03ce44d |
| 202 | yuanfenxie00 | https://www.wish.com/merchant/5e7048c17e53213d82bdfb7a |
| 203 | liushuang464665 | https://www.wish.com/merchant/5ffc7de041c4fd456fa49964 |
| 204 | dfzdfsd store | https://www.wish.com/merchant/5420359782b9ac03a443bc27 |
| 205 | Manche progran Sakeler | https://www.wish.com/merchant/5e67559d48763f58dbd59515 |
| 206 | tsubiz | https://www.wish.com/merchant/5fc9b889b35b1830a1883f74 |
| 207 | Kootheh | https://www.wish.com/merchant/5f129ed5288a6dda45223ea |
| 208 | Lorenza M Harris | https://www.wish.com/merchant/5e9838ee57aca68a486f8122 |
| 209 | JPANLeilani | https://www.wish.com/merchant/600780cc967f2c03164cdf86 |
| 210 | PaulSkidmore | https://www.wish.com/merchant/5e7f1a78a758299ff67ab5eb |
| 211 | zhangzhicheng45498 | https://www.wish.com/merchant/60558091a86d4344ed7aad24 |
| 212 | songchangsong48531 | https://www.wish.com/merchant/6075697a1f655804a9413ffa |
| 213 | YIJIN51 | https://www.wish.com/merchant/5d70c166a28c256ca81d294e |
| 214 | xushisong17146 | https://www.wish.com/merchant/607bc344bd763ca41e0ce927 |
| 215 | shechengping45670 | https://www.wish.com/merchant/604c62bdf467b96eb166fa82 |
| 216 | duyu022314 | https://www.wish.com/merchant/604ae972abb5323104c1d669 |
| 217 | wanglongyu20593 | https://www.wish.com/merchant/607a83f24ca0086821d0947c |
| 218 | yangruize63726 | https://www.wish.com/merchant/606811a8e08c776244ae2a06 |
| 219 | Emma Caroline McCuiston | https://www.wish.com/merchant/5e91af4dbdebf4992e041fcf |
| 220 | zhangfengaq | https://www.wish.com/merchant/5e674089bd473e6556b97ec7 |
| 221 | StevenWhitwortn | https://www.wish.com/merchant/5e9c16b329e7862b4032ec43 |
| 222 | xiahongjie83854 | https://www.wish.com/merchant/6067fbd0390ef75144ffc082 |
| 223 | BeihuangmengzOd | https://www.wish.com/merchant/5e6cc7ac1061cf7bcc54e74f |
| 224 | yanjeawa | https://www.wish.com/merchant/5e7b10360abba51b655e62d8 |
| 225 | liuchuanzheng258 | https://www.wish.com/merchant/5fa63c882c522d59fb7d8ce7 |
| 226 | wangqiuyujiping | https://www.wish.com/merchant/5e6462c9b24fc90a5b6c1cb2 |
| 227 | Jiaoqiangao678 | https://www.wish.com/merchant/5faa32926b51025734e06893 |
| 228 | leirt | https://www.wish.com/merchant/5fbb9c54474b5feb647c65b2 |
| 229 | yuanxifu7890 | https://www.wish.com/merchant/5ffbcb8c80b27661aa200027 |
| 230 | weed shop kvc | https://www.wish.com/merchant/5e8ec671676d25091c4137a3 |
| 231 | mumusan | https://www.wish.com/merchant/571787a61822105aa4e51a0d |
| 232 | sara swan | https://www.wish.com/merchant/5e858aafb5a9081984de8751 |
| 233 | Christophercb | https://www.wish.com/merchant/5e8832f829e7864a1820b1ab |
| 234 | Spidercloud | https://www.wish.com/merchant/5fe6c8b14b77d6da4b8102bc |
| 235 | wuyanping123 | https://www.wish.com/merchant/6041a5914c29f62b22187ef9 |
| 236 | zhaojiangqian Store | https://www.wish.com/merchant/5f7eb707acc4bc156db26edf |
| 237 | SRY News from Science | https://www.wish.com/merchant/600003b4c7dec073935b7cdb |
| 238 | zhangxiuxia856356 | https://www.wish.com/merchant/603762d424bcac004299673e |
| 239 | jiaguojian23634 | https://www.wish.com/merchant/6094c0ab61f14a5282f3a765 |
| 240 | wangzhonghui5795 | https://www.wish.com/merchant/6049c495b5f23d22db394fd8 |
| 241 | qwedada666 | https://www.wish.com/merchant/5efaf7d1536b3f6138b8fa5f |
| 242 | liu'yan33282 | https://www.wish.com/merchant/606e78bc84e62f438e953a7b |
| 243 | ivan Zoli | https://www.wish.com/merchant/5fc9c15f94c32332424f31c5 |
| 244 | liuhuaibo88967 | https://www.wish.com/merchant/60599729bef3e90045e4a353 |
| 245 | yangjunxia Store | https://www.wish.com/merchant/5f79714111914789cb295454 |

**Schedule A**

|     | Company Name | Store URL |
|-----|--------------|-----------|
| 246 | zhujie6398 | https://www.wish.com/merchant/60768f0bc1999679015680c4 |
| 247 | i-infun | https://www.wish.com/merchant/55779309429aa92941bc2209 |
| 248 | Rhonda Castro | https://www.wish.com/merchant/5e9a8ef825c3d409015776db |
| 249 | zhouxiyu40247 | https://www.wish.com/merchant/60a3706128e4ec0046617647 |
| 250 | ThomasGoldberg | https://www.wish.com/merchant/5e799d79f1ea1444881a7c4f |
| 251 | Sohanahisap | https://www.wish.com/merchant/5f135bdc49fbb5761280d7cd |
| 252 | Simissy Shirts | https://www.wish.com/merchant/5c684b992fb13f2d090a9751 |
| 253 | molili61018 | https://www.wish.com/merchant/5f8ec3f306860dede9488e85 |
| 254 | Vendoudu Toys | https://www.wish.com/merchant/5c688143c96c2852908ffebc |
| 255 | jiaqingqing998923 | https://www.wish.com/merchant/5faa18a19d15973da3ad15de |
| 256 | lijienan254 | https://www.wish.com/merchant/5ff7ff42d46b3b132e790915 |
| 257 | cuidaomupeng | https://www.wish.com/merchant/5ede5e22e33e2f049c2d85d8 |
| 258 | zhanmeiyu1314 | https://www.wish.com/merchant/5fd03b33e2c7101d8916715a |
| 259 | wangqi1228 | https://www.wish.com/merchant/5fb76747d59d5b5aeb7ef8cc |
| 260 | lihao461x | https://www.wish.com/merchant/5ffd31d43f7d143da866114b |
| 261 | asflsadjk45 | https://www.wish.com/merchant/5ef314918f92ee37067f23de |
| 262 | Buck That! | https://www.wish.com/merchant/5ffbc87600d57c59618143ca |
| 263 | wangcheng Store | https://www.wish.com/merchant/5f72da290e08e2003d52a838 |
| 264 | TiffanyIngramqFvGp | https://www.wish.com/merchant/5c8eed45005c600cc1f10de4 |
| 265 | zhangjin12063 | https://www.wish.com/merchant/6052eab07e7697641e1ab53a |
| 266 | zhangpengxia13990 | https://www.wish.com/merchant/6052c31d3a2f3c407a293c55 |
| 267 | crkunfbal | https://www.wish.com/merchant/5e9fb89913546c7f8edb0548 |
| 268 | zhuxiaolong1234 | https://www.wish.com/merchant/5fe412a905f77237dd8f238b |
| 269 | RobertStoltenberg | https://www.wish.com/merchant/5e7c1eea1aa7b91c012691ba |
| 270 | JenniferHarper | https://www.wish.com/merchant/5c896ce902c0175412828bed |
| 271 | guoruixi17677 | https://www.wish.com/merchant/607bbb47c686248411b6631e |
| 272 | guotao48364 | https://www.wish.com/merchant/6077c83c959bda55a8a5c311 |
| 273 | zhouzhiru86029 | https://www.wish.com/merchant/607bea39a659d5a3835a361f |
| 274 | Tara A Homan | https://www.wish.com/merchant/5c994930e24a070606da6b98 |
| 275 | Wendy gough | https://www.wish.com/merchant/5c96bf8af2744d4bbc0ba692 |
| 276 | Beverly Dorsey | https://www.wish.com/merchant/5e8ccff6c065a2138065aab9 |
| 277 | NPC Katherine Land | https://www.wish.com/merchant/60108o46e155024229c11ad2 |
| 278 | pengpenghe | https://www.wish.com/merchant/5e69ff98cfd53477d54fa749 |
| 279 | xcnvbyfio | https://www.wish.com/merchant/5e6356f1982865264284de63 |
| 280 | tanglin281632 | https://www.wish.com/merchant/5fa8fbc83d54c779ff933d0f |
| 281 | icioruoje | https://www.wish.com/merchant/5e62058948e46d1f8e9a56b3 |
| 282 | fvjvdxvh | https://www.wish.com/merchant/5fcf1a907e7caa0a3a95c1d8 |
| 283 | lijienan254 | https://www.wish.com/merchant/5ff7ff42d46b3b132e790915 |
| 284 | RebecaSchilling | https://www.wish.com/merchant/5e8d3598be3118c88626c319 |
| 285 | ChristineAskew | https://www.wish.com/merchant/5e86a9a629e7860e2b30ba82 |
| 286 | liujiahaovc | https://www.wish.com/merchant/5fb730a0d65c6327662b81c7 |
| 287 | dindDNndc | https://www.wish.com/merchant/5e6f46046bab203302b6df1f |
| 288 | WarrenGoodrich | https://www.wish.com/merchant/5e873f98b67d448d10b1f8b2 |
| 289 | ZacharyJoshuakFaA | https://www.wish.com/merchant/5ea12ebd2a4ed44d59c97b3d |
| 290 | JerryFannypFdGoN | https://www.wish.com/merchant/5ca12e5a6cf7c844b58f5a72 |
| 291 | qqwwq65 | https://www.wish.com/merchant/5e9bba4d2405fb5106c4a5b7 |
| 292 | inversiones auto cauchos | https://www.wish.com/merchant/5f9d87766535343487d4faa1 |
| 293 | shennan051371 | https://www.wish.com/merchant/60581802bc3d8e32e5ded142 |
| 294 | gaoqichao24144 | https://www.wish.com/merchant/6094f362996c94f97d86ac86 |

33

Case 0:21-cv-62498-RKA   Document 6-1   Entered on FLSD Docket 01/18/2022   Page 7 of 9

## Schedule A

| | Company Name | Store URL |
|---|---|---|
| 295 | yinxinlong2393 | https://www.wish.com/merchant/5fd02d4dfc3d8825b7cbab35 |
| 296 | shengfeng64741 | https://www.wish.com/merchant/60779fe75ddb6f0e901c3085 |
| 297 | cojcxuoizc | https://www.wish.com/merchant/5fcf278d806d376bdaab9d09 |
| 298 | guorui71320 | https://www.wish.com/merchant/6054548e32442f79c42b6a73 |
| 299 | linzhiwei23329 | https://www.wish.com/merchant/607a8ac3a659d56cf35a2f98 |
| 300 | sunjie48974 | https://www.wish.com/merchant/607d572cf20ad60a06318ac8 |
| 301 | Allen V Steele | https://www.wish.com/merchant/5e994a32f4479b5a01df32bf |
| 302 | JosephBabcock | https://www.wish.com/merchant/5e88028ba7d649fa1ada405c |
| 303 | Jill Lockey | https://www.wish.com/merchant/5e9a6aad2405fb3360c4a65b |
| 304 | Hearsmistfemar | https://www.wish.com/merchant/5e62269648e46d3d609a56b2 |
| 305 | zhangxinjie22359 | https://www.wish.com/merchant/60543fc2e4fc0c65705d2b3d |
| 306 | fumingyue43831 | https://www.wish.com/merchant/60a476ca05085920c97897e8 |
| 307 | tanglin281632 | https://www.wish.com/merchant/5fa8fbc83d54c779ff933d0f |
| 308 | Jenna Murphy | https://www.wish.com/merchant/5e8566becb44f93564066538 |
| 309 | Nathan&Melody | https://www.wish.com/merchant/56c5bfb33a698c262351ae72 |
| 310 | lijienan254 | https://www.wish.com/merchant/5ff7ff42d46b3b132e790915 |
| 311 | liuyang72369583 | https://www.wish.com/merchant/5ffe9ceaf33b861bd608ab94 |
| 312 | CharleneAnderson | https://www.wish.com/merchant/5e87188329e78621a630b900 |
| 313 | baronesslvqocer | https://www.wish.com/merchant/5ca00aec164b41b105603ec6 |
| 314 | felicitousnes | https://www.wish.com/merchant/5fe208a38a2071ba1e109724 |
| 315 | jwcuyhbnf | https://www.wish.com/merchant/5e6343bbad6a88411d648b31 |
| 316 | Toonde | https://www.wish.com/merchant/5fab4b45a63a63004c0df875 |
| 317 | Symainc | https://www.wish.com/merchant/5fc9cb4e08134c42cc821bbe |
| 318 | KKKERR8 | https://www.wish.com/merchant/5e9bbbb57000cbe52fb5e2ec |
| 319 | wuzihan12007 | https://www.wish.com/merchant/60555528bfb693162c0cc2d5 |
| 320 | xiangleyao29389 | https://www.wish.com/merchant/604999da7062a1313baf1ab9 |
| 321 | weiyunping7890 | https://www.wish.com/merchant/6040960f46cb967afcf57f25 |
| 322 | xielei18237 | https://www.wish.com/merchant/604b0b62f0b931150a9d2edd |
| 323 | youguimei3090 | https://www.wish.com/merchant/605c67d93029b8f1f003467f9 |
| 324 | orbitalwtnirdp | https://www.wish.com/merchant/5c9fbf9a62690a5124218fab |
| 325 | lvwenjing3657 | https://www.wish.com/merchant/607fa25109fbc51d0a75d076 |
| 326 | caimengru9371 | https://www.wish.com/merchant/6072a6f120a354c21172a9dd |
| 327 | daixi159357 | https://www.wish.com/merchant/5fe42e91e284284ff1c2b00a |
| 328 | David D Pence | https://www.wish.com/merchant/5e994d33ec96215a8aecb244 |
| 329 | Debra Jean Misitano | https://www.wish.com/merchant/5e96926bf2744d264c0ba6bf |
| 330 | lifeipeng20527 | https://www.wish.com/merchant/6097954c30cddfee86b712e4 |
| 331 | bowskity | https://www.wish.com/merchant/5fdb367e6ac0e6a9a8d06904 |
| 332 | zhangqiuping62383 | https://www.wish.com/merchant/60543874b0ed4a4500c4f1ad |
| 333 | wangxing646 | https://www.wish.com/merchant/5e670a2a4876311940d5c989 |
| 334 | 2011 fashion clothes | https://www.wish.com/merchant/58994d20281e284f4807db31 |
| 335 | caoxiaokuan | https://www.wish.com/merchant/5ffe894dfa94150810b97b77 |
| 336 | qear2874 | https://www.wish.com/merchant/5e7c77932c28de7575a2ea5c |
| 337 | lijienan254 | https://www.wish.com/merchant/5ff7ff42d46b3b132e790915 |
| 338 | EdwinGarcia | https://www.wish.com/merchant/5e7856b653f8c669d51bb189 |
| 339 | Galaxy Shop One | https://www.wish.com/merchant/5e84579acb11ec8d17a1e16b |
| 340 | rudesillbrfgxad | https://www.wish.com/merchant/5e9fd2ce13546c3564db03ac |
| 341 | McDonald all | https://www.wish.com/merchant/5fefac7aad9a3cd34d13a35b |
| 342 | cbcbcb | https://www.wish.com/merchant/5c92819b6dc9792f14160c75 |
| 343 | LatoyaHeidelberg | https://www.wish.com/merchant/5e896f77355fe5e99a7cd98d |

34

**Schedule A**

| | Company Name | Store URL |
|---|---|---|
| 344 | Ahduthes | https://www.wish.com/merchant/5fca05430abf83309b05299b |
| 345 | Franklin E Brown | https://www.wish.com/merchant/5e95637a65a1790e6cfc95df |
| 346 | hujing269 | https://www.wish.com/merchant/607157402296b80adf73c23f |
| 347 | zhaoyu5017000 | https://www.wish.com/merchant/6052cbe1e90faf0b820be413 |
| 348 | huleiyi95839 | https://www.wish.com/merchant/606ccdb0600791302a014dad |
| 349 | lilixiang10085 | https://www.wish.com/merchant/604acbe738615d3da202b8bd |
| 350 | yanyan42184 | https://www.wish.com/merchant/6054150f21acc31f47eab7fb |
| 351 | lexiaohu48186 | https://www.wish.com/merchant/607aa3cb45810288207adc74 |
| 352 | liuyuhui4797 | https://www.wish.com/merchant/607d0204f5185f00447fd87a |
| 353 | liushanshan85354 | https://www.wish.com/merchant/607a941547129c004cad74d9 |
| 354 | lijiaqi73327 | https://www.wish.com/merchant/6070057bf1e1a9cc9f125e3e |
| 355 | liuxiaoduo68873 | https://www.wish.com/merchant/606ff76ae4d61810bb66bc0e |
| 356 | Matthew R Solis | https://www.wish.com/merchant/5e994e45371bc45e0e0c3f30 |
| 357 | cehngjinyang29005 | https://www.wish.com/merchant/6068184fe121ce6dd711f39e |
| 358 | lixin71217 | https://www.wish.com/merchant/60a4907b7e23673a3e1eaedf |
| 359 | Better Lens | https://www.wish.com/merchant/60852c7da59109c1834c99cb |
| 360 | Transfuture soo | https://www.wish.com/merchant/608528449d7c54036208f0ea |
| 361 | ji fashion | https://www.wish.com/merchant/54084492c5c246615b2dc11b |
| 362 | huangxueying7890 | https://www.wish.com/merchant/5ffc00c1081bd6230c2086e9 |
| 363 | wangying4645 | https://www.wish.com/merchant/5ffe8e88b833a15662e84b59 |
| 364 | gaojiale Store | https://www.wish.com/merchant/5f8aa1121c8085878ef165f2 |
| 365 | limengru4678 | https://www.wish.com/merchant/5faa1f2140fcee4167d93ece |
| 366 | xuejiajia0986 | https://www.wish.com/merchant/5fa8d4d00c42de5cb01ea4c6 |
| 367 | Mercedesyya | https://www.wish.com/merchant/5ea011607ad255d2cc06f803 |
| 368 | liuhao112934 | https://www.wish.com/merchant/5ffbccfb84f2125b5367f7be |
| 369 | Telabeen Salen Francen | https://www.wish.com/merchant/5e66f31348763f284cd53613 |
| 370 | zhanglanhong Store | https://www.wish.com/merchant/5f72cc351d28c884da4b3400 |
| 371 | zhangyueyue0127 | https://www.wish.com/merchant/5fc5ae75bee3db17ab044eab |
| 372 | lizhengjiang49440 | https://www.wish.com/merchant/604b1c81ec8a8a6c252c3dfd |
| 373 | pedlllzvte | https://www.wish.com/merchant/5e9fded47ad255cd2e06f6d3 |
| 374 | zhangzhisong42669 | https://www.wish.com/merchant/6052f4b3591ac76ec443c296 |
| 375 | yujian57110 | https://www.wish.com/merchant/604c2af5dd77250a83221227 |
| 376 | nilongjin8447 | https://www.wish.com/merchant/5ff17c55858e856ac438b8cf |
| 377 | chenrong24 | https://www.wish.com/merchant/604f137d1e6f4212c1c9b3bc |
| 378 | pengkehai30632 | https://www.wish.com/merchant/6077ed7ae3d9f810ed0f2f60 |
| 379 | CliffordMcGarry | https://www.wish.com/merchant/5e895d64355fe573a27cd970 |
| 380 | wngpizhang25521 | https://www.wish.com/merchant/5fd052c505ef5d4a125628a2 |
| 381 | akincsrmhtmt | https://www.wish.com/merchant/5e7acbf5f5ab574a2204799a |
| 382 | JoShane | https://www.wish.com/merchant/5e7c266d435e9b1e5836dfa4 |
| 383 | XianqiangshangJ | https://www.wish.com/merchant/5e6ca7ef6bab2066e2b65135 |
| 384 | Xuan C Hendry | https://www.wish.com/merchant/5e9464d87fbade8dc6bd9400 |
| 385 | chizonghau420 | https://www.wish.com/merchant/6046fefb6dff2481362ed8db |
| 386 | shihuafang48541 | https://www.wish.com/merchant/60756ba71ef32e4143568310 |
| 387 | weixiaopanjing | https://www.wish.com/merchant/5e61ed1e75e6d70bd03a33ad |
| 388 | lirunyu9876 | https://www.wish.com/merchant/5faa1d6d6b510240a6e06912 |
| 389 | gaomeng0218 | https://www.wish.com/merchant/5fc84f6fee60fd0df3e0f185 |
| 390 | huzhiqiu123 | https://www.wish.com/merchant/5fa762080c42de168a1ea429 |
| 391 | dukun Store | https://www.wish.com/merchant/5f890ae020cfc84e0842a9d3 |
| 392 | mclasetfvvo | https://www.wish.com/merchant/5e904d4e9bbc2b09428f055f |

