IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CARL PUCKETT
and
MARCELLA PUCKETT

    Plaintiffs,

v.                                                                                   No. 1:23-cv-01143-STA-jay

AIN JEEM, INC., et al

    Defendants.

---

**ORDER DENYING APPOINTMENT OF COUNSEL**

---

    Plaintiffs filed this pro se Complaint on July 21, 2023. ECF No. 1. On August 24, 2023, Plaintiffs filed a Motion to Appoint Counsel. ECF No. 8. The Motion "respectfully [requests] for appointment of counsel in complex civil litigation." ECF No. 8 at 2. Plaintiffs claim that this case presents issues of "civil RICO" and "is . . . extremely complex." ECF No. 8 at 2.

    Federal law provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But the "[a]ppointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). Only in "exceptional circumstances" should a court appoint counsel for a pro se litigant in a civil case. *Id*. at 606; *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019). In deciding whether exceptional circumstances exist, courts should consider the complexity of the case, the ability of the litigant to represent themselves, and whether the litigant's claims are frivolous.

*Lavado*, 922 F.2d at 606. Therefore, a civil litigant seeking appointed counsel must generally distinguish their case from other lawsuits filed by pro se litigants. *See Watson v. Piccadilly Restaurants, LLC*, 2012 U.S. Dist. LEXIS 93367 at *7 (W.D. Tenn. 2012).

At this juncture, appointment of counsel would be inappropriate. Plaintiffs have not demonstrated that the case before the Court presents exceptional circumstances such as complex litigation or an inability of the litigants to represent themselves. As to the complexity of the case, Plaintiffs' conclusory argument that this case presents "complex civil litigation" is insufficient. Even considering the volume of claims, the number of Defendants, and the damages sought,[1] the Court cannot simply adopt Plaintiffs' characterization of the case as "complex." ECF No. 8 at 2.

As to the ability of Plaintiffs to represent themselves, the Court notes that Plaintiffs have compiled and filed eighty-six Exhibits with their Complaint, exceeding three hundred pages. ECF No. 1-1; ECF No. 1-2. Thus, it appears to the Court that Plaintiffs have already engaged in extensive research and documentation for their case. Plaintiffs made no argument that they are unable to continue representing themselves.

Finally, as to the issue of the merits of the claims, the Court notes that the factual background in this case is similar to a previous pro se case filed by Plaintiffs. *See Puckett v. National Basketball Association, et al*, 1:22-cv-01236-STA-jay, ECF No. 1. Because Plaintiffs proceeded in that case in forma pauperis, the Court screened the Complaint and ultimately recommended dismissal, in part, for failure to meet the plausibility standard required by the Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79

---

[1] Plaintiffs raise eleven counts against twenty Defendants and seek injunctive relief, as well as monetary damages in excess of $23 million. ECF No. 1 at 150-72.

(2009). *Id*. at 19-25.[2] While Plaintiffs raise new causes of action against additional Defendants in *this* case, they made no argument in their Motion to distinguish the merits of this case from the factually similar case previously filed.

The Court finds Plaintiffs have not met their burden in establishing appointed counsel is appropriate. Therefore, Plaintiffs' Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED this 17th day of August, 2023.

> **s/Jon A. York**
> UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[2] Plaintiffs ultimately voluntarily dismissed their case. *Puckett v. National Basketball Association, et al*, 1:22-cv-01236-STA-jay, ECF No. 12.