## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## (JACKSON DIVISION)

### CASE NO.: 1:23-cv-01143-SAT-jay

**RECEIVED**

AUG 1 7 2023

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

PUCKETT, et al.,

    Plaintiffs,

v.

JABBAR, et al.,

    Defendants.

_____ /

## VERIFIED MOTION AND MEMORANDUM TO DISMISS COMPLAINT AGAINST STEPHEN MILBRATH

    Defendant Stephen D. Milbrath, appearing pro se, hereby moves for an order dismissing the complaint at Doc. 1, pursuant to Fed. R. Civ. P. 12(b)(2) and (6). The complaint is a pro se complaint filed by Carl Puckett and his wife, Marcella Puckett, and apparently their unincorporated business, DEVILDOGSTREASURE.

### FACTUAL BACKGROUND

    Stephen Milbrath is an attorney licensed to practice law in Florida. Milbrath has never met or represented Plaintiff Puckett or his wife. Nor has Milbrath ever committed a tort against or made a contract with Plaintiffs in Tennessee or anywhere else. Carl Puckett purports to run an online business of some kind and was sued

along with many other people in the Southern District of Florida and subsequently in the Middle District of Florida. Milbrath represented one of those defendants but not Puckett. Milbrath filed a motion to dismiss the complaint as to his client and negotiated a relatively nominal settlement to resolve the lawsuit for his client. While doing so, he had an email exchange with Mr. Puckett about potentially representing him but was never hired by him and never agreed to represent him. The emails were between Milbrath in Orlando, Florida and wherever Puckett had his email account.

The Middle District of Florida action was styled *Ain Jeem, Inc.* v. *The Individuals, Partnerships and Unincorporated Associations Identified on Schedule A,* Case No. 8:21-cv-1331-VMC, Middle District of Florida. The client Milbrath represented had websites specified on the referenced Schedule A.

The case was the subject of the reported order at *Ain Jeem, Inc. v. Individuals, P'Ships & Unincorporated Ass'n, Identified on Schedule A,* 2021 U.S. Dist. LEXIS 139510 (M.D. Fla. July 27, 2021). In that opinion, District Court Judge Virgina Hernandez Covington denied a pro se motion to dismiss the Middle District suit filed by Plaintiffs. The Honorable Virginia Hernandez Covington is one of the defendants named in this action. This fact alone is sufficient to indicate how absurd the present lawsuit is.

The Middle District of Florida case has a long history of abusive and serial motion filings by Plaintiffs, particularly Mr. Puckett, whose tactic seems to be to

2

simply file one motion after another until finally, a court puts a stop to the repeat filing. This pattern is shown in the docket sheet for the Middle District case. Remarkably plaintiff in the Middle District Case dismissed the complaint against Defendant Carl Pucket, and the district court judge sued in this case even entered an order allowing the dismissal of Plaintiff Ain Jeem's case against him. Hence it would appear that by persistent pleading and motion practice, Plaintiffs succeeded in dismissing the case against them in the Middle District of Florida. Yet Mr. Puckett is still on appeal from the Midde District Case, having lately moved to proceed in forma pauperis in the Eleventh Circuit.

And what is the RICO case alleged? The complaint does not actually say. It simply sues a long list of people alleging the statute but with no detail as to the enterprise, its objectives, and how it involves particular persons or what crimes they allegedly committed. Most if not all of the conduct that is mentioned constitutes the practice law or involves conduct that is legally immune because it involves the legitimate practice of law or adjudication in court.

As to Milbrath, the complaint does not allege any professional or other misconduct against Milbrath and does not state any cause of action against him or his law firm that can be recognized.

While Milbrath questioned the motives of the Plaintiffs and viewed the Middle District lawsuit as a sort of shakedown to obtain quick settlements over

3

dubious claims of copyright and trademark infringement and other claims, he never directed any act towards Puckett and never participated in any tort causing injury to Puckett anywhere, and particularly in Tennessee.

Milbrath has never availed himself of the opportunity of doing business in Tennessee with Puckett or made a contract with him there or anywhere and has no office to practice law in Tennessee nor has he practiced there. Nor has he directed commercial or other communications with Puckett in Tennessee save for discussing the potential to represent him in Florida on a Florida lawsuit, which he does not even mention in his complaint.

The complaint alleges only the following as to Milbrath:

1. Both personally and professionally liable and is not immune under the Absolute litigation immunity doctrine and is, vicariously, and jointly liable for tortious acts arising from the same occurrences and facts and is therefore permissibly joined under F.R.C.P 19 and 20. Acted in both his personal and professional capacity and is domiciled in the State of Florida. Attorney Milbrath is associated with enterprise and engaged in activities that affected legitimate interstate commerce and participated directly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such

4

enterprise. Plaintiff alleges that "attorneys are liable for racketeering activity under the Reves standard as determined by the U.S. Supreme Court Reves v. Ernst & Young, 494 U.S. 56 (1990)." (Compl. ¶22.)

2. Milbrath supposedly entered into an agreement to immediately dismiss their client WITHOUT prejudice knowing it would bar the **remaining unrepresented** defendant victims from being able to exercise and procedural due rights to appeal because the finality doctrine pertaining to multiple defendant cases as a dismissal without prejudice is not a final order and before any right to appeal can be taken a final order must exist as to all defendants. (Compl. ¶207.) (emphasis added).

3. Milbrath supposedly conspired to act directly and indirectly, and who were employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. (Compl. ¶432.) No specific details are provided.

