IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CARL PUCKETT
and MARCELLA PUCKETT,

    Plaintiffs,

v.                                    Case No. 1:23-cv-01143-STA-jay

AIN JEEM, INC., et al.,

    Defendants.

---

**DEFENDANT RICHARD GUERRA'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

---

*Pro Se* Defendant, Richard Guerra ("I" or "Undersigned Counsel"), pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), 12(b)(6) and W.D. Tenn. L.R. 7.2, hereby submits this Motion to Dismiss Plaintiffs Carl Puckett's and Marcella Puckett's (collectively, "Plaintiffs") Complaint [ECF No. 1], and in support thereof respectfully refers the Court to the following Memorandum of Law:

## MEMORANDUM OF LAW

### I.   INTRODUCTION

On July 21, 2023, Plaintiffs filed a *Pro Se* Complaint [ECF No. 1] identifying approximately twenty Defendants, including Undersigned Counsel, and attempting to allege various causes of action for purported violations of several federal statutes. On August 28, 2023, a copy of the Complaint and Summons in this case was delivered to the front desk of Undersigned Counsel's firm, The Brickell IP Group, PLLC, at the firm's business address in Miami, Florida. *See* accompanying Declaration of Richard Guerra ("Guerra Decl.") at ¶ 2. As of the date of this Motion, Plaintiffs have not filed an affidavit or proof of service of the Complaint and Summons

on Undersigned Counsel. Notwithstanding Plaintiffs' failure to file an affidavit or proof of service, in an abundance of caution, Undersigned Counsel is hereby moving to dismiss Plaintiffs' Complaint for insufficient process pursuant to Fed. R. Civ. P. 12(b)(5), lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   ARGUMENT

### A.   Plaintiffs Failed to Properly Serve Undersigned Counsel.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) challenges "the manner or method of service" of a summons or complaint. *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009). "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits...." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *see also Wanke v. Invasix Inc.*, No. 3:19-cv-0692, 2020 WL 2542594, *5 (M.D. Tenn. May 19, 2020) (finding that the Court may consider "record evidence in determining the sufficiency of service" under Rule 12(b)(5)). It is the plaintiff's burden to establish that service was proper. *See Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd*, 94 F.3d at 219).

"Rule 4 of both the Tennessee and Federal Rules of Civil Procedure defines effective service, in relevant part, as delivery of a copy of the summons and the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *Chase v. White*, Case No. 3:16-cv-01576, 2016 WL 7210155, *7 (M.D. Tenn. Dec. 13, 2016) (citing Tenn. R. Civ. Pro. 4.04;

Fed. R. Civ. P. 4). *"Service upon an unauthorized agent in the legal office of the individual's place of business is not an authorized means of service."* Id. (emphasis added) (citing *Babb v. Bridgestone/Firestone*, 861 F. Supp. 50, 51 (M.D. Tenn. 1993) ("It is well established that individuals may not be served by merely leaving the Complaint and Summons at their place of business, unless an agent receives the documents, as provided in the last sentence of the Rule.")); *see also DeVillez v. Dolgen Corp, LLC*, Case No. 3:22-cv-00557, 2023 WL 322445, *4 (M.D. Tenn. Jan. 19, 2023) (holding attempted service by certified mail addressed to defendant's office not proper service under Tennessee law).

In the matter at hand, Plaintiffs attempted to serve Undersigned Counsel by delivering a copy of the Complaint and Summons at the front desk of Plaintiff's firm, The Brickell IP Group, PLLC, at the firm's business address in Miami, Florida. Guerra Decl. at ¶ 2. Undersigned Counsel does not reside at this address, and there are no individuals or employees working at The Brickell IP Group, PLLC's business address (or elsewhere) authorized to accept service on behalf of Undersigned Counsel. *Id.* at ¶¶ 2-3.

Plaintiffs also failed to comply with Florida law governing service on individuals.[1] "Florida law allows service on an individual by delivering a copy of the summons and complaint: (1) to the person named; (2) to the individual's usual place of abode with any person residing therein who is age 15 or older and informing that person of the contents; (3) by substitute service to the person's spouse; (4) by substitute service to the person in charge of the individual's business at the time of service, if two or more attempts to serve the owner have been made at the place

---

[1] "Whenever the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made: (a) by any form of service authorized for service within this state pursuant to Rule 4.04; (b) in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state; (c) as directed by the court." Tenn. R. Civ. P. 4.05(1).

of business, and if the individual is doing business as a sole proprietorship; or (5) on an authorized agent." *Smith v. Conner*, No. 8:12-cv-52-T-30AEP, 2013 WL 268685, *1 (M.D. Fla. Jan. 24, 2013) (citing Fla. Stat. § § 48.031, 48.151). None of the foregoing scenarios for service on individuals under Florida law apply to Undersigned Counsel because, in addition to not having a designated agent for service, I do not do business as a "sole proprietorship." Guerra Decl. at ¶ 3.

