IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CARL PUCKETT
and MARCELLA PUCKETT,

    Plaintiffs,

v.                                              Case No. 1:23-cv-01143-STA-jay

AIN JEEM, INC., et al.,

    Defendants.

---

**DEFENDANTS AIN JEEM, INC.'S AND ICONOMY, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

---

Defendants, Ain Jeem, Inc. ("Ain Jeem") and Iconomy, LLC ("Iconomy") (collectively referred herein as "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) and W.D. Tenn. L.R. 7.2, hereby submit this Motion to Dismiss Plaintiffs Carl Puckett's and Marcella Puckett's (collectively, "Plaintiffs") Complaint [ECF No. 1], and in support thereof respectfully refer the Court to the following Memorandum of Law:

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

On July 21, 2023, Plaintiffs filed a *Pro Se* Complaint [ECF No. 1] identifying approximately twenty Defendants, including Ain Jeem and Iconomy, and attempting to allege various causes of action for purported violations of several federal statutes. On October 11, 2023, a copy of the Complaint and Summons in this case was delivered to Ain Jeem's registered agent. *See* accompanying Declaration of Deborah Morales ("Morales Decl.") at ¶ 2. On October 27, 2023, a copy of the Complaint and Summons in this case was delivered to Iconomy's registered

agent. *Id.* at ¶ 2. Defendants are hereby moving to dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     ARGUMENT

### A.     The Court Lacks Personal Jurisdiction Over Defendants.

When a defendant challenges personal jurisdiction, the plaintiff "bears the burden of establishing the existence of jurisdiction." *Hilani v. Greek Orthodox Archdiocese of Am.,* 863 F. Supp. 2d 711, 718 (W.D. Tenn. 2012) (citing *Serras v. First Tenn. Bank Nat 'l Ass 'n,* 875 F.2d 1212, 1214 (6th Cir. 1989)). "A plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction." *Id.* (citing *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991)).

For a court to exercise personal jurisdiction, it must be authorized by the forum state's long-arm statute, and the jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment. *Youn v. Track, Inc.,* 324 F.3d 409, 417 (6th Cir. 2003). The Sixth Circuit has held Tennessee's long-arm statute to be "coterminous" with the Due Process Clause, meaning the Court is only required to address compliance with Due Process. *Intera Corp. v. Henderson,* 428 F.3d 605, 616 (6th Cir. 2005). Due Process requires that a defendant have "certain minimum contacts" with the forum state so that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Youn,* 324 F.3d at 416 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). This standard is satisfied when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).

2

Courts analyze personal jurisdiction in two categories: general jurisdiction (sometimes referred to as "all-purpose jurisdiction") and specific jurisdiction (or "case-linked jurisdiction"). *BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549, 1558 (2017). "General jurisdiction exists when a defendant's 'contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Intera Corp.,* 428 F.3d at 615 (quoting *Bird v. Parsons,* 289 F.3d 865, 873 (6th Cir. 2002)). On the other hand, specific personal jurisdiction exists where the claims "arise from or are related to the defendant's contacts with the forum state." *Id.*

### 1. There is no general jurisdiction over Defendants.

General jurisdiction, where a defendant may be sued in the forum state for any claim, requires that the defendant's contacts with the forum state "are so 'continuous and systematic' as to render them essentially **at home in the forum state**." *BNSF Ry.,* 137 S. Ct. at 1558 (emphasis added). Thus, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 924, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011).

In the matter at hand, Defendants have never maintained, operated, or managed a business or business venture in Tennessee; Defendants have never owned, used, possessed, or held a mortgage or lien on any real property within Tennessee; Defendants have never maintained a bank account or savings account in Tennessee; Defendants have never advertised or marketed services to any residents of Tennessee. Morales Decl. at ¶ 4. In view of the foregoing verified facts, Plaintiff cannot establish that exercising general jurisdiction over Defendants is proper in this case.

### 2. There is no specific jurisdiction over Defendants because Defendants did not purposefully avail themselves to the jurisdiction, Plaintiffs'

### claims do not arise from Defendants' actions in Tennessee, and exercising jurisdiction over Defendants would be unreasonable.

Specific jurisdiction looks to the relationship between the defendant, the lawsuit, and the forum, thus confining jurisdiction "to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear Dunlop Tires,* 564 U.S. 915, 919 (quoting Von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis,* 79 Harv. L. Rev. 1121, 1136 (1966)). The connection between the forum and controversy must stem from an "activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cali.,* 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear,* 564 U.S., at 919). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities" in the forum. *Id.* at 1781.

