UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

JACKSON  DIVISION

CASE NO.: 1:23-cv-001143

PUCKETT ET., AL.

PLAINTIFFS

V.

JABBAR ET., AL

DEFENDANTS                                               CORRECTED

_____

# MOTION FOR RECONSIDERATION OR MODIFICATION OF ORDER GRANTING "PRO-SE" RICO ENTERPRISE DEFENDANT RICHARD GUAERRA TO APPEAR PRO HAC VICE FOR KAREEM ABDUL JABBAR DBA AIN JEEM INC AND DEBORAH MORALES DBA ICONOMY

Plaintiffs Carl Puckett "Pro-Se" and Marcella Puckett "Pro-Se, respectfully motions the court for a reconsideration or modification of its order granting "Pro-Se" RICO enterprise defendant Richard Guerra to appear Pro Hac Vice for Kareem Abdul Jabbar DBA AIn Jeem, Inc. and Deborah Morales DBA Iconomy based upon the following statement of facts and memorandum in support thereof in accordance with local rules after attempts to meet and confer defendant Guerra informed he opposed the motion.

1

# FACTS

"Pro-Se RICO enterprise defendant Guerra filed a motion for leave to appear Pro Hac Vice for RICO co defendant Kareem Abdul Jabbar DBA AIn Jeem Inc. merely naming Ain Jeem Inc on 10/26/23 (EFC 35). The Docket reflects he only represents AIn Jeem, Inc.The court granted the motion on 10/27/23 (EFC 36) just prior to the Plaintiff's filing of their response in opposition and request to deny the motion they filed on 10/30/23 (EFC 37). On 10/30/23 "Pro-Se RICO enterprise defendant Guerra then filed an amended motion to appear Pro Hac Vice on behalf of co-defendant Deborah Morales DBA Iconomy merely naming Iconomy (EFC 38). The docket reflects he only represents Iconomy and not Deborah Morales. The Plaintiffs were able to file their amended opposition on 10/30/23 (EFC 40), prior to the court's granting of this amended motion by "Pro-Se RICO enterprise defendant Guerra (EFC 41). The Plaintiffs pointed out instances of conflict which currently exist and the appropriate Tennessee Courts Rule. Rules of Professional Conduct. — Rule replaced in its entirety by order filed September 29, 2010, effective January 1, 2011 Rules sections that applied to the current existing conflicts (Id). The Plaintiff's requested the pending motion of "Pro-Se" RICO enterprise defendant contesting personal jurisdiction be rendered moot (EFC 40). Plaintiff's respectfully request the court to vacate or modify its order to require signed informed consent waivers from the defendants regarding the potential conflicts and those existing conflicts previously addressed by Plaintiffs pursuant to

Rule 17(b)(4).

"Pro-Se" RICO enterprise defendant Guerra then filed a Motion to Dismiss the Plaintiff's complaint as counsel for AIn Jeem, Inc. and Iconomy on 10/31/23 with his Motion to Appear Pro hac Vice pending (EFC41) on behalf of ("defendants collectively"). Except for a minor change to a word or number in the headings of the arguments raised, "Pro-Se" RICO enterprise defendant Guerra copied and pasted verbatim the majority of the Motion he filed on behalf of AIn Jeem Inc and Iconomy (EFC41) from the pleading motion work of another "Pro-Se' Defendant Weaver much of which is the subject of fraud upon the court as detailed in the Plaintiff's opposition to the motion (EFC 26 , EFC 28, APPENDIX G). "Pro-Se" RICO defendant Guerra's motion filed on behalf of co-defendants Ain Jeem and Iconomy pages 5-13 minus a letter or number change in the heading or an insertion of the co-defendants name on a page or two, the work was copied and pasted from the "Pro-Se" defendant Weaver's Motion pages 11-20 including defendant Weaver's statements of intentional misrepresentation of fact and law which is the subject of Plaintiff's opposition motion thereto and request for sanctions currently pending before this court (Id).

