UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

JACKSON DIVISION

CASE NO.: 1:23-cv-001143

PUCKETT ET., AL.

PLAINTIFFS

V.

JABBAR ET., AL

DEFENDANTS

_____

### PLAINTIFFS MOTION FOR JOINDER OF RECENTLY IDENTIFIED DOE DEFENDANTS F.R.C.P. 19 (A)(1)(a) © and 20 (a)(2)(A)(B) AND MOTION FOR LEAVE TO AMEND THE COMPLAINT

**COMES NOW** Plaintiffs Carl Puckett and Marcella Puckett "Pro-Se" and respectfully motions this court to grant their motion to join the doe defendants now identified pursuant to F.R.C.P. 19 (A)(1)(a) © and 20 (a)(2)(A)(B). Pursuant to local rules requirement to meet and confer, RICO enterprise defendant Guerra Opposes, the motion while it is unclear if it is opposed in his capacity as counsel for defendants Ain Jeem, aka Kareem Abdul Jabbar and Iconomy CEO Deborah Morales or in his capacity as a "Pro-Se" defendant or both, and co-defendant NBA opposes the motion, and Plaintiffs have received no response from the remaining appearing defendants.

**JOINDER**

## INTRODUCTION

Plaintiffs filed their complaint on July 21st, 2023 listing Does I-X. In attempts at locating a valid physical address for "Pro-Se" RICO enterprise Brickell IP Group PLLC defendant Richard Guerra, after discovering the address used by the defendant is a virtual office location, the Plaintiff's discovered that both "Pro-Se" RICO enterprise Brickell IP Group PLLC defendant Richard Guerra co-founder of the enterprise and RICO enterprise co-defendant Rafael Perez-Pineiro co-founder had earlier this year formed two shell companies as managing companies of the RICO enterprise Brickell IP Group PLLC (Exhibit 1). Two other attorney members of the RCO enterprise Brickell IP Group PLLC also recently formed shell companies as designated managers of the RICO enterprise Brickell IP Group PLLC and that being Javier Sobrado LLC and Robert Weabert LLC, As a result the Plaintiffs have been able to identify Doe I as War Zone Legal LLC manager of the RICO enterprise Brickell IP Group PLLC and Doe II RPP LEGAL LLC manager of the RICO enterprise Brickell IP group Pllc. Plaintiffs also discovered the identity of DOE III, an additional manager of the RICO enterprise Brickell IP Group PLLC being Javier Sobrado PLLC and DOE IV Manager Robert Weaver PLLC of the RICO enterprise Brickell IP Group PLLC. Plaintiffs additionally discovered the identity of DOE V Michael Cesarano of counsel for the RICO enterprise Brickell IP Group PLLC, and  Plaintiffs discovered the identity of DOE

VI as Akerman Law LLC and submitted a summons for issuance, who through its firm, partner Alejandro Fernandez was engaged with Brickell IP Group PLLC in the racketeering activity of the RICO enterprise. Plaintiffs also identified DOE VII as Pay Pal Holdings, Inc a Delaware corporation (Exhibit 2) that assisted in the operation of the RICO enterprise.The Plaintiffs seek to join defendants as follows'

**DOE I: WAR ZONE LEGAL LLC** acquired managerial control in the RICO enterprise entity Brickell ip Group PLLC May 1, 2023

**DOE II: RPP LEGAL LLC** acquired managerial control in the RICO enterprise entity Brickell IP Group PLLC on May 1, 2023

**DOE III: JAVIER SOBRADO PLLC** acquired managerial control in the RICO enterprise entity Brickell IP Group PLLC on May 1, 2023

**DOE IV: ROBERT WEAVER PLLC** acquired managerial control in the RICO enterprise entity Brickell IP Group PLLC on May 1, 2023

**DOE V: MICHAEL CESARANO** is directly involved in the management or operation of the RICO enterprise

**DOE VI: AKERMAN LAW LLC**  became a partner in the operation and management of the RICO enterprise with Brickell IP Group PLLC on

**DOE VII: Pay-Pal, Holdings, Inc** conspired with the enterprise to unlawful freeze the financial account of PLaintiff Carl Puckett in order to secure those assets for the payment of an unlawful debt, misappropriated the Plaintiff's confidential business records, interfering in Plaintiffs legitimate engagement in interstate commerce and is both indirectly and directly involved in the operation of the RICO enterprise

**DOE VIII: BRICKELL IP GROUP PLLC** is a partner in the operation and management of the RICO enterprise with AKerman Law LLC

