IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CARL PUCKETT
and MARCELLA PUCKETT,

    Plaintiffs,

v.                                      Case No. 1:23-cv-01143-STA-jay

AIN JEEM, INC., et al.,

    Defendants.

---

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR LEAVE TO APPEAR *PRO HAC VICE***

---

    Undersigned Counsel, Richard Guerra, for co-Defendants Ain Jeem, Inc. ("Ain Jeem") and Iconomy, LLC ("Iconomy"), pursuant to W.D. Tenn. L.R. 7.2, hereby submits this Response in Opposition to Plaintiffs Carl Puckett's and Marcella Puckett's (collectively, "Plaintiffs") Motion for Reconsideration of the Court's Order Granting Undersigned Counsel's Motion for Leave to Appear *Pro Hac Vice* on behalf of co-Defendants Ain Jeem and Iconomy ("Plaintiffs' Motion") [ECF No. 47], and in support thereof respectfully refers the Court to the following Memorandum of Law:

**MEMORANDUM OF LAW**

    On November 1, 2023, this Court granted Undersigned Counsel's request for leave to appear *pro hac vice* on behalf of co-Defendants Ain Jeem and Iconomy [ECF No. 42]. On November 3, 2023, Plaintiffs moved for reconsideration of modification of the Court's November 1, 2023 Order [ECF No. 47] without addressing or complying with the standard for such motions

under this Court's Local Rule 7.3(b).  Pursuant to this Court's Local Rules, a motion to revise any interlocutory order before the entry of a final judgment must specifically show the following:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

W.D. Tenn. L.R. 7.3(b); *see also Wallace v. Smith*, No. 2:17-cv-02269-SHM-tmp, 2019 WL 6917901, at *5 (W.D. Tenn. Dec. 19, 2019) (noting Local Rule 7.3(b) sets forth "the standard for motion for reconsideration in this District").  Here, Plaintiffs' Motion fails to address or comply with any of the factors required by Local Rule 7.3(b).  Indeed, Plaintiffs' Motion is nothing more than a glaring example of how the Plaintiffs will continue to vexatiously multiply a proceeding which was initiated without basis unless appropriately sanctioned.

WHEREFORE, in accordance with the foregoing arguments and authority, Undersigned Counsel respectfully requests that this Court DENY Plaintiffs' Motion and award any such other relief deemed just and proper.

Respectfully submitted, this the 17th day of November,

>   */s/ Richard Guerra*
>   Richard Guerra
>   *Admitted Pro Hac Vice* (Fla. Bar No. 689521)
>   THE BRICKELL IP GROUP, PLLC
>   1101 Brickell Ave., Suite 800
>   Miami, FL 33131
>   Telephone: (305) 728-8831
>   Email: rguerra@brickellip.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served via United States Mail and via electronic mail this 17th day of November 2023, upon Plaintiffs and addressed as follows:

> Carl Puckett
> Marcella Puckett
> 2170 Old Garnder Road
> Martin, TN 38237
> Email: xfilesxfilesfan@yahoo.com
> *Pro Se Plaintiffs*

                                                 /s/ *Richard Guerra*
                                                 Richard Guerra