## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

CARL PUCKETT and
MARCELLA PUCKETT

     Plaintiffs,

v.                                     Case No.  1 :23-cv-01143-STA-jay

AIN JEEM, INC., et al.,

     Defendants.

---

### DEFENDANT NICOLE FUNDORA'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

---

*Pro Se* Defendant, Nicole Fundora ("I" or "Undersigned Counsel"), pursuant to Fed. R. Civ. P. 12(b)(2), I 2(b)(5), 1 2(b)(6) and W.D. Tenn. L.R. 7.2, hereby submits this Motion to Dismiss Plaintiffs Carl Puckett's and Marcella Puckett's (collectively, "Plaintiffs") Complaint [ECF No. 1], and in support thereof respectfully refers the Court to the following Memorandum of Law:

### MEMORANDUM OF LAW

## I.    INTRODUCTION

On July 21, 2023, Plaintiffs filed a *Pro Se* Complaint [ECF No. 1] identifying approximately twenty Defendants, including Undersigned Counsel, and attempting to allege various causes of action for purported violations of several federal statutes. Undersigned Counsel hereby moves to dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    ARGUMENT

### A.    The Court Lacks Personal Jurisdiction Over Undersigned Counsel.

When a defendant challenges personal jurisdiction, the plaintiff "bears the burden of establishing the existence of jurisdiction." *Hilani v. Greek Orthodox Archdiocese of Am.,* 863 F. Supp. 2d 711, 718 *(W.D.* Tenn. 2012) (citing *Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1 989)). "A plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction." *Id.* (citing *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991)).

For a court to exercise personal jurisdiction, it must be authorized by the forum state's long-arm statute, and the jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment. *Youn v. Track, Inc.,* 324 F.3d 409, 417 (6th Cir. 2003). The Sixth Circuit has held Tennessee's long-arm statute to be "coterminous" with the Due Process Clause, meaning the Court is only required to address compliance with Due Process. *Intera Corp. v. Henderson,* 428 F.3d 605, 616 (6th Cir 2005). Due Process requires that a defendant have "certain minimum contacts" with the forum state so that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Youn,* 324 F.3d at 416 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). This standard is satisfied when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).

Courts analyze personal jurisdiction in two categories: general jurisdiction (sometimes referred to as "all-purpose jurisdiction") and specific jurisdiction (or "case-

linked jurisdiction"). *BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549, 1558 (2017). "General jurisdiction exists when a defendant's 'contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Intera Corp.,* 428 F.3d at 615 (quoting *Bird v. Parsons,* 289 F.3d 865, 873 (6th Cir. 2002)).  On the other hand, specific personal jurisdiction exists where the claims "arise from or are related to the defendant's contacts with the forum state." *Id.*

## 1.      There is no general jurisdiction over Undersigned Counsel.

General jurisdiction, where a defendant may be sued in the forum state for any claim, requires that the defendant's contacts with the forum state "are so 'continuous and systematic' as to render them essentially *at home in the forum state."  BNSF Ry.,* 137 S. Ct. at 1558 (emphasis added). Thus, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, SA. v. Brown,* 564 U.S. 915, 919,924, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011).

In the matter at hand, Undersigned Counsel has never resided in Tennessee; has never owned, used, possessed, or held a mortgage or lien on any real property within Tennessee; has never owned or operated a business or business venture in Tennessee; has never maintained a bank account or savings account in Tennessee; has never maintained a telephone listing in Tennessee; and has never advertised or marketed services to any residents of Tennessee. Fundora Decl. at ¶ 4. In view of the foregoing verified facts, Plaintiffs cannot establish that exercising general jurisdiction over Undersigned Counsel is proper in this case.

**2.      There is no specific jurisdiction over Undersigned Counsel because I did not purposefully avail myself to the jurisdiction, Plaintiffs' claims do not arise from Undersigned Counsel's actions in Tennessee, and exercising jurisdiction over Undersigned Counsel would be unreasonable.**

Specific jurisdiction looks to the relationship between the defendant, the lawsuit, and the forum, thus confining jurisdiction "to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear Dunlop Tires,* 564 U.S. 915, 919 (quoting Von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis,* 79 Harv. L. Rev. 1121, 1136 (1966)). The connection between the forum and controversy must stem from an "activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cali.,* 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear,* 564 U.S., at 919). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities" in the forum. *Id*. at 1781.

The Sixth Circuit has created a three-prong test for determining if specific personal jurisdiction exists: (l) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state"; (2) the claims "must arise from the defendant's activities there"; and (3) these acts or consequences "must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *lntera Corp.,* 428 F.3d at 615 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)). Failure to meet any prong necessitates dismissal.

Here, with respect to the first prong, Undersigned Counsel has no connections to Tennessee that could otherwise be construed as actions that avail Undersigned Counsel of

acting in or causing consequences in Tennessee. *See* Fundora Decl. at ¶ 4. With respect to the second prong, Undersigned Counsel's only contact with Plaintiffs is isolated to a trademark infringement action initiated in the U.S. District Court for the Middle District of Florida on behalf of co-Defendant, Ain Jeem, Inc., alleging in part that Plaintiff, Carl Puckett's, unauthorized sale of a product on the Etsy online platform infringed the KAREEM ABDUL JABAAR trademark. *Id.* at ¶ 5. Aside from this limited interaction with Plaintiffs (which took place entirely in Florida), Undersigned Counsel did not engage in any other activities in Tennessee that could give rise to a purported cause of action in this jurisdiction. With respect to the third prong, because Undersigned Counsel did not engage in any activities in Tennessee whatsoever, the exercise of jurisdiction over Undersigned Counsel is completely unreasonable.

Therefore, in accordance with the foregoing authority, because Plaintiffs cannot establish the proper exercise of general or specific jurisdiction over Undersigned Counsel in this case, the Court must dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).

## III.   CONCLUSION

**WHEREFORE,** Undersigned Counsel respectfully requests that this Court dismiss Plaintiffs' Complaint *with* prejudice.

Respectfully submitted, this 22nd day of November, 2023.

*/s/ Nicole Fundora*
Nicole Fundora, *Pro Se* (Fla. Bar No. 1010231)
1449 Oakwood Drive
Miami Springs, Florida 33166
Telephone: (305) 357-8479
Email: fundora.nicole@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served via United States mail and via electronic mail this 22nd day of November, 2023, upon Plaintiffs and addressed as follows:

> Carl Puckett
> Marcella Anderson Puckett
> 2170 Old Gardner Road
> Martin, TN 38237
> Email: xfilesxfilesfan@yahoo.com
> *Pro Se Plaintiffs*

/s/ Nicole Fundora
Nicole Fundora