IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CARL PUCKETT and
MARCELLA PUCKETT,

        Plaintiffs,

v.

AIN JEEM, INC., et al.,

        Defendants.

Case No. 1:23-cv-01143-STA-jay

## DECLARATION OF JESSICA KRAMER
## IN SUPPORT OF MOTION TO DISMISS

1. My name is Jessica Kramer. I am over twenty-one (21) years of age and competent to testify. My testimony set forth in this declaration is based upon my personal knowledge.

2. I am a resident of Tampa, Florida. I am employed in Tampa, Florida as an associate attorney in the law firm of Holland & Knight LLP.

3. I am a member of The Florida Bar admitted to practice in the Middle District of Florida. I represented Hall of Fame Sports Memorabilia, Inc. ("HOFSM") in the lawsuit *Ain Jeem v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule A, et al.*, Case No. 8:21-cv-01331-VMC-AEP, (June 1, 2021, Middle District of Florida) ("Middle District of Florida Case").

4. All of my actions in connection with the Middle District of Florida Case were taken on behalf of my client, HOFSM.

5. I did not represent Carl Puckett, Marcella Puckett, (hereinafter "Pucketts"), or any business affiliated with the Pucketts.

6. I am not a resident of the State of Tennessee.

7. I do not own property in the State of Tennessee.

8. I am not a member of the Tennessee Bar and do not practice law in the State of Tennessee.

9. I do not conduct business or any other activity in the State of Tennessee.

10. I did not meet with the Pucketts or anyone else involved in this case in the State of Tennessee.

11. My only communications with the Pucketts were related to the representation of HOFSM in the Middle District of Florida Case. For example, I participated in a case management conference by phone with the plaintiff and the Pucketts on August 20, 2021. As a result, we filed a Case Management Report. See Exhibit A, attached. The subject Case Management Report states in part as follows:

**STATEMENT OF PARTIES' CASE MANAGEMENT POSITIONS**

**For Plaintiff:**

Plaintiff's position is stated in its Motion to Dismiss Counter-Plaintiff Hall of Fame Sports Memorabilia, Inc.'s Counterclaim (ECF No. 152), and in Plaintiff's Motion to Dismiss (ECF No. 162). Plaintiff does not oppose a stay of the present proceedings pending the Court's resolution of

2

HOFSM's and Plaintiff's dispute regarding the settlement agreement from their prior action, nor does Plaintiff oppose a stay of the proceedings pending Puckett's claimed appeal. However, should the court be inclined not to stay the current proceedings, Plaintiff proposes the dates set forth herein.

**For Defendant HOFSM:**

HOFSM submits that its dispute with Plaintiff should be severed from Plaintiff's case against Defendant Puckett. There is no relationship between HOFSM and Puckett, Plaintiff's claims against each Defendant are unrelated to its claims against the other, and the disputes between Plaintiff and each Defendant appear to be proceeding on materially different paths. HOFSM is prepared to seek such a severance through motion practice if necessary.

As for its dispute with Plaintiff, HOFSM has pled counterclaims against Plaintiff seeking to enforce a settlement agreement between the parties that clearly bars Plaintiff from proceeding with its asserted claims against HOFSM in this suit. Plaintiff has moved to dismiss HOFSM's counterclaims or, in the alternative, for summary judgment on those counterclaims. (Doc. No. 152.) HOFSM agrees that its counterclaims are ripe for summary adjudication, and is cross-moving for such relief accordingly. HOFSM accordingly submits that, in the interest of efficient and effective case administration, discovery in connection with the dispute between Plaintiff and HOFSM should be stayed pending the Court's disposition of the parties' cross-motions for judgment on HOFSM's counterclaims. If HOFSM prevails on its counterclaims, Plaintiff's claims against HOFSM will be dismissed with prejudice, and all that will remain is an accounting of the damages owed by Plaintiff to HOFSM. Even if Plaintiff were to prevail in its motion to dismiss HOFSM's counterclaims, the issues in dispute and scope of discovery would be narrowed and the case could proceed more expeditiously.

For purposes of this report, HOFSM has accordingly proposed case management deadlines to follow entry of judgment on its counterclaims, in the event that further proceedings are needed.

**For Defendant Puckett:**

Puckett has prepared a notice of exemption pursuant to Local Rules of Court 3.02(d)(9) as the proceeding has now become ancillary to the proceeding now pending in the eleventh circuit court of appeals.

