UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

JACKSON DIV

CASE NO.: 1:23-cv-001143

PUCKETT ET., AL.

PLAINTIFFS                              **JURY DEMAND**

V.                                      **FIRST AMENDED** COMPLAINT

Kareem ABdul Jabbar ET., AL    FOR DAMAGES AND <u>INJUNCTIVE</u>

RELIEF FOR VIOLATIONS OF THE
**FEDERAL RACKETEER INFLUENCED
AND CRIME ORGANIZATIONS ACT**

DEFENDANTS.

---

**OPPOSITION TO DEFENDANT BRICKELL IP GROUP, PLLC'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT, ALTERNATIVE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, AND INCORPORATED MEMORANDUM OF LAW**

---

CARL PUCKETT PLAINTIFF "PRO-SE"
2170 Old Gardner Road
Martin TN., 38237
xfilesxfilesfan@yahoo.com
(731)-281-4581

MARCELLA PUCKETT PLAINTIFF "PRO-SE"
2170 OLd Gardner Road
Martin Tn. 38237
xfilesxfilesfan@yahoo.com
(731)-281-4581

The Plaintiffs Carl Puckett and Marcella Puckett "Pro-Se", pursuant to W.D. Tenn. L.R. 7.2 (2)(d), hereby submits their opposition and request for hearing to defendant Brickell IP Group, PLLC's ("BIPG") Motion to Strike Amended Complaint [ECF No. 76] and Corrected Amended Complaint [ECF No. 77] and alternative Motion to Dismiss these pleadings, and in support thereof respectfully refers the Court to the following facts and Memorandum of Law.

## BACKGROUND

Plaintiffs had identified Attorney Richard Guerra in his personal and professional capacity as a member Attorney of Brickell IP Group PLLC defendant in both their original (EFC 1) and corrected amended complaint (EFC 77). Defendant Guerra had already filed a motion to strike and motion to dismiss the Plaintiffs corrected amended complaint on behalf of defendant Ain Jeem, Deborah Morales DBA Iconomy, Richard Guerra "Pro-Se" and a fellow member of Brickell IP Group PLLc Attorney Arthur Robert Weaver "Pro-Se". On November 15th 2023, Plaintiffs filed a motion for joinder (EFC 65) of identified DOES I-IX (Id). Plaintiffs Identified DOE VIII as the Brickell IP Group PLLC which is managed by RPP Legal LLC DOE II, War Zone Legal LLC DOE I, JAVIER SOBRADO PLLC DOE III, AND DOE IV ARTHUR ROBERT WEAVER PLLC as having managerial control over the operations of Brickell IP Group PLLC (Appendix R Exhibit 5). The court has not ruled on Plaintiff's pending motion for joinder of Brickell IP Group PLLC and its managing entities. While Plaintiffs had the sheriffs serve Richard Guerra of Brickell IP Group PLLC with summons returned on 9/17/2023 (EFC 17) defendant Guerra raised an improper service of summons defense (EFC 16). In an abundance of

caution the Plaintiffs reserved the summons and complaint on Brickell IP Group PLLC Richard Guerra which was returned on 12/27/23 (EFC 98) with service accepted by another manager of the Brickell IP Group PLLC Emy Lopes (EFC 98) which Plaintiffs filed a subsequent motion to join as a managerial agent of Brickell IP Group PLLC defendant Richard Guerra. (EFC 107). Defendant Guerra has already filed a Motion to strike and motion to dismiss in his professional capacity as a member of Brickell IP Group PLLC (EFC 88). Once the court grants the pending motion for joinder of Doe VIII Brickell IP Group PLLC and its managerial authority DOES I, II, III, and IV and newly discovered managerial authority Doe Emy Lopes, the legal representation of DOE VIII Brickell IP Group PLLC is required by the Professional Rules of Conduct to be provided by a legal managerial authority which it has designated in (Appendix R Exhibit 5). Defendant Guerra's Rush to take another proverbial bite of the apple with the same copy and pasted legal arguments submitted previously to this court under the guise of representing a doe defendant the court has not yet granted joinder of is wholly inappropriate and inconsistent with the Florida Professional Rules of Conduct in the State where he is licensed. Plaintiffs respectfully request the court set a hearing date on this motion and set forth the ground rules in proceeding in this case to minimize further abusive litigation tactics and personal attacks on the Plaintiffs with proper standing before this court.

