**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CARL PUCKETT and** | ) | |
| **MARCELLA PUCKETT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 1:23-cv-1143-STA-jay** |
| | ) | |
| **AIN JEEM, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND
MOTION TO SET ASIDE OR MODIFY FINAL JUDGMENT**

Before the Court is a Motion for Reconsideration and Motion to Set Aside or Modify Final

Judgment (ECF No. 140) filed by Plaintiffs Carl Puckett and Marcella Puckett, who are acting *pro*

*se*. Defendants Etsy, Inc., Sarah Jessica Karmer, the National Basketball Association, the Hon.

Virginia Hernandez Covington, the Hon. Anthony E. Porcelli, and Stephen D. Milbrath have all

filed responses in opposition. Plaintiffs have filed a reply brief. For the reasons set forth below,

the Motion is **DENIED**.

**BACKGROUND**

On March 5, 2024, the Court adopted the recommendation of the United States Magistrate

Judge and dismissed this case without prejudice for lack of subject-matter jurisdiction. The Clerk

of Court entered judgment. The Court held that the allegations of Plaintiffs' Complaint for

Damages and Injunctive Relief for Violations of the Federal Racketeer Influenced and Crime[1]

---

[1] The federal law is actually known as the Racketeer Influenced and Corrupt Organizations
Act.

Organizations Act were "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  Order of Dismissal 10, Mar. 5, 2024 (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).  Plaintiffs have filed a Notice of Appeal (ECF No. 141).

Plaintiffs now ask the Court to reconsider its decision and set aside the judgment.  Plaintiffs primarily argue that the Court erred in concluding that the Complaint was frivolous.  Plaintiffs assert for the first time that they approached the United States Attorney's Office for the Western District of Tennessee about their RICO claims before filing suit.  Plaintiffs explain they "wanted to make sure they were following the proper procedure before filing" their civil suit.  Mot. for Reconsider. 2 (ECF No. 140).  Plaintiffs imply that the U.S. Attorney's Office had somehow advised them on how to pursue their claims.  Plaintiffs also cite the fact that the Magistrate Judge denied their motion for appointment of counsel, in part because Plaintiffs had "already engaged in extensive research and documentation for their case."  *Id*.  Plaintiffs argue that the Magistrate Judge did not find the case to be frivolous at that stage of the proceedings.  Plaintiffs next point to supposedly erroneous factual statements in the Order of Dismissal where, in Plaintiffs' view, the Court failed to consider the exhibits furnished by Plaintiffs or simply adopted a characterization of the facts raised by a Defendant in a motion to dismiss.  Plaintiffs conclude with an extended discussion of cases involving judicial immunity and Plaintiffs' allegations that federal judges in Florida issued orders in another matter without proper jurisdiction.  Plaintiffs argue that the Order of Dismissal contained clear factual errors and was manifestly unjust.  Therefore, the Court should set aside the order and reopen Plaintiffs' case.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits motions to alter or amend judgment and requires a party to file its request within 28 days after the entry of the judgment.  Fed. R. Civ. P.

59(e).  A party can seek the alteration or amendment of a judgment only for the following reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (citing *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014)). Rule 59(e) motions "serve a limited purpose." *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009). A motion to alter or amend allows "the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotation marks and citations omitted).

Plaintiffs also seek relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. "Rule 60(b) provides relief from a final judgment for several specific reasons—mistake, newly discovered evidence, fraud by the opposing party, or when the judgment is void or has been satisfied or reversed—but it also includes the catch-all provision in subsection (6), which permits courts to grant a motion for 'any other reason that justifies relief.'" *Creech v. Shoop*, No. 22-3918, 2023 WL 5994583, at *2–3 (6th Cir. Mar. 7, 2023) (citing Fed. R. Civ. P. 60(b)).  "Though Rule 59(e) relief is rare, relief under Rule 60(b) is even more extraordinary."  *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016).  And relief under Rule 60(b)(6), Rule 60(b)'s catch-all provision, is available only in "unusual and extreme situations where principles of equity *mandate* relief."  *Id.* (quoting *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990)).

