**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: April 17, 2024

Ms. Nicole Fondura
1449 Oakwood Drive
Miami, FL 33166

Mr. Richard Guerra
The Brickell IP Group
1101 Brickell Avenue
Suite 800
Miami, FL 33131

Mr. Carl Puckett
Ms. Marcella Puckett
2170 Old Gardner Road
Martin, TN 38237

Mr. Arthur Robert Weaver
The Brickell IP Group
1101 Brickell Avenue
Suite 800
Miami, FL 33131

Re:  Case No. 24-5282, *Carl Puckett, et al v. Jabbar, et al*
     Originating Case No. 1:23-cv-01143

Dear Sir or Madam,

   This appeal has been docketed as case number **24-5282** with the caption that is enclosed on a separate page.  Please review the caption for accuracy and notify the Clerk's office if any corrections should be made.  The appellate case number and caption must appear on all filings submitted to the Court.

   As the appellant, when you submit motions, briefs or any other documents to the Clerk's office, send only **1** original, which you have signed.  Copies are no longer necessary.  **Do not staple, paper clip, tab or bind pro se motions or briefs sent to the Clerk's office -- these documents are scanned and staples etc. create paper jams**.  You must mail opposing counsel a copy of every document you send to the Clerk's office for filing.

    Opposing counsel will docket pleadings as an ECF filer.  Check the ECF page on the court's web site www.ca6.uscourts.gov for additional information about ECF filing if you are not familiar with it.  The following forms are due by **May 1, 2024**.

|  |  |
|---|---|
| Appellee: | Appearance of Counsel |
| | Disclosure of Corporate Affiliation |
| | Application for Admission to 6th Circuit Bar (if applicable) |

    The district court has denied or revoked your pauper status.  You have until **May 17, 2024** to either pay the full $605.00 appeal filing fee to the U.S. District Court, or to file a motion in the Sixth Circuit Court of Appeals to waive the filing fee, with a financial affidavit and a copy of your prison trust account statement for the last six months (if applicable).  **Failure to do one or the other will result in the dismissal of the appeal without further notice**.

    The Clerk's office cannot give you legal advice but if you have questions about the forms, please contact the office for assistance.

                                           Sincerely yours,

                                           s/Virginia Lee Padgett
                                           Case Manager
                                           Direct Dial No. 513-564-7032

Enclosure

## OFFICIAL COURT OF APPEALS CAPTION FOR 24-5282

CARL PUCKETT; MARCELLA PUCKETT

    Plaintiffs - Appellants

v.

AIN JEEM, INC.; CHRIS STAVRO; DEBORAH MORALES; ICONOMY, LLC; AXENICS, INC.; VIRGINIA M. HERNANDEZ COVINGTON, Judge; ANTHONY E. PORCELLI, Magistrate; RICHARD GUERRA, Attorney; RAFAEL PEREZ-PINEIRO, Attorney; ALEJANDRO FERNANDEZ, Attorney; NICOLE FONDURA, Attorney; KAREEM ABDUL JABBAR; NATIONAL BASKETBALL ASSOCIATION; GREGORY LOTTENBERG, Attorney; JOYCELYN BROWN, Attorney; JESSICA SARAH KRAMER, Attorney; STEPHEN D. MILBRATH, Attorney; ANDREW DAVID LOCKTON, Attorney; ETSY, INC.; ARTHUR ROBERT WEAVER, Attorney; THE BRICKELL IP GROUP, PLLC

    Defendants - Appellees

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CARL PUCKETT and <br> MARCELLA PUCKETT, <br><br> Plaintiffs, <br> v. <br><br> AIN JEEM, INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:23-cv-1143-STA-jay <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION TO SET ASIDE OR MODIFY FINAL JUDGMENT**

Before the Court is a Motion for Reconsideration and Motion to Set Aside or Modify Final Judgment (ECF No. 140) filed by Plaintiffs Carl Puckett and Marcella Puckett, who are acting *pro se*. Defendants Etsy, Inc., Sarah Jessica Karmer, the National Basketball Association, the Hon. Virginia Hernandez Covington, the Hon. Anthony E. Porcelli, and Stephen D. Milbrath have all filed responses in opposition. Plaintiffs have filed a reply brief. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

On March 5, 2024, the Court adopted the recommendation of the United States Magistrate Judge and dismissed this case without prejudice for lack of subject-matter jurisdiction. The Clerk of Court entered judgment. The Court held that the allegations of Plaintiffs' Complaint for Damages and Injunctive Relief for Violations of the Federal Racketeer Influenced and Crime[1]

---

[1] The federal law is actually known as the Racketeer Influenced and Corrupt Organizations Act.

1

Organizations Act were "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Order of Dismissal 10, Mar. 5, 2024 (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)). Plaintiffs have filed a Notice of Appeal (ECF No. 141).