### Schedule A

| | Company Name | Store URL |
|---|---|---|
| 393 | zhangcheng8564679 | https://www.wish.com/merchant/5fd84479c27a2646a2b054f6 |
| 394 | CliffordLindsaymXIV | https://www.wish.com/merchant/5ea10bdaad8c7d34be40104c |
| 395 | zhanghui Store me0071 | https://www.wish.com/merchant/5f7ff420e64ad80044563143 |
| 396 | bomrjyngon | https://www.wish.com/merchant/5c6b3b67ea20a020d108f40 |
| 397 | wanghuanhuan312X | https://www.wish.com/merchant/5ffd4d7fd008871bcd8d1151 |
| 398 | xiefuyuan0501 | https://www.wish.com/merchant/6041ad54820aa82a0c5d35b3 |
| 399 | Arcrosk Market Cys | https://www.wish.com/merchant/5f6b7979d0b3fc256d30283c |
| 400 | kcylorspqrxvmg | https://www.wish.com/merchant/5e9fb8f3069202a0cb3d9b44 |
| 401 | DeniseCooper | https://www.wish.com/merchant/5e8957b829e7864f5d20b2f3 |
| 402 | lushiju5268 | https://www.wish.com/merchant/604cda86baf92f2562428461 |
| 403 | huanghuandi123 | https://www.wish.com/merchant/5ff41ba2f13d8e1e88436c0b |
| 404 | huizhiming72261 | https://www.wish.com/merchant/605194ef5b68bb4342f98f19 |
| 405 | hcpengpeng02311 | https://www.wish.com/merchant/6052cc02c4f9c13541cd7d6c |
| 406 | zhangruilan568 | https://www.wish.com/merchant/6045d1b5364f7b63b58792b0 |
| 407 | zhangjiawei32329 | https://www.wish.com/merchant/607ac4f7cfde79988022c76f |
| 408 | yejiawen06648 | https://www.wish.com/merchant/607a7983c686245d08b66234 |
| 409 | wuxingchi15114 | https://www.wish.com/merchant/6079092b888c2b2f891e1c61 |
| 410 | Moda actual | https://www.wish.com/merchant/5df118b5ee403116c6521b31 |
| 411 | StewartPetershop9 | https://www.wish.com/merchant/60588c0f40ec44d443cff9e4 |
| 412 | DavidPettitt | https://www.wish.com/merchant/5e86a7edd9c52dc72cc6ace2 |
| 413 | Muyifish Bags | https://www.wish.com/merchant/5e688e8d552c9407438cb56a |
| 414 | gujinhong | https://www.wish.com/merchant/5e65cb3000ff37ff138f3d15 |
| 415 | zhangjing75484967675 | https://www.wish.com/merchant/5faa3e832928b718c89fa06e |
| 416 | gulizhi37364 | https://www.wish.com/merchant/5ffd137cb876f71c810c87e4 |
| 417 | wangboyang140711 | https://www.wish.com/merchant/5fc7335d0e00d809b20f9492 |
| 418 | haohuayan9283 | https://www.wish.com/merchant/5fd84ceb31d6a454ac699a92 |
| 419 | AngleBab | https://www.wish.com/merchant/5f1677738a322c000047f026 |
| 420 | i5i5i5i6 | https://www.wish.com/merchant/5e92cb1a6dc9798dc017aa48 |
| 421 | MooreBertzNgBpD | https://www.wish.com/merchant/5ea108e1f581821958c9848d |
| 422 | iinan14736928 | https://www.wish.com/merchant/5ffc749738433f3addb19cf6 |
| 423 | Liajinayin Bags | https://www.wish.com/merchant/5e5ccbd477179ee8436ca150 |
| 424 | Qaphsiel | https://www.wish.com/merchant/600bd15fbdd8d76aabb3d172 |
| 425 | mahongfang8669 | https://www.wish.com/merchant/604718495eaa25290ecb24b |
| 426 | ioklu | https://www.wish.com/merchant/5efb13193becc28926249428 |
| 427 | stores keila | https://www.wish.com/merchant/5f989af946a284b468d8f12d |
| 428 | hushuqiang Store | https://www.wish.com/merchant/5f87c2830529ff7af4bac4e8 |
| 429 | cuiqiusheng33281 | https://www.wish.com/merchant/606e7ab52ddfc145f877a47f |
| 430 | yangfengiai Store | https://www.wish.com/merchant/5f7c34f3e314d8f02b01b80b |
| 431 | dongyimeng9995 | https://www.wish.com/merchant/5fd847ec8076464c71bfc88d |
| 432 | liyingying41498 | https://www.wish.com/merchant/6077abdcb4c0d619aa358cf6 |
| 433 | Anitaabhn | https://www.wish.com/merchant/5e849980d63caadc80d9a3b2 |
| 434 | yuanshuaidong48196 | https://www.wish.com/merchant/607aa1c0cfde7975a122c839 |
| 435 | liujisheng2412 | https://www.wish.com/merchant/5ff18a10858e858b5538a052 |
| 436 | RichardNelson | https://www.wish.com/merchant/5e8324ceeec4cd8d00e5dc93 |
| 437 | Robert C Bump | https://www.wish.com/merchant/5e956f56d0206222acc8d1c8 |
| 438 | ian4117 | https://www.wish.com/merchant/5e8ace50355fe5be5d7cdd66 |
| 439 | yzihan | https://www.wish.com/merchant/5ed8c0a1dae521a91d982715 |
| 440 | MichaeliaNickaGsFrQ | https://www.wish.com/merchant/5ea7e05c74f40c6fc7b069a1 |
| 441 | caoyan74112 | https://www.wish.com/merchant/5e6323232724a82882dc4d78 |

**EXHIBIT 12**

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | | CURR LIST | | FIRST DOC | PREV DOC

Logout Please logout when you are done to release system resources allocated for you.

Start List At: [_____] OR Jump to record: [_____] **Record 7 out of 7**

TSDR | ASSIGN Status | TTAB Status ( *Use the "Back" button of the Internet Browser to return to TESS*)

## SOULFLY

| | |
|---|---|
| **Word Mark** | SOULFLY |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: series of musical sound recordings. FIRST USE: 19980421. FIRST USE IN C( |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75429962 |
| **Filing Date** | February 6, 1998 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | December 1, 1998 |
| **Registration Number** | 2261682 |
| **Registration Date** | July 13, 1999 |
| **Owner** | (REGISTRANT) Cavalera, Massimiliano Antonio INDIVIDUAL BRAZIL 3010 East Bloomfield Phoenix ARIZONA 85032 |
| **Attorney of Record** | Peter Nussbaum |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20190812 |
| **Renewal** | 2ND RENEWAL 20190812 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | | CURR LIST | | FIRST DOC | PREV DOC

38

# EXHIBIT 13

# SahBabii

| | |
|---|---|
| **Word Mark** | SAHBABII |
| **Goods and Services** | (ABANDONED) IC 009. US 021 023 026 036 038. G & S: Musical recordings; audio and video recordings featuring music and m[...] entertainment; downloadable multi-media content containing images, graphics, artwork, text, hypertext, audio and video featuring [...] |
| | (ABANDONED) IC 016. US 002 005 022 023 029 037 038 050. G & S: Posters, calendars, memo books in the nature of memo p[...] |
| | (ABANDONED) IC 018. US 001 002 003 022 041. G & S: All-purpose carrying bags |
| | (ABANDONED) IC 025. US 022 039. G & S: Shirts; t-shirts, hats, sweatshirts, hooded sweatshirts, sweatpants, women's underw[...] |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 87836016 |
| **Filing Date** | March 15, 2018 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | August 28, 2018 |
| **Owner** | (APPLICANT) Valdery, Saaheem M. DBA SahBabii INDIVIDUAL UNITED STATES 6316 Flat Rock Lane Atlanta GEORGIA 3034[...] |
| **Attorney of Record** | Lisa B. Lane |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Other Data** | The name(s), portrait(s), and/or signature(s) shown in the mark identifies Saaheem Valdery whose consent(s) to register is made |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | May 27, 2019 |

*TESS was last updated on Tue Jul 11 03:32:21 EDT 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | | | IMAGE LIST | BOTTOM | HELP |
|---|---|---|---|---|---|---|---|---|---|---|

| Logout | *Please logout when you are done to release system resources allocated for you.*

| Start | List At: [_____] OR [ Jump ] to record: [_____]  **3 Record(s) found (This page**

**Refine Search** [(Sahbabii)[COMB]_____] [ Submit ]

Current Search: S1: **{Sahbabii}[COMB]** docs: 3 occ: 6

Export displayed results (1 ~ 3) [ CSV ]

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead | Class(es) |
|---|---|---|---|---|---|---|
| 1 | 87836016 | | SAHBABII | TSDR | DEAD | 009; 016; 018; 025 |
| 2 | 87835999 | | SAHBABII | TSDR | DEAD | 009; 016; 018; 025; 041 |
| 3 | 87281638 | 5449462 | SAHBABII | TSDR | LIVE | 041 |

Export displayed results (1 ~ 3) [ CSV ]

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | | | IMAGE LIST | TOP | HELP |
|---|---|---|---|---|---|---|---|---|---|---|

40

# EXHIBIT 14

**Signature (PKCS#1 v1.5)**

50 3BvwhWYJgf1HuJ+82SzJIwazenn1pJGF2YSqci5iFueptM3hARwwajMLymzNrwqMMyx7t5Fh1wG11eGogtWTswfpfkvtCVnrtQruGt+CwY2dztDJhRqleM6oymB6WQI/zftJbLmvnbRt8cgH8tvE3V0hwhWCTGnt5ea1r-fzhb65r1Y2bWJhc4fQf6xcJYagib1dNFdrOcgX7GtWhy
uf3rt-Xqvt7YLf4KquxoNMAhb8npdh1pcdfrperitmptT-tsmp8Sf-1OVsmp8hKSrmrFwt4GtPtwFafyw-usxHvfE3tFMSKfUhC7crTbfQn-



2019 Red autumn/winter men/women
Sahbabii Hoodies Sweatshirts
popular unique Sahbabii warm
hoodies Loose All-match tops

**$44**

**Size**

Select Size

**Color**

Select Color

**Buy**

42

# EXHIBIT 15



United States Patent and Trademark Office

Home Site Index Search FAQ Glossary Contacts eBusiness eBiz alerts News

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat Jul 15 03:32:21 EDT 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | BOTTOM | HELP | | CURR LIST | NEXT LIST | FIRST DOC | PREV D |

Logout   Please logout when you are done to release system resources allocated for you

Start   List At: [        ]   OR   Jump   to record: [        ]   **Record 41 out of 405**

| TSDR | ASSIGN Status | TTAB Status |   ( *Use the "Back" button of the Internet Browser to return to TESS* )

# SMILEY

| | |
|---|---|
| **Word Mark** | **SMILEY** |
| **Goods and Services** | IC 030. US 046. G & S: Sugar, rice, coffee, flour, preparations made from cereals, namely, corn flakes, bread, pastr being dairy-based or vegetable-based, chewing gum, honey, chips, crisps, ice creams |
| | IC 032. US 045 046 048. G & S: Beers, mineral and aerated waters, non-alcoholic drinks, namely, fruit juices, lemo |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 97706834 |
| **Filing Date** | December 7, 2022 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) The Smiley Company SPRL LIMITED LIABILITY COMPANY BELGIUM Avenue Louise 523 Aven Br |
| **Attorney of Record** | Steven L. Baron |
| **Prior Registrations** | 2747618;2801529;5453732 AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Other Data** | The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual. |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | TOP | HELP | | CURR LIST | NEXT LIST | FIRST DOC | PREV D |

44

# EXHIBIT 16

45

STATUS    DOCUMENTS    MAINTENANCE    ❓                                    ⬇ Download ▲    🖨 Print Preview

**Generated on:** This page was generated by TSDR on 2023-07-15 19:15:38 EDT

**Mark:** UKAP

# UKAP

**US Serial Number:** 90216166                                  **Application Filing Date:** Sep. 28, 2020

**US Registration Number:** 6386479                             **Registration Date:** Jun. 15, 2021

**Register:** Principal

**Mark Type:** Trademark

**TM5 Common Status**                          LIVE/REGISTRATION/Issued and Active
**Descriptor:**
                                               The trademark application has been registered with the Office

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due.

**Status Date:** Jun. 15, 2021

**Publication Date:** Mar. 30, 2021

▲ **Mark Information**                                                              ▼ Expand All

▼ **Goods and Services**

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** curtains; Window curtains; Shower curtains; Door curtains; Indoor and outdoor curtains

**International Class(es):** 024 - Primary Class                **U.S Class(es):** 042, 050

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Jun. 01, 2020                                   **Use in Commerce:** Jun. 01, 2020

**For:** Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps; athletic uniforms; Belts for clothing; Blouses; Boots; Coats; Corselets; Dresses; Footwear; Jackets; Nightgowns; Outerwear, namely, jackets and coats; Overcoats; Pullovers; Pyjamas; Sandals; Shirts; Shoes; Skirts; Slippers; Suits; Sweaters; Swim caps; Swim trunks; T-shirts; Teddies being underclothing; Tops as clothing; Trousers; Underpants; Underwear; Vests; Waistcoats; Wedding dresses; Bath robes; Clothing for babies, toddlers and children, treated with fire and heat retardants, namely, pajamas, jackets, shirts, pants, jumpers; Clothing, namely, folk costumes; Short-sleeved shirts; swim wear; Swim wear for gentlemen and ladies; Bandanas

**International Class(es):** 025 - Primary Class                **U.S Class(es):** 022, 039

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Jun. 01, 2020                                   **Use in Commerce:** Jun. 01, 2020

▲ **Basis Information (Case Level)**

▼ **Current Owner(s) Information**

**Owner Name:** Guang Zhou Sheng Wei Dian Zi Shang Wu You Xian Gong Si

**Owner Address:** #502 Bld A Xinyushangmaoyuan Baiyun Dist
                  Guangzhou, Guangdong CHINA 510000

**Legal Entity Type:** LIMITED LIABILITY COMPANY               **State or Country Where** CHINA
                                                               **Organized:**

▲ **Attorney/Correspondence Information**

4b

U XIAN GONG SI

| | |
|---|---|
| Mark Identification: | **UKAP** |
| Last Applicant/Owner: | Guang Zhou Sheng Wei Dian Zi Shang Wu You Xian Gong Si<br>#502 Bld A Xinyushangmaoyuan Baiyun Dist<br>Guangzhou Guangdong 51000 |
| Serial Number: | 90216166 |
| Filing Date: | September 28, 2020 |
| Registration Number: | 6386479 |
| Registration Date: | June 15, 2021 |
| Status: | Registered |
| Status Date: | June 15, 2021 |

47

# EXHIBIT 17

 **United States Patent and Trademark Office**

Home Site Index Search FAQ Glossary Contacts eBusiness eBiz alerts News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Sat Jul 15 03:32:21 EDT 2023*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout | Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# junimo

| | |
|---|---|
| **Word Mark** | JUNIMO |
| **Translations** | The wording junimo has no meaning in a foreign language |
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: Balloons; Puzzles; Amusement game machines; Athletic equipment, namely, hand wraps; Bath toys; Card games; Children's multipl Water squirting toys. FIRST USE: 20220310. FIRST USE IN COMMERCE: 20220310 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 97419838 |
| **Filing Date** | May 19, 2022 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 18, 2023 |
| **Registration Number** | 7098263 |
| **Registration Date** | July 4, 2023 |
| **Owner** | (REGISTRANT) Yangzhou Okus Trading Co., Ltd. LIMITED LIABILITY COMPANY CHINA Room 1603, 16th Floor World Trade Office Building Gaoyou CHINA 225600 |
| **Attorney of Record** | Wei Gu |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

49

# EXHIBIT 18

50



### NAICE

Filed: September 25, 2020

Amusement devices, namely, bounce houses in the nature of an air inflated cushion in an air inflated structure; Baby gyms...

**Owned by:** Shenzhen Huajie Technology Co., Ltd

**Serial Number:** 90212008



### FURPEZOO

Filed: September 30, 2020

Animal-activated pet feeders that include dispensers for releasing pet toy feeder balls with pet food and pet treats therein...

**Owned by:** Shenzhen Huajie Technology Co., Ltd

**Serial Number:** 90223905



### ITAAR

Filed: February 4, 2021

Beds; Desks; Furniture; Sideboards; Sofas; Bunk beds; Coat stands; Computer furniture; Dining tables; Drafting tables; End...

**Owned by:** Shenzhen Huajie Technology Co., Ltd

**Serial Number:** 90509100



### STOOG

Filed: April 13, 2021

Furniture; Bed frames; Bumper guards for furniture; Bunk beds; Cabinets; Camping furniture; Combination kneeler and seat...