4. Milbrath supposedly directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the

5

pattern of racketeering and activity described in Count I, in violation of RICO § 18. U.S. Code 1962 (c). (Compl. ¶434.) No details are provided, however.

5. The supposed racketeering activities in violation of 18 U.S.C 1962 (c), caused injury to Plaintiffs in that they injured in their business and property. (Compl. ¶435.)

6. Conspired with and **acted in agreement with the enterprise** to **dismiss the defendant victim they allegedly represented** WITHOUT prejudice to deny the remaining defendant victims the procedural due rights to appellate review now barred under the finality doctrine as a result of Count IX Defendants actions. (Compl. ¶506.) (Emphasis

7. added). This is therefore alleging that Milbrath and others conspired to practice law for the benefit of his client, leaving Puckett to fend for himself.

8. Have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described in Count IX, in violation of RICO § 18 U.S.C 1503 Obstruction to Deny Rights (Compl. ¶508.)

**No Basis for Personal Jurisdiction Is Alleged**

6

The plaintiff has the "burden of proving a court has personal jurisdiction over a defendant." *Neogen Corp. v. Nego Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002). The plaintiff is required to show by affidavit or otherwise the specific facts showing the court has jurisdiction. *Yarbrough v. Quince Nursing & Rehab Ctr., LLC.* 2022 U.S. Dist. LEXIS 126654, *7 (W.D. Tenn July 18, 2022). Here plaintiff has not alleged a basis for personal jurisdiction over him on any possible basis, including case-linked jurisdiction.  For this reason, the complaint should be dismissed for lack of personal jurisdiction over Milbrath.

The present motion is verified by Defendant Milbrath and shows that he has directed no acts toward Plaintiffs and has committed no tort or other misconduct in Tennessee or directed to Plaintiffs.

### The Complaint Does Not Allege A Viable Cause of Action

Plaintiff has attempted to plead a RICO case against Milbrath, various other lawyers and even court officials. The allegations are frivolous and even attempt to characterize as illegal the legal acts of lawyers and judges doing their jobs.

This case fits perfectly with the comments by the Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007), in which the Court noted that a plaintiff must not be permitted to make a groundless claim and thus "take up the time of a number of people with the right to do so representing an *in terrorem* increment of the settlement value," if the facts do not support a " claim of entitlement to relief." Id.

7

Hence the complaint must be dismissed of it is not "plausible on its face" such that t nudges the claims "across the line from conceivable to plausible. " Id. Here the plaintiff's claims make no sense at all, for he is suing to protest over his having been sued in Florida and trying to manufacture a RICO claim out of his having been sued for infringement by an intellectual property owner.

In substance the Pucketts are angry that they were sued and that they had to defend themselves. They are protesting over having been sued. There is no plausible claim lurking beneath the facts.

Because Plaintiffs have failed to allege anything in support of the RICO claim, the whole complaint should be dismissed without leave to refile. *See, e.g., Hubbard v. Select Portfolio Servicing, Inc.*, 736 Fed. Appx. 590 (6th Cir. June 7, 2018) (failure to allege time, place, and content of false statements relied upon, for details of fraud scheme and predicate offenses is sufficient to make the complaint so implausible as to be in eligible for amendment). As noted above as to the Milbrath claims, Plaintiffs are merely characterizing as predicate crimes the normal conduct of law, including the legally immune activity of lawyers and judges doing their normal functions in a seriously overloaded legal system. The complaint should be dismissed with no leave to replead the complaint and with an order requiring that these people leave the defendants alone and that they refrain from serial filings.

Respectfully Submitted,

8

/s/Stephen D. Milbrath
Stephen D. Milbrath, Esq.
Florida Bar No.: 0239194
Dated this 15 day of August 2023.

## DECLARATION OF STEPHEN D. MILBRATH

I, Stephen D. Milbrath, do hereby declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. I make this declaration on personal knowledge.

2. I am a member of the Florida Bar.

3. I practice law in the Orlando Florida area. I am board certified by the Florida Bar in Intellectual Property Law and Business Litigation.

4. The facts set forth above concerning my lack of jurisdictionally significant contacts with Plaintiffs are true and correct.

5. I do not own property in Tennessee or practice in Tennessee and I have had no business relationships or contracts with Plaintiffs and no contact with them at all other than to respond to an email about potential representation of them, which I effectively declined.

Stephen D. Milbrath

## CERTIFICATE OF CONSULTATION

Defendant, Stephen D. Milbrath, through undersigned counsel, hereby certifies that the undersigned counsel for Defendant, Stephen D. Milbrath, have conferred with Plaintiff regarding this motion, by email on August 14, 2023, in an

9

Effort to resolve or minimize the issues in the following motions and are unable to reach an accord as to all issues or that all parties are in agreement with the action requested by the motion as required by Local Rule 7.2(a)(1)(B).

/s/Stephen D. Milbrath
Stephen D. Milbrath, Esq.
Florida Bar No.: 0239194

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August 2023, a copy of the foregoing Verified Motion and Memorandum to Dismiss Complaint Against Stephen Milbrath was mailed, postage prepaid, to Carl Puckett and Marcella Puckett, 2170 Old Gardner Road, Martin, TN 38327 and by email at xfilesxfilesfan@yahoo.com.

/s/ Stephen D. Milbrath
Stephen D. Milbrath, Esq.
Florida Bar No.: 0239194
**Accel IP Law, PLLC**
**Orlando Area Office**
307 Cranes Roost Blvd.
Suite 2010
Altamonte Springs, Fl. 32701
(407) 752-9898
smilbrath@acceliplaw.com
legalassistant@acceliplaw.com