Therefore, in accordance with the foregoing authority, Plaintiffs' Complaint should be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

**B.     The Court Lacks Personal Jurisdiction Over Undersigned Counsel.**

When a defendant challenges personal jurisdiction, the plaintiff "bears the burden of establishing the existence of jurisdiction." *Hilani v. Greek Orthodox Archdiocese of Am.*, 863 F. Supp. 2d 711, 718 (W.D. Tenn. 2012) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). "A plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction." *Id.* (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

For a court to exercise personal jurisdiction, it must be authorized by the forum state's long-arm statute, and the jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). The Sixth Circuit has held Tennessee's long-arm statute to be "coterminous" with the Due Process Clause, meaning the Court is only required to address compliance with Due Process. *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005). Due Process requires that a defendant have "certain minimum contacts" with the forum state so that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Youn*, 324 F.3d at 416 (quoting *Int'l Shoe Co. v.*

4

*Washington,* 326 U.S. 310, 316 (1945)). This standard is satisfied when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).

Courts analyze personal jurisdiction in two categories: general jurisdiction (sometimes referred to as "all-purpose jurisdiction") and specific jurisdiction (or "case-linked jurisdiction"). *BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549, 1558 (2017). "General jurisdiction exists when a defendant's 'contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Intera Corp.,* 428 F.3d at 615 (quoting *Bird v. Parsons,* 289 F.3d 865, 873 (6th Cir. 2002)). On the other hand, specific personal jurisdiction exists where the claims "arise from or are related to the defendant's contacts with the forum state." *Id.*

1. **There is no general jurisdiction over Undersigned Counsel.**

General jurisdiction, where a defendant may be sued in the forum state for any claim, requires that the defendant's contacts with the forum state "are so 'continuous and systematic' as to render them essentially *at home in the forum state.*" *BNSF Ry.,* 137 S. Ct. at 1558 (emphasis added). Thus, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919, 924, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011).

In the matter at hand, Undersigned Counsel has never resided in Tennessee; has never owned, used, possessed, or held a mortgage or lien on any real property within Tennessee; has never owned or operated a business or business venture in Tennessee; has never maintained a bank account or savings account in Tennessee; has never maintained a telephone listing in Tennessee;

and has never advertised or marketed services to any residents of Tennessee. Guerra Decl. at ¶ 4. In view of the foregoing verified facts, Plaintiff cannot establish that exercising general jurisdiction over Undersigned Counsel is proper in this case.

> 2. **There is no specific jurisdiction over Undersigned Counsel because I did not purposefully avail myself to the jurisdiction, Plaintiffs' claims do not arise from Undersigned Counsel's actions in Tennessee, and exercising jurisdiction over Undersigned Counsel would be unreasonable.**

Specific jurisdiction looks to the relationship between the defendant, the lawsuit, and the forum, thus confining jurisdiction "to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear Dunlop Tires,* 564 U.S. 915, 919 (quoting Von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis,* 79 Harv. L. Rev. 1121, 1136 (1966)). The connection between the forum and controversy must stem from an "activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cali.,* 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear,* 564 U.S., at 919). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities" in the forum. *Id.* at 1781.

The Sixth Circuit has created a three-prong test for determining if specific personal jurisdiction exists: (1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state"; (2) the claims "must arise from the defendant's activities there"; and (3) these acts or consequences "must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Intera Corp.,* 428 F.3d at 615 (quoting S. *Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)). Failure to meet any prong necessitates dismissal.

Here, with respect to the first prong, Undersigned Counsel has no connections to Tennessee that could otherwise be construed as actions that avail Undersigned Counsel of acting in or causing consequences in Tennessee. *See* Guerra Decl. at ¶ 4. With respect to the second prong, Undersigned Counsel's only contact with Plaintiffs is isolated to a trademark infringement action initiated in the U.S. District Court for the Middle District of Florida on behalf of co-Defendant, Ain Jeem, Inc., alleging in part that Plaintiff, Carl Puckett's, unauthorized sale of a product on the Etsy online platform infringed the KAREEM ABDUL JABAAR trademark. *Id.* at ¶ 5. Aside from this limited interaction with Plaintiffs (which took place entirely in Florida), Undersigned Counsel did not engage in any other activities in Tennessee that could give rise to a purported cause of action in this jurisdiction. With respect to the third prong, because Undersigned Counsel did not engage in any activities in Tennessee whatsoever, the exercise of jurisdiction over Undersigned Counsel is completely unreasonable.