The Sixth Circuit has created a three-prong test for determining if specific personal jurisdiction exists: (1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state"; (2) the claims "must arise from the defendant's activities there"; and (3) these acts or consequences "must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Intera Corp.,* 428 F.3d at 615 (quoting S. *Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)). Failure to meet any prong necessitates dismissal.

Here, with respect to the first prong, Defendants have no connections to Tennessee that could otherwise be construed as actions that avail Defendants of acting in or causing consequences in Tennessee. *See* Morales Decl. at ¶ 4. With respect to the second prong, Iconomy has no relationship or contact whatsoever with Plaintiffs, and Defendant Ain Jeem's only contact with Plaintiffs is isolated to a trademark infringement action initiated in the U.S. District Court for the Middle District of Florida on behalf of Ain Jeem, alleging in part that Plaintiff, Carl Puckett's,

4

unauthorized sale of a product on the Etsy online platform infringed the KAREEM ABDUL JABAAR trademark. *Id.* at ¶ 4. Aside from this limited interaction with Plaintiffs (which took place entirely in Florida), Ain Jeem did not engage in any other activities in Tennessee that could give rise to a purported cause of action in this jurisdiction. With respect to the third prong, because Defendants did not engage in any activities in Tennessee whatsoever, the exercise of jurisdiction over Defendants is completely unreasonable.

Therefore, in accordance with the foregoing authority, because Plaintiffs cannot establish the proper exercise of general or specific jurisdiction over Defendants in this case, the Court must dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(2).

### B. Venue Is Improper

Plaintiffs allege that venue is proper pursuant to 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965(b). Compl. at ¶ 26. Neither is a proper basis for venue in this action because, as discussed *supra*, none of the events giving rise to Plaintiffs' claims occurred in this District, none of the Defendants reside or are located in this District (including Defendants, *see* Morales Decl. at ¶ 3), and the substantial part of the events giving rise to Plaintiffs' claims occurred outside of Tennessee, namely Florida. *See Brent v. Hyundai Capital America*, No. 14-2600-STA-dkv, 2014 WL 7335415, at *4-5 (W.D. Ten. Dec. 19, 2014) (dismissing *pro se* RICO complaint).

Moreover, "the availability of an alternative forum is a significant, although not the sole, factor in the "ends of justice" analysis" of § 1965(b) because that section "endeavors to ensure that least one forum is available to a plaintiff litigating RICO conspiracy claims." *Sadighi v. Dahighfekr*, 36 F. Supp. 2d 267, 277 (D.S.C. 1999). Assuming Plaintiffs could state a plausible claim for relief, Florida is the proper venue where the underlying Florida case occurred. Indeed,

Plaintiffs previously filed an action arising out of these facts in the Middle District of Florida. *See* Guerra Motion, at 11-12 (discussing *Puckett v. Ain Jeem, Inc.*, No. 8:21-cv-1834 (M.D. Fla.)).

Because the impropriety of venue is so obvious on the face of the Complaint, and because the Complaint has numerous other defects, dismissal rather than transfer pursuant to 28 U.S.C. § 1406(a) is appropriate. *See Brent*, 2014 WL 7335415, at *5 (collecting cases).

      **C.**      **Plaintiffs' Complaint Fails to Plausibly Allege a Cause of Action.**

Plaintiffs attempt to allege 11 counts against the Defendants. All appear to be some form of a civil RICO claim. *See* Compl. at ¶¶ 431-537. "Five elements are common to all RICO violations: (1) the commission of at least two predicate RICO offenses; (2) the predicate offenses formed a "pattern of racketeering activity"; (3) the existence of an "enterprise" as defined under RICO; (4) a connection between the pattern of racketeering activity and the enterprise; and (5) damages resulting from the RICO violation." *Bailey v. Memphis Bonding Company, Inc.*, No. 18-2115, 2019 WL 1300092, at *3 (W.D. Tenn. Mar. 21, 2019) (*citing* 18 U.S.C. § 1962(a)-(c)).

      **1.**      **Res Judicata Bars Plaintiffs Claims.**

"Application of res judicata to bar the assertion of a claim in a later action requires the following elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Daniels v. Farm Credit Leasing Servicers, Corp.*, 2:20-cv-02632-SHL, 2022 WL 19396414, at *8 (W.D. Ten. July 27, 2022) (*citing Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). "Although res judicata is an affirmative defense not typically addressed at the motion to dismiss stage, courts may grant motions based on this defense where the

6

undisputed facts conclusively establish an affirmative defense as a matter of law." *Id*. (citations omitted).