## MEMORANDUM

### 1. PLAGIARISM IN LITIGATION VIOLATES AN ATTORNEYS DUTY OF DILIGENCE AND COMPETENCE AND HONESTY IN CHARGING CLIENTS FOR FEES FOR SERVICES HE DID NOT RENDER

The court in *Lohan v. Perez, 924 F.Supp.2d 447 (E.D. N.Y. 2013)* found the attorney had copied and pasted a substantial part of his pleading from the work of another but fined the attorney a nominal fine of 750.00 because of the additional negative impact that would remain a part of the attorney's reputation (Id), "(attorney ordered to complete a law school course on professional responsibility due to plagiarism and court's order forwarded to the state disciplinary *board)*" *Lohan v. Perez, 924 F. Supp.2d 447, 460-61 (E.D.N.Y. 2013)* The court in *KIM v. WESTMOORE PARTNERS, INC. 201 Cal.App.4th 267 (2011) 133 Cal. Rptr. 3d 774,* fined the attorney 10,000.00 finding that in litigation plagiarism is both sanctionable and unacceptable while further noting that an attorney violates his duties of competence and diligence to their clients(Id). In a similar case where an attorney copied and pasted extensive portions of his pleading prepared by another concerning a different litigant the court issued a public reprimand and referred the misconduct to the bar see In *In re Mundie, 453 Fed.Appx. 9 (2011)* the United States Court of Appeals for the Second Circuit. Another court ordered counsel to return the fees he charged the client for the two briefs and to complete a professional responsibility course at an accredited law school, *Burghoff, 374 B.R. 681, 684-85 (Bankr. N.D. Iowa 2007) In Iowa Sup. Ct. Bd. Of Prof. Ethics and Conduct v. Lane, 642 N.W.2d 296 (Iowa 2002)* it was determined that such plagiarism violates the Rules of Professional Conduct, is widely condemned and viewed as an "unethical deliberate evasions" of the responsibilities the Rules of

Professional Conduct imposed upon an attorney, and also constitutes <u>intentional misrepresentation upon the court,</u> and calls into question the attorneys duty of competence (Id).*see United States v. Bowen,194 F. App'x 393, 402 n. 3 (6th Cir. 2006).* Courts have found that to portray another's work as one's own is **<u>not only plagiarism it is more like fraud</u>** *Consolidated Paving, Inc. v. County of Peoria, Ill., No. 10-CV-1045, 2013 WL 916212, at \*6 (C.D. Ill.Mar. 8, 2013)* "such conduct often 'ill-represents the client's interests'"); *Vasquez v. City of Jersey City, No. 03-CV-5369 ( JLL), 2006 WL 1098171, at \*8 n.4 (D.N.J. Mar. 31, 2006),* courts have found intentional **"dishonesty and fraud as conduct** "prejudicial to the administration of justice and creates a genuine risk that the court's written opinion will inadvertently plagiarize", MODEL RULE 8.4(D): PREJUDICE TO THE ADMINISTRATION OF JUSTICE "If our adversary system is to function according to design," wrote Justice Thurgood Marshall, "we must assume that an attorney will observe his responsibilities to the legal system, as well as to his client." "By upsetting this design", as Justices Frankfurter and Marshall suggested, "it may also weaken the client's cause) by inducing the court to mistake the briefs copied passages as products of counsel's own partisan thought processes, rather than as an uncompensated individuals analysis presumably helpful to the proponent", "additionally, not only does this plagiarism create a genuine risk of inadvertent plagiarism by the court; it also distorts the meaning and import of the adversarial argument that underlies reasoned decision making". *See* MODEL

RULES OF PROF'L CONDUCT R. 8.4(d) (2011) *see Sixth Circuit Court of Appeals, in the case of United States v. Bowen, 194 F. App'x 393, 402 n. 3 (6th Cir. 2006).*

## 2. PLAINTIFFS REQUEST THE COURT ORDER THE DEFENDANTS TO PROVIDE INFORMED WRITTEN CONSENT WAIVERS AS TO CURRENT AND POTENTIAL FUTURE CONFLICT

In a similar case where the attorney represented himself and other co-defendants the court determined "the defendant must be given an opportunity to waive his right to conflict-free legal representation if such conflict is shown to exist or to be likely to develop" *see United States of America, Plaintiff-appellee, v. Alan Wayne Reese, Defendant-appellant, 699 F.2d 803 (6th Cir. 1983).* In *Culpepper v. Baker, Donaldson, Bearman, Caldwell, & Berkowitz, P.C. ET., AL., before the court of appeals in Tennessee Knoxville (2020)* court determined "the rules permit a waiver of a conflict of interest if "(1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents in writing after consultation." *see also* Tenn. Sup. Ct. R. 8, RPC 1.7(b).*Frazier v. State, 303 S.W.3d 674, 683-84 (Tenn. 2010).*To waive a right intelligently, one must be aware of the considerations that make it a wise or unwise choice. "[B]efore a lawyer may represent multiple clients, he should explain fully to each client the implications of the common representation and should accept or continue employment only if the