**DOE VIX: SERANA FUTCH** is directly involved in the operation of the RICO enterprise

## MEMORANDUM

In addition to the RULES REGULATING THE FLORIDA BAR imposing a firm's liability for the actions of its attorney employees seeCHAPTER 4. RULES OF PROFESSIONAL CONDUCT PREAMBLE: A LAWYER'S RESPONSIBILITIES  4-5. LAW FIRMS AND ASSOCIATIONS (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action. RULE 4-5.1 RESPONSIBILITIES OF PARTNERS, MANAGERS, AND SUPERVISORY LAWYERSSubdivision (c) expresses a general principle of personal responsibility for acts of another. See also rule 4-8.4(a). Subdivision (c)(2) defines the duty of a partner or other lawyer supervisory authority over performance of specific legal work by another lawyer. In RICO actions, the House Judiciary Committee that voted RICO in 1970, described § 1962(c) as proscribing the "conduct of the affairs of a business by a **<u>person acting in a managerial capacity,</u>** through racketeering activity." 116 Cong. Rec. 35196 (1970) (emphasis added). established in Reeves v. Ernst & Young, 507 U.S. 170, 113 S.CT. 1163, 122 L.Ed. 2d. 525 1993…… when an attorney identified as part of the enterprise acting on behalf of a firm  requires joinder of the firm as a defendant. It is unlawful for anyone employed by or

associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. 18 U.S.C.A. § 1962(c) (West 1984).

Pursuant to Federal Rules of Civil Procedure 20 (a)(2)(A)(B) defendants may be joined when (A) any right to relief is asserted against them jointly, severally, or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. The does identified herein above were/are acting in a managerial capacity of the RICO enterprise and Plaintiffs right to relief can be asserted against them jointly and severally and the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences and can therefore be permissible joined pursuant to F.R.C.P. 20 (a)(2)(A)(B). Additionally the recently identified Doe defendants are required to be joined under F.R.C.P. 19 (a)(1)(A) in that their subject to service of process and joinder will not deprive the court of subject-matter jurisdiction and in that person's absence, the court cannot accord complete relief among existing parties.

Plaintiffs have already submitted additional summons for issuance as to WAR ZONE LEGAL LLC, RPP LEGAL LLC, BRICKELL IP GROUP PLC, Michael Cesanaro, and Javer Sobrado and Seran Futch that were immediately sent out for service by the sheriff and have not yet been returned. Plaintiff's request reissunace

of summons for Robert Weaver now identified as Robert Weaver LLC in managerial capacity in the Brickellip group/akerman law RICO enterprise (Exhibit 1) and for doe VII for which the summons are attached hereto. A summons was subsequently issued for Brickell IP Group PLLC and immediately sent to the Sheriff for service and has yet to be returned and a summons was submitted for DOE VI AKerman Law LLC but not yet issued by the court..

    Plaintiff identified Doe VII **PAY-PAL Holdings, Inc.** is a Delaware corporation whose registered agent of service is located in Delaware with its principal place of business located at U.S. headquarters located 2211 North First Street San Jose in the State of California 95131 and is vicariously, and jointly liable for tortious acts arising from the same occurrences and facts and is therefore permissible joined under F.R.C.P. 19 and 20, and is associated with the enterprise and engaged in activities and operations of the RICO enterprise that affected legitimate interstate commerce and participated directly and indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity and did participate both directly and indirectly in the conduct of such enterprise.

  Joinder of parties under Rule 19 is appropriate "when nonjoinder would prevent complete relief from being accorded the existing parties or would have a prejudicial effect on the nonparty's ability to protect his own interests." *See* 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1604 (Supp.1985);Baltimore & Ohio R. Co. v. Central Ry. Serv., 636 F. Supp. 782 (E.D. Pa. 1986) Each of the

above named defendants and discovered identities of Doe defendants identify defendants who directly or indirectly participated in the management or operation of the RICO enterprise as defined in Plaintiff's complaint. The Plaintiff's request the Granting of their motion for joinder of the above named defendants would not be prejudicial to the remaining defendants and without their joinder it would prevent complete relief from being accorded the Plaintiff's in this action.

**LEAVE TO AMEND**

## INTRODUCTION

Plaintiffs filed their complaint on July 21st, 2023. The complaint cited DOES I-X. After filing the complaint in an attempt to locate bona fide physical addresses for some RICO enterprise defendants of Brickell IP GroupPLLC the Plaintiff's subsequently discovered just months prior to their filing that defendants of the RICO enterprise formed shell companies and gave them managerial control over RICO enterprise entity Brickell IP Group PLLC. Plaintiffs also discovered additional persons who had been and are participating directly in the operation of the RICO enterprise. Plaintiff's also discovered the defendant Pay Pal Holdings, INc had conspired with the enterprise to unlawfully freeze the financial account of Plaintiff Carl Puckett on behalf of the RICO enterprise in attempts at securing payment for an unlawful debt and had misappropriated the confidential business records of the Plaintiff. Plaintiffs therefore request a leave of the court for 30 days in order to amend their complaint in the interest of justice.