12. All the allegations against me in this case relate exclusively to my representation as a lawyer of HOFSM in the Middle District of Florida Case.

13. I did not take any action in the Middle District of Florida Case to injure or harm the Pucketts.

14. I did not enter any agreement with any person to injure or harm the Pucketts.

15. Subjecting me to personal jurisdiction in Tennessee is not required by the ends of justice. Tennessee would be a very inconvenient forum in which to defend myself. It is not related to my residence, job, or legal responsibilities to my clients. It bears no relationship to the unfounded allegations against me or to witnesses who may be needed to defend myself. In fact, many witnesses who have knowledge of my role in the Middle District of Florida Case are located in Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 27, 2023.

*Jessica Kramer*

#233896947_v6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-01331-VMC

AIN JEEM, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

    Defendants.
_____/

## CASE MANAGEMENT REPORT

Plaintiff Ain Jeem, Inc. ("Plaintiff"), Defendant Hall of Fame Sports Memorabilia, Inc. ("HOFSM") and Defendant Carl Puckett ("Puckett") hereby submit the following case management report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c):

### STATEMENT OF PARTIES' CASE MANAGEMENT POSITIONS

### For Plaintiff:

Plaintiff's position is stated in its Motion to Dismiss Counter-Plaintiff Hall of Fame Sports Memorabilia, Inc.'s Counterclaim (ECF No. 152), and in Plaintiff's Motion to Dismiss (ECF No. 162). Plaintiff does not oppose a stay of the present proceedings pending the Court's resolution of HOFSM's and Plaintiff's dispute regarding the settlement agreement from their prior action, nor does Plaintiff oppose a stay of the proceedings pending Puckett's claimed appeal. However, should

the Page **1** of **16**
# EXHIBIT A

court be inclined not to stay the current proceedings, Plaintiff proposes the dates set forth herein.

**For Defendant HOFSM:**

HOFSM submits that its dispute with Plaintiff should be severed from Plaintiff's case against Defendant Puckett. There is no relationship between HOFSM and Puckett, Plaintiff's claims against each Defendant are unrelated to its claims against the other, and the disputes between Plaintiff and each Defendant appear to be proceeding on materially different paths. HOFSM is prepared to seek such a severance through motion practice if necessary.

As for its dispute with Plaintiff, HOFSM has pled counterclaims against Plaintiff seeking to enforce a settlement agreement between the parties that clearly bars Plaintiff from proceeding with its asserted claims against HOFSM in this suit. Plaintiff has moved to dismiss HOFSM's counterclaims or, in the alternative, for summary judgment on those counterclaims. (Doc. No. 152.) HOFSM agrees that its counterclaims are ripe for summary adjudication, and is cross-moving for such relief accordingly. HOFSM accordingly submits that, in the interest of efficient and effective case administration, discovery in connection with the dispute between Plaintiff and HOFSM should be stayed pending the Court's disposition of the parties' cross-motions for judgment on HOFSM's counterclaims. If HOFSM prevails on its counterclaims, Plaintiff's claims against HOFSM will be dismissed with prejudice, and all that will remain is an accounting of the damages owed by Plaintiff to HOFSM. Even if Plaintiff were to prevail in its motion to dismiss HOFSM's counterclaims, the

2

issues in dispute and scope of discovery would be narrowed and the case could proceed more expeditiously.

For purposes of this report, HOFSM has accordingly proposed case management deadlines to follow entry of judgment on its counterclaims, in the event that further proceedings are needed.

**For Defendant Puckett:**

Puckett has prepared a notice of exemption pursuant to Local Rules of Court 3.02(d)(9) as the proceeding has now become ancillary to the proceeding now pending in the eleventh circuit court of appeals.