**MEMORANDUM OF LAW**

**I. MOTION TO STRIKE PLAINTIFFS' AMENDED PLEADINGS**

Brickell IP Group PLLC defendants Richard Guerra" starts its motion in (EFC 106 P. 1-3)

with an argument copied and pasted from pages 1-3 of EFC 88 specifically and falsely stating the Plaintiffs <u>failed to seek leave</u>

*"The Court should strike Plaintiffs' amended pleadings <u>for failure to first seek leave of court</u> Trujillo v. City of Newton, Kan., No. 12-2380- JAR-DJW, 2013 WL 535747, at *1 (D. Kan. Feb. 12, 2013) (holding cases predating the 2009 amendments to Rule 15 are no longer applicable to the question of when the plaintiff is <u>required to seek leave to amend))</u>"*

Plaintiffs <u>did seek leave</u> within the 21 days of receiving Defendant MIlbraths responsive pleading specifically in (EFC   p.27) which is still pending before this court. In the copied and pasted argument from EFC(88) defendant Brickell Ip Group PLLC once again cites  Evans v. City of Ann Arbor, Case No. 21-10575, 2021 WL 2949502 at *2 (E.D. Mich. July 14, 2021)in support of its motion to strike. Plaintiffs reassert the argument they have set forth in (EFC 94) in response to (EFC 88)as follows;

*" the court in that case ruled that even if Plaintiffs cannot amend their complaints as a matter of right, they may still file an amended complaint with leave of the court see F.R.CP. 15(A). Consistent with the liberal pleading standards of Federal court Rule 15(15)(a)(2) directs the court to "freely give leave to amend when justice so requires." Id; see 6 Charles ALan Wright & Arthur R. MIller, Federal Practice and Procedure sec1473 (3d ed. 1998). Underlying this rule is the principle that"cases should be tried upon their merits rather than technicalities of pleading." Moore v. City of Paducah, 790 F. 2d 557, 559 (6th cir.) The court went onto state the case had only begun a few months ago and the parties had not engaged in discovery and Plaintiffs had not sought to previously amend their complaint and although defendants have already filed several motions to dismiss, amendment of the complaint at this early stage would not so severely prejudice the defendants that rejection of the proposed amended complaint is warranted citing. See Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999). The court then denied the defendants motions to dismiss as moot and granted the Plaintiffs leave to amend (iD)   Evans v. City of Ann Arbor, Case No. 21-10575, 2021 WL 2949502 at *2 (E.D. Mich. July 14, 2021).*

Defendant Brickell Ip Group PLLC through defendant Weaver "Pro-Se"and defendant Guerra go onto state;

*"For the reasons set forth in detail through several of the Defendants' pending motions to dismiss Plaintiffs' Complaint, see [ECF Nos. 10, 16, 26, 41, 71, 74, 75, 80, and 85]"*

3

but leaves out EFC 88 and other documents from which they copied and pasted their arguments. Plaintiffs however, respectfully request this court to deny the defendants motion for the reasons set forth in their oppositions to the defendants pending motions to dismiss and pending motions to strike as fully explained in Plaintiffs ( EFC 15,18,28,29,50,72,81,84,86,94,102,103,104,105, and the supporting exhibits of evidence in Appendices A-R)    Defendant Brickell Ip Group PLLC goes onto state;

*"Plaintiffs are engaging in a deplorable pattern of vexatious conduct that is baseless and inexcusable. Allowing Plaintiffs to amend their pleading will only embolden Plaintiffs to continue "their" delusional efforts to pursue a non-existent claim" copied and pasted from EFC 88, p.3).*