## ANALYSIS

Plaintiffs have not shown an entitlement to the extraordinary relief they seek under either Rule 59(e) or Rule 60(b)(6).  The points raised by Plaintiffs are legal arguments or factual contentions they could have raised as part of their objections to the Magistrate Judge's report and

3

recommendation. Rule 59(e) "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 519 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2810.1 pp. 127–28 (2d ed. 1995)). "[A] motion to reconsider generally is not a vehicle to reargue a case" with new theories the party could have raised at an earlier stage of the case. *United States v. LaDeau*, 734 F.3d 561, 572 (6th Cir. 2013) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Plaintiffs have raised for the first time claims about vetting their RICO case with the U.S. Attorney's Office and argued the significance of the Magistrate Judge denying their motion for appointment of counsel. Plaintiffs have also cited cases to defend the plausibility of their claims against federal judges named as Defendants in this suit. Because Plaintiffs raise these arguments for the first time in a Motion for Reconsideration, the Court holds that it is not a proper basis for altering or amending the judgment.

Plaintiffs' remaining assignments of error are largely a repetition or an elaboration on arguments Plaintiff had already raised and the Court had already addressed in deciding Plaintiffs' objections to the report and recommendation. In other words, Plaintiff is attempting to "relitigate old matters," which is not a permissible use of Rule 59(e). *Baker*, 554 U.S. at 519 n.5, 128 S.Ct. 2605. Rule 59(e) does not allow a plaintiff to use "the district court opinion as a sounding board to discover holes in their arguments, then reopen the case" by altering their arguments "to take account of the court's decision." *Gen. Motors*, 44 F.4th at 565 (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)).

For the same reasons, Plaintiffs have not shown why altering or amending the judgment is necessary to prevent manifest injustice under Rule 60(b)(6). Plaintiffs have not carried their

burden to show why the Court should alter its judgment based on a clear error of law or any manifest injustice. Therefore, the Court **DENIES** the Motion to Alter or Amend.

The Court notes that as part of their response to the Motion to Alter or Amend, the Hon. Virginia Hernandez Covington and the Hon. Anthony E. Porcelli have asked the Court to impose filing restrictions on Plaintiffs, or at least consider warning Plaintiffs about the possibility of filing restrictions in the future. "District courts have authority to impose pre-filing restrictions on litigants with a history of filing repetitive, frivolous, or vexatious cases." *Viola v. Cuyahoga Cnty. Land Reutilization Corp.*, 2023 WL 3725063, at *4 (6th Cir. Feb. 15, 2023) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)). The Court declines to impose filing restrictions at this time. Plaintiffs have now filed two different suits in this Court alleging somewhat similar claims, though the case at bar is the first to name federal judicial officers as Defendants. Plaintiffs voluntarily dismissed their first case, no. 1:22-cv-01236-STA-jay, after the Magistrate Judge screened the complaint and recommended dismissal. Plaintiffs filed their second suit (the case at bar), expanded the scope of their claims, and named several new Defendants, including the judicial officers. The Court has dismissed the case *sua sponte* as frivolous and certified that an appeal would not be taken in good faith. Plaintiffs' case is now on appeal. Plaintiffs who are representing themselves have filed a single request for post-judgment relief, a request the Court is denying. On this record, the Court will not impose filing restrictions.

The judicial officers have shown that Plaintiffs previously filed a similar suit in another District. In the event Plaintiffs file another suit in this Court alleging the same or substantially similar legal claims, Plaintiffs are cautioned that the Court will consider filing restrictions. Likewise, the Court will not look favorably on any additional post-judgment request that simply repeats arguments the Court has already considered previously. If Plaintiffs file further motions

that the Court finds to be frivolous and repetitive, the Court will consider imposing filing restrictions.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 16, 2024