Plaintiffs now ask the Court to reconsider its decision and set aside the judgment. Plaintiffs primarily argue that the Court erred in concluding that the Complaint was frivolous. Plaintiffs assert for the first time that they approached the United States Attorney's Office for the Western District of Tennessee about their RICO claims before filing suit. Plaintiffs explain they "wanted to make sure they were following the proper procedure before filing" their civil suit. Mot. for Reconsider. 2 (ECF No. 140). Plaintiffs imply that the U.S. Attorney's Office had somehow advised them on how to pursue their claims. Plaintiffs also cite the fact that the Magistrate Judge denied their motion for appointment of counsel, in part because Plaintiffs had "already engaged in extensive research and documentation for their case." *Id*. Plaintiffs argue that the Magistrate Judge did not find the case to be frivolous at that stage of the proceedings. Plaintiffs next point to supposedly erroneous factual statements in the Order of Dismissal where, in Plaintiffs' view, the Court failed to consider the exhibits furnished by Plaintiffs or simply adopted a characterization of the facts raised by a Defendant in a motion to dismiss. Plaintiffs conclude with an extended discussion of cases involving judicial immunity and Plaintiffs' allegations that federal judges in Florida issued orders in another matter without proper jurisdiction. Plaintiffs argue that the Order of Dismissal contained clear factual errors and was manifestly unjust. Therefore, the Court should set aside the order and reopen Plaintiffs' case.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) permits motions to alter or amend judgment and requires a party to file its request within 28 days after the entry of the judgment. Fed. R. Civ. P.

2

59(e). A party can seek the alteration or amendment of a judgment only for the following reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (citing *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014)). Rule 59(e) motions "serve a limited purpose." *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009). A motion to alter or amend allows "the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotation marks and citations omitted).

Plaintiffs also seek relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. "Rule 60(b) provides relief from a final judgment for several specific reasons—mistake, newly discovered evidence, fraud by the opposing party, or when the judgment is void or has been satisfied or reversed—but it also includes the catch-all provision in subsection (6), which permits courts to grant a motion for 'any other reason that justifies relief.'" *Creech v. Shoop*, No. 22-3918, 2023 WL 5994583, at *2–3 (6th Cir. Mar. 7, 2023) (citing Fed. R. Civ. P. 60(b)). "Though Rule 59(e) relief is rare, relief under Rule 60(b) is even more extraordinary." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016). And relief under Rule 60(b)(6), Rule 60(b)'s catch-all provision, is available only in "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

## **ANALYSIS**

Plaintiffs have not shown an entitlement to the extraordinary relief they seek under either Rule 59(e) or Rule 60(b)(6). The points raised by Plaintiffs are legal arguments or factual contentions they could have raised as part of their objections to the Magistrate Judge's report and

3

recommendation. Rule 59(e) "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 519 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2810.1 pp. 127–28 (2d ed. 1995)). "[A] motion to reconsider generally is not a vehicle to reargue a case" with new theories the party could have raised at an earlier stage of the case. *United States v. LaDeau*, 734 F.3d 561, 572 (6th Cir. 2013) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Plaintiffs have raised for the first time claims about vetting their RICO case with the U.S. Attorney's Office and argued the significance of the Magistrate Judge denying their motion for appointment of counsel. Plaintiffs have also cited cases to defend the plausibility of their claims against federal judges named as Defendants in this suit. Because Plaintiffs raise these arguments for the first time in a Motion for Reconsideration, the Court holds that it is not a proper basis for altering or amending the judgment.

Plaintiffs' remaining assignments of error are largely a repetition or an elaboration on arguments Plaintiff had already raised and the Court had already addressed in deciding Plaintiffs' objections to the report and recommendation. In other words, Plaintiff is attempting to "relitigate old matters," which is not a permissible use of Rule 59(e). *Baker*, 554 U.S. at 519 n.5, 128 S.Ct. 2605. Rule 59(e) does not allow a plaintiff to use "the district court opinion as a sounding board to discover holes in their arguments, then reopen the case" by altering their arguments "to take account of the court's decision." *Gen. Motors*, 44 F.4th at 565 (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)).

For the same reasons, Plaintiffs have not shown why altering or amending the judgment is necessary to prevent manifest injustice under Rule 60(b)(6). Plaintiffs have not carried their

4

burden to show why the Court should alter its judgment based on a clear error of law or any manifest injustice. Therefore, the Court **DENIES** the Motion to Alter or Amend.

The Court notes that as part of their response to the Motion to Alter or Amend, the Hon. Virginia Hernandez Covington and the Hon. Anthony E. Porcelli have asked the Court to impose filing restrictions on Plaintiffs, or at least consider warning Plaintiffs about the possibility of filing restrictions in the future. "District courts have authority to impose pre-filing restrictions on litigants with a history of filing repetitive, frivolous, or vexatious cases." *Viola v. Cuyahoga Cnty. Land Reutilization Corp.*, 2023 WL 3725063, at \*4 (6th Cir. Feb. 15, 2023) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)). The Court declines to impose filing restrictions at this time. Plaintiffs have now filed two different suits in this Court alleging somewhat similar claims, though the case at bar is the first to name federal judicial officers as Defendants. Plaintiffs voluntarily dismissed their first case, no. 1:22-cv-01236-STA-jay, after the Magistrate Judge screened the complaint and recommended dismissal. Plaintiffs filed their second suit (the case at bar), expanded the scope of their claims, and named several new Defendants, including the judicial officers. The Court has dismissed the case *sua sponte* as frivolous and certified that an appeal would not be taken in good faith. Plaintiffs' case is now on appeal. Plaintiffs who are representing themselves have filed a single request for post-judgment relief, a request the Court is denying. On this record, the Court will not impose filing restrictions.