**Owned by:** Shenzhen Huajie Technology Co., Ltd

**Serial Number:** 90643273

**STOOG**
Filed: April 13, 2021
Amusement devices, namely, bounce houses in the nature of an air inflated cushion in an air inflated structure; Inflatable...
**Owned by:** Shenzhen Huajie Technology Co., Ltd
**Serial Number:** 90643282

**EPHEX**
Filed: April 19, 2021
Armchairs; Beds; Bookcases; Desks; Furniture; Shelves; Sofas; Bedroom furniture; Cabinets; Coat racks; Dining tables; Dressers...
**Owned by:** Shenzhen Huajie Technology Co., Ltd
**Serial Number:** 90656366

**KICODE**
Filed: April 19, 2021
Dumbbells; Trampolines; Body-building apparatus; Boxing bags; Elliptical exercise machines; Exercise bars; Exercise benches...
**Owned by:** Shenzhen Huajie Technology Co., Ltd
**Serial Number:** 90656400

**VIN BEAUTY**
Filed: May 2, 2023
Bookmarkers; Stationery; Stickers; Compasses for drawing; Drawing pens; Marking pens; Paper-clips; Paper labels; Writing...
**Owned by:** Shenzhen Huajie Technology Co., Ltd
**Serial Number:** 97916139

# VIN BEAUTY - Trademark Details

*Status:* **630 - New Application - Record Initialized Not Assigned To Examiner**

52

# EXHIBIT 19

TrademarkElite      U.S. Trademark ⌄    International Trademark ⌄

Trademark Search › Trademark Category › Cosmetics and Cleaning Products › **SERSANLOVE**

🕱 DEAD  On 8/22/2022 · Abandoned - Office Action Response Not Filed or Filed Late

# SERSAN**LOVE**
## 奢赏之恋

# SERSANLOVE - Trademark Information

**By** GUANGZHOU XINGE TRADING CO., LTD.      ⤲ Share this mark

The SERSANLOVE trademark was assigned a Serial Number #79312718 – by the United States Patent and Trademark Office (USPTO). Assigned Trademark Serial Number is a Unique ID to identify the SERSANLOVE trademark application in the USPTO.

The SERSANLOVE mark is filed in the category of Cosmetics and Cleaning Products . The legal correspondent for SERSANLOVE trademark is Zhejiang Runke; Intellectual Property Ag, Floor 4, No.622 Che; Futian Street, Yiwu, Zhejiang Province CHINA . The current status of the SERSANLOVE filing is **Abandoned - Office Action Response Not Filed or Filed Late**.

Based on GUANGZHOU XINGE TRADING CO., LTD.. the SERSANLOVE trademark is used in the following business: Beauty masks; perfumes; cleansing milk for toilet purposes; essential oils; sunscreen preparations; cosmetic kits; cosmetics; lipsticks .

54

**General Information**

| | |
|---|---|
| **Serial Number** | 79312718 |
| **Word Mark** | SERSANLOVE |
| **Filing Date** | Friday, April 2, 2021 |
| **Status** | ● 602 - ABANDONED - FAILURE TO RESPOND OR LATE RESPONSE |
| **Status Date** | Monday, August 22, 2022 |
| **Registration Number** | 0000000 |
| **Registration Date** | NOT AVAILABLE |
| **Mark Drawing** | 3000 - Illustration: Drawing or design which also includes word(s) / letter(s) / number(s) |
| **Published for Opposition Date** | NOT AVAILABLE |

**Trademark Statements**

| | |
|---|---|
| **Pseudo Mark** | SERSAN LOVE |
| **Goods and Services** | Beauty masks; perfumes; cleansing milk for toilet purposes; essential oils; sunscreen preparations; cosmetic kits; cosmetics; lipsticks |
| **Transliteration Statement** | The non-Latin characters in the mark transliterate to 'SHE SHANG ZHI LIAN' and this means 'extravagant appreciate of love' in English |

55

# Guangzhou Xinge Trading Co., Ltd.

Government customs records for Guangzhou Xinge Trading Co., Ltd. in Russia. See their import and export history, including shipments to Ooo ""серсантрейд"", an importer based in Russia.

Join ImportGenius to see the import/export activity of every company in Russia. Track your competitors, get freight forwarding leads, enforce exclusivity agreements, learn more about your overseas factories, and much more. Instant signup.

**Get Russia data for $99**

---

**GUANGZHOU XINGE TRADING CO., LTD. RECORDS**

GET A COMPLETE SUPPLIER HISTORY                                        UPDATED: 2022-11-19

OVERVIEW      SHIPMENTS      IMPORTERS      ABOUT

**TOTAL IMPORTERS**
**2**                                      1M  3M  6M  1Y  2Y  ALL   2011-01-01 - 2023-06-20

TOP TRADING PARTNERS



- LLC "SERSANTRADE"
- LLC "AELITA"

| # | IMPORTER | LAST ADDRESS | MOST RECENT | GROSS WEIGHT KGS |
|---|----------|--------------|-------------|------------------|
| 1 | LLC "SERSANTRADE" | RU | 2022-11-19 | 7823 KGS |
| 2 | LLC "AELITA" | RU | 2022-07-21 | 1969 KGS |

More data available to paid subscribers

---

**SAMPLE SHIPMENT FROM GUANGZHOU XINGE TRADING CO., LTD.**

ARRIVAL DATE: 2022-11-19

PRODUCT      TRANSIT      COMPANY

SUPPLIER                                      IMPORTER
GUANGZHOU XINGE TRADING CO., LTD.              LLC "SERSANTRADE"

9  , GUANGZHOU, GUANGDONG PROVINCE, BAIYUN DISTRICT,        9  125363, , MOSCOW, UL. NOVOPOSELKOVAYA, 6, K 216-1,
FORTUNE INDUSTRIAL PARK, 2790                              FLOOR 1 POM 1 COM 1 ( 1 )

More data available to paid subscribers

# EXHIBIT 20

 **United States Patent and Trademark Office**

Home  Site Index  Search  FAQ  Glossary  Contacts  eBusiness  eBiz alerts  News

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat Jul 15 03:32:21 EDT 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return*



| | |
|---|---|
| **Word Mark** | TXQ SABER |
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: Toy swords. FIRST USE: 20191026. FIRST USE IN COMMEI |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.01.27 - Circles containing irregular exterior lining or elements not amounting to a decorative bor 26.05.21 - Triangles that are completely or partially shaded |
| **Serial Number** | 90208196 |
| **Filing Date** | September 24, 2020 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 4, 2021 |
| **Registration Number** | 6424004 |
| **Registration Date** | July 20, 2021 |
| **Owner** | (REGISTRANT) Wuhan Qinglu E-Commerce Co., Ltd. limited company (ltd.) CHINA No.399 Lihua |
| **Attorney of Record** | Haoyi Chen |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SABER" APART FROM THE MARK A |
| **Description of Mark** | The mark consists of the wording "TXQ SABER" below the stylized and fused letters "TXQ" |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

# United States of America
## United States Patent and Trademark Office



**TXQ SABER**

**Reg. No. 6,424,004**

**Registered Jul. 20, 2021**

**Int. Cl.: 28**

**Trademark**

**Principal Register**

Wuhan Qinglu E-Commerce Co., Ltd. (CHINA limited company (ltd.))
No.399 Lihua Road
Dongxihu District
Wuhan, Hubei, CHINA 430040

CLASS 28: Toy swords

FIRST USE 10-26-2019; IN COMMERCE 10-26-2019

The mark consists of the wording "TXQ SABER" below the stylized and fused letters "TXQ".

No claim is made to the exclusive right to use the following apart from the mark as shown: "SABER"

SER. NO. 90-208,196, FILED 09-24-2020



59

# EXHIBIT 21

60

Trademark Search > Trademark Category > Clothing Products > **EVERBRIGHTING**

🔴 DEAD  On 2/27/2017 - Abandoned - Office Action Response Not Filed or Filed Late



# EVERBRIGHTING - Trademark Information

**By** liling ye                                                                                   ⩽ Share this mark

The EVERBRIGHTING trademark was assigned a Serial Number #87002043 − by the United States Patent and Trademark Office (USPTO). Assigned Trademark Serial Number is a Unique ID to identify the EVERBRIGHTING trademark application in the USPTO.

The EVERBRIGHTING mark is filed in the category of Clothing Products . The legal correspondent for EVERBRIGHTING trademark is LILING YE, WUSI NORTH ROAD,JIN AN DISTRICT, FUZHOU 350008 CHINA . The current status of the EVERBRIGHTING filing is **Abandoned - Office Action Response Not Filed or Filed Late**.



# EXHIBIT 22

# GUANGZHOU YUETENG E-COMMERCE CO., LTD. Trademarks

**Gershion**

### GERSHION
Filed: April 19, 2017

Babies' trousers; Baby layettes for clothing; Bathing suits; Clothing, namely, arm warmers; Clothing, namely, athletic sleeves...
**Owned by:** GUANGZHOU YUETENG E-COMMERCE CO., LTD.
**Serial Number:** 87416443

**Gershion**

### GERSHION

Fingernail tips; Nail art stickers; Nail care kits comprising nail polish; Nail cosmetics; Nail decolorants; Nail enamels...
**Owned by:** GUANGZHOU YUETENG E-COMMERCE CO., LTD.
**Serial Number:** 88475741

**Lumento**

### LUMENTO
Filed: February 29, 2020

Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Belts for clothing; Blouses...
**Owned by:** GUANGZHOU YUETENG E-COMMERCE CO., LTD.
**Serial Number:** 88815848

# EXHIBIT 23

# STUFFED BEAVER LIMITED

| | |
|---|---|
| **Company Number** | HE394175 |
| **Status** | Active |
| **Incorporation Date** | 7 February 2019 (over 4 years ago) |
| **Company Type** | Limited Company |
| **Jurisdiction** | Cyprus |
| **Registered Address** | Πριγκιπίσσης Αλεξίας, 49, 3083, Λεμεσός, Κύπρος Cyprus |
| **Directors / Officers** | PAR SUNDSTROM, director KYPIAKH KOYMA, secretary |
| **Registry Page** | https://efiling.drcor.mcit.gov.cy/Drc... |

## Recent filings for STUFFED BEAVER LIMITED

*24 Oct 2022*  ALTERATION OF OFFICERS AND OF THEIR PARTICULARS
HE4-Notification of change of Officers and of their particulars

*24 Oct 2022*  ALTERATION OF OFFICERS AND OF THEIR PARTICULARS
Other Documents

*2 Sep 2021*  TRANSFER OF SHARES
HE57-Transfer of shares of private companies

*1 Sep 2021*  ALTERATION OF ADDRESS OF REGISTERED OFFICE
HE2-Communication of the address of the Registered Office or change to it

*1 Sep 2021*  ALTERATION OF ADDRESS OF REGISTERED OFFICE
Other Documents



# EXHIBIT 24

LAWS **TREATIES** JUDGMENTS BROWSE BY JURISDICTION WIPO-ADMINISTERED TREATIES

# WIPO-Administered Treaties

Export to Excel

Contracting Parties > **Hague Agreement** (Total Members: 79)

| Member | Signature | Instrument | In Force | Details |
|---|---|---|---|---|
| African Intellectual Property Organization (OAPI) | | Accession: June 16, 2010 | September 16, 2010 | Details |
| Albania | | Accession: February 19, 2007 | March 19, 2007 | Details |
| Armenia | | Accession: April 13, 2007 | July 13, 2007 | Details |
| Azerbaijan | | Accession: September 8, 2010 | December 8, 2010 | Details |
| Belarus | | Accession: April 19, 2021 | July 19, 2021 | Details |
| Belgium | | Accession: February 22, 1979 | April 1, 1979 | Details |
| Belize | | Accession: June 12, 2003 | July 12, 2003 | Details |
| Benin | | Accession: October 2, 1986 | November 2, 1986 | Details |
| Bosnia and Herzegovina | | Accession: September 24, 2008 | December 24, 2008 | Details |
| Botswana | | Accession: September 5, 2006 | December 5, 2006 | Details |
| Brazil | | Accession: February 13, 2023 | August 1, 2023 | Details |
| Brunei Darussalam | | Accession: September 24, 2013 | December 24, 2013 | Details |
| Bulgaria | | Accession: November 11, 1996 | December 11, 1996 | Details |
| Cambodia | | Accession: November 25, 2016 | February 25, 2017 | Details |
| Canada | | Accession: July 16, 2018 | November 5, 2018 | Details |
| China | | Accession: February 5, 2022 | May 5, 2022 | Details |
| Côte d'Ivoire | | Accession: April 20, 1993 | May 30, 1993 | Details |
| Croatia | | Accession: January 12, 2004 | February 12, 2004 | Details |
| Democratic People's Republic of Korea | | Accession: April 15, 1992 | May 27, 1992 | Details |
| Denmark | | Accession: September 9, 2008 | December 9, 2008 | Details |
| Egypt | | Accession: March 1, 1951 | July 1, 1952 | Details |

67

| Country | | | | |
|---|---|---|---|---|
| Estonia | | Accession: March 21, 2002 | December 23, 2003 | Details |
| European Union (EU) | | Accession: September 24, 2007 | January 1, 2008 | Details |
| Finland | | Accession: February 1, 2011 | May 1, 2011 | Details |
| France | November 6, 1979 | Accession: September 8, 1330 | October 20, 1920 | Details |
| Gabon | | Accession: July 19, 2003 | August 18, 2003 | Details |
| Georgia | | Accession: July 1, 2010 | August 1, 2010 | Details |
| Germany | November 6, 1925 | Ratification: May 1, 1928 | June 1, 1928 | Details |
| Ghana | | Accession: June 18, 2008 | September 18, 2008 | Details |
| Greece | | Accession: March 18, 1997 | April 18, 1997 | Details |
| Holy See | | | | Details |
| Hungary | | Accession: March 7, 1994 | April 7, 1994 | Details |
| Iceland | | Accession: July 6, 2001 | December 20, 2003 | Details |
| Israel | | Accession: October 3, 2019 | January 3, 2020 | Details |
| Italy | | Accession: May 11, 1987 | June 12, 1987 | Details |
| Jamaica | | Accession: November 10, 2021 | February 10, 2022 | Details |
| Japan | | Accession: February 13, 2015 | May 13, 2015 | Details |
| Kyrgyzstan | | Accession: February 17, 2003 | March 17, 2003 | Details |
| Latvia | | Accession: April 20, 2005 | July 20, 2005 | Details |
| Liechtenstein | | Accession: May 8, 1933 | July 14, 1933 | Details |
| Lithuania | | Accession: June 26, 2006 | September 26, 2006 | Details |
| Luxembourg | | Accession: February 22, 1979 | April 1, 1979 | Details |
| Mali | | Accession: August 7, 2006 | September 7, 2006 | Details |
| Mauritius | | Accession: February 6, 2023 | May 6, 2023 | Details |
| Mexico | | Accession: March 6, 2020 | June 6, 2020 | Details |
| Monaco | | Accession: February 19, 1956 | April 29, 1956 | Details |
| Mongolia | | Accession: March 11, 1997 | April 14, 1997 | Details |
| Montenegro | | Declaration of Continued Application: December 4, 2006 | June 3, 2006 | Details |
| Morocco | November 6, 1925 | Accession: September 8, 1930 | October 20, 1930 | Details |
| Namibia | | Accession: March 31, 2004 | June 30, 2004 | Details |
| Netherlands | | Accession: February 22, 1979 | April 1, 1979 | Details |
| Niger | | Accession: August 29, 2004 | September 29, 2004 | Details |
| North Macedonia | | Accession: February 19, 1997 | March 19, 1997 | Details |

| | | | | |
|---|---|---|---|---|
| Norway | | Accession: March 17, 2010 | June 17, 2010 | Details |
| Oman | | Accession: December 4, 2008 | March 4, 2009 | Details |
| Poland | | Accession: April 2, 2009 | July 2, 2009 | Details |
| Portugal | November 6, 1925 | | | Details |
| Republic of Korea | | Accession: March 31, 2014 | July 1, 2014 | Details |
| Republic of Moldova | | Accession: February 14, 1994 | March 14, 1994 | Details |
| Romania | | Accession: June 19, 1992 | July 19, 1992 | Details |
| Russian Federation | | Accession: November 30, 2017 | February 28, 2018 | Details |
| Rwanda | | Accession: May 31, 2011 | August 31, 2011 | Details |
| Rwanda | | Accession: May 31, 2011 | August 31, 2011 | Details |
| Samoa | | Accession: October 2, 2019 | January 2, 2020 | Details |
| San Marino | | Accession: October 28, 2018 | January 28, 2019 | Details |
| Sao Tome and Principe | | Accession: September 9, 2008 | December 9, 2008 | Details |
| Senegal | | Accession: May 30, 1984 | June 30, 1984 | Details |
| Serbia | | Accession: November 26, 1992 | December 10, 1992 | Details |
| Singapore | | Accession: January 17, 2005 | April 17, 2005 | Details |
| Slovenia | | Accession: December 12, 1994 | January 12, 1995 | Details |
| Spain | November 6, 1925 | Ratification: May 1, 1928 | June 1, 1928 | Details |
| Suriname | | Declaration of Continued Application: November 18, 1976 | November 25, 1975 | Details |
| Switzerland | November 6, 1925 | Ratification: May 1, 1928 | June 1, 1928 | Details |
| Syrian Arab Republic | | Accession: February 11, 2003 | May 11, 2003 | Details |
| Tajikistan | | Accession: December 21, 2011 | March 21, 2012 | Details |
| Tunisia | November 9, 1925 | Accession: September 9, 1930 | October 20, 1930 | Details |
| Türkiye | | Accession: October 1, 2004 | January 1, 2005 | Details |
| Turkmenistan | | Accession: December 16, 2015 | March 16, 2016 | Details |
| Ukraine | | Accession: May 28, 2002 | August 28, 2002 | Details |
| United Kingdom | | Accession: March 10, 2016 | June 10, 2016 | Details |
| United States of America | | Accession: February 13, 2015 | May 13, 2015 | Details |
| Viet Nam | | Accession: September 30, 2019 | December 30, 2019 | Details |

69

# WIPO

> WIPO Lex  > Database

LAWS  **TREATIES**  JUDGMENTS  BROWSE BY JURISDICTION  WIPO-ADMINISTERED TREATIES

## WIPO-Administered Treaties

Contracting Parties > **Hague Agreement** > United States of America

Dates
Accession: February 13, 2015
Entry into force: May 13, 2015

| Act(s) | Article(s) | Signature | Instrument | Entry into Force |
|--------|-----------|-----------|------------|------------------|
| Geneva Act 1999 | | July 6, 1999 | Ratification: February 13, 2015 | May 13, 2015 |

70

# WIPO-Administered Treaties

WIPO administers 26 treaties including the WIPO Convention.