Therefore, in accordance with the foregoing authority, because Plaintiffs cannot establish the proper exercise of general or specific jurisdiction over Undersigned Counsel in this case, the Court must dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).

### C. Plaintiffs' Complaint Fails to Plausibly Allege a Cause of Action.

"A motion to dismiss filed under Rule 12 of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the Complaint, resolve all doubts in the Plaintiffs' favor, and construe the Complaint liberally in favor of the *pro se* Plaintiffs." *Allen v. U.S. Bank Nat'l Assoc'n, N.D.*, No. 3:15-cv-0124, 2015 WL 3872334, *2 (M.D. Tenn. June 22, 2015) (citations omitted). "The Plaintiffs must provide the factual grounds for their entitlement to relief and this 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Bell Atlantic Corp.*

*v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

"Although the Plaintiffs' status as *pro se* litigants does require the Court to view their Complaint with some measure of a liberal construction [citations omitted], the 'lenient treatment generally accorded to *pro se* litigants has limits.'" *Allen,* 2015 WL 3872334, *3 (quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996)). "Neither this Court nor other courts ... have been willing to abrogate basic pleading essentials in *pro se* suits." *Id.* (quoting *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989) (citing cases)). "The Court is simply not required to supply or assume facts that are not pled in the Complaint and to create viable claims for the Plaintiffs." *Id.* (citing *Brown v. Matauszak,* 415 Fed.App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Payne v. Secretary of Treas.,* 73 Fed. App'x 836, 837 (6th Cir.2003) ("[n]either this court nor the district court is required to create [the plaintiff's] claim for her")).

In the matter at hand, Plaintiffs have filed a one hundred- and seventy-three-page pleading containing over five hundred paragraphs of incoherent diatribes and non-sequiturs directed at twenty individuals and entities, most of whom are completely unrelated to one another. As set forth in more detail in the following section, Undersigned Counsel has been addressing similar frivolous and vexatious submissions from Plaintiffs for over two years. *See infra.* One common theme behind Plaintiffs' incessant submissions to this and other courts is that there is no logical, coherent, or reasonable position that Undersigned Counsel (or any other unfortunate party that has become involved in this process)[2] can comprehend and substantively respond to.

---

[2] The co-Defendants in this case include several judges involved in the Florida Litigation, several co-defense counsel involved in the Florida Litigation that were not adverse to Plaintiffs, several attorneys from Undersigned Counsel's firm that are not counsel of record and have had no

Courts have previously dismissed *pro se* pleadings presenting allegations far more comprehensible than Plaintiffs' Complaint. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 491, 2005 WL 3528921, *3 (6th Cir. Dec. 22, 2005) (lack of supporting factual allegations in complaint warranted dismissal of *pro se* plaintiff's claims); *Elsman v. Standard Fed. Bank,* 46 Fed. Appx. 792, 2002 WL 31007987, *6 (6th Cir. Sept. 5, 2002) (conclusory assertions that defendants' actions violated the TILA, the Consumer Credit Protection Act, the Fair Debt Collection Act, RICO, and state law failed to adequately plead actionable claims); *Leinweber v. Bank of Am., N.A.,* 2012 WL 1620891, *5 (E.D. Tenn. April 18, 2012) (*pro se* plaintiffs' complaint was subject to dismissal for failure to state a claim under *Iqbal* and *Twombly* standards despite a "labyrinth of factual statements" because the statements were not correlated to and did not support the legal conclusions asserted in the complaint); *Samples v. Bank of Am., N.A.,* 2012 WL 1309135, *3 (E.D. Tenn. April 16, 2012) (*pro se* plaintiff's complaint alleging mistaken and erroneous representation as to standing to foreclose, unfair business practices, quiet title, and injunctive relief was dismissed for failure to comply with *Iqbal* and *Twombly* pleading standards because it contained only bare allegations of fact along with assertions of various legal and equitable theories of relief).

Therefore, in accordance with the foregoing authority, because Plaintiffs have failed to allege any plausible causes of action, the Court should dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6). Moreover, as set forth below, because of the pattern of vexatious conduct Plaintiffs have exhibited, the Court should dismiss the Complaint *with* prejudice.

      **D.**      **Plaintiffs Have Engaged in a Pattern of Vexatious Conduct That Requires Dismissal *With* Prejudice As Well As Additional Sanctions.**

---

involvement in the Florida Litigation, and several third-parties with no involvement whatsoever in the Florida Litigation.