This is the fourth lawsuit arising from the same facts: the underlying Middle District of Florida lawsuit brought by Ain Jeem jointly against several online sellers including Plaintiffs; a separate Middle District of Florida lawsuit brought by Plaintiffs against co-Defendant Ain Jeem as well as the law firms the Brickell IP Group and Akerman; a first Western District of Tennessee lawsuit brought against co-Defendants NBA and Kareem Abdul Jabbar; and now this action.

Plaintiffs' claims should have *at least* been brought in the initial, underlying Middle District of Florida action as compulsory counterclaims under Fed. R. Civ. P. 13(a). *Daniels*, 2022 WL 19396414. The underlying action recently received final judgment. Because there is a final judgment on Puckett's counterclaims, *res judicata* bars relitigating compulsory counterclaims in this separate action.

### 2. Plaintiffs Fail to Allege a Causal Connection to a Concrete Financial Loss.

A RICO claim under § 1962(c) requires that the alleged conduct caused **Plaintiffs** a "concrete financial loss." *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1310 (9th Cir. 1992). Such a loss must be an injury to business or property. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). While private litigants can recover damages for racketeering injuries, such injuries must "flow from the commission of the predicate acts." *Id*., at 497. "Section 1964(c)'s causation standard – that the plaintiff suffer injury "by reason of" the defendant's racketeering – is demanding." *Grow Michigan, LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (Fed. Cir. 2022). Plaintiffs must show "that the defendant's violation was both factual and proximate cause of the [their] injury." *Id*.

### a. There is No Causal Connection to Plaintiffs' Damages Because the Presiding Judges are Immune from Liability.

Plaintiffs' $23 million in alleged damages fails to pass muster. Compl. at pages 171-172. These damages are conclusory, without link to an injury to business or property, and without any allegation as to how they flow from the commission of the predicate acts. Put another way, Plaintiffs have failed to allege that these damages were "by reason" of Defendants acts. *Grow Michigan*, 50 F.4th at 595.

Notably, the lynchpin to the causation of harm to Plaintiffs are the actions of the presiding federal judges. This alleged RICO conspiracy of an enterprise constituting a trademark rights holder, its counsel, its investigator, opposing counsel, and federal judges is entirely premised on the cooperation of federal judges to issue orders in furtherance of the enterprise. But the doctrine of absolute judicial immunity shields district court judges and magistrate judges from a "sweeping range of judicial actions." *See generally Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). The only way for a judge to escape the protections of judicial immunity is if liability arose from actions not taken outside the judge's judicial capacity or actions taken in the complete absence of all jurisdiction. *Id.*, at 1116. Plaintiffs allege no actions taken outside the judges' judicial capacity. Rather, Plaintiffs sporadically allege that the presiding judges "were ministerial without complete court jurisdiction and outside the authority of the court creating null and void orders." *See e.g.* Compl., at ¶ 497. "Jurisdiction is to be broadly construed" for purposes of judicial immunity and requires a clear absence of jurisdiction as opposed to, perhaps, issuing orders in excess of jurisdiction. *Barnes*, at 1122. Here, the presiding judges were empowered to adjudicate a trademark infringement dispute. This is not the equivalent of "convicting a defendant of a nonexistent crime." *Id*. Since the presiding judges are immune from liability, Plaintiffs cannot causally connect their alleged harm with the alleged actions of the enterprise.

### b. Any Actual Harm to Plaintiffs is Speculative and Unprovable.

Any *actual* harm to Plaintiffs of any kind, whether an actionable "concrete financial loss" or otherwise, necessarily stems from Plaintiff Carl Puckett being a defendant in the underlying Florida litigation.[1] Because this is the sole source of actual damages, Plaintiffs are situated between a proverbial rock and a hard place. On the one hand, if the underlying Florida litigation has been finally and fully adjudicated, Plaintiffs are precluded from bringing these claims because they would have been compulsory counterclaims before that district court. On the other hand, if the underlying Florida litigation is pending in some respects, alleged RICO injuries that depend on the results of pending litigation are too speculative. *Sky Medical Supply Inc.* 17 F. Supp. 3d at 231-32. "Under this rule, a claim will be dismissed for lack of statutory standing where the extent of damages are still unknown, and therefore a RICO injury remains speculative and unprovable." *Id*., at 231.

Defendants respectfully submit that *res judicata* precludes Plaintiffs from now bringing these claims. Should the Court disagree and believe the window remains open in one of the underlying Florida litigation then Plaintiffs' claims should still be dismissed because their alleged damages are speculative and unripe. One way or another, this is not the Court for these claims.