clients consent." A.B.A. Code of Professional Responsibility, Canon EC 5-16 (1969). "The trial court, however, should not rely upon counsel's assertion alone", "whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." *Johnson v. Zerbst, supra at 465, 58 S. Ct. at 1023*. "The judge's responsibility is not necessarily discharged by simply accepting the co-defendants' designation of a single attorney to represent them both. An individual defendant is rarely sophisticated enough to evaluate the potential conflicts, and when two defendants appear with a single attorney it cannot be determined, absent inquiry by the trial judge, whether the attorney has made such an appraisal or has advised his clients of the risks." *Campbell v. United States, 352 F.2d 359, 360 (D.C. Cir. 1965)*, *See Morgan v. United States, 396 F.2d 110, 114 (2d Cir. 1968). See also Wynn v. United States, 275 F.2d 648, 649 (D.C. Cir. 1960)*. The court should therefore require written informed consent conflict waivers from the co defendants "Pro-Se" RICO defendant Guerra has been retained to represent Pro-Hac Vice.

### 3. "PRO-SE" RICO ENTERPRISE DEFENDANT GUERRA'S MOTION (EFC 41)INDICATES HIS WILLINGNESS AND INTENT TO CONTINUE TO ENGAGE IN ACTS OF FRAUD WITH CLIENT DEBORAH MORALES

While there are instances of intentional misrepresentations throughout RICO defendant Guerra's Motion (EFC 41) filed on behalf of co-defendants, the majority

7

of which will be addressed in Plaintiffs opposition to be filed in response to that motion. However, for the purposes of this motion Plaintiff's will address a few of the intentional misrepresentations contained in the copy and pasted material from anothers pleading to which Defendant Guerra submits as his own work accompanied by the sworn declaration of Deborah Morales who has a long history and an established pattern of fraud and misrepresentation before the courts as detailed within the Plaintiff's complaint (Id).

Defendant Guerra's (EFC 41) "**B. Venue Is Improper**" **page 5 copied and pasted from defendant Weaver's pleading (EFC  p12)**

" none of the events giving rise to Plaintiffs' claims occurred in this District, and the substantial part of the events giving rise to Plaintiffs' claims occurred outside of Tennessee, namely Florida. See Brent v. Hyundai Capital America, No. 14-2600-STA-dkv, 2014 WL 7335415, at *4-5 (W.D. Ten. Dec. 19, 2014) (dismissing pro se RICO complaint)" where he inserts "(including Defendants, see Morales Decl. at ¶ 3). The fraud of Deborah Morales occurred in California (Appendix B ex 14), AIn Jeems hiring of a fraudulent investigative firm Axencis took place in California (Appendix B ex 14), Deborah Morales examination of alleged products took place in California (Appendix B ex 14) , Deborah Morales

and the fraudulent investigative company accessed Plaintiffs online store on multiple occasions domiciled here in Tennessee. The activities involving co-defendant NBA took place in New York, and as co-defendant Virginia Hernandez Covington stated in her profile her actions occurred in whatever foreign country where she was physically located at the time that damaged the PLaintiff's here in Tennessee. The unlawful shutdown of Plaintiffs business occurred here in Tennessee, the seizure of Plaintiffs confidential business records and trade secrets located here in Tennessee, the unlawful freeze of the Plaintiffs financial accounts located here in Tennessee after conspiring with co-defendant Etsy located in New York. There was no lawful jurisdiction in Florida where the RICO enterprise enacted its abuse of judicial process to engage in additional racketeering activity occurring in Tennessee, California, and New York.

The RICO enterprise Brickell IP Group  enacted its scheme involving an abuse of judicial process in a venue without complete jurisdiction and where the RICO client defendants had no legal standing the order and rulings of which are null and Void and is explained in detail in Plaintiff's complaint to which the RICO enterprise defendants continue to falsely refer to as a valid "litgation". The deficiency constituting lack of "standing to sue" concomitantly gives rise to a lack of subject-matter jurisdiction in the *Court. Green v. State, Me., 245 A.2d 147*