## MEMORANDUM

**Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading only with the opposing party's consent or by leave of court. Rule 15(a)(2) adds that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Is premised upon** the well established principle that the purpose of pleading is to facilitate a proper decision on the merits,"[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Herhold v. Green Tree Savings, LLC, 608 F. App'x 328, 330-31 (6th Cir. 2015) (quoting Moore v. City of Paducah, 790 F.2d 557, 559 (6thCir. 1986)).* The Sixth Circuit has remarked that "the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman, 789 F.3d 636, 645 (6th Cir. 2015) (citations omitted)*.Federal Rule of Here the Plaintiff's are filing their Motion for leave to Amend while the case is still at the pleadings stage and in response to a Rule 12(b)(6) motion to dismiss. Plaintiffs would have had the opportunity to amend their Complaint as a matter of course, that is, without leave of court or the consent of Defendant, had they only filed an amended pleading within 21 days after service of the Defendant's motion to dismiss. See Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleadings once as a matter of course . . . within 21 days after service of a motion under 12(b) . . . .").The early posture of the case together with Rule 15's generous policy of allowing amendments weigh strongly in favor of granting Plaintiff's an opportunity

to amend. *See Shumway v. Shree Shastriji, LLC Case 1:21-cv-01058-STA-jay Document 19 Filed 08/03/21*. Plaintiff's would have amended their complaint earlier had they known the identity of the Does defendants at that time.

**WHEREFORE,** Plaintiffs "Pro-Se" respectfully request this court to grant the motion for joinder of defendants and further grant the Plaintiffs "Pro-Se" Motion for leave to amend their complaint by 12/15/23.

Respectfully Submitted,                    Executed November 15th, 2023

*Carl Puckett*

_____

Carl Puckett Plaintiff "Pro-Se"

*Marcella Puckett*

_____

Marcella Puckett Plaintiff "Pro-Se"

# EXHIBIT 1

## 2023 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# L17000206612

Entity Name: THE BRICKELL IP GROUP, PLLC

**Current Principal Place of Business:**

1101 BRICKELL AVENUE
SOUTH TOWER, 8TH FLOOR
MIAMI, FL 33131

**Current Mailing Address:**

1101 BRICKELL AVENUE
SOUTH TOWER, 8TH FLOOR
MIAMI, FL 33131

FEI Number: 82-2991958

**Name and Address of Current Registered Agent:**

GUERRA, RICHARD
6705 SW 90TH COURT
MIAMI, FL 33173 US

**FILED**
May 01, 2023
Secretary of State
6451479168CC

Certificate of Status Desired: No

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE: _____

Electronic Signature of Registered Agent                                                    Date

**Authorized Person(s) Detail :**

| | | | |
|---|---|---|---|
| Title | MGR | Title | MGR |
| Name | RPP LEGAL LLC | Name | WARZONE LEGAL, LLC |
| Address | 10350 W BAY HARBOR DRIVE UNIT 5L | Address | 6705 SW 90TH COURT |
| City-State-Zip: | BAY HARBOR ISLANDS FL 33154 | City-State-Zip: | MIAMI FL 33173 |
| Title | MGR | Title | MGR |
| Name | JAVIER SOBRADO, PLLC | Name | ROBERT WEAVER, PLLC |
| Address | 7790 SW 94 ST. | Address | 9401 WOODBAY DRIVE |
| City-State-Zip: | MIAMI FL 33156 | City-State-Zip: | TAMPA FL 33626 |

I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.

SIGNATURE: RAFAEL PEREZ-PINEIRO                                    DIRECTOR                    05/01/2023

Electronic Signature of Signing Authorized Person(s) Detail                                    Date

Exhibit 2





## PROOF OF SERVICE

I Marcella Puckett, do hereby certify that on November 15th 2023 that the Foregoing **MOTION FOR JOINDER AND MOTION FOR LEAVE TO AMEND COMPLAINT** and this certificate of service was emailed to Defendant Stephen D MIlbrath through his attorneys, hgwinn@grsm.com , amorgan@grsm.com , cwest@grsm.com , gfox@grsm.com , hbruno@grsm.com , kaldrich@grsm.com , pgonyer@grsm.com and to rguerra@brickellip.com., Etsy, Inc through their attorneys khansen@littler.com , pprather@littler.com , the NBA through their attorneys mmulqueen@bakerdonelson.com, gdubinsky@hsgllp.com And a true and correct copy with prepaid postage attached thereto was then placed in the United States Mail in Martin Tennessee and addressed to  each and to

R Weaver  -defendant "Pro-Se"
1101 Brickell Avenue, South Tower ste 800,
Miami Florida 33131.

I declare under penalty of perjury that the foregoing is true and correct Executed in Martin Tennessee on this 15th day of November 2023.

_Marcella Puckett_

_____

Marcella Puckett