| DEADLINE OR EVENT | PROPOSED DATES |
|---|---|
| Mandatory Initial Disclosures<br>[Approximately 30 days after CMR meeting] | Plaintiff: 09/17/21<br><br>HOFSM: 14 days after entry of an order on HOFSM counterclaims (if needed)<br><br>Puckett: 14 days after an order for remand after appeal (if needed) |
| Certificate of Interested Persons and Corporate Disclosure Statement<br>[Each party who has not previously filed must file immediately] | |
| Motions to Add Parties or Amend Pleadings<br>[Approximately 1–2 months after CMR meeting] | Plaintiff: 10/18/21<br><br>HOFSM: 28 days after entry of an |

| DEADLINE OR EVENT | PROPOSED DATES |
|---|---|
| | order on HOFSM counterclaims (if needed) <br><br> Puckett: 28 days after order of remand from the 11th Circuit appellate court (if needed) |
| Disclosure of Expert Reports <br><br> Plaintiff: <br> Defendant: <br><br><br> Plaintiff: <br><br><br><br><br><br> Defendant: <br><br><br><br><br><br> Plaintiff: <br><br><br><br><br><br> Defendant: | Plaintiff: 11/14/21 <br> 12/14/21 <br><br> HOFSM: <br> 120 days after entry of an order on HOFSM counterclaims (if needed) <br><br> 150 days after entry of an order on HOFSM counterclaims (if needed) <br><br> Puckett: <br> 120 days after an order of remand from the Eleventh Circuit appellate court (if needed) <br><br> 120 days after an order of remand from the Eleventh Circuit appellate court (if needed) |

| DEADLINE OR EVENT | PROPOSED DATES |
|---|---|
| [Approximately 1–2 months before discovery deadline to allow expert depositions] | |
| Discovery Deadline<br>[Approximately 6-8 months after defendant's first appearance] | Plaintiff: 01/14/22<br><br>HOFSM: 180 days after entry of an order on HOFSM counterclaims (if needed)<br><br>Puckett: 180 days after remand from the appellate court (if needed) |
| Dispositive Motions, *Daubert*, and *Markman* Motions<br>[Court requires 5 months or more before the trial term begins] | Plaintiff: 02/04/22<br><br>HOFSM: 200 days after entry of an order on HOFSM counterclaims (if needed)<br><br>Puckett: 200 days after remand from the appellate court (if needed) |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement<br>[Court will set a date] | |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Witness Lists, Exhibit Lists with Objections on Approved Form – all to be emailed in a Word document to chambers at: chambers_flmd_covington@flmd.uscourts.gov.) | |

| DEADLINE OR EVENT | PROPOSED DATES |
|---|---|
| [Court will set a date] | |
| All Other Motions Including Motions *In Limine*<br>[Court requires 2 months before trial term begins] | Plaintiff: 05/04/22<br><br>HOFSM: 290 days after entry of an order on HOFSM counterclaims (if needed)<br><br>Puckett: 290 days after remand of proceeding from the appellate court if needed |
| Final Pretrial Conference<br>[Court will set a date] | |
| Trial Term Begins<br>[Trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | Plaintiff: July 2022<br><br>HOFSM: 5 months after dispositive motions deadline<br><br>Puckett: 5 months after dispositive motions deadline if needed |
| Estimated Length of Trial [Number of trial days] | 4 |
| Jury/Non-Jury | Non-Jury |
| Mediation Deadline:<br>Proposed Date of Mediation: | Plaintiff:<br>01/21/22<br>11/15/21 |

| DEADLINE OR EVENT | PROPOSED DATES |
|---|---|
| Mediation Deadline:<br>Proposed Date of Mediation:<br><br>Mediation Deadline:<br>Proposed Date of Mediation:<br><br>Mediator:     Address:<br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; the Court recommends 7 days after the discovery deadline] | HOFSM:<br>7 days after discovery deadline<br>60 days before the close of discovery<br><br>Puckett: |
| All Parties[1] Consent to Proceed Before a Magistrate Judge | Yes __ No X<br><br>Likely to Agree in Future __ |

## I.     Preparation of the Case Management Report

Lead counsel may meet in person or by telephone to prepare the Case Management Report. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A)[2], a meeting was held in person or **by telephone** on August 20, 2021 and was attended by:

Richard Guerra and Nicole Fundora     Counsel for Plaintiff

Tracy Quinn and Jessica Kramer     Counsel for Hall of Fame Sports Memorabilia

Carl Puckett and Marcella Puckett     *Pro Se* Defendant No. 56 d/b/a devildogstreasure

---

[1] Puckett has indicated that he would consent to proceed before a Magistrate Judge, but neither Plaintiff nor HOFSM so consents.
[2] A copy of the Local rules may be viewed at http://www.flmd.uscourts.gov.

7

Once the parties have met and a case management report has been filed, discovery in this case can commence.