Plaintiffs have set forth the facts and supporting legal memorandum and exhibits of evidence, showing the RICO enterprise co-defendant Axencis, Inc Client Ain Jeem's lack of standing fraud as part of the unlawful RICO mass action litigation scheme with open continuity in (EFC 94). Brickell Ip Group Pllc provides no intellectual professional legal memorandum to disprove the lack of standing fraud that is part of their repeated unlawful mass action litigation scheme because they can't!  So in a desperate attempt to sabotage the legitimate civil claims of the Plaintiffs, for which criminal charges can still be faced, they engage in an immature inappropriate verbal assault, an abusive litigation tactic with which they are familiar in an attempt to protect their ongoing unlawful RICO mass action litigation scheme at all costs.

**II OPPOSITION TO DEFENDANTS ARGUMENT II PAGE 3-6** which was copied and pasted from EFC 88 pages 3-6 Plaintiffs reassert their arguments raised in the oppositions documents (EFC 15,18,28,29,50,70,72,84,86,**94**,102,103,104,105 and Appendixes A-R)

4

**OPPOSITION TO DEFENDANT BRICKELL IP GROUP PLCS ARGUMENTS B., C., AND 1.,2, AND (a) ON BEHALF OF DEFENDANT JUDGES THEY DO NOT REPRESENT PAGES 6 THROUGH 11 COPIED AND PASTED FROM DEFENDANT WEAVERS PRIOR MOTION (EFC 26 )PAGES 10-16 WHICH ALSO CONTAINED FRAUD UPON THE COURT AS FULLY SET FORTH IN (EFC 28).**

One of the many specific frauds upon this court by Weaver in his motion (EFC 26) which specifically stated

"*Additionally, Undersigned Counsel never appeared in the underlying Middle District of Florida litigation. Weaver Decl., ¶ 4. While Undersigned Counsel is generally aware of the facts and issues in that case, Undersigned Counsel never participated in that case and certainly never contacted or spoke with the Plaintiffs in this action. Id. Undersigned Counsel had nothing to do with the underlying Florida action, is not alleged to have had anything to do with the underlying Florida action, and yet has been roped into this litigation merely by association*"

Knowing the evidence speaks for itself, no need to take Plaintiffs word for it, the Plaintiffs in their opposition attached the documentary (exhibit 2 in Appendix G) showing Defendant Weaver as designated LEAD COUNSEL on behalf of AIn Jeem, which he submitted to the appellate court in the fraudulent attempt to deny plaintiffs from seeking appellate review.

Plaintiffs reassert the oppositions already submitted to the court on these arguments and would like to point out the Defendants acknowledgement of judicial liability referring to *See generally Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997)*. The only way for a judge to escape the protections of judicial immunity is if liability arose from actions not taken outside the judge's judicial capacity or actions taken in the complete absence of all jurisdiction. Id., at 1116. " "Jurisdiction is to be broadly construed" for purposes of judicial immunity and requires a clear absence of jurisdiction" The latter being the very reason defendants take abusive and evasive efforts from addressing the RICO enterprise client lack of standing fraud in their unlawful

5

repeated and ongoing RICO mass action litigation scheme knowing when a plaintiff lacks standing to sue the court IS WITHOUT jurisdiction and the exception to judicial immunity applies. Moreover the Plaintiffs set forth extensive legal memorandum and facts establishing this immunity exception in (EFC 94).  Moreover, in the defendants unlawful RICO mass action litigation scheme the Defendant claimed Plaintiffs were joined  "mostly foreign " alleged defendant victims which brings into question jurisdiction pursuant to the international treaty of the Madrid protocol where jurisdiction lies with the country in which goods are actually IMPORTED INTO and the fraudulently created false authentication documents created by defendant Axencis inserting an invalid florida <u>southern district</u> address for asserting jurisdiction in the <u>middle district</u> and then canceling the transaction after their fraudulent creation does not support a finding of jurisdiction on that basis either.