The judicial officers have shown that Plaintiffs previously filed a similar suit in another District. In the event Plaintiffs file another suit in this Court alleging the same or substantially similar legal claims, Plaintiffs are cautioned that the Court will consider filing restrictions. Likewise, the Court will not look favorably on any additional post-judgment request that simply repeats arguments the Court has already considered previously. If Plaintiffs file further motions

5

that the Court finds to be frivolous and repetitive, the Court will consider imposing filing restrictions.

    **IT IS SO ORDERED.**

                                                      **s/ S. Thomas Anderson**
                                                    S. THOMAS ANDERSON
                                                    UNITED STATES DISTRICT JUDGE

                                                    Date: April 16, 2024

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

v.                                            Case No: _____

_____

MOTION FOR PAUPER STATUS

I move to waive the payment of the appellate filing fee under Fed. R. App. P. 24 because I am a pauper. This motion is supported by the attached financial affidavit.

The issues which I wish to raise on appeal are:

_____

Signed: _____     Date: _____

Address: _____
_____

FORM 4.  **AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

# United States Court of Appeals
# for the Sixth Circuit

|                                  | ] |           |
|----------------------------------|---|-----------|
|                                  | ] |           |
| v.                               | ] | Case No: _____ |
|                                  | ] |           |
|                                  | ] |           |

Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. §§ 1746; 18 U.S.C. §§ 1621.)

Instructions

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Signed: _____                          Date: _____

My issues on appeal are:

[                                                                                    ]

United States Court of Appeals
FORM 4  AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS
Updated: February 2014

Page 2

1.  For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | _____ | _____ | _____ | _____ |
| Self-employment | _____ | _____ | _____ | _____ |
| Income from real property (such as rental income) | _____ | _____ | _____ | _____ |
| Interest and dividends | _____ | _____ | _____ | _____ |
| Gifts | _____ | _____ | _____ | _____ |
| Alimony | _____ | _____ | _____ | _____ |
| Child support | _____ | _____ | _____ | _____ |
| Retirement (such as social security, pensions, annuities, insurance) | _____ | _____ | _____ | _____ |
| Disability (such as social security, insurance payments) | _____ | _____ | _____ | _____ |
| Unemployment payments | _____ | _____ | _____ | _____ |
| Public-assistance (such as welfare) | _____ | _____ | _____ | _____ |
| Other (specify): | _____ | _____ | _____ | _____ |
| Total monthly income: | _____ | _____ | _____ | _____ |

2.  List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4. How much cash do you and your spouse have? $ _____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount You Have | Amount Your Spouse Has |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor Vehicle #1 (Value) |
|---|---|---|
| | | Make & year: |
| | | Model: |
| | | Registration #: |

| Motor Vehicle #2 (Value) | Other assets (Value) | Other assets (Value) |
|---|---|---|
| Make & year: | | |
| Model: | | |
| Registration #: | | |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | | |
| | | |
| | | |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home) | _____ | _____ |
|     Are real estate taxes included?    Yes     No | | |
|     Is property insurance included?     Yes     No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | _____ | _____ |
| Home maintenance (repairs and upkeep) | _____ | _____ |
| Food | _____ | _____ |
| Clothing | _____ | _____ |
| Laundry and dry-cleaning | _____ | _____ |
| Medical and dental expenses | _____ | _____ |
| Transportation (not including motor vehicle expenses) | _____ | _____ |
| Recreation, entertainment, newspapers, magazines, etc. | _____ | _____ |
| Insurance (not deduced from wages or included in mortgage payments) | | |
|     Homeowner's or renter's | _____ | _____ |
| Life | _____ | _____ |
| Health | _____ | _____ |
| Motor vehicle | _____ | _____ |
| Other: | _____ | _____ |
| Taxes (not deducted from wages or included in mortgage payments) specify: | _____ | _____ |
| Installment payments | | |
| Motor Vehicle | _____ | _____ |
| Credit card (name): | _____ | _____ |
| Department store (name): | _____ | _____ |
| Other: | _____ | _____ |
| Alimony, maintenance, and support paid to others | _____ | _____ |
| Regular expenses for operation of business, profession, or farm (attach detail) | _____ | _____ |
| Other (specify): | _____ | _____ |
| Total monthly expenses: | _____ | _____ |

9.  Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

      Yes      No      If yes, describe on an attached sheet.

10.  Have you spent or will you be spending any money for expenses or attorney fees in connection with this lawsuit?

      Yes      No      If yes, how much? $

11.  Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

12.  State the address of your legal residence.

Your daytime phone number: (      )

Your age: _____    Your years of schooling: _____