▶ IP Protection

Beijing Treaty on Audiovisual Performances

Berne Convention

Brussels Convention

Madrid Agreement (Indications of Source)

Marrakesh VIP Treaty

Nairobi Treaty

Paris Convention

Patent Law Treaty

Phonograms Convention

Rome Convention

Singapore Treaty on the Law of Trademarks

Trademark Law Treaty

Washington Treaty

WIPO Copyright Treaty (WCT)

WIPO Performances and Phonograms Treaty (WPPT)

▶ Global Protection System

Budapest Treaty

Hague Agreement

Lisbon Agreement

Madrid Agreement (Marks)

Madrid Protocol

Patent Cooperation Treaty (PCT)

▶ Classification

Locarno Agreement

Nice Agreement

Strasbourg Agreement

Vienna Agreement

71

# EXHIBIT 25

| | | | |
|---|---|---|---|
| 2021/11/15 | 21-cv-62354 | THE BRICKELL IP GROUP, P LLC | BLIND GUARDIAN (TRIAL IN ABSENTIA) |
| 2021/11/18 | 21-cv-6164 | HSP | Grumov Cat (trial in absentia) |
| 2021/12/10 | 21-cv-6807 | Ford Banister IP | BAGILAANDE COSTUME (TRIAL IN ABSENTIA) |
| 2021/12/14 | 21-cv-62499 | THE BRICKELL IP GROUP, P LLC | Starixro (trial in absentia) |
| 2021/12/14 | 21-cv-62498 | THE BRICKELL IP GROUP, P LLC | Scully (trial in absentia) |
| 2021/12/14 | 21-cv-62497 | THE BRICKELL IP GROUP, P LLC | Sapaten Band (Trial in absentia) |
| 2021/12/27 | 21-cv-5964 | GBC | TELFAR Menswear (Motion of Absenteeism) |
| 2021/12/23 | 21-cv-6342 | GBC | TELFAR Menswear (Trial in absentia) |
| 2021/12/23 | 21-cv-6839 | GBC | TELFAR Menswear (Trial in absentia) |
| 2021/12/20 | 21-cv-6781 | GBC | Lululemon (trial in absentia) |

## https://sellerdefense.cn/allcase-2021/

## The site documents all cases where no hearing or notice is given as required by law

## List of 2020 Cases

| Prosecution time | Case number | Law firm | Brand |
|---|---|---|---|
| 2020/12/9 | 20-cv-250 07 | THE BRICKELL IP GROUP PLLC | MASHA AND THE BEAR (absent motion) (absent trial) |

## List of 2021 Cases

| Prosecution time | Case number | Law firm | Brand |
|---|---|---|---|
| 2021/1/13 | 21-cv-2011 2 | THE BRICKELL IP GROUP PLLC | Xed Earth (Trial in absentia) |
| 2021/2/23 | 21-cv-2074 4 | THE BRICKELL IP GROUP PLLC | MASHA AND THE BEAR |
| 2021/3/8 | 21-cv-2087 6 | THE BRICKELL IP GROUP PLLC | Scratbut |
| 2021/3/11 | 21-cv-2096 3 | THE BRICKELL IP GROUP PLLC | Kareem Abdul-Jabbar |
| 2021/3/27 | 21-cv-2109 4 | THE BRICKELL IP GROUP PLLC | Genuai |

74

| | | | |
|---|---|---|---|
| 2021/3/22 | 21-cv-2108 9 | THE BRICKELL IP GROUP PLLC | MASHA AND THE BEAR |
| 2021/5/5 | 21-cv-108 2 | THE BRICKELL IP GROUP, PLLC | Kareem Abdul-Jabbar |
| 2021/5/5 | 21-cv-609 57 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |
| 2021/5/21 | 21-cv-610 85 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |
| 2021/5/26 | 21-cv-611 07 | THE BRICKELL IP GROUP, PLLC | Scanxid |
| 2021/6/1 | 21-cv-611 44 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |
| 2021/6/11 | 21-cv-612 30 | THE BRICKELL IP GHOUP, PLLC | XYZ Corporation |
| 2021/6/17 | 21-cv-612 67 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |
| 2021/6/22 | 21-cv-612 79 | THE BRICKELL IP GROUP PLLC | XYZ Corporation |
| 2021/6/22 | 21-cv-612 78 | THE BRICKELL IP GHOUP, PLLC | Sabaton Band (Trial in Absence) |
| 2021/6/22 | 21-cv-612 77 | THE BRICKELL IP GROUP, PLLC | Sabaton Band (Trial in Absence) |
| 2021/6/22 | 21-cv-612 76 | THE BRICKELL IP GROUP, PLLC | Sabaton Band (absent motion) |
| 2021/8/15 | 21-cv-617 04 | THE BRICKELL IP GROUP PLLC | MASHA AND THE BEAR (Motion for Absenteeism) |
| 2021/9/22 | 21-cv-619 93 | THE BRICKELL IP GROUP PLLC | MASHA AND THE BEAR |
| 2021/9/27 | 21-cv-620 32 | THE BRICKELL IP GROUP PLLC | Iced Earth |
| 2021-11-15 | 21-cv-623 54 | THE BRICKELL IP GROUP, PLLC | XYZ Corporation |

75

| 2021/12/14 | 21-cv-624 99 | THE BRICKELL IP GROUP, PLLC | Sophia |
| 2021/12/14 | 21-cv-624 98 | THE BRICKELL IP GROUP, PLLC | Study Divas Band |
| 2021/12/14 | 21-cv-624 97 | THE BRICKELL IP GROUP, PLLC | Suburban Band |

*See* https://sellerdefense.cn/allcase-2020/ and https://sellerdefense.cn/allcase-2021/, visited on

February 7, 2022.

7 6

# EXHIBIT 26

77

Report this item to Etsy

Yes! Send me exclusive offers, unique gift ideas, and personalized tips for shopping and selling on Etsy.

Subscribe

Etsy is powered by 100% renewable electricity.

| Sell | About | Help |
|------|-------|------|
| Seller handbook | Etsy, Inc. | Help Center |
| Teams | Policies | Privacy settings |
| Forums | Investors | |
| Affiliates & Creators | Careers | Download the Etsy App |
| | Press | |
| | Impact | |

© 2023 Etsy, Inc.   Terms of Use   Privacy   Interest-based ads   Local Shops   Regions

78

# EXHIBIT 27

79

Etsy Reporting Portal

# Protect your brand with our new Etsy Reporting Portal

At Etsy, we're committed to supporting creativity and innovation. We're also dedicated to protecting the rights of creators and brands, both big and small. That's why we're making it easier than ever for intellectual property rights owners like you to register their brands and report suspected violations of IP rights.

## 2. Reports of Intellectual Property Infringement

Etsy strives to respond quickly when we receive a report of intellectual property infringement that complies with our policies by removing or disabling access to the allegedly infringing material. When Etsy removes or disables access in response to a report, Etsy makes a reasonable attempt to contact the affected member, provide information about the report and removal, and, in cases of alleged copyright infringement, provide information about how to submit a counter notice. Etsy may also provide a copy of the infringement report, including the name and email address of the reporting party, to the affected member.

To submit a report of alleged infringement against Etsy shop listings, you can use the Etsy Reporting Portal. This is the easiest way to report alleged infringement to Etsy and its Designated Agent under the Digital Millennium Copyright Act and other intellectual property rights.

To submit a report of alleged infringement against usernames, shop names, videos on an Etsy shop page, or videos from an Explore post on Etsy, use Etsy's Reporting Form.

If you are unable to use the Etsy Reporting Portal, you can read more about our DMCA notice requirements and Designated Agent here.

Etsy may request additional information before processing a report, such as a letter of authorization from the rights owner, identity verification of the reporting party, or other documentation regarding the claimed right. Etsy may reject reports of infringement or counter notices that contain information we believe is false, fraudulent, incomplete, or otherwise submitted in bad faith. Etsy also reserves the right to take action against abusers of this policy.



EXHIBIT 28

$\gamma\,$ |

# AXENCIS

Investigator Name: Chris Stavrou

82



Commissioner Wilton Simpson                          Pay/Register Online ⌄

Home / Business Services / **Private Investigation Licenses**

# Private Investigation Licenses

The Florida Department of Agriculture and Consumer Services (FDACS) licenses and regulates private investigative firms and individuals in Florida in accordance with Chapter 493, Florida Statutes (F.S.). Private investigators advertise or perform services for consideration as defined in Section 493.6101(17), F.S.



**Commissioner Wilton Simpson**

Home / Licensing / **Individual Name Search**

# Individual Name Search

Search Category:                    County:

| All Individuals ⌄ |          | All ⌄ |

Search by Name: *(Last Name, First Middle)*

| Stavro, Chris |

$8 3$

**493.6100    Legislative intent.**—The Legislature recognizes that the private security, investigative, and recovery industries are rapidly expanding fields that require regulation to ensure that the interests of the public will be adequately served and protected. The Legislature recognizes that untrained persons, unlicensed persons or businesses, or persons who are not of good moral character engaged in the private security, investigative, and recovery industries are a threat to the welfare of the public if placed in positions of trust. Regulation of licensed and unlicensed persons and businesses engaged in these fields is therefore deemed necessary.

History.—ss. 2, 11, ch. 90-364; s. 4, ch. 91-429; s. 1, ch. 94-172.

(n)   Employing or contracting with any unlicensed or improperly licensed person or agency to conduct activities regulated under this chapter, or performing any act that assists, aids, or abets a person or business entity in engaging in unlicensed activity, when the licensure status was known or could have been ascertained by reasonable inquiry.

**493.6120    Violations; penalty.**—

(1)(a)   Except as provided in paragraph (b), a person who engages in any activity for which this chapter requires a license and who does not hold the required license commits:

1.   For a first violation, a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

84

EXHIBIT 29

85

see<u>User Agreement for Corsearch.com - Corsearch</u>

**DISCLAIMER OF WARRANTIES AND LIABILITY**

Any information retrieved from the Site is not to be construed as a legal opinion as to whether a

trademark may be used and/or registered, that any goods or services in which a trademark may

be used are lawful, or that legal action should be taken in relation to brand protection. Corsearch

is not a law firm and does not issue legal opinion(s). It is the responsibility of the User to obtain

necessary legal counsel on any information retrieved from the Site and all Services utilized on the

Site.

86

# EXHIBIT 30

Generated on: This page was generated by TSDR on 2023-07-09 11:40:34 EDT

**Mark:** AXENCIS

# AXENCIS

| | | | |
|---|---|---|---|
| **US Serial Number:** 90236856 | | **Application Filing Date:** Oct. 06, 2020 | |
| **Filed as TEAS Plus:** Yes | | **Currently TEAS Plus:** No | |
| **Register:** Principal | | | |
| **Mark Type:** Service Mark | | | |

**TM5 Common Status Descriptor:**

DEAD/APPLICATION/Refused/Dismissed or Invalidated

This trademark application was refused, dismissed, or invalidated by the Office and this application is no longer active.

**Status:** Abandoned because the applicant failed to respond or filed a late response to an Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Apr. 25, 2022

**Date Abandoned:** Apr. 08, 2022

⌃ **Mark Information**                                                                                          ▾ Expand All

⌃ **Goods and Services**

⌃ **Basis Information (Case Level)**

⌃ **Current Owner(s) Information**

⌃ **Attorney/Correspondence Information**

▾ **Prosecution History**

| Date | Description | Proceeding Number |
|---|---|---|
| Apr. 25, 2022 | ABANDONMENT NOTICE E-MAILED - FAILURE TO RESPOND | |
| Apr. 25, 2022 | ABANDONMENT NOTICE MAILED - FAILURE TO RESPOND | |
| Apr. 25, 2022 | ABANDONMENT - FAILURE TO RESPOND OR LATE RESPONSE | |
| Oct. 07, 2021 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Oct. 07, 2021 | NON-FINAL ACTION E-MAILED | |
| Oct. 07, 2021 | NON-FINAL ACTION WRITTEN | 95369 |
| Sep. 09, 2021 | TEAS/EMAIL CORRESPONDENCE ENTERED | 96339 |
| Sep. 09, 2021 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 96339 |
| Sep. 09, 2021 | ASSIGNED TO LIE | 96339 |
| Sep. 01, 2021 | TEAS REQUEST FOR RECONSIDERATION RECEIVED | |
| Jun. 08, 2021 | NOTIFICATION OF FINAL REFUSAL EMAILED | |
| Jun. 08, 2021 | FINAL REFUSAL E-MAILED | |
| Jun. 08, 2021 | FINAL REFUSAL WRITTEN | 95369 |
| Jun. 01, 2021 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Jun. 01, 2021 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Jun. 01, 2021 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Mar. 09, 2021 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Mar. 09, 2021 | NON-FINAL ACTION E-MAILED | 6325 |
| Mar. 09, 2021 | NON-FINAL ACTION WRITTEN | 95369 |
| Mar. 09, 2021 | REMOVED FROM TEAS PLUS | 95369 |
| Mar. 05, 2021 | ASSIGNED TO EXAMINER | 95369 |
| Nov. 19, 2020 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Oct. 09, 2020 | NEW APPLICATION ENTERED | |

88

EXHIBIT 31

# Evi

**Page Title**

Receipt for Your Payment to Phantom Cardboard - rschoenfelder@gmail.com - Gmail

**URL**

https://mail.google.com/mail/u/0/%23inbox/FMfcgxwLsSXXBrsGpJxMJVpdTTcmngSF

**Collection Date**

Wed, 10 Feb 2021 01:48:43 UTC (US Department of Commerce / NIST authenticated timest

**Collected by**

Ralph Schoenfelder

**IP Address**

213.169.153.97

**Browser Information**

Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chro

**Digital Signature (SHA256 / PKCS#1v1.5)**

Uo6apkp2YDGMlGxx8adP4KhbCo5T0yUHjl8qd9m0TtZorSmuLz50wBvLrJsMYOsOw/29YS
CirbDZenTRgAc9CaWl0IdZpxlCnCY2m1RrF4Qd/8k8Ptb0XS2Gofrey2nLdYSNzFL7YlcXXa4

## Reverse IP Lookup Information

| | |
|---|---|
| **Domain:** | 213.169.153.97 |
| **IP Address:** | 213.169.153.97 |
| **Hostname:** | internet.by.net flash.com.cy |

### Reverse IP for 213.169.153.97

| | |
|---|---|
| **Continent:** | Asia (AS) |
| **Country:** | Cyprus (CY) |
| **State:** | Unknown |
| **City:** | Larnaca |
| **ISP:** | A.C. NetFlash Technologies Ltd |
| **Organization:** | A.C. NetFlash Technologies Ltd |
| **Time zone:** | Asia/Nicosia |

### DNS Lookup related for 213.169.153.97

| | |
|---|---|
| **Continent Lat/Lon:** | 29.8405 / 89.296 |
| **Country Lat/Lon:** | 35 / 33 |
| **City Lat/Lon:** | (34.9165) / (33.6272) |
| **IP Language:** | Greek and Turkish[ |
| **IP Currency:** | Euro (EUR) |
| **IDD Code:** | +357 |

# Evidei

**Page Title**

Kareem Abdul-Jabbar Unique Gift Idea for TABLET Occasion Famous Quote Decor - Plaques & Signs

**URL**

https://www.bonanza.com/listings/763287375

**Collection Date**

Tue, 02 Feb 2021 06:32:44 UTC (US Department of Commerce / NIST authenticated timestamp)

**Collected by**

Chris Stavrou

**IP Address**

2607:fb90:622d:b11d:61ba:e55b:7dc4:3faa

**Browser Information**

Mozilla/5.0 (X11; Linux x86_64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/87.0.4280.88 Safari/5

**Digital Signature (SHA256 / PKCS#1v1.5)**

n0m2tP5Ej2Q0xqHITvRQYjfLvrZ5QrL3BL3YhKDqaSwdBZPizJeEpOZyEW56jv17HWux6UK5KSGaZqtfk35\
+PSvQTENCBPBWLaQebApYDOsu3xw0UAXY9BFX6aCW2pHqObWpS0PRhX/Ua+KwsQgDJ3KYZs+xiTh(

9 2





MY IP          IP LOOKUP          HIDE MY IP          VPNS ▾



IP Details For: 2607:fb90:622d:b11d:61ba:e55b:7dc4:3faa

Expanded:
2607:fb90:622d:b11d:61ba:e55b:7dc4:3faa

Hostname:
2607:fb90:622d:b11d:61ba:e55b:7dc4:3faa

ASN:          21928

ISP:          T-Mobile USA Inc.

Services:     None detected

Assignment:

Country:      United States

State/Region: Pennsylvania

City:         Philadelphia

Latitude:     39.9523 (39° 57′ 8.42″ N)          **CLICK TO CHECK BLACKLIST STATUS**

Longitude:    -75.1638 (75° 9′ 49.64″ W)

Latitude and Longitude are often near the center of population. These values are not precise enough to be used to identify a specific address, individual, or for legal purposes. IP data from          and

93

# EXHIBIT 32



Cornell Law School

**LII** Legal Information Institute                About LII ▸  Get the law ▸  Lawyer

LII    U.S. Code    Title 15    CHAPTER 22    SUBCHAPTER III    **§1116**

Quick search by citation:

**Title** [enter title]        **Section** [section]        Go!

# 15 U.S. Code § 1116 - Injunctive relief

U.S. Code    Notes

prev

### (a) JURISDICTION; SERVICE

The several courts vested with jurisdiction of civil actions arising under this chapter shall have pow
to grant injunctions, according to the principles of equity and upon such terms as the court may
deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the
Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 112
of this title. A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of
irreparable harm upon a finding of a violation identified in this subsection in the case of a motion f
a permanent injunction or upon a finding of likelihood of success on the merits for a violation
identified in this subsection in the case of a motion for a preliminary injunction or temporary
restraining order. Any such injunction may include a provision directing the defendant to file with
the court and serve on the plaintiff within thirty days after the service on the defendant of such
injunction, or such extended period as the court may direct, a report in writing under oath setting
forth in detail the manner and form in which the defendant has complied with the injunction. Any
such injunction granted upon hearing, after notice to the defendant, by any district court of the
United States, may be served on the parties against whom such injunction is granted anywhere in
the United States where they may be found, and shall be operative and may be enforced by
proceedings to punish for contempt, or otherwise, by the court by which such injunction was
granted, or by any other United States district court in whose jurisdiction the defendant may be
found.

**(b)** TRANSFER OF CERTIFIED COPIES OF COURT PAPERS

The said courts shall have jurisdiction to enforce said injunction, as provided in this chapter, as fully as if the injunction had been granted by the district court in which it is sought to be enforced. The clerk of the court or judge granting the injunction shall, when required to do so by the court before which application to enforce said injunction is made, transfer without delay to said court a certified copy of all papers on file in his office upon which said injunction was granted.

**(c)** NOTICE TO DIRECTOR

It shall be the duty of the clerks of such courts within one month after the filing of any action, suit, or proceeding involving a mark registered under the provisions of this chapter to give notice thereof in writing to the Director setting forth in order so far as known the names and addresses of the litigants and the designating number or numbers of the registration or registrations upon which the action, suit, or proceeding has been brought, and in the event any other registration be subsequently included in the action, suit, or proceeding by amendment, answer, or other pleading, the clerk shall give like notice thereof to the Director, and within one month after the judgment is entered or an appeal is taken the clerk of the court shall give notice thereof to the Director, and it shall be the duty of the Director on receipt of such notice forthwith to endorse the same upon the file wrapper of the said registration or registrations and to incorporate the same as a part of the contents of said file wrapper.

**(d)** CIVIL ACTIONS ARISING OUT OF USE OF COUNTERFEIT MARKS

**(1)**

**(A)** In the case of a civil action arising under section 1114(1)(a) of this title or section 220506 of title 36 with respect to a violation that consists of using a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, the court may, upon ex parte application, grant an order under subsection (a) of this section pursuant to this subsection providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation.

96

**(B)** As used in this subsection the term "counterfeit mark" means—

**(i)** a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered; or

**(ii)** a spurious designation that is identical with, or substantially indistinguishable from, a designation as to which the remedies of this chapter are made available by reason of section 220506 of title 36;

but such term does not include any mark or designation used on or in connection with goods or services of which the manufacture [1] or producer was, at the time of the manufacture or production in question authorized to use the mark or designation for the type of goods or services so manufactured or produced, by the holder of the right to use such mark or designation.