On June 1, 2021, Undersigned Counsel initiated an action on behalf of Ain Jeem in the U.S. District Court for the Middle District of Florida styled, *Ain Jeem, Inc. v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No. 8:21-cv-01331-VMC-AEP (the "Florida Litigation"). Guerra Decl. at ¶ 5. The Florida Litigation alleged that numerous defendants were selling or offering to sell products bearing co-Defendant, Ain Jeem, Inc.'s ("Ain Jeem"), KAREEM ABDUL JABAAR trademark and logo through various online platforms without license or authorization from Ain Jeem. *Id.* at ¶ 6. Through the Florida Litigation, Ain Jeem requested and obtained an injunction restraining the accounts maintained by various third-party platforms through which these online sellers operate. *Id.* at ¶ 7. One of the defendant/sellers in the Florida Litigation was Plaintiff, Carl Puckett, the purported owner of the Etsy storefront, "DevilDogsTreasure" in connection with his offer to sell a commemorative plate bearing the KAREEM ABDUL JABAAR trademark for approximately twenty ($20.00) USD. *Id.* at ¶ 8. The total amount restrained on Plaintiff, Carl Puckett's, Etsy and corresponding PayPal accounts as a result of the injunction entered in the Florida Litigation was less than four hundred ($400) USD. *Id.*

Unable to reach an amicable resolution with Ain Jeem, Mr. Puckett filed a counterclaim[3] in the Florida Litigation followed by an astounding number of motions, requests, and objections. Between the time Mr. Puckett filed his counterclaim on July 14, 2021, to his recent objection filed on September 6, 2023, there have been close to four hundred (400) docket entries in the Florida

---

[3] Ain Jeem eventually voluntarily dismissed its claims against Mr. Puckett and instructed Etsy and PayPal to release the restraints on his accounts. Guerra Decl. at ¶ 10. Mr. Puckett filed an amended counterclaim in the Florida Litigation which the district court dismissed for Mr. Puckett's failure to respond to Ain Jeem's motion to dismiss the amended pleading within the timeframe provided by the court's local rules. *Id.*

Litigation, the overwhelming majority of which are directly attributable to submissions made by Plaintiffs. Guerra Decl. at ¶ 9.

These submissions sought relief for baseless claims in numerous forms including but not limited to requests for summary judgment, requests for sanctions, and requests for dismissal. *Id.* When these requests were denied by the district court, Mr. Puckett filed requests to recuse the district court judge as wells as the magistrate judge in the Florida Litigation. *Id.*; *see also Ain Jeem, Inc. v. Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, 2022 WL 1619096 (M.D. Fla. May 23, 2022) (*denying* motion for judicial disqualification). Mr. Puckett also sought to recuse another U.S. district court judge that presided over an entirely separate case wherein he was not identified as a party. *Id.* When these requests were denied, Plaintiffs filed notices of appeal to the Eleventh Circuit Court of Appeals. *Id.* at ¶ 11. In fact, Plaintiffs sought to appeal several non-final orders from the district court in the Florida Litigation on three separate occasions (Case Nos. 22-12368, 22-12572, and 23-12267), two of which were denied and one which (Case No. 23-12267) is still pending. *Id.*; *see also Ain Jeem, Inc. v. Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, 2022 WL 19073933 (11th Cir. Dec. 14, 2022) (dismissing Plaintiffs' appeal "from several interlocutory district court orders" for lack of jurisdiction). With respect to one of the appeals denied by the Eleventh Circuit Court of Appeals, Plaintiffs appealed that decision to the U.S. Supreme Court which also denied the request. *Id.*; *see also Puckett v. Ain Jeem, Inc.*, 143 S.Ct. 2500, 2023 WL 3571545 (2023) (denying certiorari).

Plaintiff, Marcella Puckett, has also unnecessary multiplied the proceedings related to a dispute over a single Etsy listing by initiating a separate action in the Middle District of Florida against Ain Jeem and Undersigned Counsel's firm (Case No. 8:21-cv-01834-CEH) which was

ultimately dismissed by the district court. Guerra Decl. at ¶ 12; *see also Puckett v. Ain Jeem, Inc.*, No. 8:21-cv-1834, 2021 WL 4862429 (M.D. Fla. Oct. 19, 2021) (granting motion to dismiss). Thereafter, Plaintiffs filed yet another lawsuit against Kareem Abdul Jabbar, individually, and the National Basketball Association before this Court (Case No. 1:23-cv-01236-STA-jay), which was also dismissed. *Id.* at ¶ 13.