### 3. Plaintiffs Have Not Plausibly Alleged an Underlying RICO Offense for Count I, and Counts II-XI Cannot Serve as Standalone Counts.

Count I references the federal RICO statute 18 U.S.C. § 1962(c), but lacks any allegation of what constitutes the predicate offenses. Construing the *pro se* Plaintiffs' pleading liberally, it

---

[1] Plaintiff Marcella Puckett was not a defendant in the underlying Florida litigation and, thus, experienced no harm of any sort. She lacks standing to bring these claims. These are Carl Puckett's claims alone, and Marcella Puckett's involvement is the unlicensed practice of law on his behalf. *See* Guerra Motion, at 12. Any allegedly derivative injuries to Ms. Puckett are outside the scope of a RICO action. *See Grow Michigan*, 50 F.4th at 596.

seems that Plaintiffs intend the claims listed in Counts II through XI to constitute both standalone counts as well as the underlying RICO offenses. *See* 18 U.S.C. § 1961(1) (listing what can constitute as "racketeering activity" under Section 1962). However, these allegations are deficient both as standalone counts and underlying offenses, so all counts should be dismissed. *Dixit v. Smith*, No. 2:21-cv-02602-JTF-atc, 2023 WL 6150816, at *6 (W.D. Tenn. Aug. 11, 2023).

Count II appears to allege money laundering under 18 U.S.C. § 1957(a). To serve as a RICO predicate, Plaintiffs must plausibly allege specific facts that the defendant conducted a financial transaction, that the transaction involved the proceeds of specified unlawful activity, that the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and that the defendant knew the financial transaction was designed in whole or in part to conceal or disguise the source, ownership, control, etc. of those proceeds. *Alix v. McKinsey & Co., Inc.*, 2023 WL 5344892, at *21 (S.D.N.Y. Aug. 18, 2023). The Complaint's allegations are merely that an investigator purchased the item at issue in the underlying trademark litigation. Compl. at ¶ 442. This is unsupported by the facts because Plaintiffs' item was never actually purchased. *See* Guerra Motion, at 10 (underlying litigation concerned Carl Puckett's "offer to sell a commemorative plate," thus no financial transaction occurred). Even so, Plaintiffs fail to allege how any such transaction was concealed, or that the transaction concerned the **proceeds** of unlawful activity, *i.e.*, money laundering. *Alix*, at *21.

Counts III through V are captioned as claims of fraud, and such allegations are subject to a heightened pleading standard under Rule 9(b). *Dixit v. Smith*, at *6-7. "Where mail fraud and wire fraud are alleged, courts are particularly sensitive to these pleading requirements, requiring specific allegations as to *which* defendant caused *what* to be mailed (or made which telephone calls), and *when* and *how* each mailing (or telephone call) furthered the fraudulent scheme." *Id.*

10

Count III is stated as a claim under "§ 18 U.S.C. 1028 Fraud Related Activity in Connection With Identification Documents." Compl. at ¶ 448. Plaintiffs appear to be referencing a criminal identity theft statute for which there is no civil remedy. *See Blackstock v. Walgreens*, 2017 WL 4174767, at *2 (D.S.C. Sept. 1, 2017) ("there is no right of civil action under 18 U.S.C. § 1028"); *see also Lucas-Cooper v. Palmetto GBA*, 2006 WL 2583407 (N.D. Ohio 2006) (same). Accordingly, Count III cannot constitute a stand-alone count. To the extent Plaintiffs are alleging an underlying RICO offense in support of Count I, it is unclear what identification documents Plaintiffs are referencing or how that constitutes a RICO offense. Compl. at ¶ 451.

Count IV is captioned as "§ 18 U.S.C. 1344 Bank Fraud." Compl. at ¶ 456. Like the federal identity theft statute, there is no right of action for private litigants under 18 U.S.C. § 1344. *Ritrovato v. McArthur*, 2023 WL 6475461, at *1 (D. Mass. Oct. 5, 2023). Count IV cannot be a cause of action and should be dismissed. To the extent this conduct is intended to constitute an underlying RICO offense, it is unclear which of the seventeen defendants are the subject of alleged bank fraud. *See* Compl. at ¶¶ 457-458. It appears that this section of the Complaint is *solely* directed at the federal judges based on "the creation of false orders…in obtaining funds under the custody and control of a financial institution PayPal, Inc." *Id*. at ¶ 459. To the extent a federal judge issuing orders can be an underlying RICO offense, Plaintiffs neglect to identify *which* orders give rise to this claim.