*(1968). See: Frost v. Lucey, Me., 231 A.2d 441, 446 (1967)* Furthermore, the defendant cannot waive the right to assert this defense because when a plaintiff lacks standing to sue, the court lacks subject matter jurisdiction over the matter. (*Lacks v Lacks, 41 NY2d 71, 74 [1976]* [questions of mootness and standing of parties characterized as raising questions of subject matter jurisdiction].)"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree.*"Trump V. U.S.A. USCA11 NO. 22-13005 (2022)., Kokkonen v. Guardian Life Ins. Co.of Am., 511 U.S. 375, 377 (1994)(citation omitted)*. "Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim." *Kincaid v. Erie Ins. Co., 128 Ohio St.3d 322, 2010- Ohio-6036, ¶ 9.* Standing is a jurisdictional requirement; ***<u>a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court</u>*** – even a court of competent subject-mater jurisdiction – over a party's attempted action. *Bank of America, N.A., v. Kuchta, 141 Ohio St.3d 75, 2014-Ohio-4275 marks omitted.) Id., 214.* ***<u>Moreover, "[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction</u>*** . . . . *Fairfield Merrittview Ltd. Partnership v. Norwalk (AC 34950) 2014.,* this is why a BIll of Review is currently before the Eleventh Circuit Court of Appeals which cannot address the merits but order the entire action be

vacated in 23-12267.

Defendant Guerra copied and pasted the misrepresentation in defendant Weavers Motion (EFC 26 page 17) and Guerras Motion (EFC 41 page 10) "Plaintiffs' <u>item was never actually purchased</u>. See Guerra Motion, at 10 (underlying litigation concerned Carl Puckett's "offer to sell a commemorative plate," thus <u>no financial transaction occurred</u>)" conflicting with defendant Guerra's motion page 4-5 asserting on behalf of his defendant clients "Ain Jeem, alleging in part that Plaintiff, <u>Carl Puckett's unauthorized sale of a product</u> on the Etsy online platform infringed the KAREEM ABDUL JABAAR trademark. Obviously, defendant Guerras copy and pasting of another's pleading containing misrepresentations as Plaintiffs set forth in their opposition there to (EFC 28) directly conflicting with other statements purported to be on behalf of his clients within the same document.Defendant Guerra (p 9) also copied and pasted the portion of defendant Weavers motion (EFC 26 p 16) that is an intentional misrepresentation of law and fact in violation of the Professional Rules of Conduct as Plaintiffs set forth in their opposition there to (EFC 28). RICO defendant Guerra's motion is replete with conflictory statements between the small portion of the motion he created and the majority he copied and pasted from another "Pro-Se"

co-defendants pleading not representing the interests of the clients he was just granted permission to represent.

**WHEREFORE** the Plaintiffs "pro-se" respectfully requests the courts reconsideration of its prior order granting Defendant Guerra to Appear Pro Hac Vice for defendants Ain Jeem, Inc and Iconomy and to vacate its order or in the alternative require an examination and **require written informed consent conflict waivers from the co defendants** and to sanction RICO defendant attorney not just for extensive plagiarism but extensive plagiarism of intentional misrepresentations as to fact and law.

Respectfully Submitted Executed this 3rd day of November 2023

*Carl Puckett*

_____
Carl Puckett Plaintiff "Pro-Se"

*Marcella Puckett*

_____
Marcella Puckett Plaintiff "Pro-Se"

12

## PROOF OF SERVICE

I Marcella Puckett, do hereby certify that on November 3rd 2023 that the Foregoing Motion for Reconsideration Granting RICO defendant Guerra's Motion For Leave to Appear Pro Hac Vice including this certificate of service was emailed to Defendant Stephen D MIlbrath through his attorneys, hgwinn@grsm.com , amorgan@grsm.com , cwest@grsm.com , gfox@grsm.com , hbruno@grsm.com , kaldrich@grsm.com , pgonyer@grsm.com and to rguerra@brickellip.com., Etsy, Inc through their attorneys khansen@littler.com , pprather@littler.com  And rweaver@brickellip.com   a true and correct copy with prepaid postage attached thereto was then placed in the United States Mail in Martin Tennessee and addressed to

Attorney Heather Gwinn        for RICO defendant MIlbrath

4031 Aspen Grove Drive Suite 290     Franklin, TN 37067

Richard Guerra,                    For RICO enterprise defendant Brickell IP Group

                                And for RICO defendant Guerra "Pro-Se"

1101 Brickell Avenue, South Tower ste 800,
Miami Florida 33131.

R Weaver  -defendant "Pro-Se"
1101 Brickell Avenue, South Tower ste 800,
Miami Florida 33131.

Littler Mendelson, P.C        for Defendant Etsy, Inc
3725 Champion Hills Drive, Suite 3000, Memphis, TN 38125

I declare under penalty of perjury that the foregoing is true and correct Executed in Martin Tennessee on this 3rd day of November 2023.

*Marcella Puckett* (signature)

_____

Marcella Puckett