## II.   Pre-Discovery Initial Disclosures of Core Information

**Fed. R. Civ. P. 26(a)(1)(A) – (D) Disclosures**

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties __ have exchanged __ agree to exchange (check one) information described in Fed. R. Civ. P. 26(a)(1)(A) – (D)

_____ on __X__ by (check one) <u>see chart above for the parties' respective positions</u> (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

## III.   Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

_____ No party anticipates the disclosure or discovery of ESI in this case;

__X__ One or more of the parties anticipate the disclosure or discovery of ESI in

this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[3]

    A.    The form or forms in which ESI should be produced.

    B.    Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

    C.    Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

    D.    The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

    E.    The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

    F.    Any issues relating to preservation of discoverable ESI.

    G.    Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties

---

[3] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

      H.    Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

<u>ESI discovery to be conducted as part of overall fact discovery process. The parties do not presently anticipate a need for phases, limits or particular focus.</u>

If there are disputed issues specified above, or elsewhere in this report, then (check one):

      __X__ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

      ____ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV. **Agreed Discovery Plan for Plaintiffs and Defendants**

A. **Certificate of Interested Persons and Corporate Disclosure Statement –**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____ Yes

\_\_X\_\_ No

_____ Amended Certificate will be filed by _____ (party) on or before _____ (date).

B. **Discovery Not Filed –**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on

diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

### C.     Limits on Discovery –

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions
2. Interrogatories
3. Document Requests
4. Requests to Admit
5. Supplementation of Discovery

### D.     Discovery Deadline –

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

### E.     Disclosure of Expert Testimony –

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

F.   **Confidentiality Agreements –**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed

confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

Parties may designate confidential material (including documents and deposition testimony) as "confidential" or "strictly confidential – attorneys' eyes only." The parties will prepare and execute a confidentiality agreement to that effect.

### G. Other Matters Regarding Discovery –

None at this time.

## V. Settlement and Alternative Dispute Resolution

### A. Settlement –

The parties agree that settlement is

_____ likely \_\_\_X\_\_\_ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes \_\_\_X\_\_\_ no _____ likely to request in future

### B. Arbitration –

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

_____ yes __X__ no[4] _____ likely to request in future

_____ Binding    _____ Non-Binding

**C.   Mediation –**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court- annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties will agree on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.   Other Alternative Dispute Resolution –**

The parties intend to pursue the following other methods of alternative dispute resolution: Direct negotiations.

Date: August 23, 2021

| | |
|---|---|
| _/s/ Richard Guerra_ | _/s/ Jessica Kramer_ |
| Richard Guerra, Trial Counsel | Jessica Kramer |
| Fla. Bar No. 689521 | Fla. Bar No. 0125420 |
| Email: rguerra@brickellip.com | Email: jessica.kramer@hklaw.com |
| Nicole Fundora | HOLLAND & KNIGHT LLP |
| Fla. Bar No. 1010231 | 100 North Tampa Street |
| Email: nfundora@brickellip.com | Suite 4100 |
| THE BRICKELL IP GROUP, PLLC | Tampa, FL 33602 |
| 1101 Brickell Avenue | Tel: 813-227-6578 |
| South Tower, Suite 800 | Fax: 813-229-0134 |
| Miami, FL 33131 | |
| Tel: 305-728-8831 | _Counsel for Defendant Hall of Fame Sports_ |
| _Counsel for Plaintiff_ | _Memorabilia_ |

---

[4] Puckett has indicated that he wishes to participate in arbitration, but neither Plaintiff nor HOFSM agrees to arbitrate.

15

Carl Puckett[5]
d/b/a devildogstreasure
cepjr7@gmail.com
xfilesxfilesfan@yahoo.com
2170 Old Gardner Road
Martin, Tennessee 38237
Tel: 731-281-4581

---

[5] Defendants HOFSM and Puckett and Plaintiff participated in a Case Management Conference on August 20, 2021. The parties exchanged several drafts of the Case Management Report. Plaintiff's counsel has incorporated all changes requested by Puckett into the CMR presently being filed. Puckett informed Plaintiff's counsel that he could not open the final draft of the CMR (in spite of multiple attempts by Plaintiff's counsel to forward the CMR) because it "could harm my computer." Accordingly, the CMR is being submitted without Puckett's signature.