   While defendants make extensive arguments regarding jurisdiction, their arguments are not grounded upon the legal standard of jurisdiction specific to the RICO statutes which govern this case and as Plaintiffs have extensively set forth in (EFC 94, 102, 103, 104, 105) as well as contained within the Plaintiffs corrected first amended complaint (EFC 77)..

     Defendant Brickell IP Group PLLC also continues to reargue res judicata which Plaintiffs have extensively addressed in their prior opposition (EFC 94) and the corruption exception which applies in this RICO action brought forth by the Plaintiffs supported by detailed exhibits of evidentiary proof supporting the well pled facts of their claims see (appendixes A-R).

**Defendant Brickell Ip Group PLLC's copied and pasted footnote from pro se weaver's**

**motion where he committed a separate fraud upon this court in his EFC 26p.16** and defendant Guerra's declaration in support thereof, falsely stating *"Plaintiff Marcella Puckett was not a defendant in the underlying Florida litigation and thus, experienced no harm of any sort.,* (While knowing defendants themselves served summons upon her and identified her as a defendant see (Appendix B, Exhibit 26, Appendix E Exhibits 4, Appendix O, Exhibits 1 and 2). Defendants also know that no victim of its repeated unlawful RICO mass action litigation scheme was a lawful defendant before the court that acted without complete jurisdiction and where all victims experienced a great deal of concrete harm/damages including Marcella Puckett they identified as a defendant and who is co-owner with Carl Puckett of their store domiciled here in Tennessee within this district.  The footnote went on to state *"She lacks standing to bring these claims. These are Carl Puckett's claims alone, and Marcella Puckett's involvement is the unlicensed practice of law on his behalf. See Guerra Motion, at 12. Any alleged derivative injuries to Ms. Puckett are outside the scope of a RICO action. See Grow Michigan, 50 F.4th at 596.* "( which is not a proper case authority citing).

   This is not only fraud upon the court but a continued willingness to violate 18 U.S.C. 1513 which makes it a criminal offense to attempt to harass and or intimidate a victim witness (Id). Astoundingly, its as if these defendants are clueless that they are before judges who know and understand the law and the basic principle of the law as to indispensable parties and co-owners with equal standing, that for a co-owner to have lawful standing to bring forth an action the other co-owner must be joined and both have equal standing.  It's almost as if they are asking the

courts permission or complicity in their continued harassment efforts, one of many reasons the Plaintiffs seek to have a hearing on this matter in hopes the court can lay down ground rules and protection measures from the ongoing harassment of the victim Plaintiffs by these RICO Defendants.

    Plaintiff's request denial of defendant Brickell Ip group PLLC's motion to dismiss. Plaintiffs reassert their arguments as provided in (94, 102, 104, and 105) and as follows; In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b) (6) this court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *In re DeLorean Motor Company, 991 F.2d 1236, 1240 (6th Cir. 1993)*. The complaint must include "direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (citations omitted). A motion to dismiss under Rule 12(b) (6) tests the sufficiency of a complaint. *Davis H. Elliot Co., Inc. v. Caribbean Utilities Co., 513 F.2d 1176, 1182 (6th Cir.1975)*. In a light most favorable to plaintiff, assuming all allegations are true, the court must determine whether the complaint states a valid claim for relief. A motion to dismiss a complaint for failure to state a claim should not be granted "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citations omitted). Under Federal Rule of Civil Procedure 9(b), intent and knowledge may be pleaded generally. Further, in reviewing a complaint upon a motion to dismiss, the complaint must be viewed as a whole, and a court may make warranted factual