**(2)** The court shall not receive an application under this subsection unless the applicant has given such notice of the application as is reasonable under the circumstances to the United States attorney for the judicial district in which such order is sought. Such attorney may participate in the proceedings arising under such application if such proceedings may affect evidence of an offense against the United States. The court may deny such application if the court determines that the public interest in a potential prosecution so requires.

**(3)** The application for an order under this subsection shall—

**(A)** be based on an affidavit or the verified complaint establishing facts sufficient to support the findings of fact and conclusions of law required for such order; and

**(B)** contain the additional information required by paragraph (5) of this subsection to be set forth in such order.

**(4)** The court shall not grant such an application unless—

**(A)** the person obtaining an order under this subsection provides the security determined adequate by the court for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or wrongful attempted seizure under this subsection; and

97

**(B)** the court finds that it clearly appears from specific facts that—

**(i)** an order other than an ex parte seizure order is not adequate to achieve the purposes of section 1114 of this title;

**(ii)** the applicant has not publicized the requested seizure;

**(iii)** the applicant is likely to succeed in showing that the person against whom seizure would be ordered used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services;

**(iv)** an immediate and irreparable injury will occur if such seizure is not ordered;

**(v)** the matter to be seized will be located at the place identified in the application;

**(vi)** the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application; and

**(vii)** the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person.

**(5)** An order under this subsection shall set forth—

**(A)** the findings of fact and conclusions of law required for the order;

**(B)** a particular description of the matter to be seized, and a description of each place at which such matter is to be seized;

**(C)** the time period, which shall end not later than seven days after the date on which such order is issued, during which the seizure is to be made;

**(D)** the amount of security required to be provided under this subsection; and

**(E)** a date for the hearing required under paragraph (10) of this subsection.

**(6)** The court shall take appropriate action to protect the person against whom an order under this subsection is directed from publicity, by or at the behest of the plaintiff, about such order and any seizure under such order.

**(7)** Any materials seized under this subsection shall be taken into the custody of the court. For seizures made under this section, the court shall enter an appropriate protective order with respect to discovery and use of any records or information that has been seized. The protective order shall provide for appropriate procedures to ensure that confidential, private, proprietary, or privileged information contained in such records is not improperly disclosed or used

**(7)** Any materials seized under this subsection shall be taken into the custody of the court. For seizures made under this section, the court shall enter an appropriate protective order with respect to discovery and use of any records or information that has been seized. The protective order shall provide for appropriate procedures to ensure that confidential, private, proprietary, or privileged information contained in such records is not improperly disclosed or used.

**(8)** An order under this subsection, together with the supporting documents, shall be sealed until the person against whom the order is directed has an opportunity to contest such order, except that any person against whom such order is issued shall have access to such order and supporting documents after the seizure has been carried out.

**(9)** The court shall order that service of a copy of the order under this subsection shall be made by a Federal law enforcement officer (such as a United States marshal or an officer or agent of the United States Customs Service, Secret Service, Federal Bureau of Investigation, or Post Office) or may be made by a State or local law enforcement officer, who, upon making service, shall carry out the seizure under the order. The court shall issue orders, when appropriate, to protect the defendant from undue damage from the disclosure of trade secrets or other confidential information during the course of the seizure, including, when appropriate, orders restricting the access of the applicant (or any agent or employee of the applicant) to such secrets or information.

**(10)**

**(A)** The court shall hold a hearing, unless waived by all the parties, on the date set by the court in the order of seizure. That date shall be not sooner than ten days after the order is issued and not later than fifteen days after the order is issued, unless the applicant for the order shows good cause for another date or unless the party against whom such order is directed consents to another date for such hearing. At such hearing the party obtaining the order shall have the burden to prove that the facts supporting findings of fact and conclusions of law necessary to support such order are still in effect. If that party fails to meet that burden, the seizure order shall be dissolved or modified appropriately.

**(B)** In connection with a hearing under this paragraph, the court may make such orders modifying the time limits for discovery under the Rules of Civil Procedure as may be necessary to prevent the frustration of the purposes of such hearing.

**(11)** A person who suffers damage by reason of a wrongful seizure under this subsection has a cause of action against the applicant for the order under which such seizure was made, and shall be entitled to recover such relief as may be appropriate, including damages for lost profits, cost of materials, loss of good will, and punitive damages in instances where the seizure was sought in bad faith, and, unless the court finds extenuating circumstances, to recover a reasonable attorney's fee. The court in its discretion may award prejudgment interest on relief recovered under this paragraph, at an annual interest rate established under section 6621(a)(2) of title 26, commencing on the date of service of the claimant's pleading setting forth the claim under this paragraph and ending on the date such recovery is granted, or for such shorter time as the court deems appropriate.

(July 5, 1946, ch. 540, title VI, § 34, 60 Stat. 439; Pub. L. 93–596, § 1, Jan. 2, 1975, 88 Stat. 1949; Pub. L. 98–473, title II, § 1503(1), Oct. 12, 1984, 98 Stat. 2179; Pub. L. 100–667, title I, § 128(c)–(e), Nov. 16, 1988, 102 Stat. 3945; Pub. L. 104–153, § 6, July 2, 1996, 110 Stat. 1388; Pub. L. 106–43, § 3(a)(1), Aug. 5, 1999, 113 Stat. 218; Pub. L. 106–113, div. B, § 1000(a)(9) [title III, § 3003(a)(1), title IV, § 4732(b)(1)(B)], Nov. 29, 1999, 113 Stat. 1536, 1501A–548, 1501A–583; Pub. L. 107–273, div. C, title III, § 13207(b)(8)–(10), Nov. 2, 2002, 116 Stat. 1908; Pub. L. 110–403, title I, § 102(b), Oct. 13, 2008, 122 Stat. 4258; Pub. L. 116–260, div. Q, title II, § 226(a), Dec. 27, 2020, 134 Stat. 2208.)

100

EXHIBIT 33

*H.R. Rep. No. 116-645 (2020).*

to an injunction).[53]

## 2. Balancing First Amendment concerns

In providing that a plaintiff is entitled to a rebuttable presumption of irreparable harm following a court's finding of trademark infringement, or upon a finding of likelihood of success on the merits in the case of a motion for preliminary injunction or temporary restraining order, the Committee acknowledges the need to take special care to ensure that the interests protected by the Lanham Act do not encroach on the rights to free speech and expression enshrined in the First Amendment. Courts have long been appropriately circumspect in applying the Lanham Act so as not to inter-

[53] *Adidas*, 890 F.3d 747, 762-63.

[54] *Herb Reed*, 736 F.3d at 1250 (emphasis added).

[55] *Id.; Williams v. Green Valley RV, Inc.*, No. 8:15-cv-01010, 2015 WL 4694075, at *2 (C.D. Cal. Aug. 6, 2015) ("Plaintiff's evidence of irreparable harm is nothing more than a regurgitation of consumer confusion evidence . . . . Irreparable harm is no longer presumed or proven by a mere showing of consumer confusion.").

[56] *Spiraledge v. Seaworld*, No. 13-cv-296, 2013 WL 3467435, at *6 (S.D. Cal. July 9, 2013) ("Because Spiraledge has failed to meet its burden of demonstrating that irreparable injury is likely in the absence of an injunction, the Court need not decide whether [Spiraledge] is likely to succeed on the merits." (quotation marks omitted); *see also* Lemley, *supra* note 40, at 1808.

[57] See Rettew Statement, *supra* note 38, at 17.

[58] The Committee recognizes that there are key differences between trademarks and patents, including those discussed in this report. The Committee is not, at this time, taking a position with regard to the decision in *eBay* in the patent context.

20

fere with the First Amendment rights of creators and distributors of "artistic works" (sometimes called "expressive works"), including without limitation movies, television programs, songs, books, plays, video games, and the like, which may depict or reference third-party marks within such artistic works or in such artistic works' titles.[59] It is the intent of the Committee that this legislation will not in any way affect that jurisprudence.

The standard for accommodating First Amendment interests in the Lanham Act context for infringement and unfair competition claims was first articulated in *Rogers v. Grimaldi*,[60] which has been widely adopted by courts across the nation in the subsequent three decades. As a threshold matter under the *Rogers* test, a plaintiff cannot state a viable trademark claim in the context of an artistic work (1) unless the defendant's use of the mark "has no artistic relevance to the underlying work whatsoever," or (2) "if it has some artistic relevance, unless the [use of the mark] explicitly misleads as to the source or the content of the work."[61] The "no artistic relevance . . . whatsoever" standard sets an extremely low bar, requiring only that "the level of relevance must merely be above zero."[62] "This black-and-white rule has the benefit of limiting [the court's] need to engage in artistic analysis in this context."[63] When that bar is met and any level of artistic relevance to the underlying work is present, the use may be actionable only where the creator explicitly misleads consumers. This test appropriately recognizes the primacy of constitutional protections for free expression, while respecting a trademark owner's right to prevent unauthorized use of its mark and the public's interest in avoiding confusion.

In enacting this legislation, the Committee intends and expects that courts will continue to apply the *Rogers* standard to cabin the reach of the Lanham Act in cases involving expressive works. The Committee believes that the adoption by a court of a test that departs from *Rogers*, including any that might require a court to engage in fact-intensive inquiries and pass judgment on a creator's "artistic motives" in order to evaluate Lanham Act claims in the expressive-works context would be contrary to the Congressional understanding of how the Lanham Act should properly operate to protect important First Amendment considerations, and upon which the Committee is relying in clarifying the standard for assessing irreparable harm when considering injunctive relief.

EXHIBIT 34

104

¹ Due to the number of Defendants identified in Schedule "A" to the Complaint, the attached Schedule "C" does not set forth all of the evidence gathered for each Defendant. The declarant nevertheless certifies that similar evidence was obtained and reviewed for each and every Defendant identified in Schedule "A." This comprehensive list of evidence can be immediately provided to the Court under seal upon request.

2

Exhibit 35

MIDDLE DISTRICT OF FLORIDA LOCAL RULES

(d) FAILURE TO ACT TIMELY. Failure to comply with a deadline in this rule can result in dismissal of the claim or action without notice and without prejudice.

### Rule 1.11 Filing Under Seal in a Civil Action

(a) PUBLIC RIGHT OF ACCESS. Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.

(b) FILING UNDER SEAL IF AUTHORIZED BY A STATUTE, RULE, OR ORDER. If filing under seal is authorized by a statute, rule, or order, a motion for leave to file under seal:

> (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]";
>
> (2) must cite the statute, rule, or order authorizing the seal;
>
> (3) must describe the item submitted for sealing;
>
> (4) must establish that the item submitted for sealing is within the statute, rule, or order;
>
> (5) must propose a duration of the seal;
>
> (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; but
>
> (7) must not include the item proposed for sealing.

An order sealing an item under this section must state the reason the seal is required and must identify the statute, rule, or order authorizing the seal.

10

107

EXHIBIT 36



THE UNITED STATES
DEPARTMENT *of* JUSTICE
ARCHIVES

Search this site

| ABOUT | OUR AGENCY | OUR WORK | NEWS | RESOURCES | CAREERS | CONTACT |

Home » Justice Manual » Criminal Resource Manual » CRM 1500-1999 » Criminal Resource Manual 1701-1799

▼ Criminal Resource Manual

▸ CRM 1-499

▸ CRM 500-999

▸ CRM 1000-1499

▼ CRM 1500-1999

▸ Criminal Resource Manual 1501-1599

▸ Criminal Resource Manual 1601-1699

▼ Criminal Resource Manual 1701-1799

1701. Trademark Counterfeiting -- Introduction

1702. Trademark Counterfeiting -- Charging Considerations

1703. Trademark Counterfeiting -- Reporting Requirements

1704. Trademark Counterfeiting -- Elements -- 18 U S C § 2320

1705. Trademark Counterfeiting -- First Element -- The Defendant Trafficked Or Attempted To Traffic In Goods Or Services

1706. Joint Statement On Trademark Counterfeiting Legislation. 130 Cong. Rec. H12076, H12078 -- Introduction

1707. Joint Statement -- Part A. Title 18 Amendment

 This is archived content from the U.S. Department of Justice website. The information here may be outdated and links may no longer function. Please contact webmaster@usdoj.gov if you have any questions about the archive site.

### 1711. JOINT STATEMENT - PART G: EX PARTE SEIZURES

**G. EX PARTE SEIZURES**

The proposed draft amends 15 U.S.C. 1116 by adding a new subsection (d), which explicitly authorizes the Federal courts, in counterfeiting (sic) cases and in certain circumstances, to grant seizures of goods and related materials on an ex parte basis. Subsection (d) represents a compromise between the House and Senate provisions on this question.

The purpose of the ex parte seizure provision is to provide victims of trademark counterfeiting with a means of ensuring that the courts are able to exercise their jurisdiction effectively in counterfeiting cases. Testimony before both the House and Senate Judiciary Committees established that many of those who deal in counterfeits make it a practice to destroy or transfer counterfeit merchandise when a day in court is on the horizon. The ex parte seizure procedure is intended to thwart this bad faith tactic, while ensuring ample procedural protections for persons against whom such orders are issued. In essence, both the Senate and House bills permitted issuance of an ex parte seizure order if the applicant could show that the defendant would not comply with a lesser court order, such as a temporary restraining order, and that there was no means of protecting the court's authority other than to seize the property in question on an ex parte basis.

As proposed subsection (d)(1) makes clear, this provision is directed solely at the seizure of goods in trademark counterfeiting cases--that is, in cases involving the use of counterfeit mark in connection with the "sale, offering for sale, or distribution" of goods or services. Neither the House nor the Senate has studied the use of ex parte seizures in trademark infringement cases involving violations less egregious than counterfeiting, or in other civil cases, such as lawsuits involving copyright infringement or patent infringement. While the compromise bill therefore does not address ex parte seizures in other civil cases, such as trademark cases not involving counterfeits, the sponsors believe that in any ex parte seizure, the courts should bear in mind the policy concerns that lie behind the provisions of this bill and the need to provide procedural protections to persons against whom such seizures are ordered.

The procedures detailed in this section are largely derived from the existing requirements of rule 65 of the Federal Rules of Civil Procedure. Those requirements have been modified in certain respects to conform them to the circumstances peculiar to seizures on a ex parte basis. Except where the provisions of rule 65 are inconsistent with the requirements of this act, however, they will continue to apply, as will traditional principles of equity.

Proposed subsection (d)(1)(A) lists the items that may be confiscated during an ex parte seizure: "goods and counterfeit marks" involved in the described violation, "the means of making such marks," such as plates or molds, and "records documenting the manufacture, sale, or receipt of things involved in such violation." This list is derived from similar provisions in the Senate and House bills.

Proposed subsection 1116(d)(2). This subsection is based on comparable provisions in both S. 875 and H.R. 6071. It provides that an applicant for an ex parte seizure in. a counterfeiting case must first provide such notice as is reasonable under the circumstances to the U.S. Attorney for the district in which the order is sought. The compromise provision follows the House draft, with two changes (sic). First. the phrase "timely notice" has been replaced with the phrase "such notice as is reasonable under the circumstances." This amendment is intended to emphasize that the amount and type of notice provided to the U.S. Attorney will need to be determined according to the particular circumstances of a case.

The second change from the House bill is that the compromise provision specifically provides that the court may deny an application for an ex parte seizure order if the U.S. attorney shows that the public interest in a potential prosecution so requires. This addition is intended to make explicit the clear intent of both S. 875 and H.R. 6071. The sponsors intend that whenever practicable, the views of the U.S. Attorney should be sought by the court.

Proposed subsection 1116(d)(3). This subsection lays out the technical requirements for issuance of an ex parte seizure order under this bill. Under this provision. an applicant will need to supply the court with an affidavit or verified complaint containing information supporting the issuance of an ex parte seizure order, and other information specified in proposed subsection (d)(5).

In an ex parte proceeding, the court will have no choice but to rely on the representations of the applicant. For that reason, the court should rely, whenever possible. on statements of fact based on the personal knowledge of an affiant. For example. if an individual employee of a company has personal knowledge of relevant facts, the company should submit an affidavit from that individual. rather than relying on the information and belief of the company's counsel.

Of course. in some instances the court may consider allegations based on hearsay. For example. if an attorney has obtained information from a confidential source whose identity cannot be revealed publicly. the court may accept hearsay in an affidavit or verified complaint. See generally C. Wright and A. Miller. Federal Practice and Procedure (civil) section 2952. at 514-16 (1973).

Proposed subsection (d)(4). This subsection is the heart of the ex parte seizure provisions. It lays out the two basic requirements for issuance of an ex parte seizure order. First. provision by the applicant of a bond to ensure that the defendant will be made whole if the seizure should prove to have been wrongful; and second. an adequate showing of the facts that justify issuance of an order. These provisions will ensure that the rights of defendants under the due process clause are fully respected in ex parte seizures under this act.

Proposed subsection (d)(4)(A). The provision of a bond is one of the critical procedural protections designed to ensure that the defendant's rights are adequately protected during the course of an ex parte seizure. In setting the amount of security. courts should err on the side of caution--that is. toward larger bonds--in light of the need to protect the unrepresented defendant. and to ensure that the defendant will have an effective remedy if he or she is the victim of a wrongful seizure. Proposed subsection (d)(4)(B). This provision details the findings that a court must make in order to issue an ex parte seizure order under this section. The compromise version draws upon both proposed subsection (d)(4) of the House bill and proposed subsection (f)(4) of the Senate bill.

Under this subsection. the court must find that it "clearly appears from specific facts" that the listed circumstances exist. The quoted language is taken from rule 65 of the Federal Rules of Civil Procedure, and the sponsors intend the same standard of proof applicable under that rule to be applicable in connection with this subsection.

Proposed subsection 1116(d)(4)(B)(i). The first required finding is taken from both the Senate and House bills. The applicant must show that an order less drastic than an ex parte seizure would be inadequate. Thus. the applicant must establish that a temporary restraining order on notice to the defendant . or an ex parte temporary restraining order, would not be adequate to achieve the purposes of the Lanham Act. This provision simply codifies the traditional equitable principle that the court should use the least intrusive remedy that will be effective under the circumstances.

Proposed subsection 1116(d)(4)(B)(ii). The second required finding is that the applicant not have publicized the requested

110

Proposed subsection 1116(d)(4)(B)(i). The second required finding is that the applicant not have publicized the requested seizure. The reason for this provision is that when a private applicant obtains an order directing law enforcement officials to seize materials from an unrepresented defendant, the applicant should not be permitted to take advantage of the surprise character of the seizure to un-[H 12081] fairly injure the reputation of the defendant. For example, it would be highly unfair to a defendant who has been given no advance notice of a seizure if the applicant were to alert the press to the upcoming seizure in an effort to create damaging publicity about the defendant. This provision therefore requires a party seeking an ex parte seizure to certify to the court that it has not publicized the requested seizure. Of course, the sponsors appreciate the first amendment principles that are implicated by this provision, and it should be interpreted consistently with those principles.

Proposed subsection (d)(4)(B)(iii). The third required finding is that the applicant is likely to succeed in showing that the defendant used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services. This provision does not require any showing about the defendant's state of mind; it simply requires the applicant to make an adequate showing that the mark in which the defendant is commercially dealing is counterfeit.