Plaintiffs have also multiplied these proceedings beyond the federal district courts and courts of appeal. Undersigned Counsel recently learned that Plaintiffs attempted to open at least one investigation of a co-Defendant in this case with the Florida Bar, which the Florida Bar promptly dismissed. Guerra Decl. at ¶ 14. Plaintiffs have also opened an investigation with the Florida Department of Agriculture and Consumer Services against Undersigned Counsel's third-party investigator falsely claiming that this entity is engaging in private investigative services in the State of Florida. *Id.* Plaintiffs appear to reference this investigation in their opposition to Co-Defendant Stephen Milbrath's Motion to Dismiss. *See* ECF No. 13, at 3.

Further, Plaintiffs have repeatedly sought to proceed in the foregoing cases *in forma pauperis*. Plaintiffs have repeatedly submitted affidavits to several courts, including this Court, affirming that Plaintiffs financially qualify to proceed *in forma pauperis* while simultaneously claiming that Ain Jeem (and others) have somehow seized or restrained hundreds of thousand dollars of their assets. Guerra Decl. at ¶ 15. Throughout the foregoing proceedings, it has also become abundantly clear that Plaintiff, Marcella Puckett, is representing the interests of Plaintiff, Carl Puckett, in violation of Florida and Tennessee state laws prohibiting the unlicensed practice of law. *Id.* at ¶ 16.

Now, Plaintiffs are once again petitioning this Court for relief against an "enterprise" of attorneys, judges, professional athletes, franchises, and online platforms for the damages that

Plaintiffs purportedly suffered from the legitimate and temporary restraint of Mr. Puckett's Etsy and PayPal account (having less than $400) over two years ago. Courts in the Sixth Circuit have dismissed *pro se* pleadings under similar circumstances *with* prejudice as a sanction to deter further conduct. *See Sublett v. Henson*, No. 5:16-CV-00184-TBR, 2020 WL 1290609, * 7 (W.D. Ky. Mar. 17, 2020) ("To deter him from committing similar fraudulent acts in the future, the Court will dismiss his claims in this action with prejudice and will require Sublett to pay his own filing fees up front before initiating any future litigation in this Court.").

However, even if this Court dismisses the Plaintiffs' Complaint *with* prejudice, the Plaintiffs' pattern of vexatiously weaponizing the federal judicial system will not cease with this case. Plaintiffs will continue to file additional lawsuits and grievances until they receive some type of windfall recovery that they have conjured through a set of allegations that are the subject of pure fantasy. Courts have previously addressed similarly situated *pro se* litigants, albeit infrequently, and issued non-monetary sanctions designed to deter such parties from continuing their pattern of frivolous and vexations conduct. "When a litigant abuses the privilege to proceed *in forma pauperis* by repeatedly filing frivolous lawsuits or engaging in bad faith conduct, sanctions are appropriate." *Sublett v. Henson*, No. 5:16-CV-00184-TBR, 2020 WL 1290609, * 7 (W.D. Ky. Mar. 17, 2020). "Federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing or duplicative lawsuits." *Id.* (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Iwachiw v. N.Y. State Dept. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005); *Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002) (courts possess inherent authority to sanction bad-faith conduct without regard to whether such

conduct could be sanctioned under other applicable rules or statutes)). "While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court [citations omitted], the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation." *Id.* (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)). "A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*." *Id.* (citing *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992)). "The imposition of these prospective orders has been upheld where a litigant has demonstrated a 'history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith....'" *Id.* (quoting *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir. 1989); *In re McDonald*, 489 U.S. 180 (1989)).

## III. CONCLUSION

WHEREFORE, Undersigned Counsel respectfully requests that this Court dismiss Plaintiffs' Complaint *with* prejudice and issue any additional sanctions the Court deems appropriate to deter Plaintiffs from continuing with their pattern of vexatious litigation. If the Court is inclined to award additional non-monetary sanctions in accordance with the arguments set forth herein, Undersigned Counsel further requests that the Court require Plaintiffs to submit a copy of this Court's order to any court or administrative body that the Plaintiffs continue to petition for any matter related to this proceeding or the Florida Litigation.

Respectfully submitted, this the 15th day of September,

/s/ *Richard Guerra*
Richard Guerra, *Pro Se* (Fla. Bar No. 689521)
THE BRICKELL IP GROUP, PLLC
1101 Brickell Ave., Suite 800
Miami, FL 33131
Telephone: (305) 728-8831

Email: rguerra@brickellip.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served via United States Mail and via electronic mail this 15th day of September 2023, upon Plaintiffs and addressed as follows:

>Carl Puckett
>Marcella Puckett
>2170 Old Garnder Road
>Martin, TN 38237
>Email: xfilesxfilesfan@yahoo.com
>*Pro Se Plaintiffs*

>/s/ *Richard Guerra*
>Richard Guerra