Count V references Electronic Mail Fraud allegedly under "§18 U.S.C. 1037(A)(B)(4)." While 18 U.S.C. § 1037 is a criminal fraud statute related to sending unsolicited electronic mail, however that subsection does not exist. Again, Section 1037 is not cognizable as a stand-alone civil cause of action. *Gordon v. BAC Home Loans Servicing LP*, 465 Fed.Appx. 731 (9th Cir. 2012). Like the other fraud counts, Plaintiffs merely allege that defendants Stavro and Schonfelder

11

"falsified the title of themselves as Investigators in multiple commercial electronic messages and intentionally initiated the transmission of such to" other co-defendants. Compl. at ¶ 468. Without identifying the specific messages, this fails a heightened pleading standard.

Counts VI and VII allege theft of trade secrets. Plaintiffs are required to identify a trade secret with specificity to separate the secret from the general knowledge. *AtriCure, Inc. v. Jian Meng*, 842 Fed.Appx. 974, 980 (6th Cir. 2021). Plaintiffs fail to identify what trade secrets were stolen by the defendants. Compl. at ¶¶ 482-493. The only information alleged is "his private Social Security Number and other sensitive protected information." *Id*. at ¶¶ 482, 488. To the best of Ain Jeem's knowledge, Defendants never received Mr. Puckett's social security number. Nevertheless, Plaintiffs fail to allege any plausible facts supporting use of Mr. Puckett's social security number constituted a trade secret. *Sanders v. Brnovich*, 2023 WL 2976886, at *3 (D. Ariz. Mar. 27, 2023).

Count VIII alleges extortionate threats apparently on behalf of the presiding judges, although the threats are never identified aside from a vague reference to the creation of null and void orders. Compl. at ¶ 497. Actions related to litigation, even allegedly malicious prosecution or meritless litigation, do not constitute an extortionate act that could be a predicate act under RICO. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 (11th Cir. 2004). Again, this also presumes somehow that rulings from federal judges could somehow qualify as extortion.

Finally, Counts IX, X, and XI are "obstruction" counts under 18 U.S.C. § 1503. As with the majority of these criminal statute based counts, there is no private cause of action for violation of 18 U.S.C. § 1503. *Carlton Vose v. Paul A. Suttell*, 2023 WL 6621149 (D.R.I. Oct. 11, 2023). These allegations also fail to support underling RICO actions as they lack any specific facts.

### D. Upon Dismissal, the Court Should Sanction Plaintiffs to Prevent Further Abuse of the Judicial System.

Finally, Defendants echo the sanctions relief sought by Mr. Guerra and co-Defendant Arthur Robert Weaver. *See* Guerra Motion, at pp. 9-14; Weaver Motion at pp. 19-20. This Court is empowered to stop this abuse of the judiciary ***now***, that has literally travelled to the U.S. Supreme Court and back. The Court should enjoin Plaintiffs from filing further lawsuits against these Defendants in this or any other federal district court or state court unless Plaintiffs post an appropriate contempt bond, sign an affidavit that that Plaintiffs have read the local rules and that state's rules of professional responsibility, and provide a copy of this Court's order with any such filing. *See Washington v. Alaimo*, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996) (entering similar order for abusive, *pro se* litigant).

### III.   CONCLUSION

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint *with* prejudice and issue any additional sanctions the Court deems appropriate to deter Plaintiffs from continuing with their pattern of vexatious litigation. If the Court is inclined to award additional non-monetary sanctions, Defendants further request that the Court require Plaintiffs to submit a copy of this Court's order to any court or administrative body that the Plaintiffs continue to petition for any matter related to this proceeding or the Florida Litigation.

Respectfully submitted, this 31st day of October, 2023,

> */s/ Richard Guerra*
> Richard Guerra
> *Pro Hac Vice Pending* (Fla. Bar No. 689521)
> THE BRICKELL IP GROUP, PLLC
> 1101 Brickell Ave., Suite 800
> Miami, FL 33131
> Telephone: (305) 728-8831
> Email: rguerra@brickellip.com
> Attorney for Defendants Ain Jeem and Iconomy

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served via United States Mail and via electronic mail this 31st day of October 2023, upon Plaintiffs and addressed as follows:

>Carl Puckett
>Marcella Puckett
>2170 Old Garnder Road
>Martin, TN 38237
>Email: xfilesxfilesfan@yahoo.com
>*Pro Se Plaintiffs*

            /s/ *Richard Guerra*
            Richard Guerra