inferences. *See Morgan, 829 F.2d at 12*. Moreover, even at the proof stage, allegations can be proved by circumstantial evidence. *United States v. Viola, 35 F.3d 37, 44 (2d Cir.1994)* ("[p]articipation in a [RICO] conspiracy can be shown wholly through circumstantial evidence ..."), *cert. denied, ___ U.S. ___, 115 S. Ct. 1270, 131 L. Ed. 2d 148 (1995)*.When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader. *Accord Caribbean Broad. Sys., 148 F.3d at 1086.* Indeed, the United States Court of Appeals for the District of Columbia pointedly stated: "The rule that the allegations of the complaint must be construed liberally and most favorably to the pleader is so well recognized that no authority need be cited." *Sinclair v. Kleindienst, 711 F.2d 291, 293 (D.C. Cir. 1983)*. Furthermore, in determining whether the complaint is sufficient, the court is limited to consideration of the four corners of the complaint. *Shear, 606 F.2d at 1253; Caudle v. Thomason, 942 F. Supp. 635, 638 (D.D.C. 1996)*. Moreover, it is also well established "that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957)(quoting Rule 8(a) (2), FED. R. CIV. P.) Accord *Sinclair, 711 F.2d at 293 ("notice pleading' is sufficient")* . "[U]nder Rule 8(a), [a] complaint need not state facts or ultimate facts or facts sufficient to constitute a cause of action." *United States v. Private Sanitation Indus. Ass'n, 793 F. Supp. 1114, 1124 (E.D.N.Y. 1992) (internal quotations and citation deleted). Accord Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, See, e.g., United States v. Philip Morris Inc., 116 F. Supp. 2d 131, 152-155 (D.D.C. 84 2000); United States v. Private Sanitation Indus. Ass'n, 793 F. Supp. 1114. 1123-49 (E.D.N.Y. 1992); United States v. Dist. Council of New York, 778 F. Supp. 738, 746-60 (S.D.N.Y. 1991); (continued...) 99 790 (3d Cir. 1984).* All that is required is that the complaint "provides enough factual information to make clear the substance of that claim." *Caribbean Broad. Sys., 148 F.3d at 1086*. "Plaintiffs . . .need only 'adduce a set of facts' supporting their legal claims in order to survive a motion to dismiss" under Rule 12(b)(6) . *Wells v. United States, 851 F.2d 1471, 1473 (D.C. Cir. 1988)*. For more details and facts, the defendants must rely upon "the liberal opportunity for discovery and other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." Conley, 355 U.S. at 47-48. Accord Seville Indus. Mach. Corp., 742 F.2d at 790. Indeed, motions to dismiss pursuant to Rule 12(b)(6) are "viewed with disfavor and [are] rarely granted." *5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 at 321 (1990 ed.); Wilkerson v. United States, 839 F. Supp. 440, 442 (E.D.*

*Tex. 1993)*. Courts are reluctant to dismiss a case on technical grounds and, consistent with the federal rules, prefer to decide cases on their merits. *See, e.g., Kauffman v. Moss, 420 F. 2d 1270, 1276 (3d Cir.)(citing Foman v. Davis, 371 U.S. 178, 181 (1962)) (relying on Conley, court stated "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities."); 18 Texas v. Am. Tobacco Co., 14 F. Supp. 2d 956, 961 (E.D. Tex. 1997);* Yeitrakis v. ScheringPlough Corp., 804 F. Supp. 238, 240 (D.N.M. 1992). In accordance with these principles, courts have repeatedly denied defendants' motions under Rule 12(b)(6) to dismiss Pursuant to Rule 12(b)(6), FED. R. CIV. P.

As to Brickell IP Group PLLC's copied and pasted arguments as to Plaintiff's failure to state a claim, Plaintiffs object to the intentional misstatement of the facts of their complaint for the sole purpose of trying to develop an argument on the technicality of their complaint. Be it not for the defendants copied and pasted intentional false restatement of Plaintiffs facts, defendants would have no argument at all. Plaintiffs have already addressed the copy and pasted from defendant weaver's pleading as to plaintiffs injuries in (efc 28) and reassert all previously filed Oppositions in this case. **Plaintiffs again request of the court leave to file their second amended complaint and RICO statement before the court in this action.**

Lastly, Defendant Brickell IP Group PLLC  under the heading " ***D. Upon Dismissal, the Court Should Sanction Plaintiffs to Prevent Further Abuse of the Judicial System. Argues on behalf of the relief sought by all defendants.*** Plaintiffs reassert their arguments of opposition as to all