Proposed subsection (d)(4)(B)(iv). The fourth required finding, derived from both the Senate and House bills, is that an "immediate and irreparable injury" will occur if a seizure is not ordered. This will not ordinarily be a difficult showing in a counterfeiting case. If the mark in question is likely to be found to be counterfeit, the applicant will be ordinary be able to show irreparable harm that the goods are likely to be distributed if their seizure is not ordered. The Courts have repeatedly held that the distribution of infringing goods constitutes irreparable injury sufficient to order preliminary relief. *See*, for example, *In Re Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979); *Helene Curtis Industries Inc. v. Church & Dwight Co.*, 560 F.2d 1325, 1332-33 (7th Cir. 1977), *cert. denied*, 434 U.S. 1070 (1978); *Omega Importing v. Petri-Kine Camera Co.*, 451 F.2d 1190, 1195 (2d Cir. 1971). Since the marks at issue here are not merely infringing but counterfeit marks, this conclusion will be still more easily reached.

Proposed subsection (d)(4)(b)(v). The fifth required finding is that the matter to be seized will be located at the place identified in this application. This provision, too, is derived from similar provisions in both the House and Senate bills. As the House report made clear, it may be difficult for the applicant to identify precisely where the goods or materials in question are located. The courts should thus be flexible in applying this requirement, but should require as great a degree of specificity as is possible under the circumstances, and should not grant orders, for example, permitting seizure to take place "anywhere in downtown Washington, DC."

Proposed subsection (d)(4)(b)(vi). The sixth required finding is that "the harm to the applicant of denying the application outweighs the harm to the legitimate interest of the person against whom such seizure would be ordered of granting the application." In cases in which the other listed requirement are satisfied, the sponsors do not anticipate that this showing will be a difficult one. The hardship to a plaintiff caused by the distribution of goods bearing counterfeit marks will usually be great; a defendant's legitimate interest in retaining counterfeits, which he or she would hide or destroy if notified of the suit, will normally be minimal. *Cf. Atari, Inc. v. North American Phillips Corp.*, 672 F.2d 607, 620 (7th Cir.), *cert. denied*, 103 S. Ct. 176 (1982); *Corning Glass Works v. Jeannette Glass Co.*, 308 F. Supp. 1321, 1328 (S.D.N.Y. 1970), *aff'd*, 432 F.2d 784 (2d Cir. 1970).

Proposed subsection (d)(4)(B)(vii). This provision is the key to obtaining an ex parte seizure order under this act. Its language is adapted from the comparable Senate and House provisions. Both of those provisions required, in essence, that the applicant show that if he or she were to proceed on notice to the defendant, the defendant or persons associated with the defendant would destroy, transfer, or hide the materials in question, or otherwise make them inaccessible to the court's jurisdiction. The proof relevant to this finding will, of course, often overlap with that for the first finding above.

The compromise draft requires that the court find that "the person against whom the seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such a person." The most compelling proof on this point would be evidence that the defendant had acted in bad faith towards the judicial process in the past. A court may, however, consider any other evidence relevant to this determination. As used in this provision, the term "persons acting in concert" with the defendant means persons acting under the direction of, or at the request of, the defendant.

The sponsors wish to emphasize that ex parte seizures are to be ordered only as a last resort. It would not be appropriate to order such a seizure against a reputable merchant, absent unusual circumstances--such as when the applicant can make a particularized showing that the merchant would be likely to defy a court order to maintain the status quo. A reputable businessperson would not be likely to conceal or destroy evidence when notified of a pending lawsuit, and the issuance of an ex parte seizure order against such a person would therefore be wholly inappropriate, absent the unusual circumstances just mentioned. Rather, the sponsors believe that ex parte seizures are a necessary tool to thwart the bad faith efforts of fly by night defendants to evade the jurisdiction of the courts.

The sponsors note that three provisions of H.R. 6071 concerning ex parte seizures have been omitted in the compromise draft. The first is the provision in proposed section (d)(1)(A) of H.R. 6071 that an ex parte seizure order may be issued only if the defendant "knew or should have known" that the items in question were counterfeit. The compromise draft follows the Senate bill on this point, see section (f)(4) of S. 875, for two reasons. The first is set forth in the Senate Report 98-526, *supra* at 17. The second is that the sponsors believe that they should have known standard was in essence a negligence standard, and thus was inconsistent with the intention to authorize ex parte seizures only when the defendant will act in bad faith to avoid the court's jurisdiction.

The second significant omission from the House bill is that it is required that the applicant for an ex parte seizure show that the public interest would not be seriously adversely affected by granting the application. If the other requirements for an ex parte seizure have been met, the U.S. Attorney has been duly notified of the pending seizure and the court has considered whether the public interest in a potential prosecution requires denial of the application, the sponsors believe that the issue of the public interest will already have been resolved.

The third major change from the House bill is that the provisions concerning postseizure document discovery have been considerably simplified. The sponsors believe that the courts will be able to devise appropriate discovery procedures under the circumstances of each case consistent with the statutory guidance provided by proposed section (d)(7) of this act, and its explanation herein.

Proposed subsection (d)(5). This subsection sets out the information that must be included in an ex parte seizure order. Subsection (d)(5)(B) requires the applicant to provide a "particular description of the matter to be seized." Here too, the courts should require the greatest specificity that is possible under the circumstances, but should recognize that circumstances may often make it impossible to list in detail every item that is to be seized.

Under proposed subsection (d)(5)(C), the court must indicate the period during which the seizure order is to be carried out--a period that may not be longer than 7 days. Under proposed subsection (d)(5)(E), the court should set a date for a post-seizure hearing, at a time to be calculated in accordance with proposed subsection (d)(10). Service of the order on the defendant just before execution of the seizure, pursuant to subsection (d)(9), will constitute notice to the defendant of the upcoming hearing. [H 12082]

Proposed subsection (d)(6). This provision directs the court to take appropriate action to protect the defendant from publicity generated by the plaintiff about the seizure of the defendant's goods. Because the unfairness of publicizing a seizure order obtained without the defendant's knowledge forms the basis for limiting the plaintiff's efforts to publicize the seizure, the need for protection will primarily exist before and during the seizure. The use of the term "appropriate" is designed to ensure that any action taken by the court will be consistent with the first amendment.

Proposed subsection (d)(7). This provision requires all materials seized in an ex parte seizure order under this section to be placed in the custody of the courts. Under proposed subsection (d)(1), the materials seized may include business records. The sponsors recognize that the seizure of such records poses particularly difficult issues since such documents may contain sensitive business information. If any records have been seized, therefore, the court should enter an appropriate protective order with respect to discovery of the records. In seeking to protect any privileged information that may be contained in the seized records, the courts should employ whatever procedures are appropriate under the circumstances of the case at hand. The sponsors believe that three procedural devices in particular are worthy of special consideration in this regard.

The first is the use of a third party, chosen by the court or by agreement of all concerned, who can examine the records in question and extract the needed information without revealing privileged matter. *See, e.g., Battle Creek Equipment Co. v. Roberts Manufacturing Co.*, 90 F.R.D. 85 (W.D. Mich. 1981); *Triangle Manufacturing Co. v. Paramount Bag Manufacturing Co.*, 35 F.R.D. 540 (S.D.N.Y. 1964); F.R.Civ.P. 53 (appointment of special masters). The second is in camera inspection of the key documents. *See Altech Industries, Inc. v. Al Tech Specialty Steel Corp.*, 528 F. Supp. 521 (D.Del. 1981). Should the court find that these procedures are inappropriate or not fully satisfactory, a protective order may issue permitting counsel, but not the litigants, to have access to certain information. *See, e.g., Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 n.24 (1979); *Federal Trade Commission v. Exxon Corp.*, 636 F.2d 1336, 1349-51 (D.C. Cir. 1980); *Chesa International Ltd. v. Fashion Associates*, 425 F. Supp. 234 (S.D.N.Y.), *aff'd*, 573 F.2d 1288 (2d Cir. 1977). In some instances it may be appropriate to limit disclosure of certain documents to a party's outside counsel. *See, e.g., Federal Trade Commission v. Exxon*, supra). Needless to say, a solution to the problem of protecting privileged business information from improper disclosure will need to be tailored to the circumstances of each case.

Proposed subsection (d)(8). Like both the Senate and House bills, the compromise version provides that ex parte seizure orders under this section shall be sealed until the defendant has had an opportunity to contest the order. It also provides that once the seizure has taken place the defendant should of course be given an opportunity to see the seizure order and supporting materials.

Proposed subsection (d)(9). As did both S. 875 and H.R. 6071, the compromise draft provides that a U.S. Marshal or other law enforcement official shall carry out ex parte seizure orders under this act. When possible, a U.S. Marshal should carry out the seizures, but other law enforcement officials may perform seizures under this section if the U.S. Marshal is unable to do so in an expeditious manner.

The compromise bill also provides that the court should issue appropriate orders to ensure that trade secrets or other confidential data are not improperly disclosed during the course of the seizure. In particular the provision authorizes the court, when appropriate, to restrict the access of the applicant or its agents or employees to such information during the course of the seizure.

In preparing such an order, the court should keep in mind two competing considerations. The first is that the law enforcement official who carries out the order may not be sufficiently familiar with the goods or services in question to be able to determine what materials or documents should be seized. For that reason, it may be desirable for the court to permit a representative of the applicant, such as its counsel, to accompany the U.S. Marshal to assist in making these determinations. On the other hand, the purpose of the ex parte seizure is to protect materials from destruction or concealment; it is not to permit the plaintiff to bypass the normal discovery process. If an applicant is permitted unlimited access to the defendant's documents during a seizure, later protective orders issued during the discovery process may be of little value.

The sponsors believe that the courts can reconcile these two goals by issuing appropriate orders, based on all the circumstances of the case, that will provide the law enforcement officials with sufficient information to carry out the seizure while not jeopardizing the operation of the normal discovery process or the confidentiality of the defendant's business records and other materials. The act leaves to the sound discretion of the court the determination of how best to achieve these goals. One preferred method would be for the court to ask the applicant's counsel, whether or not he or she accompanies the law enforcement officials who execute the seizure, to provide the officials with a "checklist" of matters to be seized and with other needed information.

The compromise draft does not include the provision in proposed subsection (d)(10) of the House bill calling for application of certain procedures under the Federal Rules of Criminal Procedure. The sponsors determined that the application of these complex rules might needlessly complicate ex parte seizures under this act. However, the courts are free to employ appropriate procedures to accomplish the general purposes of the omitted House provision.

Proposed subsection (d)(10). This provision requires the court to hold a notice hearing on the propriety of the seizure order. The defendant will have received notice of the hearing by service of the seizure order. The hearing may be waived if all parties agree.

The hearing must be held no sooner than 10 days after issuance of the seizure order, unless the parties agree to hold it sooner, and no later than 15 days, after the issuance of the order. The flexibility of the hearing date is intended to accommodate the 7-day period after issuance of the order during which the seizure may be executed.

Of course, either party may request a delay in the hearing. The plaintiff must show good cause for a continuance, since at this point in the proceedings the hardship is upon the defendant whose goods have been seized. For the same reason, it is not necessary for the defendant to show cause for a continuance.

At the hearing, the plaintiff will have the burden of showing that the seizure order was justified and that it continues to be justifiable to hold the defendant's goods or other materials. In many instances there may be no significant new evidence on this issue, and the plaintiffs proof may simply consist of the same evidence presented at the ex parte hearing, along with proof that those facts have not changed. If the plaintiff is unable to show that continuation of the seizure order is justified, however, the seizure order should be dissolved or modified appropriately.

Of course, the court has the power to retain goods that are proven to be counterfeit. If the defendant does not contest this issue, the court should deal with the goods pursuant to 15 U.S.C. 1118.

Paragraph (B) of this subsection permits the courts to modify normal discovery time limits, if necessary to accommodate the expedited hearing schedule. This provision follows similar language in both the Senate and the House bills.

Proposed subsection (d)(11). The sponsors recognize that ex parte seizure orders are an extraordinary remedy, and that a person that is subject to a wrongful ex parte seizure should be fully compensated by the party who obtained the seizure order.

[H 12083] A court should award such a victim all appropriate damages, including compensation for lost goods or materials, damage to the defendant's good will, and all other elements of actual damage. For example, if a merchant were to obtain a seizure order in order to harass a legitimate competitor and to accrue additional business for itself, the court should award damages based on the applicant's unjust enrichment. Indeed, whenever a seizure order is obtained in bad faith, the applicant should be required to pay all appropriate damages, including such punitive damages as the trier of fact finds appropriate. In addition, unless the court finds extenuating circumstances, a victim of a wrongful seizure should be awarded a reasonable attorney's fee.

The term "wrongful seizure" was intentionally left undefined in both the Senate and House bills, in the belief that the courts will best be able to interpret this phrase under the circumstances of each individual case, and in light of precedents under rule 65 of the Federal rules of Civil Procedure. (sic) However, a few rules of thumb can be outlined. The first is that the mere fact that a few legitimate items may have been seized does not make the seizure as a whole wrongful; otherwise, a counterfeiter could ensure that any seizure of its counterfeit merchandise would be "wrongful" simply by mingling a few genuine items with his or her inventory of fakes. The second is that a seizure will be considered wrongful if the applicant acted in bad faith in seeking it. For example, it would obviously constitute bad faith for an applicant to seek a seizure order in an effort to prevent the sale of legitimate merchandise at discount prices. Similarly, it would constitute bad faith for an applicant deliberately to defy a court order limiting its access to confidential documents seized from the defendant.

Third, a seizure must be considered "wrongful" if the matter seized is legitimate, noninfringing merchandise. In such a case, even if the plaintiff acted in good faith, the defendant should be compensated for his or her losses caused by the plaintiff's use of an ex parte process. Beyond these principles, the act leaves the definition of "wrongful seizure" to case-by-case interpretation in light of rule 65 and other precedents.

The compromise bill adopts the provision of the Senate bill with respect to awards of prejudgment interest on damages for wrongful seizures. See proposed section 2320(d)(2) of S. 875. The purpose of this provision, and of the comparable provision in proposed 15 U.S.C. 1117(b), is to ensure that an injured party is made whole by the relief that he or she is granted, and to discourage dilatory tactics in litigation under this act.

‹ 1710. Joint Statement -- Part E. Lanham Act Amendment                              up                  1712. Joint Statement -- Part H. Treble Damages And Atty's Fees ›

EXHIBIT 37

**(b) INCONTESTABILITY; DEFENSES**

To the extent that the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce. Such conclusive evidence shall relate to the exclusive right to use the mark on or in connection with the goods or services specified in the affidavit filed under the provisions of section 1065 of this title, or in the renewal application filed under the provisions of section 1059 of this title if the goods or services specified in the renewal are fewer in number, subject to any conditions or limitations in the registration or in such affidavit or renewal application. Such conclusive evidence of the right to use the registered mark shall be subject to proof of infringement as defined in section 1114 of this title, and shall be subject to the following defenses or defects:

**(1)** That the registration or the incontestable right to use the mark was obtained fraudulently; or

**(2)** That the mark has been abandoned by the registrant; or

**(3)** That the registered mark is being used by or with the permission of the registrant or a person in privity with the registrant, so as to misrepresent the source of the goods or services on or in connection with which the mark is used; or

**(4)** That the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party, or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin; or

**(5)** That the mark whose use by a party is charged as an infringement was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to (A) the date of constructive use of the mark established pursuant to section 1057(c) of this title, (B) the registration of the mark under this chapter if the application for registration is filed before the effective date of the Trademark Law Revision Act of 1988, or (C) publication of the registered mark under subsection (c) of section 1062 of this title: Provided, however, That this defense or defect shall apply only for the area in which such continuous prior use is proved; or

**(6)** That the mark whose use is charged as an infringement was registered and used prior to the registration under this chapter or publication under subsection (c) of section 1062 of this title of the registered mark of the registrant, and not abandoned: Provided, however, That this defense or defect shall apply only for the area in which the mark was used prior to such registration or such publication of the registrant's mark; or

# EXHIBIT 38

Deliver to United States, 33132 ∨

Ships from Martin, TN

View shop policies

Meet your seller ∧



Carl

Owner of DevilpopTreasure

**Message Carl**

This seller usually responds within a few hours.

118





# EXHIBIT 39

120

and location of the Defendants identified in Schedule "A," including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(5)     Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6)     The Clerk of the Court is directed to issue a single original summons in the name of "Hall of Fame Sports Memorabilia and all other Defendants identified in Schedule 'A' of the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

(7)     This Order shall apply to the Seller IDs associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and infringing the Kareem Abdul-Jabbar Marks at issue in this action and/or unfairly competing with Plaintiff.

(8)     This Order shall remain in effect for ____ weeks from the date of entry of this Order and expires on _____, 2021 at _____ AM/PM.

(9)     Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), the Plaintiff shall post a bond in the amount of Ten Thousand Dollars

EXHIBIT 40

123

and location of the Defendants identified in Schedule "A," including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub account(s) for which the restrained funds are related.

(5)    Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6)    The Clerk of the Court is directed to issue a single original summons in the name of "Hall of Fame Sports Memorabilia and all other Defendants identified in Schedule 'A' of the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

(7)    This Order shall apply to the Seller IDs associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and infringing the Kareem Abdul-Jabbar Marks at issue in this action and/or unfairly competing with Plaintiff.

(8)    This Order shall remain in effect for 2 weeks from the date of entry of this Order and expires on June 22, 2021 at 5:20 PM.

(9)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), the Plaintiff shall post a bond in the amount of Ten Thousand Dollars

124

and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

(10)    After the Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, the Plaintiff shall serve copies of the Complaint, Application for Temporary Restraining Order, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the Internet based e-commerce stores operating under the respective Seller IDs or by providing a copy of this Order by email to the marketplace platforms for each of the Seller IDs so that the registrar, or marketplace platform, in turn, notifies each of the Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, the Plaintiff shall post copies of the Complaint, Application for Temporary Restraining Order, and this Order, as well as all other documents filed in        this        action        on        the        website        located        at

https://www.dropbox.com/sh/6skjuzson4sn36i/AADxydnALowsAyZeL4vd2Gu ?dl=0 and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. The Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to the Defendants by regularly updating the

website                                        located                                        at

ii

125

https://www.dropbox.com/sh/6nkjuznpm4xn3tu/AABxyihAEowsAyZzE4vsJJ2Ga

2d?=0, or by other means reasonably calculated to give notice which is permitted by

the Court.

    (11)    The Clerk shall file this Order under seal until further order of the Court. ,

    (12)    The Clerk shall email a copy of this Order to Plaintiff's counsel at

rguerra@brickellip.com promptly.

    **DONE AND ORDERED** in Tampa, Florida this **8th** day of June, 2021 at

5:20 PM.

VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

cc: counsel of record<br>
Seal clerk

# EXHIBIT 41

As far as active district court judges, since 2004, the Middle District of Florida now ha█████████████████████████████████████████████████████████████████████████████████████████h Cuban-American woman, was appointed immediately after me. ████████████████████ whose family is from Colombia and Honduras. This university is important because, when somebody walks into the courtroom, we want them to know that our bench reflects our community. This comforts people and gives them confidence in our legal system.

Also, technology has made a huge difference for judges. Electronic filing through the Case Management/Electronic Case Files (CM/ECF) system changed our lives overnight. I can work from anywhere in the world, and I do. For somebody who travels the world teaching, you would think that I have to leave my docket, but I don't. I'm able to use CM/ECF to issue orders from wherever I might happen to be.

and did whatever we could to succeed.