11

defendants motions in (EFC 15,18,28,29,50,70,72,81,84,86,94,102,103, 104, 105 and Appendix of Exhibits A-R). Moreover, in denying all the defendants motions the Plaintiffs request the court issue an order of injunctive relief as requested in the Plaintiff's complaint to end the ongoing open-continuity unlawful RICO mass action litigation scheme of the defendants which has corrupted the judicial system and its effectiveness in upholding the constitution, the law, and the U.S. compliance with International treaty. Moreover, the majority of the ongoing open-continuity unlawful RICO mass action litigation scheme representing a majority of foreign plaintiffs with no legal standing in U.S. Courts, the clients of the RICO enterprise Axencis, Inc, a Foreign domiciled defendant who in turn retains Brickell IP Group PLLC to represent their clients against mostly foreign alleged defendants in violation of foreign and us laws, and where defendant Guerra stated to a Florida law enforcement licensing Investigator himself;

*"Axencis Inc is a Cyprus company **based out of Cyprus** which represents certain clients to ensure any memorabilia related to their clients being sold over the internet are authorized sellers. Once they discover an unauthorized seller, **they retain counsel in the U.S. to initiate litigation** to get them to stop."* (Appendix R Exhibit 6).

Defendant Guerra knows that Axencis, Inc is also falsely advertising the provisions of legal services to its clients who they enter into agreement with and are not licensed to practice law as they advertise which is aiding and abetting them in the unlicensed practice of law. This also directly violates the American Bar Association Professional Rules of Conduct 5.4 © pertaining to law firms and associations specifically as follows;

 (c) A lawyer shall not permit a person who employs, or pays the lawyer to render legal services for another to direct the lawyer's professional judgment in rendering such legal services.

12

Clearly knowing the US courts are without jurisdiction and in violation of international treaty under the Madrid protocol. This is an unlawful and deliberate perversion of the judicial machinery itself robbing the taxpayers who fund it and with callous disregard even for the Supreme Court repeated rulings (with the latest even being acknowledged and posted by defendant Weaver on his own linked in page (Appendix P Exhibit 5) that the Lanham Act is for us plaintiffs against us Defendants.

**WHEREFORE,** Plaintiffs request denial of defendant Brickell IP Group Motion to strike/dismiss and to grant the Plaintiffs their request for leave to submit a second amended complaint and to set this matter for hearing before this court for the injunctive relief requested by the Plaintiffs and make the appropriate referrals to the Florida Bar for discipline as this court sees fit for the fraud defendants are committing before it..

Respectfully Submitted,                              Executed this 5th day of January 2024

*Carl Puckett*
_____
Carl Puckett Plaintiff "Pro-Se"


*Marcella Puckett*
_____
Marcella Puckett Plaintiff "Pro-Se"

13

**PROOF OF SERVICE**

I Marcella Puckett, do hereby certify that on January 5th 2024 that the Foregoing Plaintiff's s Opposition to Defendant Brickell IP Group PLLC's Motion to strike/dismiss (EFC 106) including this certificate of service was emailed to Defendant Stephen D MIlbrath through his attorneys, hgwinn@grsm.com , amorgan@grsm.com , cwest@grsm.com , , pgonyer@grsm.com and to rguerra@brickellip.com., Etsy, Inc through their attorneys khansen@littler.com , pprather@littler.com kculpepper@culpepperip.com, audrey.calkins@usdoj.gov, coleywu@yahoo.com , rweaver@brickellip.com, anna.rasmussen@hklaw.com And rweaver@brickellip.com , gdubinsky@hsgllp.com and a true and correct copy with prepaid postage attached thereto was then placed in the United States Mail in Martin Tennessee.

I declare under penalty of perjury that the foregoing is true and correct Executed

in Martin Tennessee on this 5th day of January 2024.

*/s/ Marcella Puckett*

_____

Marcella Puckett

14