**Q. What's your favorite channel on Spotify?**
**A.** Well I hate to say I love Andrea Bocelli's music, but I do. I love Latin music, too. Camila Cabello's *Havana*. She's got beautiful music. I love what's happened to Latin music today. Today you hear songs that reflect who I am—some words are sung in English and some words are in Spanish. I have a foot in each world, just like others in the Cuban-American community, and our music today reflects this.

**Q. Obviously, you have many years left on the bench, but, when this chapter ends, what would you choose as a retirement song?**
**A.** There isn't one song. When I have a senior judge ceremony, there's going to be Latin music. I can tell you that for sure. I'll have Cuban songs: "Cuando Salí de Cuba (When I Left Cuba)," "Guantanamera," and "Havana."

127

EXHIBIT 42

# Evidence Co

**Page Title**

Etsy - Checkout - Review

**URL**

https://www.etsy.com/cart/4151869731/review

**Collection Date**

Tue, 02 Feb 2021 11:09:58 UTC (US Department of Commerce / NIST authenticated timestamp)

**Collected by**

Chris Stavrou

**IP Address**

**Browser Information**

**Digital Signature (SHA256 / PKCS#1v1.5)**

i5VlJIaAQy8Ni3k58JGpKAbmQbdp4kL4fhQL1l273Yo+1ceEB9mOPXh2PjqrQkwLDApOIcAFNvlf7tSiRGzykCJhnGXenR9uAl+h74SyNj:
qg1aH4XFO30wIpqo25ttso34vq7P3UWrTmdw5ncbsX2MOori7fwMHb5XDoLsRMD/XhItmkupwSWMyNP/17iTMXgNjZSVA6GUmGrZ

129

EXHIBIT 43



HOME    ABOUT    ATTORNEYS    PRACTICE AREAS    RESOURCES    CONTACT

**ABOUT**

## The Law Office of L. Ford Banister II

Our international intellectual property law firm provides a full-
range of services, including, but not limited to, trademark and copyright litigation, intellectual property protection, internet & domain name disputes and a
nti-counterfeiting enforcement.

WE ARE EXPERIENCED
We have dealt with more than a thousand trademark and copyright infringement cases. We have both defended and prosecuted
multiparty trademark and copyright infringement cases and leverage our experience on both sides to our clients' benefit.

WE DELIVER RESULTS
We know the essence of international business. We are small in size but the result we could deliver for you will not be small. We are committed to create
value for our clients.

WE ARE COST COMPETITIVE
Fees vary based on the difficulty of the case. Some cases may be accepted without an initial cash payment with our fee set as a percentage of the amount
that is recovered/seized for you.

WE SERVE CLIENTS OF ALL SIZES
We serve individuals, small businesses and big companies on the stock market.

WE ARE CLIENT ORIENTED
We have staff members who can speak both Chinese and English. We value long-term relationships with clients.

WE HAVE AN INTERNATIONAL PERSPECTIVE
We have a strong international practice in trademark and copyright litigation and have an established network both in United States of America and China.

131



HOME    ABOUT    ATTORNEYS    PRA

## ATTORNEYS

- **L. Ford Banister II**
- Michael Stanley
- Lydia Pittaway

# L. Ford Banister II

Principal Attorney

Attorney L. Ford Banister II has an extensive experience in intellectual property law.

He has represented more than Five thousand trademark and copyright infringement cases. He has represented both plaintiff and defendant sides of the intellectual property infringement cases.

He has handled domain name dispute arbitration actions in jurisdictions around the world. He also has experience in identity theft and defamation litigation.

He has deep understanding of e-commerce business on Amazon, Wish, Walmart, Aliexpress, Alibaba, Ebay, DHgate et al. He has won many arbitration cases on behalf of his clients.

He has represented diverse clients from different countries.

**BAR ADMISSIONS**

New York

Federal District Court for Northern District of Illinois

132

# EXHIBIT 44

---

[4] Plaintiff's undersigned trial counsel resides in Hillsborough County as of September 2022, and the law firm recently opened an office in this District.

[5] Indeed, Plaintiff is appreciative that the Court has been quickly reviewing Plaintiff's early motions (Dkt. 3, 4, 7, 8) and issuing orders (Dkt. 5, 9) in this matter.

16

EXHIBIT 45



136

EXHIBIT 46



# NBA Store
A ⦿ Fanatics Experience

kareem abdul jabbar

SHOP BY TEAM    MEN    WOMEN    KIDS    JERSEYS    T-SHIRTS    HATS    HARDWOOD CLASSICS    FOOTWEAR

**DEAL ENDS SOON!**   **FREE SHIPPING** ON U.S. ORDERS OVER $24    Klarna.

COLLECTIBLES

**Your Selections**

⊗ Collectibles

**NBA Teams** ⌃
  Los Angeles Lakers
  Milwaukee Bucks

**Sub Department** ⌃
  Jerseys
  Photos

**Price Range** ⌃
  Over $60

1 - 2 of 2     Top Sellers ⌄     72 Items ⌄

Almost Gone!
Ships Free

$699⁹⁹
Kareem Abdul-Jabbar Milwaukee Bucks Autographed Fanatics
Authentic Framed Mitchell & Ness Green 1970-71 Throwback
Jersey

Almost Gone!
Ships Free

$239⁹⁹
Autographed Los Angeles Lakers Elgin Baylor Fanatics
Authentic 16" x 20" in Purple vs. Kareem Abdul-Jabbar
Photograph with "HOF 77" Inscription

137

# EXHIBIT 47

cards and collectibles priced with a total value of more than $16 million.

 beckettmedia.com
https://www.beckettmedia.com/basketball/basketball... ▾

## FREE Basketball Magazine with Basketball Card Price Guide #25

web **FREE Basketball** Magazine with **Basketball Card Price Guide** #25. Complete checklists and **pricing** for every important **basketball** card set from 1910 to present,including products featuring your favorite NBA, WNBA, amateur and foreign players. More than 340,000 individual cards and collectibles priced with a total value of more than $6 million.

138

EXHIBIT 48

139





140

EXHIBIT 49

**AXI**

# Case 8:21-cv-01331-VMC-AEP

## Evidence Collection Report



## File Signatures



141

EXHIBIT 50

142

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

AIN JEEM, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

    Defendants.

_____/

## COMPLAINT

Plaintiff AIN JEEM, INC. ("Ain Jeem" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in the caption, which are set forth on Schedule "A" hereto (collectively, the "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.    Defendants are promoting, selling, offering for sale, and distributing goods using counterfeits and confusingly similar imitations of Ain Jeem's trademarks within this district through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names and domain names set forth on Schedule "A" hereto (the "Seller IDs").

2.    Like many other famous trademark owners, Plaintiff suffers ongoing

143

daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Plaintiff's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's trademarks, as well as the destruction of the legitimate market sector in which it operates.

3. In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, Plaintiff has expended significant amounts of resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. The exponential growth of counterfeiting over the Internet, particularly through online marketplace platforms, has created an environment that requires companies, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the negative effects of confusion and the erosion of the goodwill connected to Plaintiff's brand.

## JURISDICTION AND VENUE

4. This is an action seeking damages and injunctive relief for trademark counterfeiting and infringement, false designation of origin under the Lanham Act, common law unfair competition; common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a); 15 U.S.C. § 1051 *et seq.*

2

144

5.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114 and 1125(a), 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, because the claims are so related to the trademark claims in this action, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida, through at least the Internet based e-commerce stores and fully interactive commercial Internet websites accessible in Florida and operating under the Seller IDs.   Upon information and belief, Defendants infringe Plaintiff's trademarks in Florida by advertising, using, selling, promoting and distributing counterfeit trademark goods through such Internet based e-commerce stores and fully interactive commercial Internet websites.

8.     Venue is proper in this District pursuant 28 U.S.C. § 1391 since Defendants are engaged in infringing activities and causing harm within the Florida by advertising, offering to sell, selling and/or shipping infringing products into this State.   Defendants may be found in this District, as they are subject to personal jurisdiction herein.

**THE PLAINTIFF**

9.     Plaintiff Ain Jeem, Inc. is a Delaware corporation with a principal place of business located in Newport Beach, California.

3



145

10.    Ain Jeem is an international licensing company which specializes in worldwide distribution of content, consumer products rights, and brand management. Ain Jeem is the owner of all rights, title, and interest in the mark "Kareem Abdul-Jabbar" and the following "KAR33M Logo" (collectively, the "Kareem Abdul-Jabbar Marks"):

# KAR33M⃰

11.    The Kareem Abdul-Jabbar Marks are associated with Kareem Abdul-Jabbar, an American former collegiate and professional basketball player who played twenty seasons in the National Basketball Association ("NBA") for the Milwaukee Bucks and the Los Angeles Lakers, and dominated the game in the 1970s and early '80s.

12.    During his career as a center, Kareem Abdul-Jabbar was a record six-time NBA Most Valuable Player ("MVP"), a record 19-time NBA All-Star, a 15-time All-NBA selection, and an 11-time NBA All-Defensive Team member.  A member of six NBA championship teams as a player and two more as an assistant coach, Kareem Abdul-Jabbar twice was voted NBA Finals MVP. In 1996, he was honored as one of the 50 Greatest Players in NBA History.

13.    After winning 71 consecutive basketball games on his high school team in New York City, Kareem Abdul-Jabbar was recruited by UCLA, where he played on three consecutive national championship teams and was a record three-time MVP

4

of the NCAA Tournament. Drafted with the first overall pick by the Milwaukee Bucks franchise in the 1969 NBA draft, Kareem Abdul-Jabbar spent six seasons in Milwaukee. After leading the Bucks to its first NBA championship at age 24 in 1971, using his famous "skyhook" shot, he established himself as one of the league's top scorers.

14.     In 1975, he was traded to the Lakers, with whom he played the final 14 seasons of his career and won five additional NBA championships. Over his 20-year NBA career, his teams succeeded in making the playoffs 18 times and got past the first round 14 times; his teams reached the NBA Finals on 10 occasions.

15.     In 1984 he surpassed Wilt Chamberlain's career scoring total of 31,419 points. At the time of his retirement at age 42 in 1989, Kareem Abdul-Jabbar was the NBA's all-time leader in points scored (38,387), games played (1,560), minutes played (57,446), field goals made (15,837), field goal attempts (28,307), blocked shots (3,189), defensive rebounds (9,394), career wins (1,074), and personal fouls (4,657). He remains the all-time leader in points scored, field goals made, and career wins. He is ranked third all-time in both rebounds and blocked shots. In 2007, he was inducted into the National Collegiate Basketball Hall of Fame and was voted the greatest center of all time by ESPN. In 2008, ESPN named him the "greatest player in college basketball history," and in 2016, they named him the second-best player in NBA history.

16.     Kareem Abdul-Jabbar is a global icon that changed the game of professional basketball. Since his stellar professional career both as a player and

5

147

basketball coach, he has gone on to become a celebrated New York Times-bestselling author, actor, filmmaker, ambassador of education, and Time Magazine columnist. In 2012, Kareem Abdul-Jabbar was selected by Secretary of State Hillary Clinton to be a U.S. global cultural ambassador. In 2016, President Barack Obama awarded him the Presidential Medal of Freedom. After 50 years as an athlete and activist, he offers his perspectives as a nationally recognized speaker who regularly appears on the lecture circuit. Kareem Abdul-Jabbar has twice been named Columnist of the Year (in 2017 and 2018) by the Southern California Journalism Awards.

    17.    Goods bearing and reproducing the Kareem Abdul-Jabbar Mark are sold through authorized retailers throughout the United States, including within the State of Florida and this District.

    18.    Genuine and authorized products bearing and reproducing the Kareem Abdul-Jabbar Mark are widely legitimately advertised, promoted, and distributed by and through Ain Jeem and its authorized partners, including but not limited to the "KAR33M Official Store" at www.shop.kareemabduljabbar.com. Over the course of the past several years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing, has become increasingly important to Ain Jeem's overall marketing and consumer education efforts. Thus, Ain Jeem expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Ain Jeem and its authorized partners to educate consumers fairly and legitimately about the value associated with the Kareem Abdul-Jabbar brand.

## THE DEFENDANTS

19.     Defendants are individuals and/or business entities of unknown makeup, the majority of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  Defendants target their business activities towards consumers throughout the United States, including within Florida through the operation of Internet based e-commerce stores via Internet marketplace websites under the Seller IDs.

20.     Defendants conduct business in the State of Florida.  Defendants that are non-residents of the State of Florida availed themselves of the privilege extended by law to non-residents and others to operate, conduct, engage in, or carry on a business or business venture in the State of Florida, or to have an office or agency in Florida. Based on the foregoing, it is appropriate in this matter for all domestic Defendants that are non-residents of the State of Florida to be served with process through substitute service on the Secretary of State of Florida pursuant to Fla. Stat. §§ 48.161 and 48.181.

21.     Defendants are the past and present controlling forces behind the sale of products under counterfeits and infringements of Plaintiff's trademarks as described herein using at least the Seller IDs.

22.     Upon information and belief, Defendants directly engage in unfair

competition by advertising, offering for sale, and selling goods bearing one or more of Plaintiff's trademarks to consumers within the United States and this District through Internet based e-commerce stores using, at least, the Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing goods into the State.

23.     Defendants have registered, established or purchased, and maintained their Seller IDs. Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs.

24.     Upon information and belief, some Defendants have registered and/or maintained their Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

25.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations and unauthorized reproductions or derivative works of one or more of Plaintiff's trademarks unless preliminarily and permanently enjoined.

26.     Defendants use their Internet-based businesses in order to infringe the intellectual property rights of Plaintiff.

27.     Defendants' business names, *i.e.*, the Seller IDs, associated payment accounts, and any other alias seller identification aliases and domain names used in

8

*150*

connection with the sale of counterfeit and infringing goods bearing one or more of Plaintiff's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiff. Moreover, Defendants are using Plaintiff's famous trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

### GENERAL FACTUAL ALLEGATIONS

#### *Ain Jeem's Intellectual Property Rights*

28.    Plaintiff is the owner of the following trademark, which is valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Kareem Abdul-Jabbar Standard Character Mark"):

| Trademark | Registration Number | Registration Date | First Use Date | Class / Goods |
|---|---|---|---|---|
| Kareem Abdul-Jabbar | 2,074,575 | 06/24/1997 | 01/25/1990 | IC 025: athletic and athletically inspired clothing in the nature of T-shirts, and socks |

The foregoing registration for the Kareem Abdul-Jabbar Standard Character Mark constitutes presumptive evidence of its ownership and validity. A true and correct copy of the federal registration for the Kareem Abdul-Jabbar Mark is attached hereto as **Exhibit 1.**

151

28.    Plaintiff is also the owner of the following logo:

## KAR33M

(the "KAR33M Logo").  Collectively the Kareem Abdul-Jabbar Standard Character Mark and KAR33M Logo are referred to herein as the "Kareem Abdul-Jabbar Marks.

29.    The Kareem Abdul-Jabbar Marks are used in connection with the design, marketing, and distribution of high-quality goods in at least the category identified above.

30.    Long before Defendants began their infringing activities complained of herein, the Kareem Abdul-Jabbar Marks have been used by Plaintiff in interstate commerce to identify and distinguish Mr. Kareem Abdul-Jabbar's career and associated merchandise for an extended period.

31.    The Kareem Abdul-Jabbar Marks are well-known and famous and have been for many years.  Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Kareem Abdul-Jabbar Marks and products bearing the Kareem Abdul-Jabbar Marks.  The Kareem Abdul-Jabbar Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

32.    Plaintiff has extensively used, advertised, and promoted the Kareem Abdul-Jabbar Marks in the United States in association with its merchandise.

33.    As a result of Plaintiff's efforts, members of the consuming public readily identify products and merchandise bearing or sold under the Kareem Abdul-Jabbar

10

Marks as being high quality goods sponsored and approved by Plaintiff.

34. The Kareem Abdul-Jabbar Marks serve as a symbol of Plaintiff's quality, reputation, and goodwill and have never been abandoned.

### *Defendants' Counterfeiting and Infringing Conduct*

35. Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale counterfeit and infringing goods in interstate commerce using exact copies and confusingly similar copies of the Kareem Abdul-Jabbar Marks through at least the Internet based e-commerce stores operating under the Seller IDs (collectively, the "Counterfeit Goods"). Plaintiff has used the Kareem Abdul-Jabbar Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Plaintiff's merchandise.

36. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Plaintiff's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Plaintiff under the Kareem Abdul-Jabbar Marks despite Defendants' knowledge that they are without authority to use the Kareem Abdul-Jabbar Marks. The effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, or approved by Plaintiff.

11

58

153

37.    Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on Internet marketplace websites using at least the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully use the Kareem Abdul-Jabbar Marks without Plaintiff's permission.

38.    As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Kareem Abdul-Jabbar Marks. Specifically, Defendants are using counterfeits and infringements of Plaintiff's famous Kareem Abdul-Jabbar Marks in order to make their e-commerce stores and websites selling illegal goods appear more relevant, authentic, and attractive to consumers searching for Plaintiff's related goods and information online.  By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods. Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the goodwill associated with the Kareem Abdul-Jabbar Marks, and/or (iii) increasing Plaintiff's overall cost to market the Kareem Abdul-Jabbar Marks and educate consumers about its brand via the Internet.

39.    Upon information and belief, Defendants are concurrently targeting their

12

154

counterfeiting and infringing activities toward consumers and causing harm within this District and elsewhere throughout the United States. As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

40.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Kareem Abdul-Jabbar Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

41.     Defendants' use of the Kareem Abdul-Jabbar Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Plaintiff's consent or authorization.

42.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

43.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiff's genuine goods and Defendants' Counterfeit Goods, which there is not.

13

156

44. Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing and unfairly competitive activities connected to their Seller IDs and any other seller identification aliases and domain names being used and/or controlled by them.

45. Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff.

46. Plaintiff has no adequate remedy at law.

47. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Kareem Abdul-Jabbar Marks.

48. The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

### COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT
### PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

49. Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 48 as though fully set forth herein.

50. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Kareem Abdul-Jabbar Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

14

51.   Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods, using counterfeits and/or infringements of the Kareem Abdul-Jabbar Marks. Defendants are continuously infringing and inducing others to infringe the Kareem Abdul-Jabbar Marks by using one or more of them to advertise, promote, offer to sell, and/or sell at least counterfeit and infringing goods.

52.   Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

53.   Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damage to Plaintiff and are unjustly enriching Defendants with profits at Plaintiff's expense.

54.   Defendants' above-described illegal actions constitute counterfeiting and infringement of the Kareem Abdul-Jabbar Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

55.   Plaintiff has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

### COUNT II -- FALSE DESIGNATION OF ORIGIN
### PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

56.    Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 48 as though fully set forth herein.

57.    Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the Kareem Abdul-Jabbar Marks have been widely advertised and offered for sale throughout the United States via the Internet.

58.    Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the Kareem Abdul-Jabbar Marks are virtually identical in appearance to Plaintiff's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

59.    Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

60.    Defendants have authorized infringing uses of the Kareem Abdul-Jabbar Marks in Defendants' advertisement and promotion of their counterfeit and infringing

158

branded goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

61. Additionally, Defendants are using counterfeits and infringements of the Kareem Abdul-Jabbar Marks in order to unfairly compete with Plaintiff and others for space within search engine organic results, thereby jointly depriving Plaintiff of a valuable marketing and educational tool which would otherwise be available to Plaintiff and reducing the visibility of Plaintiff's genuine goods on the World Wide Web.

62. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

63. Plaintiff has no adequate remedy at law and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

### COUNT III -- COMMON LAW UNFAIR COMPETITION

64. Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 48 as though fully set forth herein.

65. This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods using marks which are virtually identical, both visually and phonetically, to the Kareem Abdul-Jabbar

17

159

Marks in violation of Florida's common law of unfair competition.

66.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and infringements of the Kareem Abdul-Jabbar Marks.  Defendants are also using counterfeits and infringements of the Kareem Abdul-Jabbar Marks to unfairly compete with Plaintiff for (i) space in search engine results across an array of search terms and/or (ii) visibility on the World Wide Web.

67.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Kareem Abdul-Jabbar Marks.

68.     Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

**COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT**

69.     Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 48 as though fully set forth herein.

70.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing one or more of the Kareem Abdul-Jabbar Marks.  Plaintiff is the owner of all common law rights in and to the Kareem Abdul-Jabbar Marks.

71.     Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing

140

infringements of the Kareem Abdul-Jabbar Marks.

72.    Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Kareem Abdul-Jabbar Marks.

73.    Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

A.    Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Kareem Abdul-Jabbar Marks; from using the Kareem Abdul-Jabbar Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act

that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiff; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's Kareem Abdul-Jabbar Marks; and from otherwise unfairly competing with Plaintiff.

     B.    Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, and any other seller identification aliases and domain names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Kareem Abdul-Jabbar Marks.

     D.    Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with Defendants' respective Seller ID.

162

E.    Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Kareem Abdul-Jabbar Marks via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods bearing counterfeits and/or infringements of the Kareem Abdul-Jabbar Marks associated with and/or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Kareem Abdul-Jabbar Marks.

F.    Entry of an order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiff's election with respect to Count I, that Plaintiff be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

G.    Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial

21

163

accounts and/or sub-accounts used in connection with the Seller IDs or other seller identification aliases or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

H. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

I. Entry of an order requiring Defendants to pay prejudgment interest according to law.

J. Entry of an order for such other and further relief as the Court may deem proper and just.

Date: June 1, 2021      Respectfully submitted by,

THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ Richard Guerra*
Richard Guerra, Trial Counsel
Fla. Bar No. 689521
Email: rguerra@brickellip.com
Nicole Fundora
Fla. Bar No. 1010231
Email: nfundora@brickellip.com

22

AKERMAN LLP
Alejandro J. Fernandez
Fla. Bar No. 32221
Email: alex.fernandez@akerman.com
401 East Jackson Street
Suite 1700
Tampa FL 33602
Tel: 813-223-7333
Fax: 813-223-2837

*Counsel for Plaintiff*

165

EXHIBIT 51

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-01331-VMC

AIN JEEM, INC.,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS[1]

      Plaintiff, Ain Jeem, Inc. ("Ain Jeem," or "Plaintiff"), by undersigned counsel and pursuant to Fed. R. Civ. P. 4(f)(3), respectfully moves for an order authorizing alternate service of process on Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" to the Complaint ("Defendants"), and in support thereof respectfully refers the Court to the following Memorandum of Law.

---

[1] This Motion is directed to all Defendants identified on Schedule "A" to the Complaint that are residing and/or operating outside of the United States. With respect to any Defendants residing and/or operating within the United States, Plaintiff will effect service of process in accordance with Fed. R. Civ. P. 4(e).

167

## MEMORANDUM OF LAW

### I.   INTRODUCTION

Plaintiff is moving for alternate service as Plaintiff has yet to provide Defendants with notice of this action. *See* accompanying Declaration of Richard Guerra ("Guerra Decl.") at ¶ 3.  On June 8, 2021, this Court issued its Sealed Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order (ECF No. 8) (the "TRO"). Pursuant to the TRO, any third-party financial institution providing services to the Defendants identified on Schedule "A" to the Complaint (the "Third Party Providers") that receive notice of the TRO are instructed to restrain the respective financial accounts of the Defendants and are further instructed to provide Plaintiff with expedited discovery relating to the identities of the Defendants as well as details of their respective financial accounts.  TRO at ¶¶ 4(a) & (b).  In response to the expedited discovery from some of the Third Party Providers, Plaintiff has learned that at least three of the Defendants reside outside of the United States.  Plaintiff is submitting this Motion so that it can effectuate service of process on those Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure simultaneously with notice of the TRO.

Plaintiff is suing Defendants for trademark counterfeiting and infringement, false designation of origin, common law unfair competition, common law trademark infringement, and copyright infringement. *See* Pl.'s Compl. (ECF No. 1). Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling goods bearing counterfeits and infringements of Plaintiff's registered trademarks and copyrights in Florida and throughout the United States by operating

websites and ecommerce stores via third-party marketplace platforms under their seller identification names and website domains identified on Schedule "A" to the Complaint (the "Seller IDs").

Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff requests an order authorizing service of process on Defendants via electronic mail ("e-mail") and via website posting. Service via e-mail and by posting on a designated website are appropriate and necessary in this case, because (1) Defendants operate via the Internet; and (2) Defendants rely on electronic communications to operate their businesses. As such, Plaintiff can contact Defendants directly and provide notice of Plaintiff's claims against them electronically via email. Additionally, Plaintiff has created a website and will be posting copies of the Complaint and all other documents filed in this action.

Plaintiff respectfully submits that an order allowing service of process and service of all filings via e-mail and by posting on a designated website in this case will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve Defendants by e-mail and/or by website posting, Plaintiff will almost certainly be left without the ability to pursue a remedy.

## II.   FACTUAL BACKGROUND

### A.   Defendants Have Valid Means of Electronic Contact.

Defendants operate Internet-based businesses and identify e-mail, including onsite contact forms, as a means of communication such that Plaintiff will be able to provide Defendants with notice of this action via e-mail and website posting. As a

169

practical matter, it is necessary for merchants who operate entirely online, such as Defendants, to provide customers with a valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipments of orders. Moreover, e-commerce defendants generally must maintain accurate e-mail addresses where their marketplace platform administrator or domain registrar and payment processor may communicate with them regarding issues related to the maintenance of their e-commerce store and domain name accounts and transfer of funds for the payment for goods. Additionally, Plaintiff has created a serving notice website that will be appearing at the URL, https://www.dropbox.com/sh/2qg82izfk2fiwgo/AABM-B39Uk79Ovtlu9UDmjwxa?dl=0 ("Plaintiff's Serving Notice Website") such that anyone accessing the Plaintiff's Serving Notice Website will find copies of all documents filed in this action. *See* Guerra Decl. at ¶ 4. Defendants are further able to receive notice of this action by e-mail via the e-commerce marketplace platform that Defendants use to conduct their commercial transactions via the Seller IDs. Guerra Decl. at ¶ 5.

Plaintiff will also be able to provide each Defendant notice of this action via public announcement on Plaintiff's designated website. Plaintiff has created a publication website that will be appearing at the URL https://www.dropbox.com/sh/2qg82izfk2fiwgo/AABM-B39Uk79Ovtlu9UDmjwxa?dl=0, whereon copies of the Complaint and all other

*170*

pleadings, documents, and orders issued in this action will be posted such that anyone accessing Plaintiff's Serving Notice Website will find copies of all documents filed in this action. *See* Guerra Decl. at ¶ 6. The address to Plaintiff's Serving Notice Website will be provided to Defendants via e-mail to Defendants' known e-mail accounts and onsite contact forms and will be included upon service of process in this matter. *Id.*

Accordingly, each Defendant will receive notice of this action electronically by providing the address to Plaintiff's Serving Notice Website to their corresponding e-mail addresses or via the e-commerce marketplace platform or domain registrar Defendants use to conduct their commercial transactions via the Seller IDs. *See* Guerra Decl. at ¶ 7. In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures. *Id.*

### B. Defendants Rely on Electronic Communications.

Defendants have structured their e-commerce store businesses so that the means for customers to purchase Defendants' counterfeit and infringing goods at issue is by placing an order electronically. Defendants take and confirm orders online and rely on electronic means to receive payment. *See* Guerra Decl. at ¶ 8.

Further, in most instances, Defendants must provide an email address and physical address to the third-party platforms through which Defendants operate (*e.g.*, eBay, AliExpress, Alibaba, Amazon, Wish.com, Dhgate, etc.). *Id.* at ¶ 9. Few, however, if any Defendants purport to provide any type of a physical address to these

third-party platforms much less a valid, accurate, and verifiable physical address. *Id.* at ¶ 10. Unlike an email address, which is typically verified by the third-party online platforms, no verification typically occurs for physical addresses. *Id.* at ¶ 11. Because an Internet store operator can often input any physical address, such addresses are usually false and/or are not where the Internet store operator is located. *Id.* at ¶ 12. As such, even if a physical address is discoverable, it is not a reliable means for identifying and locating Defendants. *Id.* at ¶ 13.[2]

## III.    ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3) allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process via e-mail and by posting on Plaintiff's Serving Notice Website are appropriate given that Defendants have established Internet-based businesses by which they rely on electronic communications for their operation. Accordingly, this Court should permit service on Defendants by e-mail and website posting.

---

[2] Indeed, a January 2020 publication on counterfeiting by the Department of Homeland Security ("DHS") cites a "lack of relevant policies and procedures to verify sellers' true names and addresses" by third party platforms, which "contributes to a range of impediments to effective enforcement." Guerra Decl. at ¶ 14.

172

## A.   The Court May Authorize Service via E-mail and Website Posting Pursuant to Fed. R. Civ. P. 4(f)(3).

Federal Rules of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3)." *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011). A foreign partnership or other unincorporated association can therefore be served in the same manner as serving a foreign individual pursuant to Fed. R. Civ. P. 4(f)(3). *Id.* Rule 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. *See Prewitt Enterprises, Inc. v. The Organization of Petroleum Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003); *see also Brookshire Bros., Ltd. v. Chiquita Brands Intern., Inc.*, Case No. 05-cv-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); *Rio Properties, Inc., v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Chanel, Inc. v. Zhixian*, No. 10-cv-60585-JIC, 2010 WL 1740695, at *2 (S.D. Fla. April 29, 2010) (quoting *Rio Props., Inc.*, 284 F.3d at 1014 and citing *Mayoral–Amy v. BHI Corp.*, 180 F.R.D. 456, 459 n. 4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the district court. *Prewitt Enters., Inc.*, 353 F.3d at 921; *Rio Props., Inc.*, 284 F.3d at 1116; *Brookshire*

*Bros., Ltd.*, 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); *In re Int'l Telemedia Assocs.*, 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). *Rio Props., Inc.*, 284 F.3d at 1114-15; *Brookshire Bros., Ltd.*, 2007 WL 1577771, at *1. For example, in *Brookshire*, this Court allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Brookshire Bros., Ltd.*, 2007 WL 1577771, at *1 (quoting *Rio Props., Inc.*, 284 F.3d at 1015); *accord TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 692 (S.D. Fla. Jan 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive 'or,' are meant to be read as a hierarchy."). In *Brookshire*, this Court further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." *Brookshire Bros., Ltd.*, 2007 WL 1577771, at *2. Additionally, the Constitution itself

does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at *1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also TracFone Wireless, Inc.*, 278 F.R.D. at 692; *Rio Props., Inc.*, 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative service methods, including service by e-mail and service by posting on a designated website, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. *See, e.g., Rio Props., Inc.*, 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *In re Int'l Telemedia Assocs.*, 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); *National Association for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) ("acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [plaintiff's website].").

Here, service on Defendants by e-mail and by posting on Plaintiff's Serving Notice Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims. Based upon Plaintiff's investigation,

each Defendant utilizes e-mail as its principal means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action. *See* Guerra Decl. at ¶ 15. Moreover, service by posting on Plaintiff's Serving Notice Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser. *Id.* at ¶ 16.

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when a plaintiff has proven that e-mail is the most effective means of providing a defendant notice of the action. *See Rio Props., Inc.*, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."); *see also Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts.") (citation omitted). In both *Rio Properties* and *Popular Enterprises*, the district courts determined e-mail service to be appropriate, in part, because, as in this case, the

*176*

defendants conducted their business online, used e-mail regularly in their business, and encouraged parties to contact them via e-mail. *See id.*

A number of other district courts have similarly held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process when faced with an international e-business counterfeiting scheme. *See Chanel, Inc.*, 2010 WL 1740695, at *3 (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); *TracFone Wireless, Inc.*, 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise the defendants of the action and give it an opportunity to respond); *In re Int'l Telemedia Associates*, 245 B.R. at 722 (concluding e-mail and facsimile service to be appropriate and holding that a "defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party."); *Chanel, Inc. v. Zhibing,* Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (granting alternate service via e-mail, stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants, and noting "[t]he federal judiciary's own CM/ECF system alerts parties … by e-mail messages").

The foregoing authority demonstrates that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process,

particularly given Defendants' decisions to conduct their illegal businesses using the Internet and utilizing e-mail as a primary means of communication.

Additionally, service of a defendant by posting on a designated website has been deemed an appropriate means of service by posting. *See National Association for Stock Car Auto Racing*, 584 F. Supp. 2d at 826. A proposed method of website posting need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *National Association for Stock Car Auto Racing*, 584 F. Supp. 2d at 826 (citing *Mullane*, 339 U.S. 306, 315-16). In *National Association for Stock Car Auto Racing, Inc.*, the district court determined that the plaintiff could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing by posting on the plaintiff's website. *Id.* Courts in the Eleventh Circuit have also consistently approved of this method of service in similar cases. *See, e.g., Richemont Int'l SA v. Cartierlove2u.com*, No. 19-cv-61968, 2019 WL 7938516 (S.D. Fla. Aug. 8, 2019) (Order authorizing alternate service of process via, inter alia, e-mail); *Adidas AG v. Adidas.style*, No. 17-cv-62535, 2018 WL 1801197 (S.D. Fla. Feb. 7, 2018) (same).

Accordingly, Plaintiff has created its serving notice website which will be appearing at the URL, https://www.dropbox.com/sh/2qg82izfk2fiwgo/AABM-B39Uk79Ovtlu9UDmjwxa?dl=0, whereon copies of the Complaint, and all other pleadings, documents, and orders issued in this action will be posted. *See* Guerra Decl. at ¶ 6. The address to Plaintiff's Serving Notice Website will be provided to each Defendant via their e-mail accounts and will be included as part of service of process in

this matter. *Id.* Posting the Summonses and Complaint on Plaintiff's Serving Notice Website will provide notice to Defendants sufficient to meet the due process requirements for service of process and notice pursuant to Fed. R. Civ. P. 4, apprise Defendants of the pendency of this action, and afford Defendants and any other interested parties an opportunity to present their objections.

**B.    Service of Process Via Electronic Means Are Not Prohibited by International Agreement.**

Service via e-mail and via posting on a designated website is not prohibited by international agreement.   Based upon the data provided in connection with Defendants' Internet based e-commerce stores, including the shipping information and payment data provided in connection with Defendants' Seller IDs, Plaintiff has good cause to suspect the majority of Defendants are residing and/or operating in the People's Republic of China[3] ("China") and/or redistribute products from sources in China. *See* Guerra Decl. at ¶ 17.

The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention").   *See id.* at ¶ 18.   The Hague Service Convention does not preclude a U.S. district court from authorizing service of process

---

[3] With respect to those Defendants residing outside of China, undersigned counsel has confirmed that there are no jurisdictions at issue that are signatories to an international treaty precluding service by email.  Further, while some of these jurisdictions have objected to Article 10 of the Convention (like China), the same analysis set forth herein is equally applicable to these other jurisdictions.

via e-mail or posting on a designated website. *Id.* Thus, there are no international agreements prohibiting service by e-mail or posting on a designated website. *Id.*

Alternative means of service, such as e-mail and website posting, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. *See Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590-FAM, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the forms of service expressly objected to); *see also Richemont Int'l SA v. Cartierlove2u.com*, No. 19-cv-61968-DIMITROULEAS, 2019 WL 7938516, at * 1 (S.D. Fla. Aug. 9, 2019) (authorizing e-mail service and by posting on Plaintiff designated website, noting an objection to the alternative means of service provided by the Hague Convention is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or website posting).

Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. *See* Hague Convention, Art. 10, 20 U.S.T. 361 (1969). China has objected to the alternative means of service outlined in Article 10 of the Convention. Guerra Decl. at ¶ 19. However, China's objection is specifically limited to the means of service enumerated in Article 10, which do not include service via email or website posting. *Id.* Because the declarations to the Hague Convention filed by China do not object to e-mail and website posting service, "a court acting under Rule 4(f)(3) remains free to

order alternative means of service that are not specifically referenced in Article X."
*Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) (citations omitted); *see also*
*WhosHere, Inc. v. Orun*, No. 13-cv-00526-AJT, 2014 WL 670817, at *3 (E.D. Va. Feb.
20, 2014) (authorizing e-mail service, noting objection to means of service listed in
Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article
10 does not represent a *per se* objection to other forms of service, such as e-mail or
website posting. *See In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 434 & 437
(S.D.N.Y. 2009) (requiring express objection to alternative method of service by
signatory nation to preclude that particular means of service). Consequently, China's
objection to the means of alternative service provided in Article 10 does not prevent
this Court from authorizing alternative service of process via e-mail or website posting.
*See, e.g., Gurung*, 279 F.R.D. at 220 (approving service of process on foreign defendants
via e-mail despite India's objection to Article 10, stating that an "objection to service
through postal channels does not amount to an express rejection of service via
electronic mail."); *Stat Med. Devices, Inc.*, 2015 WL 5320947, at *8-9 (permitting service
of process on foreign defendants via e-mail despite Poland's objection to Article 10,
noting "[t]his Court and many other federal courts have permitted service by electronic
mail and determined that an objection to Article 10 of the Hague Convention . . . does
not equate to an express objection to service via electronic mail."); *F.T.C. v. PCCare247*
*Inc.*, No. 12-cv-7189-PAE, 2013 WL 841037, at *4 (S.D.N.Y. March 7, 2013)
(authorizing service of process via e-mail and Facebook, explaining that "[n]umerous

courts have held that service by e-mail does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10"); *WhosHere, Inc.*, 2014 WL 670817 (authorizing service of process on foreign defendants via e-mail despite Turkey's objection to Article 10); *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-cv-02460-LHK, 2011 WL 2607158, at *2 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the present motion and authorize service of the Complaint, Summons, and all pleadings and discovery in this matter upon each Defendant in this action: (1) via e-mail by providing the address to Plaintiff's designated serving notice website to Defendants via the e-mail accounts provided by the e-commerce platform associated with each of the Seller IDs, and (2) via website posting by posting a copy Summons, Complaint, and all filings in this matter on Plaintiff's Serving Notice Website appearing at the URL https://www.dropbox.com/sh/2qg82izfk2fiwgo/AABM-B39Uk79Ovtlu9UDmjwxa?dl=0.

Date: June 18, 2021

Respectfully submitted by,

THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450
*/s/ Richard Guerra*
Richard Guerra, Trial Counsel
Fla. Bar No. 689521
Email: rguerra@brickellip.com
Nicole Fundora
Fla. Bar No. 1010231
Email: nfundora@brickellip.com

AKERMAN LLP
Alejandro J. Fernandez
Fla. Bar No. 32221
Email: alex.fernandez@akerman.com
401 East Jackson Street
Suite 1700
Tampa FL 33602
Tel: 813-223-7333
Fax: 813-223-2837

*Counsel for Plaintiff*